UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YANGTZE OPTICAL FIBRE AND CABLE COMPANY, LTD., Plaintiff | : | |
| v. | : | C.A. No. 04-474ML |
| GANDA, LLC, a/k/a GANDA COMMUNICATIONS and JOHN EDWARD, Defendants | : | |

**MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO ANSWER**

Defendants, Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward (collectively "Defendants"), hereby move this Honorable Court for an Order staying the within action until such time as a related action pending in the United States District Court for the Northern District of Georgia may be resolved. The grounds for this Motion are that a stay will preclude the possibility that two identical actions will be litigated at the same time in two different courts.

In the alternative, Defendants hereby move this Honorable Court, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, for an enlargement of time within which to answer or otherwise plead in response to Plaintiff's Complaint for a period of thirty (30) days in order to allow the United States District Court for the Northern District of Georgia to rule on Ganda's Motion for Reconsideration, which is pending in the related action filed in that court. The time within which Defendants must file their responsive pleadings, as previously extended, has not expired as of the date of this Motion.

A Memorandum of Law in support of this Motion is filed herewith.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: September 1, 2005

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2005, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

G:\cmc\Edward, J\pldgs\mostay2.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YANGTZE OPTICAL FIBRE AND CABLE COMPANY, LTD., Plaintiff | : | |
| v. | : | C.A. No. 04-474ML |
| GANDA, LLC, a/k/a GANDA COMMUNICATIONS and JOHN EDWARD, Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO ANSWER**

Defendants, Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward (collectively, "Defendants"), have moved this Honorable Court for a stay until such time as a related action pending in the United States District Court for the Northern District of Georgia has been resolved. In the alternative, Defendants move this Honorable Court for a thirty (30) day enlargement of time within which to answer or otherwise plead in response to the Complaint. Defendants submit the following Memorandum in support of their Motion.

On June 29, 2004, over three (3) months prior to the filing of the instant lawsuit, Ganda filed a Complaint in the United States District Court for the Northern District of Georgia ("Georgia Action") against Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC"), and Draka Technologies, N.V., f/k/a Plasma Optical Fiber, N.V. (although counsel in the Georgia action have indicated that the proper name is Draka Fibre Technology, B.V.), alleging various causes of action arising out of Ganda's business relationship with YOFC. On November 8, 2004, YOFC filed this action. Thereafter, on November 12, 2004, YOFC filed a Motion to Dismiss or, In the Alternative, to Transfer the Georgia Action to Rhode Island District Court on the grounds that the Northern District of Georgia lacked personal jurisdiction over the Defendants named therein and that Georgia

was an improper venue. YOFC's Motion was granted on July 19, 2005. Ganda timely filed a Rule 59(e) Motion for Reconsideration of the Georgia decision on August 2, 2005. That Motion is currently pending. In the event that its Motion for Reconsideration is denied, Ganda intends to file an appeal to the United States Court of Appeals for the Eleventh Circuit.

As noted above, YOFC filed its Complaint in this Court over three (3) months after the commencement of the Georgia Action. YOFC's Complaint alleges various causes of action arising out of Ganda's business relationship with YOFC. Both this action and the Georgia Action assert claims based on substantially the same series of agreements, transactions and events which occurred between Ganda and YOFC. Accordingly, if the Georgia Court grants Ganda's Motion for Reconsideration, or if Ganda prevails on appeal, the parties will be litigating two substantially identical cases in two separate courts. In addition to being unnecessary and a waste of judicial resources, such a situation could easily lead to inconsistent results.

"It has long been recognized that considerations of comity may indicate that a stay is appropriate where two pending federal suits involve common parties and issues," particularly when "the action pending in the other federal court was filed first and the claims filed in the second suit should be compulsory counterclaims in the prior filed suit." *Central States, Southeast & Southwest Areas Pension Fund v. Crown Cork & Seal Co.*, 1990 U.S. Dist. LEXIS 2622 (N.D. Ill. 1990). *See also Continental Benefit Corp. v. General Reinsurance Corp.*, 1988 U.S. Dist. LEXIS 15651 (W.D. Mo. 1988) (later-filed action stayed pending outcome of earlier-filed proceedings in order to "accommodat[e] the interests of justice and judicial economy where another suit involving identical issues is pending, [since] it would be duplicative to proceed"); *Republic Telecom Corp. v. Telemetrics Communications, Inc.*, 634 F. Supp. 767 (D. Minn. 1986) ("The general rule is that when an action before a court 'involves a claim that should be a compulsory counterclaim in

another pending federal suit the court should stay its own proceedings or dismiss the claim'") (citing *Republic Precious Metals, Inc. v. Republic Precious Metals Corp.*, 575 F. Supp. 1256, 1259 (D. Minn. 1984)); *Peck v. United States*, 522 F. Supp. 545 (S.D. N.Y. 1981) ("considerations of comity may indicate that a stay is appropriate where two pending federal suits involve common parties and issues"). Therefore, Defendants submit that it is proper for this Court to stay the Rhode Island action until such time as the Georgia Action has been resolved. In the alternative, Defendants request a thirty (30) day enlargement of time within which to file their answer or to otherwise plead in response to the Complaint in this case. The time for responding, as previously extended, has not expired as of the date of this Motion. Rule 6(b)(1), *Fed. R. Civ. P.*

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: September 1, 2005

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2005, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

G:\cmc\Edward, J\pldgs\memomostay2.doc