UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., Plaintiff, | |
| v. | CIVIL ACTION NO. 04-474ML |
| GANDA, LLC a/k/a GANDA COMMUNICATIONS and JOHN EDWARD, Defendants. | |

**MEMORANDUM OF LAW IN WITH EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO ANSWER**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC"), through its undersigned counsel, hereby opposes the Motion to Stay or, in the Alternative, for an Enlargement of Time to Answer filed by defendants Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward ("Edward," and together with Ganda, the "Defendants"). There is no basis for extending the stay, extending the time to answer the complaint, or otherwise further delaying litigation of this action. This Court already imposed a condition for expiration of the stay (*i.e.*, the rendering of a decision by the United States District Court for the Northern District of Georgia) and that condition has been satisfied. Accordingly, there is no cause for any further delay and the Defendants' motion should be denied.

## BACKGROUND

### The Parties

YOFC is a Chinese corporation, located in Wuhan, China, that develops, manufactures, and sells optical fiber and cable products. Ganda is a Delaware limited liability company, whose sole place of business, is or was, in Cranston, Rhode Island. Edward is Ganda's sole member.

### The YOFC-Ganda Relationship

In 1998, YOFC and Ganda executed a written agreement pursuant to which Ganda was to act as YOFC's sales agent and receive a commission on payments for completed sales of optical fiber. In February 2000, the agreement was amended, and in April 2001, YOFC and Ganda executed a new agreement, which was later terminated.

Under the agreements, fiber that was delivered by Ganda to YOFC's North American customers was first shipped from YOFC's manufacturing facility in China to Ganda's Rhode Island warehouse, where it was to be stored until it was distributed to YOFC's customers. With respect to fiber that was delivered from Ganda's warehouse in Rhode Island, Ganda was to collect the sales proceeds from the customer and remit the balance to YOFC. On those occasions when orders for which Ganda was entitled commissions required YOFC to ship fiber directly to the customer, YOFC would collect the sales proceeds from the customer and pay Ganda its commission.

### The Rhode Island Action and the Georgia Action

YOFC filed the above-captioned complaint and initiated this action (the "Rhode Island Action") on November 8, 2004. The Rhode Island Action alleges, among other things, that Ganda failed to reimburse YOFC for monies that Ganda collected on YOFC's behalf and that the



{B0440895; 1}

Defendants fraudulently depleted Ganda's ability to fulfill Ganda's contractual payment obligations to YOFC.

At the time the Rhode Island Action was filed, YOFC was a defendant in another action that Ganda commenced in the United States District Court for the Northern District of Georgia (the "Georgia Action"). Edward is not a party to the Georgia Action. The Georgia Action involves essentially the same transactions and occurrences that are the subject of the Rhode Island Action. On November 12, 2004, YOFC filed a motion to dismiss the Georgia Action for lack of personal jurisdiction and improper venue (the "Motion to Dismiss") or, alternatively for a transfer of the Georgia Action to the Rhode Island.

**Service of the Rhode Island Summons and Complaint**

After filing the complaint in the Rhode Island Action, YOFC withheld service of the summons and complaint pending a decision on the Motion to Dismiss. YOFC recognized that serving the summons and complaint in the Rhode Island Action, which was filed subsequent to the Georgia Action, would waste the court's and parties' resources by forcing the court and parties to go through the effort of staying the Rhode Island Action until the Motion to Dismiss was decided.

On April 4, 2005, after the Defendants were served or had accepted service of the summons and complaint,[1] YOFC and the Defendants filed an *assented-to* motion to stay (the "Original Stay Motion") and for enlargement of time to answer. A true and accurate copy of the Original Stay Motion (without exhibits) is attached hereto as **Exhibit A**. The Original Stay

[1] The expiration of the time limit for service of the summons and complaint in this action was fast approaching at the time.

Motion, which the Court granted on April 7, 2005, explicitly terminated any stay on the rendering of a decision in the Georgia Action on YOFC's Motion to Dismiss. A true and accurate copy of the Court's endorsement of the Original Stay Motion is attached hereto as **Exhibit B**. Specifically, the Original Stay Motion requested that this action be stayed only

> until such time as the United States District Court for the Northern District of Georgia *determines the motion to dismiss* or, in the alternative, to transfer venue (the "Motion") which was filed by the Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC"), in Civil Action No. 04-1879CC pending in that Court (the "Georgia Litigation").

See Original Stay Motion, p. 1 (emphasis added).

On July 8, 2005, after full briefing, counsel for YOFC and counsel for Ganda appeared and argued the Motion to Dismiss that had been filed in the Georgia Action. On July 14, 2005, "[h]aving considered the parties' papers and the arguments of counsel," the court in the Georgia Action granted YOFC's motion and dismissed the action for lack of personal jurisdiction. July 14, 2005 Order, p.1 (attached hereto as **Exhibit C**).

