UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YANGTZE OPTICAL FIBRE AND CABLE COMPANY, LTD., Plaintiff | : | |
| v. | : | C.A. No. 04-474ML |
| GANDA, LLC, a/k/a GANDA COMMUNICATIONS and JOHN EDWARD, Defendants | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO ANSWER**

Defendants, Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward (collectively, "Defendants"), have moved this Honorable Court for a stay until such time as a related action pending in the United States District Court for the Northern District of Georgia has been resolved. In the alternative, Defendants have moved this Honorable Court for a thirty (30) day enlargement of time within which to answer or otherwise plead in response to the Complaint. Defendants submit the following Reply Memorandum in support of their Motion.

On July 19, 2005, the United States District Court for the Northern District of Georgia (the "Georgia District Court") granted the motion of Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC"), and Draka Technologies, N.V. ("Draka"), to dismiss for lack of personal jurisdiction. Although Ganda included claims under federal antitrust laws in the Georgia action, the Georgia District Court limited its analysis to the traditional state court long-arm jurisdiction inquiry rather than a federal long-arm analysis applicable to claims brought under the Sherman and Clayton Acts. The Eleventh Circuit has held that *Fed. R. Civ. P.* 4 (k)(2) permits personal jurisdiction over foreign entity defendants, such as YOFC and Draka, for claims arising under federal law when the defendant has sufficient contacts with the *nation as a whole* to justify the imposition of personal

jurisdiction, although there are not sufficient contacts to satisfy the long-arm statute of any particular state. *United States Securities and Exchange Commission v. Carrillo*, 115 F.3d 1540, 1543-44 (11th Cir. 1997).

Accordingly, because the Georgia District Court overlooked this binding analysis in its July, 2005 Decision, Ganda timely filed a Rule 59 motion to alter or amend the judgment. Attached as Exhibit A is a copy of the thorough Memorandum of Law and Exhibits which were filed in support of Ganda's Rule 59 motion. Because the Georgia District Court did not address these independent grounds for exercising personal jurisdiction in its Decision, Ganda's motion is not simply a prayer to revisit a matter previously decided. It brings to the Court's attention a basis for personal jurisdiction not previously considered or analyzed by the Court in its Decision. This may be the reason that the Rule 59 motion which was filed on August 2, 2005 remains under consideration by the Georgia District Court at this time.

YOFC's claim that the condition of the previous assented to stay entered by this Court has been satisfied is erroneous. The Rule 59 motion pending in the Georgia District Court serves to stay the finality of the Georgia District Court's decision until that motion to alter or amend has been decided.

In its opposition, YOFC also accuses Ganda of a desire to delay matters by pursuing the Georgia action. Ganda does not wish to delay matters whatsoever. It has a substantial claim against YOFC (and Draka) and was *first* to initiate suit. YOFC chose to file the second action here afterward. Ganda is anxious to get to the heart of matters and pursue a significant recovery, but does not wish to do so simultaneously in two Courts, in two geographical extremes of the United States, with the potential for inconsistent results. A stay of this action will serve this end.

Furthermore, Plaintiff advocates a strict standard for granting a stay. Specifically, Plaintiff cites *In re Power Recovery Sys., Inc.*, 950 F.2d 798, 804 n. 31 (1st Cir. 1991) for the proposition that in order to justify the issuance of a stay, the Defendants must establish "a strong likelihood of success on the merits of [their] appeal; that [they] will suffer irreparable harm if a stay is not granted; that the harm will outweigh any harm opposing parties will suffer if a stay is granted; and that the public interest would be furthered by the granting of a stay." Plaintiffs further cite *In re Special Proceedings*, 2003 U.S. Dist. LEXIS 25721, 4 (D.R.I. 2003), to support this standard. Notably, this standard is almost identical to that applicable to the issuance of an injunction. *See DiDonato v. Kennedy*, 822 A.2d 179 (R.I. 2003) (stating the standard to be applied when in deciding whether to issue a preliminary injunction is "' whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo'") (quoting *Fund for Community Progress v. United Way of Southeaster New England*, 695 A.2d 517, 521 (R.I. 1997)).

Each of the cases cited by Plaintiff in support of this stringent standard involves the proposed stay of a court order pending its appeal, rather than a stay of proceedings based on the same or similar litigation pending in a separate court. For example, In re Power Recovery Sys., Inc., 950 F.2d 798, involves a motion to stay a bankruptcy court order holding a party in contempt for failing to remove equipment from the debtor's property, while In re Special Proceedings, 2003 U.S. Dist. LEXIS 25721, involves an order directing a party to answer a special prosecutor's questions asked during the course of a criminal investigation. Stays such as these are analogous to injunctions and involve policy considerations far more significant than those implicated by a stay of

proceedings based on ongoing litigation involving the same parties and the same transactions. Thus, it is reasonable to impose the same standard to motions to stay orders pending appeal as is imposed upon motions for injunctive relief. It is unreasonable and unsupported by Plaintiff's case law, however, to impose such a strict standard on a motion to stay proceedings based on the same or similar litigation pending in a separate court.

Finally, the Plaintiff suggests that the fact that Edward is not a party to the Georgia action requires that the Rhode Island court proceed with the litigation pending against Edward in the present action. Plaintiff's claims against Edward in the present action involve allegations of fraudulent conveyance based on its allegations against Ganda. Therefore, the claims against Edward are not valid at the moment, since Plaintiff must first obtain a judgment against Ganda before it can go after Edward. Thus, Plaintiff must wait for a final adjudication of any claims made against Ganda before it can pursue its claims against Edward, and his presence in the Georgia action is therefore irrelevant to whether or not a stay of the Rhode Island action is appropriate.

For the foregoing reasons, it is respectfully requested that the motion for stay be granted.

GANDA, LLC, a/k/a

GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: October 4, 2005

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2005, a true copy of the within was hand delivered to Benjamin V. White, Esq., Gordon P. Cleary, Esq., Vetter & White, Inc., 20 Washington Place, Providence, RI 02903 and sent, via fax and first-class mail, postage prepaid, to Ira K. Gross, Esq. Samual A. Miller, Esq., Cherie Bosarge Dutton, Esq., Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109

G:\cmc\Edward, J\pldgs\replymemo (1).doc