UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YANGTZE OPTICAL FIBRE AND
CABLE COMPANY, LTD.,
Plaintiff,

v. C.A. No. 04-474ML

GANDA, LLC, a/k/a GANDA
COMMUNICATIONS and JOHN EDWARD,
Defendants.

MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion to Stay or, in the Alternative, for an Enlargement of Time to Answer. For the reasons given below, Defendants' motion is denied.

I. Facts

On June 29, 2004, one of the Defendants in this action, Ganda, LLC ("Ganda"), filed a complaint in the Northern District of Georgia against the Plaintiff in this action, Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC"). In November 2004, YOFC filed an action against Ganda and John Edward ("Edward," and together with Ganda, "Defendants") in the District of Rhode Island and moved to dismiss the Georgia action for lack of personal jurisdiction and improper venue. On April 7, 2004, this Court granted the parties' Assented to Motion for Stay and for Enlargement of Time, suspending the litigation in Rhode Island until the motion to dismiss was resolved in Georgia. On July 14, 2005, after a hearing on the subject, the Georgia court granted YOFC's motion and dismissed without prejudice the Georgia suit for lack of

personal jurisdiction. On August 2, 2005, Ganda filed a motion for reconsideration in Georgia, and now asks this Court to stay the Rhode Island action further, pending the resolution of that motion.

II. Discussion

On April 7, 2005, this Court granted the parties' Assented to Motion for Stay and for Enlargement of Time. That Order stayed the action in this Court "until such time as the United States District Court for the Northern District of Georgia determines the motion to dismiss, or in the alternative, to transfer venue . . ." (Order Apr. 7, 2005). The limitation of the stay order is clear: once the Georgia Court decides the motion to dismiss, the stay is to be lifted. The Georgia court issued its order granting the motion to dismiss for lack of personal jurisdiction on July 14, 2005. The terms of the assented-to stay do not mention an appeal or a motion for reconsideration.

Defendants argue that another stay is nonetheless warranted because if Ganda prevails on the motion for reconsideration, the parties will be litigating two substantially similar cases in two separate courts. Plaintiff contends that this is an unlikely scenario, given the extraordinary nature of the reconsideration remedy.

Plaintiff appeals to this Court's "inherent power to stay action under a decision pending its appeal." Morgan v. Kerrigan, 523 F.2d 917, 920 (1st Cir. 1975), cert. denied, 426 U.S. 935 (1976). However, as Defendants point out, here, the action sought to be stayed is not the action appealed, as is usually the case; rather, Defendants seek a stay of the proceedings in this Court pending the appeal of another court's dismissal of a related case. Therefore, the Court acts on its discretionary power to stay proceedings for prudential reasons. Landis v. N. Am. Co., 299 U.S.

248, 254-55 (1936); Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004).

To be entitled to a discretionary stay, "a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party." Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983), cert. dismissed, 463 U.S. 1247 (1983). This Court finds that another stay, delaying the prosecution of Plaintiff's claims until the Georgia court acts on the motion for reconsideration, and then through Defendants' promised appeal to the Eleventh Circuit if reconsideration is denied, will prejudice the Plaintiff. As the First Circuit found in Austin, the "financial hardship of being forced to wait for an undefined but potentially lengthy period before receiving the money to which [Plaintiff] may be entitled" suffices as damage to Plaintiff, triggering a requirement of hardship. Id.

Defendants have not shown a significant hardship if the instant proceeding resumes. The possibility of litigating concurrently in "geographical extremes," as Defendants proffer, does not qualify as a "clear case of hardship" because it was Ganda, a Delaware corporation whose principal place of business was Cranston, Rhode Island, that initiated the suit in Georgia. Defendants' request for a stay seeks to delay further the reckoning of accounts with Plaintiff, and therefore causes Plaintiff sufficient harm to justify a denial of the request.

## III. Conclusion

Because the terms of the original stay as agreed to by the parties are unambiguous, and the conditions have been met, the stay should now be lifted and litigation in Rhode Island should proceed. Therefore, Defendants' Motion to Stay is DENIED. Defendants' alternative request for a 30-day enlargement of time to answer Plaintiff's Complaint is DENIED. Defendants are required to file a responsive pleading within 10 days of the date of this Order.

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
United States District Judge
December 13, 2005