UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, vs. Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Counterclaim Defendants. | Civil Action No. 04-474ML |

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S**
**REPLY TO DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC"),[1] through its undersigned counsel, replies to the counterclaims (the "Counterclaims") asserted by defendants Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward ("Edward," and together with Ganda, the "Defendants") contained in their Answer, Counterclaim and Complaint

[1] The Counterclaims have not been served on all of the parties identified as Counterclaim Defendants. This reply applies only to any allegations and claims asserted against YOFC.

Against Draka Technologies, N.V. f/k/a Plasma Optical Fiber, N.V. and Demand for Jury Trial, as follows:[2]

## REPLY

### "For a Fifth Defense and by Way of Counterclaim as to YOFC Only"

41. YOFC denies the allegations in paragraph 41 of the Counterclaims to the extent that the incorporated allegations are inconsistent with allegations of fact contained YOFC's complaint.

42. No answer is required to the allegations contained in paragraph 42 of the Counterclaims because they purport to state conclusions of law.

43. The agreement referenced in paragraph 43 of the Counterclaims and attached as Exhibit A thereto is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 43 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies any remaining allegations contained in paragraph 43 of the Counterclaims.

44. YOFC lacks sufficient information to admit or deny the allegations in paragraph 44 of the Counterclaims, and accordingly denies the same.

---

[2] The Defendants' defenses numbered 1 through 4 are asserted as affirmative defenses, which do not require a response by YOFC. The Defendants commence the Counterclaims in what the Defendants identify as their "FIFTH DEFENSE" and "FIRST COUNTERCLAIM". Additionally, the Defendants begin numbering the paragraphs of the Counterclaims at 41, which numbering YOFC has mirrored.



{B0479131; 2}

45. YOFC lacks sufficient information to admit or deny the allegations in paragraph 45 of the Counterclaims, and accordingly denies the same.

46. YOFC denies the allegations in paragraph 46 of the Counterclaims.

47. The letter referenced in paragraph 47 of the Counterclaims is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 47 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies any remaining allegations contained in paragraph 47 of the Counterclaims.

48. The facsimile referenced in paragraph 48 of the Counterclaims is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 48 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies any remaining allegations contained in paragraph 48 of the Counterclaims.

49. The agreements referenced in paragraph 49 of the Counterclaims are documents that speak for themselves and, therefore, YOFC denies any allegations in such paragraph 49 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of those documents. YOFC denies any remaining allegations contained in paragraph 49 of the Counterclaims.

50. YOFC admits only that in or about 2001 and 2002 it shipped a certain amount of optical fiber to Optical Cable Corporation and that Ganda was credited for any amounts shipped. The remaining allegations in paragraph 50 of the Counterclaims are characterizations and

conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 50 of the Counterclaims.

51. The agreements referenced in paragraph 51 of the Counterclaims are documents that speak for themselves and, therefore, YOFC denies any allegations in such paragraph 51 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of those documents. The remaining allegations in paragraph 51 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the remaining allegations contained in paragraph 51 of the Counterclaims.

52. The allegations in paragraph 52 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 52 of the Counterclaims.

53. The allegations in paragraph 53 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 53 of the Counterclaims.

54. The agreement referenced in paragraph 54 of the Counterclaims is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 54 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies any remaining allegations contained in paragraph 54 of the Counterclaims.

55. The agreement referenced in paragraph 55 is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 55 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. The remaining allegations in paragraph 55 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the remaining allegations in paragraph 55 of the Counterclaims.

56. The allegations in paragraph 56 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 56 of the Counterclaims.

57. The allegations in paragraph 57 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 57 of the Counterclaims.

58. The allegations in paragraph 58 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 58 of the Counterclaims.

**"For a Sixth Defense and by Way of Second Counterclaim as to YOFC Only"**

59. YOFC hereby repeats its responses to paragraphs 41-58 of the Counterclaims.

60. The agreement referenced in paragraph 60 of the Counterclaims is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 60 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent

with the express terms of that document. The remaining allegations in paragraph 60 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the remaining allegations in paragraph 60 of the Counterclaims.

61. The allegations in paragraph 61 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 60 of the Counterclaims.

62. YOFC admits only that it shipped a certain amount of optical fiber to Optical Cable Corporation in 2001 and 2002 and that Ganda was credited for any amounts shipped. YOFC denies any remaining allegations in paragraph 62 of the Counterclaims.

63. The agreement referenced in paragraph 63 of the Counterclaims is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 63 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. The remaining allegations in paragraph 63 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the remaining allegations in paragraph 63 of the Counterclaims.

64. YOFC lacks sufficient information to admit or deny the allegations in paragraph 64 of the Counterclaims, and accordingly denies the same.

65. The notes referenced in paragraph 65 of the Counterclaims and attached as Exhibit C thereto is a document that speaks for itself and, therefore, YOFC denies any

allegations in such paragraph 65 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. The remaining allegations in paragraph 65 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the remaining allegations contained in paragraph 65 of the Counterclaims.

