UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff | ) | Civil Action No. 04-474ML |
| vs. | ) | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants | ) | |
| vs. | ) | Oral Argument Requested |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Counterclaim Defendants | ) | |

**MOTION TO DISMISS COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(b)(6), counterclaim defendants Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") and counterclaim defendants Draka Comteq B.V., Draka Comteq Fibre B.V.,[1] Plasma Optical Fibre B.V., Draka Comteq Americas Inc. and Draka Holding N.V. (collectively, "Draka")[2] hereby move this court to dismiss the antitrust claims in Defendants' Amended Answer, Counterclaim and Complaint ("Amended Counterclaims") for failure to state a claim against YOFC or Draka upon which relief can be granted, because the defendants' counterclaim contains no facts that can sustain a claim for antitrust violations under the Clayton or Sherman Acts. The grounds for this motion are set forth more fully in the Memorandum of Law in Support of Defendants' Motion To Dismiss, filed herewith.

[1] Plasma Optical Fibre B.V. still exists and is wholly owned by Draka Comteq Fibre B.V. Ganda's use of the qualifier "f/k/a" is, therefore, inappropriate.

[2] The counterclaim defendants were misidentified in defendants' original and amended answer and counterclaims. The correct names for the identified Draka entities are used herein.

WHEREFORE, YOFC and Draka request that the court dismiss the antitrust count in the Amended Counterclaims and grant YOFC and Draka such other relief as may be just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC. and DRAKA HOLDING N.V.**

By: ______________________

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX
igross@sandw.com
smiller@sandw.com
cdutton@sandw.com

Dated: April 10, 2006

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within Motion To Dismiss Counterclaims by mailing first class mail, postage prepaid, on the 10th day of April, 2006.

Lisa A. Laruvere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Counterclaim Defendants | ) | Civil Action No. 04-474ML |

**MEMORANDUM OF LAW**
**IN SUPPORT OF COUNTERCLAIM DEFENDANTS'**
**MOTION TO DISMISS GANDA'S ANTITRUST COUNTERCLAIM**

Counterclaim Defendant Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") and Counterclaim Defendants Draka Comteq B.V., Draka Comteq Fibre B.V.[1], Plasma Optical Fibre B.V., Draka Comteq Americas Inc. and Draka Holding N.V. (collectively, "Draka")[2] submit this memorandum of law in support of their motion to dismiss the antitrust counterclaim filed by defendant Ganda, LLC, a/k/a Ganda Communications ("Ganda") in Defendants' Amended Answer, Counterclaim and Complaint (the "Amended Counterclaims" or "Am. Crtclms."). Ganda's antitrust counterclaim fails to state a claim upon

---

[1] Plasma Optical Fibre B.V. still exists and is wholly owned by Draka Comteq Fibre B.V. Ganda's use of the qualifier "f/k/a" is, therefore, inappropriate.

[2] The Counterclaim Defendants were misidentified in defendants' original and amended answer and counterclaims. The correct names for the identified Draka entities are used herein.

which relief can be granted. The Amended Counterclaims do not state any facts that can establish (i) standing for Ganda to assert any antitrust counterclaim or (ii) that Ganda ever incurred any "antitrust injury." Accordingly, the court should dismiss the antitrust counterclaim in the Amended Counterclaims.

**BACKGROUND**

By Agreement dated June 28, 1998 (the "1998 Agreement"), Ganda was YOFC's "exclusive sales agent for YOFC products in North America, Japan and certain other global markets". See Am. Ctrclms. ¶43 and Ex. A. YOFC executed an amendment (the "2000 Amendment") to the 1998 Agreement and a new agreement (the "2001 Agreement") on or about February 1, 2000 and April 6, 2001, respectively. See Am. Ctrclms. ¶11 and 12. Pursuant to these agreements, YOFC paid Ganda commissions on sales made to North American customers of products that YOFC manufactured and shipped from China. See Id. Ganda does not allege in the Amended Counterclaims that Ganda ever acted as anything other than a mere sales agent; Ganda never manufactured optical fiber and never purchased optical fiber for its own use. See Am. Ctrclms. Further, Ganda expressly agreed that it "would never promote YOFC's competitor's products." See Am. Ctrclms. Ex. A, ¶7. Rather, YOFC contracted with Ganda to sell only YOFC's product, and according to the Amended Counterclaims, "YOFC agreed to coordinate with Ganda to develop the worldwide market for YOFC's fiber optic products." See Am. Ctrclms. ¶49 and Ex. A.

