UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | |
| v. | Civil Action No. 04-474ML |
| Ganda, LLC a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, | |
| v. | |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V., Third Party Defendants. | |

**DEFENDANTS' AMENDED OBJECTION TO MOTION TO DISMISS**

Third Party Plaintiffs Ganda LLC a/k/a Ganda Communications and John Edward object to the Motion to Dismiss of Plaintiff, Yangtze Optical Fibre and Cable Company Ltd. ("YOFC"), and the Third Party Draka Defendants. The basis for the objection is that the allegations of the Counterclaim and Third Party Complaint appropriately state a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1. In particular, with respect to antitrust standing and antitrust injury, Ganda has alleged:

- Competition between Ganda and the Draka defendants for the sale of fiber optic products in the United States (Complaint, Paragraph 71);
- A *per se* conspiracy between YOFC and the Draka defendants to eliminate price competition from Ganda in the U.S. market (Complaint, Paragraphs 75, 76);
- The elimination of Ganda as a competitor as a direct result of the illegal conspiracy (Complaint, Paragraph 74);

- Relief for the Draka defendants from Ganda's downward price pressure and price competition being the object of the conspiracy (Complaint, Paragraphs 73, 74, 75);

- Direct action against Ganda as a part of the illegal conspiracy, including the constructive and actual termination of Ganda's rights to distribute fiber optic products in the U.S. (Complaint, Paragraph 75);

- Loss of all Ganda's business and sales as a direct and necessary consequence of the illegal price conspiracy (Complaint, Paragraphs 76, 77, 78).

As more fully discussed in Ganda's Memorandum of Law in Opposition to the Motion to Dismiss, these allegations more than satisfy applicable U.S. Supreme Court and First Circuit legal precedent. The Rule 12(b)(6) Motion to Dismiss should be denied.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: May 10, 2006

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

G:\cmc\Edward, F\pldgs\objection2.doc