UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Yangtze Optical Fibre and Cable Company Ltd.,

Plaintiff,

vs.

Ganda, LLC a/k/a Ganda Communications and John Edward,

Defendants/Third Party Plaintiffs,

vs.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V.,

Third Party Defendants.

Civil Action No. 04-474ML

**DEFENDANTS'/THIRD PARTY PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

The Defendants/Third Party Plaintiffs, Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward, respectfully move the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure for an Order directing Plaintiff, Yangtze Optical Fibre and Cable Company ("YOFC"), to immediately provide responses to Ganda's and John Edward's discovery requests previously served on YOFC.

On March 21, 2006, Ganda and John Edward served Interrogatories and Requests for Production on YOFC by forwarding a copy of the same to counsel via first class mail. See Ganda's and John Edward's discovery requests and certificate of service, attached as Exhibit A. Pursuant to Fed. R. Civ. P. 33(b)(3), YOFC's responses to these discovery requests were due no

later than April 24, 2006. By letter dated April 25, 2006, counsel for YOFC advised counsel for Ganda and John Edward that YOFC did not intend to answer any of these Interrogatories on the ground that said Interrogatories exceeded the number permitted under Fed. R. Civ. P. 33(a). See letter dated April 25, 2006, attached as Exhibit B, in which Plaintiff's counsel also threatens Defendants' counsel with Rule 11 sanctions. In addition, counsel for YOFC proposed that it refrain from responding to both the subject Interrogatories as well as the subject Requests for Production until such time as the Court has ruled on YOFC's recently-filed Motion to Dismiss Ganda's and John Edward's antitrust claims. For the reasons set forth below, YOFC should be compelled to immediately respond to Ganda's and John Edward's discovery requests.

Fed. R. Civ. P. 33(a) states that "*any party* may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served." (emphasis added) YOFC brought suit against both Ganda and John Edward individually. Accordingly, Ganda and John Edward are each allowed to serve 25 interrogatories on YOFC, and thus they have the opportunity to serve 50 interrogatories combined. The subject Interrogatories, which number only 34, are therefore entirely appropriate and are properly brought on behalf of both Ganda and John Edward in one document. In this particular matter, YOFC has alleged the same claims against both Ganda and John Edward, and Ganda's and John Edward's defenses, and thus their interrogatories, are necessarily intertwined and entitled to be brought together. To force these parties to submit separate interrogatories seeking essentially the same information would be an inefficient and nonsensical elevation of form over substance and would accomplish nothing more than wasting the time of all parties involved. There is no merit to the argument that serving the exact same interrogatories in two documents rather than one somehow more appropriately satisfies Fed. R. Civ. P. 33(a). Accordingly, this Court should

order that YOFC immediately provide responses to all Interrogatories served by Ganda and John Edward.

Furthermore, it is inappropriate to withhold responding to discovery on the basis that such discovery may or may not become irrelevant should certain claims or parties be dismissed in the future. In fact, YOFC's discovery responses are likely to be helpful to both the parties and the Court in determining whether any claims and/or parties should be dismissed.

Moreover, even in the absence of Ganda's and John Edward's antitrust claims, the discovery requests claimed by YOFC to be irrelevant (specifically, Interrogatories 11, 13 and 22, and Requests to Produce 16, 17, 18, 19, 22, 27, 28, 33, 34, 36, 37 and 39) are in fact very relevant to the remaining claims asserted by Ganda and John Edward. These requests pertain to YOFC's business practices in the North American fiber optics market, which business practices form the basis of Ganda's and John Edward's claims against YOFC. Accordingly, Ganda and John Edward are entitled to responses to these requests regardless of the outcome of YOFC's Motion to Dismiss.

YOFC's behavior is so egregious as to warrant an Order from the Court that it immediately provide responses to the discovery requests. Local Rule Cv. 37(b) provides that "when a motion to compel discovery is granted, the required response shall be provided within twenty (20) days or such other time as the Court may order." In this case, YOFC waited until a day after their responses were due in order to notify Ganda and John Edward of its intention not to respond to such requests at all. YOFC had at least thirty days to formulate their objections and should have notified Ganda and John Edward of its position far in advance of the response deadline. YOFC's behavior in this regard is nothing more than an inexcusable ploy designed to frustrate Ganda's and John Edward's rightful attempts at discovery and to further delay and

complicate these proceedings. YOFC's bad faith refusal to respond to legitimate discovery requests should not be rewarded with additional time in which to continue its delay tactics. Considering that YOFC is already delinquent in its discovery responses, it is not entitled to any additional time to respond to the subject requests. Accordingly, Ganda and John Edward request that this Court order YOFC to immediately respond to the discovery requests served on March 21, 2006. Ganda and John Edward also request an award for their reasonable attorneys' fees incurred in making this motion, in accordance with Fed. R. Civ. P. 37.

The undersigned certifies that Defendants'/Third Party Plaintiffs' counsel has consulted with opposing counsel before filing this motion, as set forth above.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: May 10, 2006

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER
TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

G:\cmc\Edward, J\pldgs\mocompel2.doc