Served by mail 3/21/06

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | ) | Civil Action No. 04-474ML |
| vs. | ) | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, | ) | **DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** |
| vs. | ) | |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Third Party Defendants. | ) | |

TO: PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY, LTD. AND ITS ATTORNEY

The Defendants/Third Party Plaintiffs, by and through their undersigned attorneys, hereby submit these Interrogatories in accordance with Federal Rule of Civil Procedure 33 and commands the Plaintiff to provide answers within thirty (30) days of service hereof.

## DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1. "You," "your" or "YOFC" shall mean Plaintiff Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC"), its directors, officers, managers, employees and agents, and all other persons acting on its behalf, including counsel.

2. "Draka Defendants" or "Third Party Defendants" shall mean any one or all of the following: Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., the directors, officers, managers, employees and agents of same, and all other persons acting on their behalf, including counsel.

3. "Lucent Litigation" means *Yangtze Optical Fibre and Cable Company Ltd. v. Lucent Technologies, Inc.*, C.A. No. 03-cv-11413-EFH, filed in the United States District Court for the District of Massachusetts.

4. "Document" or "documents" shall mean all written or printed matter of any kind including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation: minutes, agendas, bills, contracts, leases, assignments, agreements, reports, summaries, inner-office and inter-office communications, offers, notations of any sort of any sort of conversation, diaries, appointments books or calendars, teletype, telefax, thermofax, confirmations, computer data (including E-Mail and all other information or programs stored in the computer whether or not ever printed or displayed), statistics, graphs, minutes, lists, appraisals, brochures, pamphlets, advertising or promotional materials; all drafts, alterations, modifications, changes and amendments of any of the foregoing; all graphics or manual records or representations of any kind, including, without limitation, photographs, microfilm, videotape records, motion pictures and electronic, mechanical or electric records or representations of any kind including, without limitation, tapes, cassettes, discs, magnetic cards and recordings.

5. "Identify" or "identity", when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, telephone number and the name of such person's present or last known employer, place of employment and position,

and place of employment and position during the time period of any event addressed by the interrogatory in question; and state whether or not such a person is represented by counsel for purposes of litigation, and if so, by whom.

6. "Identify" or "identity" when used in reference to an entity shall mean to state its full and complete name and the present and last known address and telephone number of its headquarters or principal place of business.

7. "Identify" or "identity" when used in reference to a document shall mean to state the nature of the document (e.g., letter, memorandum, etc.); the name and title of the document; the date, if any, appearing on the document; the identity of the persons who wrote, signed, dictated, or otherwise participated in the preparation of the document; the identity of all persons to whom the document was addressed or who received copies of the document; and the present location and custodian of the document.

8. "Identify" or "identity" when used in reference to a property shall mean to state the description of the property, the location of the property and the current owner/occupier of the property.

9. "Person" or "persons" shall mean any natural person as well as firms, partnerships, associations, institutions, joint ventures, corporations, governmental entities, administrative agencies, professional associations, corporations and every other organization of whatever sort.

10. The terms "fiber optic products" shall mean single mode, multi-mode and specialty fiber optic products.

11. "Production Period" shall mean a date two years prior to signing of the 1998 Agreement through a date two years following termination of the April 2001 Agreement between YOFC and Ganda, LLC.

## INSTRUCTIONS

1. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an interrogatory or any part of an interrogatory, set forth all facts from which the claim of privilege is based.

2. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not identifying requested oral communications or documents, set forth all facts upon which the claim of privilege is based, and for each document as to which you claim any form of privilege, identify the date, subject matter, location, author or authors, and recipient/recipients of the document, including all persons to whom the document has been provided or who have it in their possession.

3. Whenever a date, amount, or other computation or figure is requested, the exact date, amount or other computation or figure is to be given unless it is not known; and in that case, the approximate date, amount, or other computation or figure should be given or the best estimate thereof, and the answer should state that the date, amount, or other computation provided is an estimate or approximation.

