SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

April 25, 2006

**By Facsimile and**
**First Class Mail**

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
Post Office Box 87
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, SC 29601-0087

**Re: Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") v. Ganda LLC, a/k/a Ganda Communications, *et al.* v. Draka Comteq, B.V., *et al.*, U.S.D.C. (D.R.I.), Civil Action No. 04-474ML**

Dear Jay:

In an effort to avoid unnecessary motion and discovery practice, we are writing to address certain (i) deficiencies in your recently-served discovery in this action and (ii) inaccuracies and omissions in your clients' counterclaims. Based on past experience, we are hopeful that these issues can be resolved by the parties without the court's intervention.

Ganda and Edward's Discovery

The interrogatories served by your clients exceed the number permitted under Fed. R. Civ. P. 33, which provides in pertinent part:

> (a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts ...

Fed. R. Civ. P. 33(a). Since your clients' first set of interrogatories contains thirty-four (34) interrogatories, and, to our knowledge, there has not been leave of court or any written stipulation permitting a greater number, the interrogatories are not in compliance with the applicable rules. Accordingly, we will refrain from answering any of the interrogatories until they have been appropriately revised.

Additionally, depending upon the disposition of the recently-filed motion to dismiss your clients' antitrust claim, many of your clients' interrogatories (specifically, interrogatories 11, 13, and 22) and document requests (specifically, document request numbers 16, 17, 18, 19, 22, 27, 28, 33, 34, 36, 37, and 39) in your clients' first set of requests for production of documents may be irrelevant. Accordingly, we propose that YOFC's obligation to respond to those interrogatories and requests be deferred until thirty days after the motion to dismiss

has been heard and decided. Failing agreement on such a deferral, we will move the court for a protective order as to these discovery requests.

Ganda's and Edward's Counterclaims

We believe that your clients' counterclaims violate Fed. R. Civ. P. 11 in several respects. For example, your clients inaccurately allege that Ganda had contracts with YOFC's clients (¶ 83) and that YOFC's clients were actually Ganda's clients (¶¶ 46, 51, 55, 80-82). These allegations are without any evidentiary support and, in fact, are known to be false by both you and your clients. Similarly, your clients' inclusion of Draka Comteq N.V., Draka Fibre Technology B.V., Draka Cableteq USA Corp. and Draka Holding N.V. as parties in the counterclaims is unwarranted and without any evidentiary support.

Furthermore, we believe the foregoing allegations are being made in violation of Rule 11(b)(1) and (2).

Accordingly, pursuant to Rule 11(c)(1)(A), we hereby demand that your clients' counterclaims be withdrawn or appropriately corrected. If you do not accede to this demand, YOFC and the Draka entities referred to above will seek sanctions against you and your clients pursuant to Rule 11(c)(2).

Sincerely,

Samual A. Miller

Direct line: 617 338 2435
smiller@sandw.com