UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | |
| vs. | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, | Civil Action No. 04-474ML |
| vs. | |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Counterclaim Defendants. | |

**REPLY TO DEFENDANTS' OPPOSITION TO**
**MOTION TO DISMISS GANDA'S ANTITRUST COUNTERCLAIM**

Counterclaim Defendant Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") and Counterclaim Defendants Draka Comteq B.V., Draka Comteq Fibre B.V.[1], Plasma Optical Fibre B.V., Draka Comteq Americas Inc. and Draka Holding N.V. (collectively, "Draka" and together with YOFC, the "Counterclaim Defendants")[2] submit this reply in support of their motion to dismiss (the "Motion to Dismiss") the antitrust counterclaim filed by defendant Ganda, LLC,

[1] Plasma Optical Fibre B.V. still exists and is wholly owned by Draka Comteq Fibre B.V. Ganda's continued use of the qualifier "f/k/a" is, therefore, inappropriate.

[2] The Counterclaim Defendants were misidentified in defendants' original and amended answer and counterclaims. The correct names for the identified Draka entities are used herein.

a/k/a Ganda Communications ("Ganda") in Defendants' Amended Answer, Counterclaim and Complaint (the "Amended Counterclaims").[3] The Amended Counterclaims fail to state a claim for antitrust violations under 15 U.S.C. §1 *et seq*. (the "Sherman Act") and 15 U.S.C. § 12 *et seq*. (the "Clayton Act") because Ganda does not have standing to assert any such claim and did not suffer antitrust injury. While Ganda argues using contradictory allegations and inapplicable case law to establish antitrust standing and antitrust injury, this reply addresses those arguments and explains why they do not have any merit.

## ARGUMENT

### I. Ganda Waived Any Objection as to YOFC's Motion to Dismiss.

On May 5, 2006, Ganda initially filed and served Defendants' Objection to Motion to Dismiss of the Draka Third Party Defendants (the "Initial Objection") together with Defendants' Memorandum of Law in Opposition to Motion to Dismiss (the "Opposition Brief" or "Opp. Br."). Pursuant to a stipulation filed with the Court setting May 5th as the deadline for any objection to the Motion to Dismiss, the Initial Objection and Opposition Brief were timely when filed. In the Initial Objection and the Opposition Brief, Ganda addressed only the antitrust claim alleged against Draka and wholly ignored the antitrust claim alleged against YOFC.

On May 10, 2006, without leave of the Court or assent from any of the Counterclaim Defendants, Ganda tardily filed Defendants' Amended Objection to Motion to Dismiss ("Amended Objection"), which purported to add objections with regard to YOFC. Ganda did not file a new memorandum of law or brief in support of the Amended Objection, however, and the

[3] Ganda is the only Defendant and Counterclaim Plaintiff asserting an antitrust claim in this action; Defendant and Counterclaim Plaintiff John Edward does not assert an antitrust claim.



{B0519677; 3}

identical allegations in the Initial Objection, which do not address standing with regard to YOFC, were cited as the only basis for Ganda's objection to the Motion to Dismiss.

The Court should disregard the Amended Objection and grant YOFC's motion to dismiss. Absent approval from the Court (or even assent from the Counterclaim Defendants), the Amended Objection is not timely. See DRI LR Cv. 7(b). Neither the Initial Objection nor the Opposition Brief hints that Ganda has standing to assert antitrust claims against YOFC or suffered any antitrust injury as a result of any conduct by YOFC; the arguments in those filings focus exclusively on Draka's purported actions and do not address any allegedly wrongful action by YOFC. Further, the Initial Objection and the Opposition Brief focus on Ganda's status as Draka's "competitor" in the North American fiber optic cable market and do not even suggest that Ganda is one of YOFC's competitors. Therefore, Ganda has waived any objection to at least that portion of the Motion to Dismiss that addresses Ganda's lack of standing to assert antitrust claims against YOFC.

