UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 04-474ML |
| GANDA, LLC a/k/a GANDA COMMUNICATIONS and JOHN EDWARD, Defendants. | ) | |

**YANGTZE OPTICAL FIBER AND CABLE COMPANY LTD.'S**
**<u>OBJECTION TO THE DEFENDANTS' MOTION TO COMPEL</u>**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC"), hereby objects to the motion to compel filed by defendants Ganda, LLC, a/k/a Ganda Communications and John Edward. YOFC's supporting memorandum is filed herewith.

YANGTZE OPTICAL FIBRE AND
CABLE COMPANY LTD.

By its attorneys,

Benjamin V. White, No. 1652
Gordon P. Cleary, No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com

{B0441917; 1}

Of counsel:

Ira K. Gross
Samual A. Miller
Cherie Bosarge-Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

Dated: May 30, 2006

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, Rhode Island 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within Objection to motion to compel by mailing first class mail, postage prepaid, on the 30th day of May, 2006.

______________________



{B0441917; 1}

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Counterclaim Defendants. | Civil Action No. 04-474ML |

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTION TO COMPEL**

Plaintiffs and counterclaim defendant Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby opposes the motion to compel filed by defendants and counterclaim plaintiffs Ganda, LLC, a/k/a Ganda Communications ("Ganda") and John Edward ("Edward" and together with Ganda, the "Defendants"). Perhaps aiming to divert attention from its own persistent refusal to identify a basis for its counterclaims,[1] the Defendants filed a motion to compel that greatly overstates the actual effect of YOFC's objections to the Defendants' broad discovery

[1] As the Defendants explained in and attached to their motion to compel, pursuant to Fed. R. Civ. P. 11, YOFC and the other Counterclaim Defendants have sent letters to the Defendants seeking an explanation of the Defendants' purported basis for certain of their claims.

requests and, in the process, inappropriately attempt to circumvent the limited scope of discovery provided by the Federal Rule of Civil Procedure. The limited discovery objections that YOFC has made are well founded and fall into two basic categories: The Defendants (1) have not demonstrated the need to conduct discovery of certain matters for which a motion to dismiss is pending; and (2) are seeking to circumvent the plain language and spirit of the applicable rules regarding the number of permitted interrogatories. Accordingly, YOFC respectfully requests that the Court deny the Defendants' motion to compel and direct the Defendants to serve their own sets of interrogatories.[2]

## ARGUMENT

The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. The determination of dispositive motions pursuant to Fed. R. Civ. P. 12(b)(6) prior to actually conducting discovery and adherence to the limitations in the discovery rules (*e.g.*, number of permitted interrogatories under Fed. R. Civ. P. 33) are essential for achieving the important goals of Fed. R. Civ. P. 1 and for the goals of expense and delay reduction.

### I. Discovery Should be Stayed for Claims That are the Subject of the Pending Motion to Dismiss.

The Defendants do not cite any authority supporting active discovery on matters for which there is a pending motion to dismiss. Courts in this circuit regularly hold that discovery should be stayed pending resolution of Fed. R. Civ. P. 12(b)(6) and other dispositive motions.

[2] One glaring omissions in Ganda's recitation of the facts leading up to the filing of its Motion to Compel was the May 2, 2006, letter from YOFC's counsel (attached hereto as **Exhibit A**). YOFC was clearly attempting to resolve these issues without the Court's intervention and the letter explicitly stated that YOFC was "willing to discuss a reasonable timeframe for service of answers." In an apparent rush to score points, the Defendants filed their motion to compel rather than continue their dialogue with YOFC.

