UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, vs. Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V., Third Party Defendants. | Civil Action No. 04-474ML |

**DEFENDANTS'/THIRD PARTY PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL**

Defendants/Third Party Plaintiffs, Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward, served discovery requests on the Plaintiff, Yangtze Optical Fibre and Cable Co. Ltd. ("YOFC") three months ago, on March 21, 2006. To date, Ganda and Edward have not received a single piece of information in response to their requests.

Judge Lisi has set a discovery cut-off in this case of March 30, 2007. Deponents for YOFC are in China; for the Draka defendants many of them are in Europe. Ganda can not even begin to schedule depositions until it receives responses to its written discovery requests. If

Ganda is to have any hope of meeting Judge Lisi's discovery cut-off deadline, YOFC cannot be allowed to simply ignore Ganda's legitimate discovery requests.

YOFC has objected to a number of requests for production on the bases of the attorney client privilege and the work product doctrine. YOFC has failed to produce a privilege log with respect to these objections, however, and therefore Ganda and John Edward have been unable to assess the validity of such objection. The Federal Rules of Civil Procedure clearly require that certain disclosures be made with respect to documents or communications withheld from discovery on the grounds of privilege. Specifically, Fed. R. Civ. P. 26(b)(5) holds that a party withholding otherwise discoverable information on the basis of privilege or protection as trial preparation material must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Therefore, Ganda and John Edward request that the Court order YOFC to immediately produce a comprehensive privilege log, along with its discovery responses.

Finally, YOFC has objected and refused to respond to at least sixteen requests for production on the grounds that said requests were "vague, overly broad, and unduly burdensome in that [they seek] information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence." <u>See</u> Exhibit A. Thirteen of these requests seek information pertaining to the relationship between YOFC and the Third Party Defendants, as well as the sales, promotions and marketing efforts made by YOFC and/or the Third Party Defendants in the United States. Consequently, such requests seek information directly relevant to Ganda's and John Edward's antitrust claims. In light of Judge Lisi's recent order upholding Ganda's antitrust

claims, copy attached as Exhibit B, Plaintiff's arguments that these requests are irrelevant likewise must fail.

YOFC also raises relevancy objections to certain requests seeking information regarding a bank account in Hong Kong. As detailed in Paragraph 43 of their Amended Answer, Ganda took title to certain shipments of fiber and subsequently sold the product at a mark up, with the proceeds being deposited into this Hong Kong bank account. This arrangement was at the express direction of YOFC's senior managers. Since YOFC directed that Ganda deposit this money into the Hong Kong bank account, Ganda and John Edward are entitled to information concerning this bank account. Accordingly, YOFC should be compelled to fully respond to the requests for production concerning this account.

For the reasons set forth above, Ganda and John Edward request that the Court issue an Order compelling YOFC to immediately respond to all discovery requests and to produce requested documentation at the law offices of James L. Rogers, Jr. in Greenville, South Carolina by June 26, 2006.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: June 15, 2006

Of Counsel:

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15TH day of June, 2006, a true copy of the within was sent, via facsimile and first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

G:\cmc\Edward, J\pldgs\memomocompel.doc