SCANNED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, vs. Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Third Party Defendants. | Civil Action No. 04-474ML |

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S RESPONSE TO DEFENDANTS' MEMORANDUM**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby responds to the last-minute memorandum (the "June 15th Memo") filed by Ganda LLC a/k/a Ganda Communications and John Edward (collectively, the "Defendants"). The June 15th Memo should be disregarded by the Court because (i) each of the issues raised was reasonably explained in YOFC's counsel's June 13, 2006, letter to the Defendants' counsel; (ii) the Defendants' counsel did not (as required by Fed. R. Civ. P. 37) confer or attempt to confer in good faith and did not include a certificate to that effect; and (iii) the June 15th Memo was

51

served less than two full business days before the scheduled hearing. Accordingly, the Court should disregard the issues raised in the June 15th Memo.

## Background

The background of this action as it relates to the issues raised in the June 15th Memo is discussed in YOFC's memorandum of law in support of its motion to dismiss Ganda's antitrust claim (Docket # 39) and YOFC's opposition to the Defendants' motion to compel (Docket # 46).

## Argument

### 1. The Issues Raised in the June 15th Memo Are Addressed in YOFC's Correspondence.

For reasons only the Defendants can explain, the Defendants did not mention YOFC's counsel's June 13, 2006, correspondence (the "June 13th Letter") to the Defendants' counsel, which correspondence reasonably addressed all of the issues raised in the June 15th Memo. The June 13th Letter is attached hereto as **Exhibit A**. Specifically, the June 13th Letter explained that (i) YOFC's counsel had received documents from China[1]; (ii) the gathered documents[2] are being reviewed; and (iii) responsive documents (and a privilege log) will be produced as soon as that review is complete. The Defendants' filing of the June 15th Memo less than a week after receipt of the June 13th Letter in general, and their failure to inform the Court about the June 13th Letter in particular, should be unacceptable.

Simply put, YOFC is taking reasonable steps to comply with the Defendants' discovery requests. As soon as possible after receipt of the Defendants' document requests, our office arranged for an associate to travel to Wuhan, China to assist with the gathering of documents.

---

[1] Since the documents were being gathered, copied, and delivered from China, it has taken a little longer to gather and prepare the documents for production than had the documents been coming from, for example, New Hampshire.

YOFC now has two (2) associates reviewing the files that were delivered from China and production will be made as soon as that review is complete. The Defendants' allegations to the contrary (and its failure to tell the Court about or attach the June 13th Letter to the June 15th Memo) are disingenuous.

**2. The June 15th Memo is Procedurally Defective.**

In addition to its substantive deficiencies, the June 15th Memo[3] is procedurally defective. The June 15th Memo does not comply with the requirements of Fed. R. Civ. P. 37, which requires that the parties confer in good faith to resolve the dispute and that the movant include a certificate to that effect in its filing. See Fed. R. Civ. P. 37 ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."). The Defendants did not include a Fed. R. Civ. P. 37 certificate in any discovery motion or related memorandum filed with the Court. Additionally, the Defendants' service of the June 15th Memo less than two full business days before the scheduled hearing is clearly designed to prevent any meaningful response. This unfair tactic should not be favored by the Court. Accordingly, the Court should disregard the June 15th Memo.

---

[2] The gathered documents relating to this action number in the thousands.

[3] YOFC does not know whether a separate motion was filed with the June 15th Memo or whether the June 15th Memo is intended to supplement the Defendants' May 10, 2006, motion to compel.

## Conclusion

The Court should disregard the June 15th Memo given its substantive and procedural defects.

Dated: June 16, 2006

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,**

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within Response to Defendants' memorandum by fax and by mailing first class mail, postage prepaid, on the 16th day of June, 2006.



{B0528789; 1}