Despite the Georgia court's clear decision that there are insufficient contacts for jurisdiction in Georgia, Ganda has since moved for reconsideration of the Georgia court's July 14, 2005 Order. YOFC has opposed the motion for reconsideration, an extraordinary remedy this is to be used sparingly. A true and accurate copy of YOFC's Opposition to Ganda's Motion for Reconsideration is attached hereto as **Exhibit D**. Despite the clear lack of any basis for Ganda's position (seeking reconsideration of the Georgia Court's decision) in the Georgia Action, the Defendants now move to further delay the commencement of this action and YOFC's attempt to collect the money damages that the Defendants owe to YOFC.

## ARGUMENT

There is no basis for further delaying this action. The court set a clear condition for lifting of the stay in this action, *i.e.*, a decision by the Georgia court on the Motion to Dismiss, and that condition has been satisfied. Additionally, there is no basis in law for extending the stay or imposing any further delay in this action. Ganda has not shown how it is likely to succeed on its motion for reconsideration or on any appeal. Edward is not a party to the Georgia Action, so, even if the Court were inclined to wait for the Georgia court's decision on Ganda's motion for reconsideration, there is no basis for delay concerning the claims brought against Edward. Additionally, any further delay threatens YOFC's ultimate ability to collect the moneys that it is entitled to receive. Accordingly, the Defendants' motion should be denied and the Defendants should be required to proceed with responding to the complaint, as they implicitly agreed to do in the Original Stay Motion.

### A. The Court's Order Set a Clear Expiration of the Stay.

The Original Stay Motion and the Court's order on that motion clearly contemplate that the parties should immediately proceed with litigation of this action. The parties agreed and this Court ordered that this action would be stayed only until such time as the Motion to Dismiss had been decided in the Georgia Action. See Original Stay Motion and the Court's Endorsement of the Original Stay Motion. Since the Georgia court has granted the motion to dismiss for lack of jurisdiction, the sole condition for lifting the stay has been satisfied. The Defendants' attempts to extend the stay are clear attempts to delay discovery and to thwart YOFC's attempts to collect money rightfully owed to it. The Defendants' delay tactics should not be condoned by the Court. Permitting the Defendants to delay this action further sets a dangerous precedent. Ganda knew, or should have known, when it filed the Georgia Action, that it did not have a strong basis for

personal jurisdiction over YOFC in Georgia. A party should not be permitted (or encouraged) to file a suit in a state where that party knows that the court does not have jurisdiction over that party's opponent and thereby delay any ultimate finding or collection of an amount owed. Allowing such conduct places the integrity of the system in question. Nevertheless, that is exactly what Ganda is doing here. Ganda raced YOFC to the courthouse and filed an action in Georgia, a state that does not have jurisdiction over YOFC. Knowing that YOFC would move to dismiss for lack of jurisdiction (and that any action filed by YOFC would be stayed in the process), Ganda has been able to delay YOFC's ability to collect amounts that Ganda owes to YOFC. The Defendants' artful maneuvering should not be permitted to delay further YOFC's collection of money that it is owed.

B. <u>Extension of the Stay is Not Warranted Because Defendants' Have Not Shown Any Likelihood of Success in the Georgia Action.</u>

The Defendants have not shown in their papers that they satisfy the requirements for expanding the stay. In order to satisfy the standard for issuance of a stay, the Defendants must establish that there is "a strong likelihood of success on the merits of its appeal; that [they] will suffer irreparable harm if a stay is not granted; that the harm will outweigh any harm opposing parties will suffer if a stay is granted; and that the public interest would be furthered by the granting of a stay." <u>In re Power Recovery Sys., Inc.</u>, 950 F.2d 798, 804, n.31 (1st Cir. 1991). A failure to meet just one of these requirements justifies a denial of the stay. <u>Id.</u>; <u>see also</u> <u>In re Special Proceedings</u>, No. 91-1397, 2003 U.S. Dist. LEXIS 25721, *4 (D.R.I. Dec. 15, 2003).

1. <u>Ganda is Not Likely to Succeed on its Motion for Reconciliation</u>.

The Defendants have not made any attempt to demonstrate why either their motion for reconsideration (or any later appeal to the United States Court of Appeals for the Eleventh Circuit) has any likelihood of success on the merits. In fact, just the opposite is true; Ganda is



{B0440895; 1}

not entitled to reconsideration of the Georgia court's well-reasoned decision. As discussed more fully in YOFC's Opposition to Ganda's Motion for Reconsideration (Exhibit D, p. 4-5), in the 11th Circuit motions to alter or amend a judgment under Fed. R. Civ. P. 59(e) "are used sparingly" and only in limited circumstances. See In re Barber, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004); see generally 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) ("reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly"). In the 11th Circuit, a Rule 59(e) motion may not be used to "raise arguments which could, and should, have been made before the judgment was issued." See O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); see also Wright et al., supra, § 2810.1 ("[t]he Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"). A court will only grant a 59(e) motion if: (1) an intervening change of controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest justice. See United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003); see also United States v. Amtreco, Inc., 858 F. Supp. 1189, 1190 (M.D. Ga. 1994).