66. The allegations contained in paragraph 66 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations contained in paragraph 66 of the Counterclaims.

**"For a Seventh Defense, Third Counterclaim as to YOFC and First Counterclaim as the Draka Defendants"**

67. YOFC hereby repeats its responses to paragraphs 41-66 of the Counterclaims.

68. The allegations in paragraph 68 of the Counterclaims are characterizations and conclusions of law to which no response is required. Additionally, YOFC objects to The Defendants' engagement of the "group pleading" technique, which does not properly put YOFC or the other parties on notice of the actual allegations or claims in the Counterclaims.

69. No answer is required to the allegations contained in paragraph 69 of the Counterclaims because they purport to state conclusions of law.

70. The allegations in paragraph 70 of the Counterclaims are characterizations and conclusions of law to which no response is required. Additionally, YOFC lacks sufficient

information to admit or deny the allegations in paragraph 70 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

71. The allegations in paragraph 71 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations contained in paragraph 71 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 71 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

72. The allegations in paragraph 72 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 72 of the Counterclaims.

73. The letter referenced in paragraph 73 of the Counterclaims and attached as Exhibit B thereto is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 73 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. YOFC denies any remaining allegations contained in paragraph 73 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 73 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

74. The notes referenced in paragraph 74 of the Counterclaims and attached as Exhibit C thereto is a document that speaks for itself and, therefore, YOFC denies any allegations in such paragraph 74 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. The

remaining allegations in paragraph 74 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent any further response is required, YOFC denies the remaining allegations contained in paragraph 74 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 74 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

75. The allegations in paragraph 75 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 75 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 71 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

76. The allegations in paragraph 76 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 76 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 76 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

77. The allegations in paragraph 77 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 77 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 77 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

78. The allegations in paragraph 78 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 78 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 78 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

**"For a Eighth Defense, Fourth Counterclaim as to YOFC and by way of Second Counterclaim as to the Draka Defendants"**

79. YOFC hereby repeats its responses to paragraphs 41-78 of the Counterclaims.

80. YOFC admits that Lucent Technologies, OCC and BICC/General were North American customers of YOFC. YOFC lacks sufficient information to admit or deny the remaining allegations in paragraph 80 of the Counterclaims, and accordingly denies the same.

81. YOFC denies the allegations in paragraph 81 of the Counterclaims.

82. The allegations in paragraph 82 of the Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, YOFC denies the allegations in paragraph 82 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 82 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

83. YOFC lacks sufficient information to admit or deny the allegations in paragraph 83 of the Counterclaims, and accordingly denies the same.

84. The allegations contained in paragraph 84 is merely a characterization and conclusion of law to which no response is required. To the extent a response is required, YOFC

denies the allegations in paragraph 82 of the Counterclaims that are directed to YOFC. Additionally, YOFC lacks sufficient information to admit or deny the allegations in paragraph 82 of the Counterclaims that do not pertain to YOFC, and accordingly denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Both for the reasons set forth in the Complaint and the reasons set forth in the various other Affirmative Defenses herein, the Counterclaims fails to state a claim upon which relief may be granted against YOFC.

### Second Affirmative Defense

Even if Defendants were entitled to relief from YOFC, which entitlement YOFC denies, Defendants have waived any right to relief from YOFC.

### Third Affirmative Defense

Defendants' claims for equitable relief are barred by the doctrines of laches and/or consent, and/or are estopped by their conduct, or by that of others, from any recovery herein against YOFC.

### Fourth Affirmative Defense

Defendants' claims for equitable relief are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Even if Defendants might otherwise have had any viable claims for breach of contract, any such claims are barred by Defendants' own prior material breaches of their contractual obligations.

**Sixth Affirmative Defense**

Defendants' claim for damages is barred because YOFC has satisfied any and all obligations owed with respect to tender of any monies due and owing.

**Seventh Affirmative Defense**

Defendants' claims for damages are barred in whole or in part by the applicable statute of limitations.

**Eight Affirmative Defense**

Defendants' claims under the Sherman Act and Clayton Act are barred because as a commissioned sales agent Defendants lack standing to bring such claims against YOFC.

**Ninth Affirmative Defense**

Defendants' claims under the Sherman Act and Clayton Act are barred because YOFC was not an existing manufacturing competitor in the North American optical fiber market with any Draka defendant, as that term is defined in the Counterclaims.

**Tenth Affirmative Defense**

Defendants' claims of tortious interference with contractual relations are barred because Ganda had no contractual relationships with any of the named customers or end-users identified in the Counterclaims.

Dated: January 17, 2006

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorney,

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

Of counsel:

Ira K. Gross
Samual A. Miller
Cherie Bosarge-Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, Rhode Island 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Reply to Defendants' Counterclaims and Affirmative Defenses by mailing first class mail, postage prepaid, on the 17th day of January, 2006.



{B0440895; 1}