Ganda, as YOFC's exclusive sales agent for optical fiber in North America, alleges in the Amended Counterclaims that Ganda was the victim of a conspiracy between YOFC and Draka. See Am. Ctrclms. ¶74. Specifically, as best as can be determined from the confusing and inherently contradictory pleading, Ganda alleges that its sales agent agreement with YOFC was wrongfully terminated after, "[o]n January 22, 1999, the Draka Defendants



{B0484001; 3}

issued a demand in writing, by faxed letter, that YOFC assist it in 'kill[ing] all commercial activities from Ganda towards our USA market.'"[3] Ganda further alleges that this purported conspiracy resulted in Ganda's purported elimination from the North American market for optical fiber in violation of 15 U.S.C. §1 *et seq.* (the "Sherman Act") and 15 U.S.C. §12 *et seq.* (the "Clayton Act"). See Am. Ctrclms. ¶77. Ganda does not allege that YOFC and/or Draka ever actually raised prices or ever actually created a monopoly, but merely had a conspiracy to "curb downward price pressure on the fiber optic sales in the United States market." See Am. Ctrclms. ¶75. Moreover, Ganda never alleges that it was injured by any increased prices or by any monopoly; rather, Ganda alleges that it was injured as a result of the termination of its sales agent agreement with YOFC through which Ganda would have been entitled to continue to collect commissions. See Id.

## ARGUMENT

### I. Standard of Decision

In determining whether to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes into consideration the allegations in the subject pleading, items appearing in the record of the case, and exhibits attached to that pleading. In re Lane, 937 F.2d 694, 696 (1st Cir. 1991). Although Ganda, as the non-moving party, is entitled to reasonable inferences in its favor, Ganda "must rely on more than subjective characterizations or conclusory descriptions." Marcello v. De Sano, No. 05-004 ML, 2005 WL 3198109 at *2 (D.R.I. Oct. 31, 2005); Judge v. City of Lowell, 160 F.3d 67, 77 (1st Cir. 1998). Dismissal is proper in order, as here, to weed out allegations that, "even with further factual development will never grow into sustainable claims under the law." Marcello, 2005 WL 3198109 at *2

[3] Interestingly, this alleged demand was made over a year prior to the amendment to the 1998 Agreement and over twenty-six months prior to the parties' entry into the 2001 Agreement, during which time they continued

(affirming dismissal of complaint under Rule 12(b)(6) where the allegations do not establish entitlement to relief under any set of provable facts).

## II. Ganda's Antitrust Claim Should be Dismissed.

Ganda's antitrust counterclaim is subject to dismissal. See, e.g., Serpa Corp. v. McWane, Inc., 199 F.3d 6, 9-13 (1st Cir. 1999) (upholding district court's dismissal of antitrust action for lack of standing). Standing in an antitrust action is a question of law for the court to determine, see John Lenore & Co. v. Olympia Brewing Co., 550 F.2d 495, 498 (9th Cir. 1977), and the requirement of an "antitrust injury" is a "threshold" requirement, see Fischer v. NWA, Inc., 883 F.2d 594, 599-600 (8th Cir. 1989). The invalidity of Ganda's antitrust counterclaim does not require discovery or trial and can be determined at the pleadings stage. See generally II Phillip Areeda et al., Antitrust Law §337d (2d ed. 2000) (noting that dismissal is proper at the pleadings stage when "the complaint makes clear that the plaintiff was not injured by something that fits within the rationale for antitrust condemnation."). Accordingly, given its failure to state a viable claim, dismissal of Ganda's antitrust counterclaim at this stage is appropriate.