4. Where facts are set forth in the answers or portions thereof and are supplied upon information and belief rather than your direct personal knowledge, you should so state and specifically identify each source of information and belief. Should you be unable to answer any interrogatory or portion thereof by either actual knowledge or upon information and belief, you should so state.

5. Whenever a full and complete answer to any interrogatory or subpart is contained in the document identified as answering a specific numbered interrogatory or subpart, the document or a copy may be supplied in lieu of a written answer.

6. Whenever an interrogatory calls for information which is not available to you in the form requested but is available in another form or can be obtained at least in part from other sources in your possession, so state and either supply the information requested in the form in which it is available or supply the sources from which the information can be obtained.

7. Each interrogatory shall be construed independently and not by reference to any other interrogatory herein for purposes of limitation.

8. Treat each numbered and lettered item in each interrogatory and on all attachments and exhibits as a separate interrogatory requiring a separate response. If you object to or are unable to answer one item, so state and respond to all other items.

**INTERROGATORIES**

1. Identify all persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. Set forth an itemized statement of all damages claimed to have been sustained by you, and specify the source of all such damage.

3. Set forth the names and addresses of any expert witnesses the party proposes to use as witnesses at the trial of this case.

4. For each person known to the parties or counsel to be an expert witness or a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness or provide a copy of any written or recorded statements taken from such witnesses.

5. Do you claim that Ganda has not fully paid YOFC on invoices YOFC sent to Ganda's customers? If so, identify each unpaid invoice by customer, invoice date, number and dollar amount.

6. Do you claim that Ganda has not fully paid YOFC on invoices YOFC sent to Ganda? If so, identify each unpaid invoice by invoice date, number and dollar amount.

7. Do you claim that Ganda owes YOFC monies on any basis other than (a) invoices from YOFC to Ganda's customers, or (b) invoices from YOFC to Ganda? If so, describe in detail the precise source of the alleged additional funds owed, state the amount, and identify each document that you contend supports your claim.

8. Exhibit E to the Complaint acknowledges a payment made by Ganda between 1998 and 2000 in the amount of $925,000.00 and describes this payment as "Amount paid to others for YOFC." Identify the person(s) or entity(ies) to whom this amount as paid and describe in detail what, if anything, was done with said amount once it was paid.

9. With respect to account number 500357793, at the Hong Kong and Shanghai Banking Corp ("HSBC"), Central Hong Kong, identify the owner of the account, identify all persons with signatory authority on the account, and indicate the title of the account.

10. Describe in detail YOFC's relationship with Zhang Tong Co. Ltd, the beneficiary of Account No. 500357793, HSBC, Central Hong Kong.

11. Describe in detail YOFC's marketing plans for sales of single mode, multi-mode and specialty fibers for the North American market at any time during the Production Period.

12. Identify all sales agents, export agents and customs brokers engaged by, or functioning on behalf of YOFC with respect to sales or shipments into the United States at any time during the Production Period.

13. List all of YOFC's export sales of fiber optic products to, or for ultimate delivery, or use, in the United States, including all those that were sold FOB Wuhan (or other location in China).

14. List all open orders, contracts, protocols, and/or commitments to supply YOFC fiber optic products to customers in the United States as of April 6, 2001.

15. State the date on which you contend that the 6 April 2001 Agreement between YOFC and Ganda was terminated, as referenced in Opposition to Ganda's Motion to Intervene in the Lucent Litigation, page 3, dated 30 July 2004.

16. List all of YOFC's open orders, contracts, protocols and/or commitments to supply fiber optic products from customers in the United States as of the date identified by you in response to Interrogatory No. 14 above.

17. Identify each person who served as a member of the management group of YOFC at any time during the Production Period, including a description of the position of each, and with respect to each person identified, indicate the beginning and ending dates of such person's tenure as a member of YOFC management.

18. Identify each person who acted on behalf of YOFC in connection with Ganda, sales by Ganda, or the sale or promotion of single mode, specialty or multi-mode fibers in the United States. With respect to each such person, provide his/her job title, dates of employment and function with respect to Ganda or the sales or promotion of YOFC fiber products in the United States.