## II. Antitrust Injury and Antitrust Standing are the Only Issues Advanced in the Motion to Dismiss.

Despite Ganda's attempt to divert focus from its lack of antitrust standing and antitrust injury, YOFC and Draka have never contended that they did not engage in certain communications regarding both YOFC's and Draka's efforts to sell fiber optic cable in North America. Such communications certainly occurred between Draka as a joint venture partner and YOFC as the subject of the joint venture.[4]

[4] Though not necessarily relevant or necessary for its pending motion to dismiss, YOFC is a joint venture between Draka and certain Chinese entities. Although these communications in a joint venture context were perfectly legal, that finding is not part of the Motion to Dismiss.

The sole issue presented by the Motion to Dismiss, in contrast, is not whether these communications amounted to a conspiracy and/or are indicative of an antitrust violation, but rather whether Ganda is a proper party to assert such a claim under the Sherman or Clayton Acts. The Amended Counterclaims and documents attached to the pleadings make clear that Ganda (i) is merely an exclusive sales agent and is neither a competitor nor a consumer in the optical fiber market and (ii) only alleges an injury resulting from its termination of the Sales Agreement. Because, even accepting the allegations in the Amended Counterclaims as true, Ganda cannot establish antitrust standing or antitrust injury, Ganda cannot, as a matter of law, assert an antitrust claim.

## III. Ganda Does Not Have Antitrust Standing.

### A. Ganda Was Never Draka's Competitor.

#### 1. *The Court Should Not Accept Ganda's Inherently Contradictory Allegations As True.*

For purposes of the Motion to Dismiss, the Court must accept Ganda's well-pleaded facts as true; nevertheless, the Court need not accept as true facts and allegations that are directly contradicted within the pleading or by documents attached thereto. See Femino v. NFA Corp., No. Civ. A. 05-19ML, 2005 WL 2508135, at *1 (D.R.I. Oct. 6, 2005); Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987).

Ganda argues that it has standing because it alleges in the Amended Counterclaims that it was a competitor in the fiber optic cable market. See Opp. Br. ¶¶ 5- 6, 10-12. However, as is made clear from the document attached as Exhibit A to the Amended Counterclaims, (the "Sales Agreement"), Ganda was not a competitor in the market. As the Sales Agreement explicitly provides, Ganda was merely contractually obligated to "promote YOFC fiber sales" and to contribute "to the effort of urging fiber and cable customers to sign sales contracts *with YOFC*."

Sales Agreement, ¶ 1 (emphasis added). Ganda was merely marketing YOFC's fiber optic cable products. Any negotiated prices were set by YOFC in its contracts with its fiber and cable customers. Further, Ganda was not a manufacturer or distributor and, in fact, was contractually prohibited in the Sales Agreement from competing in the fiber optic cable market. See Sales Agreement, ¶ 7 ("During the valid period, GANDA will never promote YOFC competitors' products"). The allegation that Ganda as Draka's competitor offered the "same products, but at better prices", Opp. Br., p. 10, is ridiculous in light of explicit language to the contrary in the Sales Agreement. Accordingly, the Court should disregard Ganda's wholly conclusory allegations of "competition" between Draka and Ganda.

2. *Ganda, A Mere Sales Agent, Lacks Antitrust Standing.*

In its Opposition, Ganda has not cited any cases in which a mere exclusive sales agent had antitrust standing. In the Opposition Brief, Ganda does not directly challenge the well-settled legal principle that commercial intermediaries, such as sales agents, do not have antitrust standing. See, e.g., Serpa Corp. v. McWane, Inc., 199 F.3d 6, 10-11 (1st Cir. 1999) ("[a]lthough courts must 'consider the balance of factors in each case' . . . we can dispose of this case on the antitrust injury factor since distributors, like Serpa, presumptively lack antitrust standing."). Simply, the law is clear that antitrust standing does not extend to mere exclusive sales agents because their market status is secondary to that of their principals.