See, e.g., Acevedo-Villalbos v. Hernandez, 22 F.3d 384, 386 (1st Cir. 1993) (affirming dismissal where district court stayed discovery pending resolution of that motion); Bettencourt v. Board of Reg. In Medicine, 904 F.2d 772, 776 (1st Cir. 1990) (same); Nestor Colon Medina & Secescores, Inc. v. Custodio, 964 F.2d 32, 39 (1st Cir. 1992) ("it is only after stating a valid claim that a plaintiff can insist upon a right to discovery"). These cases recognize the principle that it is appropriate to defer discovery until preliminary questions that may dispose of whole claims are determined.

Courts in this circuit have also recognized that litigants may file meritless claims so that they may conduct discovery in order to find facts that will support a case that they cannot yet make. To permit a party to proceed with discovery when its claims remain susceptible to dismissal "would be to issue a license for a 'fishing expedition' in uncharted waters." Wayne Investment, Inc. v. Gulf Oil Corp., 739 F.2d 11, 14 (1st Cir. 1984). While the Defendants' discovery requests are replete with such requests, Interrogatory No. 22 (seeking information regarding whether or not YOFC sold any equity shares or securities) in particular seems indefensible as "relevant" in the absence of some anti-trust claim (or, frankly, even with the anti-trust claim). Permitting the Defendants to conduct a fishing expedition into YOFC's documents and information is not congruent with the language and spirit of the applicable rules.

Despite the invitation in Defendants' motion to compel, no discovery is necessary, or in fact appropriate, for the Court to rule on a motion to dismiss. The Fed. R. Civ. P. 12(b)(6) standard is familiar; the consideration of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is confined to the allegations in the relevant pleading. See In re Lane, 937 F.2d 694, 696 (1st Cir. 1991). In light of this well-established limitation, the statement that "YOFC's discovery responses are likely to be helpful to both the parties and the Court in determining whether any

claims and/or parties should be dismissed" is nonsensical. The pending motion to dismiss is not a summary judgment motion – the Defendants have simply failed to state a claim. Accordingly, the Defendants should not be permitted to obtain discovery until the Court has determined that they have even stated a cognizable claim.

## II. The Defendants Are Seeking to Inappropriately Circumvent the Plain Language and Spirit of the Discovery Rules.

While the Defendants are correct that each party may be allowed to serve 25 interrogatories, there is no rule which allows co-litigants to combine and share their interrogatories. The federal rules provides:

> Without leave of court or written stipulation, any ***party*** may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served

Fed. R. Civ. P. 33 (emphasis added). The term "party" is singular and, as a result, each party is entitled to their own set of interrogatories; the rules do not permit parties with similar interests to combine and "share" interrogatories between them. This reading of the rule is not an "elevation of form over substance" – this makes a difference in how parties conduct themselves during discovery. As the Defendants correctly point out in their own filing (p. 2), if the parties had intended to serve the "exact same interrogatories in two documents" they would have been limited to just 25 total. That is why YOFC respectfully requested that the interrogatories to be provided separately; by combining and sharing interrogatories, the Defendants have essentially doubled YOFC's burden. If however, they have unique interrogatories, or interrogatories that are specific to either Ganda or Edward's claims (or defenses) then they should be identified as such so that YOFC can answer (or object) appropriately. For example, YOFC has asserted only two counts against Edward – actual and constructive fraudulent conveyance – and, as best as can be determined by the confusing and inherently contradictory counterclaims, Edward is not

actually asserting any of the counterclaims.[3] Incredibly, absolutely none of the interrogatories actually ask about the claims asserted against Edward. Accordingly, to comply with the plain language and spirit of the rules, the Defendants should be directed to serve their own sets of interrogatories.

## CONCLUSION

For the foregoing reasons, YOFC respectfully requests that the Court deny Defendants' motion to compel and direct the Defendants to serve their own sets of interrogatories.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC. and DRAKA HOLDING N.V.**

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

[3] Edward is not a party to any of the contracts at issue in this action and the counterclaims state that Ganda is asserting the antitrust claim.

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, Rhode Island 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within memorandum in opposition to motion to compel by mailing first class mail, postage prepaid, on the 30th day of May, 2006.