In its Motion for Reconsideration, Ganda did not make any attempt to demonstrate that there had been an intervening change in a controlling law or that new evidence had become available. Rather, Ganda merely attempted to argue, unpersuasively, that the Georgia district court had disregarded "national contacts" for purposes of determining whether the Defendants should be subject to personal jurisdiction in Georgia. As seen in YOFC's Opposition to Ganda's Motion for Reconsideration, this argument fails because the Court clearly considered the issue of contacts necessary for jurisdiction over an antitrust claim (after YOFC and Ganda addressed it

during argument) and properly ruled against Ganda on this issue. Accordingly, since there is no basis for reconsideration of the Georgia court's order granting YOFC's Motion to Dismiss, Ganda should not be permitted to use it here to extend the stay.

2. YOFC is Suffering Harm from the Defendants' Delays.

YOFC is suffering harm because it can not proceed with discovery and prosecution of its action against the Defendants. Through their legal maneuvering, the Defendants have prevented YOFC from proceeding with discovery and the collection of amounts owed for almost an entire year. Not only has this delay cost YOFC the use of those funds, but the delay has also given the Defendant further opportunities fraudulently to dispose of any remaining funds.

The Defendants' deception with respect to Ganda's funds, which are owed to YOFC, is well documented. The Defendants had repeatedly represented that Ganda did not possess funds sufficient to pay amounts that Ganda owes to YOFC. Nevertheless, YOFC discovered, after examining publicly available filings, that:

- Mr. Edward represented to a North Carolina court that $2.65 million was being held in Ganda LLC bank accounts, against which $2.8 or $2.9 million was "possibly owed" to YOFC. See Reply to Motion for Contempt; Motion for Reduction or Elimination of Post Separation Support, verified by Mr. Edward (a true and accurate copy of which is attached hereto as **Exhibit E**).

- Mr. Edward represented to that same North Carolina court that there were two Ganda LLC accounts in which a total of over $2.5 million was on deposit and that over $2.9 million was "owing YOFC." See Year End Cash Reconciliation for LLCs (a true and accurate copy of which is attached hereto as **Exhibit F**).

The existence of these funds after the Defendants had long represented that they did not exist shows that continued delay puts YOFC at risk of never being able to uncover where the Defendants are holding the moneys owed to YOFC. Accordingly, given the harm to YOFC, the motion for extension of the stay should be denied to prevent further delay.

B. Judicial Efficiency is Served by Proceeding in Rhode Island.

The district court order in the Georgia Action weighs heavily in favor of proceeding without delay in Rhode Island. Citing Central States, Southeast & Southwest Areas Pension Fund v. Crown Cork & Seal Co., No. 89 C 6943, 1990 U.S. Dist. LEXIS 2622 (N.D. Ill. Mar. 7, 1990), Defendants have asserted that considerations of comity "may indicate that a stay is appropriate" because the Georgia Action involves the "common parties and issues." However, what Defendant's apparently fail to appreciate is that in the Crown Cork & Seal case, there was an injunction pending in the first-filed action explicitly prohibiting the parties from prosecuting the action in the later-filed action in another district court. Id. at *8. In direct contrast, the court in the Georgia Action has explicitly held that it does not have jurisdiction to hear the matter. Issues of comity are only relevant where courts of *concurrent* jurisdiction, in the exercise of judicial efficiency, must determine if the parties, causes of action, and issues presented are identical. See, e.g., Peck v. United States, 522 F. Supp. 245 (S.D.N.Y. 1981).[2] Defendants' authority cited in their memorandum of law is inapposite to the present case. The motion for reconsideration (or threatened appeal) in the Georgia Action does not involve a determination of comity or whether the claims in YOFC's complaint in the Rhode Island Action are compulsory counterclaims in the Georgia Action – rather, the court in the Georgia Action has held that it does not have jurisdiction to hear the matter.

**CONCLUSION**

This Court's Original Stay Motion expired by its own terms upon the rendering of a decision by the United States District Court for the Northern District of Georgia. The Georgia

[2] Note: This case was erroneously cited as 522 F. Supp. 545 in Defendants' Memorandum of Law.

Action has been dismissed, and Defendants have not shown that the pending Motion for Reconsideration in that action has any likelihood of success on the merits. Accordingly, there is no cause for any further delay and the Defendants' motion should be denied.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

Benjamin V. White, No. 1652
Gordon P. Cleary, No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Of counsel:

Ira K. Gross
Samual A. Miller
Cherie Bosarge-Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

Dated: September 19, 2005

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, Rhode Island 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum by mailing first class mail, postage prepaid, on the 19th day of September, 2005.



{B0440895; 1}