### A. Ganda Lacks Antitrust Standing.

Ganda does not have standing to assert any antitrust claims in this action because it is neither a customer nor a competitor in the market. Moreover, it is well-settled in the First Circuit that sales agents such as Ganda do not have antitrust standing. The court should not hesitate to dismiss an antitrust claim for lack of standing because "[s]tanding in an antitrust case is 'not simply a search for an injury in fact; it involves an analysis of prudential

---

to do business. See Am. Ctrclms. ¶ 11 and 12.



{B0484001; 3}

considerations aimed at preserving the effective enforcement of the antitrust laws'." RSA Media, Inc. v. Media Group, Inc., 260 F.3d 10, 13 (1st Cir. 2001) (citations omitted).

1. Ganda is not a customer or a competitor.

Ganda is neither a customer nor competitor in the market and, thus, is not intended to be protected by the antitrust laws. Courts generally explain and hold that antitrust laws are intended to protect customers and competitors subject to an antitrust injury. See generally Associated General Contractors, Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 538-539 (1983) (holding that Union plaintiff lacked standing and noting that "the Union was neither a consumer nor a competitor in the market in which trade was restrained."); SAS of Puerto Rico, Inc. v. Puerto Rico Tele. Co., 48 F.3d 39, 44-45 (1st Cir. 1995) ("[t]he presumptively 'proper' plaintiff is a customer who obtains services in the threatened market or a competitor who seeks to serve that market."); Serpa, 199 F.3d at 10-11 ("[c]ompetitors and consumers in the market where trade is allegedly restrained are presumptively the proper plaintiffs to allege antitrust injury."). In fact, Ganda was never more than an intermediary, *i.e.*, a mere sales agent, for YOFC and not a competitor. Ganda never alleges that it manufactured optical fiber or that it ever purchased optical fiber for its own use. Specifically, Ganda alleges in the Amended Counterclaims:

> The 1998 Agreement attached as **Exhibit A** to YOFC's Complaint designated Ganda to be an exclusive sales agent for YOFC products in North America, Japan and certain other global markets. Pursuant to the 1998 Agreement, as amended on February 1, 2000, Ganda established and serviced markets for YOFC's fiber optic products in North America and elsewhere.

Amended Counterclaims, ¶43. Accordingly, Ganda does not fit the classically preferred antitrust claimant and is not challenging the practices of a rival, but rather the actions of a principal at a different level in the distribution chain. Accordingly, Ganda does not have standing to assert an antitrust claim in this action.

Ganda's conclusory and contradictory allegation that it is a "competitor" of Draka should be disregarded by the court. Courts in the First Circuit, when deciding a motion to dismiss, do not accept as true wholly legal conclusions or statements of fact that are contradicted by the pleading itself of the documents attached thereto. See In re Lane, 937 F.2d at 697-98 n. 7 (noting that summary legal conclusion is belied by other allegations in the pleadings); see generally Charles Alan Wright and Arthur R. Miller, 5B Fed. Prac. Proc. Civ.3d § 1357. Ganda's conclusory allegation of its purported position as a competitor in the market, clearly made to salvage a baseless claim, is contradicted by (i) Ganda's allegation that it was merely a sales agent; (ii) Ganda's complete lack of ownership of any optical fiber (the 1998 Agreement provides that "[t]he fiber's ownership will belong to YOFC till the fiber is marketed"); and (iii) the non-compete provisions in the 1998 Agreement, 2000 Amendment, and the 2001 Agreement. See Am. Ctrclms. §43 and Ex. A. Because Ganda was merely a sales agent without its own fiber to sell, and was contractually barred from selling fiber manufactured by anyone other than YOFC, Ganda could not be a competitor in the market. Accordingly, the court should disregard Ganda's self-serving, contradicted and conclusory allegation of competition.

2. As a Sales Agent, Ganda Does Not Have Antitrust Standing.

Ganda does not have standing to assert an antitrust claim because it is merely a commercial intermediary *i.e.*, sales agent. It is well-settled that commercial intermediaries, such as sales agents, do not have antitrust standing. See, e.g., Serpa 199 F.3d at 11; see generally Fischer, 883 F.2d at 600 (holding that plaintiff regional airline that was neither customer nor competitor of defendant "lacked standing as an antitrust plaintiff . . ."); SAS of Puerto Rico, 48 F.3d at 44-45 (holding that a contractor did not have antitrust standing and noting that "[i]f competitors and consumers are favored plaintiffs in antitrust cases, the list of

those presumptively disfavored is far longer"). Since Ganda is a mere sale agent, antitrust standing is clearly lacking.