19. Identify each person who served as manager, officer, board member or other member of YOFC at any time during the Production Period.

20. Identify each person who traveled to, or was stationed in the United States on behalf of YOFC, including employees, agents or representatives, at any time during the Production Period. With respect to each person so identified, provide the date of each journey to the United States and the duration of each stay in the United States.

21. Identify each occasion on which each of the following persons traveled to the United States:

(a) Yan Changkun

(b) Xu Xizhou

(c) You Xiwei

(d) Wu Xhijiang

(e) Yu Weichang

22. Are or were any equity shares of YOFC, or of any parent entity of YOFC, including but not limited to ADR shares traded or sold in the United States financial markets (including, but not limited to the New York Stock Exchange, the American Stock Exchange, Over the Counter or any other financial market) at any time during the Production Period? If so, please identify all securities sold or offered for sale.

23. Describe in detail all facts on which you base your claim of monies owed by Ganda, identify all documents that support any such facts, and identify all witnesses with knowledge of any such facts. With respect to witnesses identified, describe the particular facts about which each identified witness is aware.

24. Identify the nature of the entity that constitutes YOFC (e.g., corporation partnership, LLC, joint venture, etc.), identify each person or entity with an ownership interest in such entity, identify the form of such ownership (e.g., shares of stock, limited partnership unit, ADR unit, etc.), and identify all documents that reflect the organization or governing principles of YOFC.

25. Describe in detail the relationship between YOFC and Unicom at any time during the Production Period.

26. Identify by case caption, place and date of filing, case number, and Court any litigation in North America in which YOFC has been a party at any time during the Production Period and describe the results of such litigation, including without limitation the amount of any judgment, settlement or other disposition and the party or parties to whom any amounts were or are to be paid.

27. Identify all persons associated with YOFC or any other counterclaim defendant whose deposition was taken in any litigation identified in response to Interrogatory No. 25 above, provide the name of the case in which the deposition was taken, and provide the date of each such deposition.

28. Identify each location within the United States that has been owned, leased or subleased by YOFC at any time during the Production Period.

29. Identify each trade show, exposition or other meeting within North America at which YOFC single mode, specialty or multi-mode fibers were promoted during the Production Period, and with respect to each, provide the name of the show, its location, its dates, the sponsoring agency(ies), the identity of people attending on behalf of YOFC, and the YOFC products displayed.

30. Identify every periodic report that YOFC provided to any Third Party Defendant at any time during the Production Period, and provide the date, nature, author, and recipient of each such report.

31. Identify each single mode, specialty and multi-mode fiber product sold or promoted by YOFC in the United States at any time during the Production Period, including its internal product designation, technical description of the product, common or trade name, and brand designation.

32. State the compensation you contend is due Ganda by virtue of Article 11 of 6 April 2001 Agreement between Ganda and YOFC, and identify all documents substantiating such amount.

33. Do you contend that Ganda has been paid all commissions due in connection with sales to Optical Cable Corporation? If so, identify all documents substantiating your contention.

34. Identify all bank accounts and other physical assets of YOFC in the United States at any time during the Production Period.

Justin T. Shay by RHZ w/permission

Justin T. Shay, Esq., No. 2781
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Phone: (401) 331-5700
Fax: (401) 331-5787

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
Phone: (864) 242-6440
Fax: (864) 240-2477

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, vs. Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Third-Party Defendants. | ) | **C.A. No. 04-474ML** **CERTIFICATE OF SERVICE BY MAIL** |

IT IS HEREBY CERTIFIED that copies of **Defendants'/Third-Party Plaintiffs' First Set of Interrogatories to Plaintiff** and **Defendants'/Third-Party Plaintiffs' First Set of Requests for Production to Plaintiff** were served upon counsel of record on **March 21, 2006,** addressed as follows:

Mr. Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
ATTORNEYS FOR PLAINTIFF and
ALL THIRD-PARTY DEFENDANTS