In its Opposition Brief, Ganda tries to side-step this legal principle and likens itself to a distributor for purposes of its legal conclusions both that it is a "competitor" and also that it has antitrust standing. See Opposition, ¶¶ 6 - 8. Ganda fails to recognize, however, that there is both a factual and legal distinction for purposes of standing between types of "intermediaries" along a distribution chain. See e.g., Caribe BMW v. Bayerische Motoren Werke Aktiengesellschaft, 19 F.3d 745 (1st Cir. 1994); Engine Specialties, Inc. v. Bombardier Ltd., 605



{B0519677; 3}

F.2d 1 (1st Cir. 1979). Distributors have authority to set prices for the products; Ganda did not have authority to set prices and merely urged "fiber and cable customers to sign sales contracts with YOFC". Sales Agreement, ¶ 1. While a distributor may suffer antitrust injury (particularly in the case of a vertical price fixing scheme), a mere sales agent may not. See Serpa Corp., 199 F.3d at 10; Barton & Pittinos, Inc. v. SmithKline Beecham Corp., 118 F.3d 178, 184 (3d Cir. 1997) (marketing sales agent lacks standing because "not a competitor or a consumer in the market in which trade was allegedly restrained"); Haff v. Jewelmont Corp., 594 F. Supp. 1468, 1476-79 (N.D. Cal. 1984) (sales agent lacks standing). Accordingly, Ganda, as a mere exclusive sales agent, does not have antitrust standing and its antitrust claim should be dismissed.

Ganda's reliance on the older, controversial 5-4 decision of Blue Shield of Virginia v. McCready, 457 U.S. 465, 102 S. Ct. 2540 (1982), does not advance its cause. McCready was not an exclusive sales agent, but an ultimate customer of psychological services. In fact, even the Supreme Court in McCready acknowledged that a claim may be barred where there is "the risk of duplicative recovery engendered by allowing every person along a chain of distribution to claim damages arising from a single transaction." Id. at 474-75. While there was no risk of such multiple recovery in McCready (since McCready had paid her psychologist's bills and her injury consisted of Blue Shield's failure to pay her), if Ganda were permitted to proceed, Draka could face duplicative damage claims by customers. In McCready, the kind of economic harm the plaintiff suffered flowed from the wrongdoers' attempt to limit consumer choice, a value protected by the rule of law the plaintiff invoked. Here, Ganda does not allege how it (or any customer in the market) faced any fewer choices of (i) products (Ganda was contractually obligated to not compete against YOFC in the market and to sell only YOFC products), or (ii)



{B0519677; 3}

price (Ganda does not allege that YOFC or Draka actually raised prices in the market). Accordingly, McCready does not salvage Ganda's lack of standing in this action.

**IV. Ganda Does Not Allege An Antitrust Injury.**

A. Termination of a Sales Agency Is Not Antitrust Injury.

The Supreme Court has made clear that even claimants alleging a *per se* violation of antitrust laws must still first establish that they have suffered specific antitrust injury. Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328 (1990) (holding further that in the context of a vertical price fixing scheme a competitor always lacks injury because it would *benefit* from the *per se* violation). Ganda has alleged that its injury flows solely from its termination as YOFC's exclusive sales agent[5] and not from any lack of product choices in the market or any increased prices in the market. Opp. Br., at pp. 2 and 8. To the extent that Ganda is claiming injury as a result of the termination of the Sales Agreement, a tort or contract action may lie for damages, but an antitrust claim does not. See Watkins & Son Pet Supplies v. The Iams Co., 254 F.3d 607, 619 (6th Cir. 2001) (manufacturer's termination of distribution agreement with dealer for failing to agree to manufacturer's restraints did not result in antitrust injury). The only antitrust violation alleged, the conspiracy to set minimum prices in the North American fiber optic cable market, was not a necessary predicate to Ganda's injury. Id.; Serpa Corp. v. McWane, Inc., 199 F. 3d 6, 12 (1st Cir. 1999) (plaintiff's "injuries resulted from the loss of its position as . . . exclusive sales representative.... This loss is neither connected with, nor resulted from, defendant's [exercise of] market power."). Therefore Ganda's attempt in its Amended Counterclaims and Opposition Brief to bootstrap its alleged breach of contract damages into an

---

[5] YOFC denies each of these allegations of injury, and in fact has alleged that Ganda terminated the agreement with YOFC. Nonetheless, for purposes of the motion to dismiss, YOFC and Draka accept these allegations as true.

allegation of antitrust injury fails as a matter of law to meet the necessary elements of an antitrust claim.