In Serpa, the plaintiff Serpa was the exclusive sales representative in New England for certain plumbing supply products manufactured by one of the defendants. After the two defendants, competitors in the industry, merged, Serpa's sales representative agreement was terminated. Serpa sued and alleged that the defendants' consolidation lessened competition and constituted an attempt to monopolize the market in violation of the federal antitrust statutes. The district court dismissed Serpa's antitrust claim for lack of antitrust standing and the First Circuit Court of Appeals affirmed the district court's dismissal on that ground. Serpa, 199 F.3d at 9-13. The Court of Appeals noted that though Section 4 of the Clayton Act provides a private cause of action for violations of the federal antitrust laws, "[s]tanding is restricted in antitrust cases to avoid over deterrence." Id. at 9-10. Acknowledging that the United States Supreme Court had set forth a six factor test[4] to evaluate standing to bring an antitrust claim, the Court of Appeals in Serpa observed that "[a]lthough courts must 'consider the balance of factors in each case' . . . we can dispose of this case on the antitrust injury factor since distributors like Serpa, presumptively lack antitrust standing." Id., at 10. The Court of Appeals held that as a mere sales agent, Serpa did not have standing to assert an antitrust claim. Id. at 10-11.

As in Serpa, Ganda does not have standing to assert an antitrust claim in this action. As noted above, Ganda is not a customer or competitor in the market. Additionally, as

[4] The six factors are: "(1) the causal connection between the alleged antitrust violation and harm to the plaintiff; (2) an improper motive; (3) the nature of the plaintiff's alleged injury and whether the injury was of a type that Congress sough to redress with the antitrust laws ("antitrust injury"); (4) the directness with which the alleged market restraint caused the asserted injury; (5) the speculative nature of the damages; and (6) the risk of duplicative recovery or complex apportionment of damages." Sullivan v. Tagliabue, 25 F.3d 43, 46 (1st Cir. 1994) (citing Associated General Contractors, Inc. v. Cal. State Council of Carpenters, 459 U.S. 519 (1983)).

the First Circuit Court of Appeals held that its status as a sales agent was fatal for Serpa, Ganda as a mere commercial intermediary, *i.e.*, sales agent should face the same outcome. Accordingly, Ganda does not have standing to assert an antitrust claim, and that claim should be dismissed.

**B. Ganda Has Not Alleged An "Antitrust Injury"[5].**

Although Ganda alleges that it has been injured, it has not alleged the **type** of injury that is protected by antitrust laws. In order to maintain an action under the antitrust laws, Ganda must allege "antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful." Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977); see Associated General Contractors, Inc., 459 U.S. 519, 540 (1983); O.K. Sand & Gravel v. Martin Marietta Technologies, 36 F.3d 565, 572-73 (7th 1994). Ganda does not allege any "antitrust injury." Ganda merely alleges the possibility that YOFC and Draka may agree to fix prices in the market, but Ganda never alleges that YOFC and Draka acted in such a manner. Nor does Ganda allege that it was harmed by increased prices. Instead, Ganda merely alleges (in a wholly conclusory manner) that Ganda was somehow harmed through some kind of unidentified conspiracy between YOFC and Draka that resulted in the termination of Ganda's sales representative agreement with YOFC. Simply, since this does not flow from any alleged unlawful antitrust act, *e.g.*, fixing prices, this is not sufficient to allege an antitrust injury.