Gayle W. McCall

Legal Assistant to Rebecca H. Zabel
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500 (29601)
PO Box 87
Greenville, SC 29602-0087
USA
(864) 242-6440; FAX: (864) 240-2498
rzabel@lwtm.com

#1022203.2

Justin T. Shay, Esq.
CAMERON & MITTLEMAN LLP
50 Exchange Terrace
Providence, RI 02903
(401) 331-5700; FAX: (401) 331-5787

ATTORNEYS FOR DEFENDANTS AND THIRD-PARTY PLAINTIFFS GANDA, LLC a/k/a GANDA COMMUNICATIONS and JOHN EDWARD

Served by mail 3/21/06

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | ) | Civil Action No. 04-474ML |
| vs. | ) | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, | ) | **DEFENDANTS'/THIRD PARTY PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |
| vs. | ) | |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Third Party Defendants. | ) | |

TO: PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY, LTD. AND ITS ATTORNEY

The Defendants/Third Party Plaintiffs, by and through their undersigned attorneys, hereby submit these Requests for Production in accordance with Federal Rule of Civil Procedure 34 and commands the Plaintiff to produce responsive documents within thirty (30) days of service hereof, to the offices of Leatherwood Walker Todd & Mann, P.C., 300 E. McBee Avenue, Suite 500, Greenville, South Carolina 29601, or at such other time and place as the parties may agree. All documents must be identified to the Request(s) to which they are responsive.

## INSTRUCTIONS AND DEFINITIONS

**The Definitions and Instructions set forth in Defendant's First Set of Interrogatories are incorporated herein by reference as though set forth verbatim.**

1. If any document is withheld under claim of privilege, furnish a list identifying each such document for which a privilege is claimed including the following information: date, identity of author, sender and addressee of each such document, identity of each such person to whom a copy was furnished, type of document (i.e., memorandum, note, letter, etc.), present location and identity of person in possession, custody or control of each document, together with the subject matter of each such document and the basis on which the asserted privilege is claimed.

2. In the event that any document or other thing referred to in these requests is not in your possession, custody or control, specify what disposition was made of it and identify the person who has possession, custody, or control of the document or other thing.

3. In the event that any document or other thing referred to in these requests has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction, and the custodian of the document or other thing at the time of destruction.

4. "All documents" shall mean every document, whether an original or a copy, as defined in Defendants' Interrogatories to Plaintiff, known to you and every such document or writing which you can locate or discover by reasonably diligent efforts.

5. When producing responsive documents, include all versions of the document as are available, including but not limited to all in the English language, and include all copies that are not identical.

6. Documents produced should be identified to the Request Number to which they are primarily responsive, as provided in Rule 34(b), Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION**

1. All documents and tangible things which you intend to introduce as exhibits, or for impeachment or demonstrative purposes, at the trial of this case.

2. All correspondence and documents sent by you to, or received by you from any party in this lawsuit and all writings concerning any party in this lawsuit.

3. All photographs, plats, sketches and other prepared documents within your possession or control which relate in any way to your claims or defenses in this case.

4. All statements obtained from any person, whether written, oral, summarized, or otherwise reproduced in any manner, relating to the allegations and defenses set forth in the pleadings.

5. Any and all documents and files including reports, studies, analyses, or other documentation of any expert witnesses retained by or on behalf of Plaintiff.

6. All documents that relate to any claim or defense asserted by any party to this action.

7. All documents that support your claim for damages.

8. All documents used to prepare these discovery responses.

9. All invoices issued by YOFC to Ganda

10. All invoices issued by YOFC to customers of Ganda.

11. All invoices or other documents reflecting the purchase, shipment, delivery or use of YOFC fiber optic products to customers in the United States at any time during the Production

Period, including those reflecting sales FOB Wuhan (or other location in China) and destined for a user in the United States. This includes all documents related to, supporting or connected with the transactions reflected in the documents attached as Exhibit 1 (5 pages).