B. Allegation that Ganda was "Eliminated" from the Market are Inadequate as a Matter of Law.

It is axiomatic that antitrust claims are not for the protection of specific competitors in a given market; rather they are to protect ***competition***. See e.g., Levine v. Central Fla. Med. Affiliates, 72 F.3d 1538, 1551 (11th Cir. 1996) ("antitrust laws are intended to protect competition, not competitors"); Floors-N-More, Inc. v. Freight Liquidators, 142 F. Supp. 2d 496, 501 (S.D.N.Y. 2001) (distributor termination complaint dismissed for failure to allege adverse effect on the market); Dial A Car, Inc. v. Transportation, Inc., 82 F.3d 484, 487 (D.C. Cir. 1996). For purposes of a motion to dismiss, it is not enough merely to have alleged that Ganda was eliminated from the market or that it was forced out of business. 42nd Parallel North v. E. Street Denim Co., 2001-1 Trade Cas. (CCH) 91 73, 368, at 91, 114 (N.D. Ill. 2001) ("42nd Parallel's failure to sufficiently allege an anticompetitive effect on the market is fatal to its complaint.... The fact that 42nd Parallel may have been driven out of business is not sufficient."). Ganda must allege that its elimination caused a reduction in competition in the market. Ganda cannot make this allegation, however, as all product and prices that Ganda offered in the fiber optic market were actually YOFC's products and prices. Before (Ganda's) termination of the Sales Agreement there were many sources of optical fiber and after the alleged wrongful conduct, there were the same number of sources of optical fiber (because Ganda was contractually obligated to sell only YOFC's product and contractually prohibited from competing in the marketplace). The termination of the Sales Agreement, therefore, did not change competition in the market. Absent a harm to competition, there cannot be an antitrust claim – Ganda's antitrust claim should be dismissed.



{B0519677; 3}

## CONCLUSION

For the foregoing reasons YOFC and Draka submit that the complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC. and DRAKA HOLDING N.V.**

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

# CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within Reply to Defendants' Opposition To Motion To Dismiss Ganda's Antitrust Counterclaim by mailing first class mail, postage prepaid, on the 23rd day of May, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JEFFREY SCOTT HORNOFF,** **Plaintiff** | : | CA 05-496ML |
| **v.** | : | |
| **THE CITY OF WARWICK, RHODE ISLAND; et al.** **Defendants** | : | |

**MOTION OF STATE DEFENDANTS TO STRIKE OBJECTIONS AND MOTION TO COMPEL**

Now come Defendants State of Rhode Island, Richard Hurst and Thomas Denniston, and move this Court for an striking Plaintiff's objections to discovery, and to compel him to provide responses to that discovery. A memorandum and exhibits in support hereof are attached.

Respectfully submitted,

STATE OF RHODE ISLAND,
RICHARD HURST,
THOMAS DENNISTON
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington

Rebecca Tedford Partington #3890
Assistant Attorney General
150 So. Main Street
Providence, RI 02903
(401) 274-4400 ext. 2303
Fax: (401) 222-2995

**RULE 37 CERTIFICATION**

I hereby certify that I made a good faith attempt to confer with opposing counsel to resolve the pending discovery issue

Rebecca Tedford Partington #3890
Assistant Attorney General

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, on this 23rd day of May, 2006 to:

Robert N. Feldman
BIRNBAUM & ASSOCIATES, P.C.
280 Summer Street
Boston, MA 02210-1108

William C. Dimitri, Esquire
462 Broadway
Providence, RI 02909

Marc C. DeSisto, Esquire
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

Melissa DiFruzzo