In O.K. Sand, the plaintiff, O.K. Sand, and defendant, Marietta, entered into an agreement whereby Mareietta would be O.K. Sand's exclusive sales agent. The parties'

[5] Though many, if not most, antitrust cases examine "antitrust injury" solely under the rubric of standing, other cases examine the threshold issue of antitrust injury separately. See, e.g., O.K. Sand & Gravel v. Martin Marietta Technologies, 36 F. 3d 565, 573 n.4 (7th Cir. 1994) ("the district court held that Martin Marietta lacked

relationship deteriorated and O.K. Sand cancelled its contract with Marietta and executed a new sales agreement with another company. O.K. Sand brought an action against its exclusive sales agent alleging, among other things, breach of contract, fraud, and conversion. Marietta filed a counterclaim alleging that O.K. Sand had failed to pay certain commissions and that O.K. Sand's new sales agreement with another company violated the Sherman Act and the Clayton Act. Specifically, Marietta alleged, among other things, that O.K. Sand had terminated its agreement with Martin Marietta in order to increase the price of sand and gravel. The Seventh Circuit Court of Appeals affirmed the district court's granting of summary judgment in favor of O.K. Sand on Marietta's antitrust counterclaim. O.K. Sand, 36 F. 3d at 574. The Seventh Circuit first reaffirmed the long-standing requirement that Martin Marietta, in asserting an antitrust claim, must show an "antitrust injury." Id. at 572-73. The Seventh Circuit Court of Appeals then proceeded to determine that Marietta had failed to show any such antitrust injury and, as such, its antitrust claim could not proceed. Specifically, the Court of Appeals found that while a conspiracy to set and charge higher prices in the market would violate the antitrust laws, Marietta did not allege damage that could have been attributable to that alleged antitrust violation. Id. at 572-74. (noting, for example, that even a competitor could not recover damages for any conspiracy to charge **higher** than competitive prices because a competitor would actually stand to gain from such a conspiracy). The Court of Appeals further found that Marietta's claim that it was a terminated dealer is not the type of injury intended to be protected by the antitrust laws and that O.K. Sand's alleged antitrust violation was not the cause-in-fact of Marietta's claimed injury. Id. at 574.

---

standing to bring this claim, although we affirm on the ground that Martin Marietta has failed to allege an antitrust injury.")

As in O.K. Sand, Ganda's antitrust claim should fail. The similarities of the material aspects of the two cases are striking. YOFC and Ganda entered into an agreement whereby Ganda would be YOFC's exclusive sales agent. The parties' relationship deteriorated and the sale agent agreement was terminated. YOFC brought an action against Ganda alleging, among other things, breach of contract, fraud, and conversion. Ganda has filed a counterclaim alleging that YOFC had failed to pay certain commissions and that YOFC has engaged in a conspiracy with another company to violate the Sherman Act and the Clayton Act. Ganda alleges, among other things, that YOFC and Draka conspired to increase the price of optical fiber. This replicates the relevant facts and allegations presented in O.K. Sand, and the result should be the same here. Ganda has not alleged how it has been injured (nor how anyone in its position could be injured) by the alleged conspiracy between and among YOFC and Draka to fix prices in the market. Rather, Ganda has argued at best that termination of its sales agency was a step in the process of allowing YOFC and Draka to effectuate a price-fixing scheme. Ganda's claim that its injury arises from the termination of its sales agreement with YOFC, as explained in O.K. Sand, this is simply not the type of injury that can comprise an antitrust injury because it does not *result from* any alleged antitrust conduct. See also Turner v. Johnson & Johnson, 809 F.2d 90, 102 (1st Cir. 1986) (affirming dismissal of plaintiff's antitrust claims for lack of antitrust standing and because the alleged injury was not an "antitrust injury" and finding that "[t]he alleged injury to plaintiffs here unquestionably flowed from the alleged fraud and not from suppressed competition . . ."); Fischer, 883 F.2d 594, 600 (holding termination of exclusive carrier agreement "was not caused by anticompetitive conduct or an anticompetitive effect of such conduct"). Accordingly, Ganda's antitrust claim should be dismissed.

## CONCLUSION

For the foregoing reasons YOFC and Draka submit that the complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC. and DRAKA HOLDING N.V.**

By: ______________________

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX
igross@sandw.com
smiller@sandw.com
cdutton@sandw.com

Dated: April 10, 2006

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum of Law in Support of Counterclaim Defendants' Motion To Dismiss Ganda's Antitrust Counterclaim by mailing first class mail, postage prepaid, on the 10th day of April, 2006.

Lisa A. Laurie