12. All invoices issued by YOFC for shipments of fiber optic products to the United States, whether such shipment was directly by YOFC or through a third party, including those sold FOB Wuhan (or other location in China) destined for a user inside the United States.

13. All shipping documents, including, but not limited to customs declarations, bills of lading, shipping lists and confirmations associated with shipments of YOFC fiber optic products to the United States at any time during the Production Period.

14. All documents that describe or depict, in whole or in part, the corporate and organizational structure of YOFC at any time during the Production Period.

15. All documents that describe, summarize or mention communications or meetings between YOFC and any Third Party Defendant that mention, describe or discuss Ganda, John Edward, the United States market, customers in the United States (including Lucent and BICC), or actual or potential sales of fiber optic products in or to the United States.

16. All documents that describe, depict, summarize or discuss YOFC's plans for marketing fiber optic products in the United States at any time during the Production Period.

17. All documents that describe, depict or summarize the market share or market position of YOFC multi-mode, single mode and specialty fiber products anywhere in the United States.

18. All protocols, orders, contracts or agreements between any Third Party Defendant and Alcatel.

19. All documents that depict, describe or summarize the business relationship between YOFC and one or more of the Third Party Defendants, including without limitation all joint venture, stock purchase, protocols, asset purchase and other contracts between such parties.

20. All bank statements, deposit records and reconciliations concerning account number 500357793 at HSBC, Central Hong Kong, throughout the Production Period.

21. All bank statements and deposit records that reflect deposits of funds received from Ganda in account number 500357793 at HSBC, Central Hong Kong, at any time during the Production Period.

22. All financial statements, balance sheets, profit and loss statements, cash flow statements or other documents that disclose YOFC's sales of fiber optic products into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis, throughout the Production Period.

23. All documents that disclose or summarize YOFC's unit sales of multi-mode fiber into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis during the Production Period.

24. All documents that disclose or summarize YOFC's unit sales of single mode fiber into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis during the Production Period.

25. All documents that disclose or summarize YOFC's unit sales of specialty fiber into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis during the Production Period.

26. All visas or travel approvals obtained by any of the following in connection with travel to the United States at any time during the Production Period:

(a) Yan Changkun

(b) Xu Xizhou

(c) You Xiwei

(d) Wu Xhijiang

(e) Yu Weichang

27. All communications or documents that YOFC provided or sent to any Third Party Defendant regarding the sale or promotion of fiber optic products in the United States.

28. All communications or documents that YOFC provided to any Third Party Defendant, and that any Third Party Defendant provided to YOFC, regarding joint efforts in the sales or promotion of fibers optic products in the United States market.

29. All documents that constitute or evidence expenses incurred in the United States by any of the persons identified in Interrogatory No. 26.

30. All documents that constitute, describe or summarize communications, agreements or disagreements between YOFC and any of the following:

(a) BICC/General Cable ("BICC")

(b) Optical Cable Corporation ("OCC")

(c) Lucent Technologies

(d) Alcatel

(e) Any Third Party Defendant

31. All protocols, contracts or agreements between YOFC and BICC.

32. All protocols, contracts or agreements between YOFC and Optical Cable Corporation.

33. All protocols, contracts or agreements between YOFC and any Third Party Defendant, including all invoices

34. All communications between YOFC and any Third Party Defendant.

35. All pleadings (including amended pleadings) and orders in any action identified in response to Interrogatory No. 25.

36. All protocols, contracts, letters of intent, memoranda of understanding and agreements between any of the Third Party Defendants and YOFC regarding the acquisition, sale or transfer of any ownership or control interest in YOFC.

37. All protocols, contracts, letters of intent, memoranda of understanding and agreements between any of the Third Party Defendants and YOFC regarding the acquisition, sale or transfer of any ownership or control interest in the Third Party Defendants.

38. All protocols, contracts, letters of intent, memoranda of understanding and agreements between YOFC and any user or purchaser of fiber optic products in the United States or Japan at any time during the Production Period.

39. All minutes, agenda or summaries of meetings within YOFC, including meetings of the Board, which mention or address Ganda, John Edward, or sales of fiber optic products in the United States. This includes, but is not limited to, minutes of the April 2000 meeting of the YOFC Board.

40. All documents supporting your claims that YOFC has paid all commissions due Ganda, including with respect to shipments made to Optical Cable Corporation.

41. All documents that summarize or discuss your relationship with Zhang Tong Co., Ltd and/or bank account number 500357793 at HSBC, Central Hong Kong.

42. All documents identified, or which were requested to be identified, in response to Interrogatories served on YOFC.

Justin T. Shay by RHZ w/ permission
Justin T. Shay, Esq., No. 2781
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Phone: (401) 331-5700
Fax: (401) 331-5787

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
Phone: (864) 242-6440
Fax: (864) 240-2477

湖北省外商投资企业、外国企业出口货物发票
HUBEI China Foreign Investment Enterprises, Foreign Enterprises Export Goods Invoice

出口专用

存 根 联
STUB

№: 0019535

**ANGTZE OPTICAL FIBRE AND CABLE CO.LTD** **INVOICE**

| | |
|---|---|
| ldress: | 4 Guan Shan Er Road , Wuhan , China |
| | +86 27 87802541 |
| | +86 27 87802536 |
| lex: | 400220 WYOFC CN |
| xable: | 6788 |
| stal Code: | 430073 |

No: 200102056
Date: Feb. 28, 2001
Order No: 4129
Currency: USD

| To: | Terms of Payment : |
|---|---|
| Optical Cable Corporation<br>5290 Concourse Drive<br>Roanoke VA 24019<br>U.S.A.<br>Tel: 001 540 265 0690 Ext. 126<br>Fax: 001 540 563 9829 | T/T Net 30 days against the date of invoice<br>DDU Roanoke, USA |

| Article / Description | Unit | Quantity | Unit Pric | Amount |
|---|---|---|---|---|
| GIMM-457WY 82.5/125 sub-FDDI fibre | km | 127.60 | 90.00 | US$11,484.00 |
| | | 57.20 | 85.00 | US$4,862.00 |
| | | | | US$16,346.00 |

Total: US DOLLARS SIXTEEN THOUSAND THREE HUNDRED AND FORTY SIX ONLY.

Remarks

Please make payment to account no.
Bankers Trust Company, New York, U.S.A. for credit of
Bank of Communications, Wuhan Branch, A/C No.: 04-167-385
(UID No.: 358175)
with them in favour of Yangtze Optical Fibre and Cable Company Ltd:
A/C No.: 860158-14-5109808149

负责人签名 Manager Sign [signature]

公司印章 Company Signet

填开出口货物发票必须包括：开票日期、收货单位、[illegible]、[illegible]、[illegible]（项目）、产品规格、计量单位、数量、单价、金额、[illegible]等内容。

DEFENDANT'S EXHIBIT TMV
32
Mustafa 10-29-04

YOFC0479
HIGHLY CONFIDENTIAL

湖北省外商投资企业、外国企业出口货物发票

[illegible]

出口专用

存 根 联

STUB

№: 0020079

**YANGTZE OPTICAL FIBRE AND CABLE CO.LTD**

**INVOICE**

Address: 4 Guan Shan Er Road, Wuhan, China
Phone: +86 27 87802541
Fax: +86 27 80802536
Telex: 400220 WYOFC CN
Cable: 6788
Postal Code: 430073

No: 200104101
Date: Apr. 2 2001
Order No: 4129-2
Currency: USD

To: Optical Cable Corporation
5290 Concourse Drive
Roanoke VA 24019
U.S.A.
Tel: 001 540 265 0690 Ext. 126
Fax: 001 540 563 9839

Terms of Payment:
T/T Net 30 days against the date of invoice
DDU Roanoke, USA

| Item | Article / Description | Unit | Quantity | Unit Price | Amount |
|---|---|---|---|---|---|
| | GIMM-457WY 62.5/125 | km | 559.90 | 90.00 | US$50,391.00 |
| | Sub-FDDI Fiber | km | 302.50 | 85.00 | US$25,712.50 |
| Total: US DOLLARS SEVENTY SIX THOUSAND ONE HUNDRED AND THREE AND FIFTY CENTS ONLY. | | | | | US$76,103.50 |

Remarks

[illegible]

Please make payment to account no.
Bankers Trust Company, New York, U.S.A. for credit of
Bank of Communications, Wuhan Branch, A/C No.: 04-167-385
(UID No.: 358176).
with them in favour of Yangtze Optical Fibre and Cable Company Ltd.
A/C No.: 860158-14-5109808149

负责人签名
Manager Sign

公司印章
Company Signet

注：填开出口货物发票必须填写：开票日期、收货单位、贸易方式、合同号码、货物名称（项目）、产品规格、计量单位、数量、币制、单价、金额、结汇方式等内容。

YOFC0494
HIGHLY CONFIDENTIAL

湖北省外商投资企业、外国企业出口货物发票 出口专用

存 根
STUB

No: 0021202

...TZE OPTICAL FIBRE AND CABLE CO.LTD — INVOICE

4 Guan Shan Er Road, Wuhan, China
+86 27 87802541
+86 27 87802536
400220 WYOFC CN
6788
...de: 430073

No: 200105156
Date: May 28, 2001
Order No: 4129-3
Currency: USD

...ical Cable Corporation
...0 Concourse Drive
...oke VA 24019
...
...540.265 0690 Ext. 126
...540.563 9829

Terms of Payment:
T/T Net 30 days against the date of invoice
DDU Roanoke, USA

| Article / Description | Unit | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| ...IM-457WY 62.5/125 | km | 178.20 | 90.00 | US$16,038.00 |
| | km | 136.40 | 85.00 | US$11,594.00 |
| | | | | US$27,632.00 |

...DOLLARS TWENTY SEVEN THOUSAND SIX HUNDRED AND ...RTY TWO ONLY.

...e payment to account no.
...s Trust Company, New York, U.S.A. for credit of
...f Communications, Wuhan Branch, A/C No.: 04-167-385
...o.: 358175)
...in favour of Yangtze Optical Fibre and Cable Company Ltd.
...: 860158-14-5109808149

负责人签名 Manager Sign

公司印章 Company Signet

YOFC0512
HIGHLY CONFIDENTIAL

湖北省外商投资企业、外国企业出口货物发票 出口专用

[illegible]

存根联
STUB

№: 0022873

**YANGTZE OPTICAL FIBRE AND CABLE CO.LTD** **INVOICE**

| | | | |
|---|---|---|---|
| Address: | 4 Guan Shan Er Road, Wuhan, China | No: | 200112324 |
| Phone: | +86 27 87802541 | Date: | Dec. 15, 2001 |
| Fax: | +86 27 87802536 | Order No: | 4128-12 |
| Telex: | 400220 WYOFC CN | Currency: | USD |
| Cable: | 6788 | | |
| Postal Code: | 430073 | | |

To: Optical Cable Corporation
5290 Concourse Drive
Roanoke VA 24019
U.S.A.
Tel: 001 540 265 0690 Ext. 126
Fax: 001 540 563 9829

Terms of Payment:
T/T Net 30 days against the date of invoice
DDU Roanoke, USA

| Item | Article / Description | Unit | Quantity | Unit Pric | Amount |
|---|---|---|---|---|---|
| | Multimode Optical Fibre 62.5/125um | km | 12,003.20 | 95.00 | US$1,140,304.00 |

Total: US DOLLARS ONE MILLION ONE HUNDRED FORTY THOUSAND THREE HUNDRED AND FOUR ONLY.

Remarks
Country of origin: P.R.CHINA

Please make payment to account no.
Bankers Trust Company, New York, U.S.A. for credit of
Bank of Communications, Wuhan Branch, A/C No.: 04-167-385
(UID No.: 358175)
with them in favour of Yangtze Optical Fibre and Cable Company Ltd.
A/C No.: 860158-14-5109808149

负责人签名
Manager Sign

公司印章
Company Signet

9,438

注：填开出口货物发票必须包括：开票日期、收货单位、贸易方式、合同号码、货物名称（项目）、产品规格、计量单位、数量、币制、单价、金额、结汇方式等内容。

YOFC0570
HIGHLY CONFIDENTIAL

# 湖北省外商投资企业、外国企业出口货物发票

**出口专用**

HUBEI China Foreign Investment Enterprise, Foreign Enterprise Export Goods Invoice

存 根 联

STUB

**YANGTZE OPTICAL FIBRE AND CABLE CO.LTD** INVOICE №: 0028441

Address: 4 Guan Shan Er Road, Wuhan, China
Phone: +86 27 87802541
Fax: +86 27 87802536
Telex: 400220 WYOFC CN
Cable: 6788
Postal Code: 430073

No: 200112343
Date: Dec. 29, 2001
Order No: 780504
Currency: USD

| To | Terms of Payment |
|---|---|
| To : Accounts Payable Dept.<br>Chromatic Technologies Inc.<br>20 Forge Park,<br>Franklin, MA 02038<br>USA<br>Ms. Tracy Moniz<br>Tel: 001 508 541 7100<br>Fax: 001 508 541 8122 | Terms of Payment :<br>T/T Net 30 days against the date of shipment<br>DDU Boston, USA |

| Item | Article / Description | Unit | Quantity | Unit Price | Amount |
|---|---|---|---|---|---|
| | 62.5/125 Multimode Optical Fibre | km | 2002 | 96 | US$192,192.00 |

Total: US DOLLARS ONE HUNDRED AND NINETY TWO THOUSAND ONE HUNDRED AND NINETY TWO ONLY.

Remarks: Country of origin: P. R. CHINA

Please make payment to account no.
Bankers Trust Company, New York, U.S.A. for credit of
Bank of Communications, Wuhan Branch. A/C No.: 04-167-385
(UID No.: 358175)
with them in favour of Yangtze Optical Fibre and Cable Company Ltd.
A/C No.: 860158-14-5109808149

负责人签名
Manager Sign

公司印章
Company Signet

1,590,850

注：填开出口货物发票必须包括：开票日期、收货单位、贸易方式、合同号码、货物名称（项目）、产品规格、计量单位、数量、币制、单价、金额、结汇方式等内容。

YOFC0572
HIGHLY CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., | ) | **C.A. No. 04-474ML** |
| Plaintiff, | ) | |
| vs. | ) | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, | ) | **CERTIFICATE OF SERVICE BY MAIL** |
| Defendants/Third Party Plaintiffs, | ) | |
| vs. | ) | |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., | ) | |
| Third-Party Defendants. | ) | |

IT IS HEREBY CERTIFIED that copies of **Defendants'/Third-Party Plaintiffs' First Set of Interrogatories to Plaintiff** and **Defendants'/Third-Party Plaintiffs' First Set of Requests for Production to Plaintiff** were served upon counsel of record on **March 21, 2006**, addressed as follows:

Mr. Ira K. Gross
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
ATTORNEYS FOR PLAINTIFF and
ALL THIRD-PARTY DEFENDANTS

Gayle W McCall

Legal Assistant to Rebecca H. Zabel
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500 (29601)
PO Box 87
Greenville, SC 29602-0087
USA
(864) 242-6440; FAX: (864) 240-2498
rzabel@lwtm.com

#1022203.2

Justin T. Shay, Esq.
CAMERON & MITTLEMAN LLP
50 Exchange Terrace
Providence, RI 02903
(401) 331-5700; FAX: (401) 331-5787

ATTORNEYS FOR DEFENDANTS AND THIRD-PARTY PLAINTIFFS GANDA, LLC a/k/a GANDA COMMUNICATIONS and JOHN EDWARD