UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V.,<br><br>Third Party Defendants. | Civil Action No. 04-474ML |

**MOTION TO DISMISS**
**OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**
**ON BEHALF OF GANDA, LLC a/k/a GANDA COMMUNICATIONS AND**
**JOHN EDWARD**

Defendants, Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward"), respectfully move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing all causes of action against John Edward individually, as well as all causes of action for fraudulent conveyance asserted in Plaintiff's Complaint. The basis for this Motion is that Plaintiff's Complaint fails to state a cause of action for which relief can be granted and therefore Defendants are entitled to judgment as a matter of law.

In the alternative, Defendants move the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order granting them summary judgment on all causes of action against John Edward individually, as well as on all causes of action for fraudulent conveyance asserted in Plaintiff's Complaint. There are no genuine issues as to any material fact with respect to these causes of action and therefore Defendants are entitled to judgment as a matter of law.

Defendants make this Motion now, rather than after discovery has been completed, in order to prevent Plaintiff's engaging in unwarranted, intrusive discovery into the private affairs of Edward based upon a groundless claim asserted for just this purpose.

This Motion will be supported by a Memorandum in Support and the Affidavit of John Edward, both filed contemporaneously herewith.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay, Esq., No. 2781
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Phone: (401) 331-5700
Fax: (401) 331-5787

Date: June 27, 2006

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Natalma M. McKnew, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
Phone: (864) 242-6440
Fax: (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Natalma M. McKnew, Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

G:\cmc\Edward, J\pldgs\modismiss2.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V.,<br><br>Third Party Defendants. | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF GANDA, LLC a/k/a GANDA COMMUNICATIONS' AND JOHN EDWARD'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants, Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward"), respectfully submit the following Memorandum in Support of their Motion to Dismiss or in the Alternative for Summary Judgment.

**FACTUAL BACKGROUND**

In 1998, YOFC approached Ganda with a proposal whereby Ganda would help YOFC establish a market in North America for the sale of fiber optic products, and in exchange Ganda would be YOFC's exclusive sales agent for the North American market. Accordingly, the parties entered into an agreement in April of 1998 establishing Ganda as YOFC's exclusive sales agent

in the North American Market (the "1998 Agreement"). This agreement was subsequently modified in 1999, and Ganda began taking title to shipments of optical products from YOFC and reselling those products with a mark up. Ganda and YOFC reconfirmed their rights and obligations under the 1998 Agreement on or about April 6, 2001 when they executed a new agreement (the "2001 Agreement" and collectively with the 1998 Agreement, the "Agreements"), which superseded the 1998 Agreement. Under the terms of both the 1998 Agreement and the 2001 Agreement, Ganda was to "actively promot[e] YOFC fiber sales and contribut[e] to the effort of urging fiber and cable customers to sign sales contracts with YOFC." See Exhibit A to YOFC's Complaint. In exchange, YOFC promised to pay Ganda commissions on all sales of YOFC fiber made by Ganda. YOFC and Ganda operated under the Agreements for approximately four years until the Agreements were terminated in July 2002.

On or about November 8, 2004, YOFC initiated the instant action in the District of Rhode Island against both Ganda and Edward individually alleging various claims arising under the Agreements.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a Court should dismiss allegations in a complaint when they "fail to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In reviewing a dismissal of a civil action under Rule 12(b)(6), the Court must "'assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability.'" Redondo-Borges v. United States Department of Housing and Urban Development, 421 F.3d 1 (1st Cir. 2005) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12 (1st Cir. 2003). However, "this deferential standard does not force [a court] to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable

conclusions, periphrastic circumlocutions, and the like need not be credited. Aulson v. Blanchard, 83 F.3d 1 (1st Cir. 1996).

If, on a motion to dismiss pursuant to Rule 12(b)(6), the Court considers matters outside the pleadings, the motion is converted to one for summary judgment and must be disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b).[1] Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party' and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" Depoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005). "Material facts are those that 'possess the capacity to sway the outcome of the litigation under the applicable law.'" Id.

In deciding a motion for summary judgment, the Court must construe the facts "in the light most amiable to the nonmovant … and indulg[e] all reasonable inferences favorable to [him]," Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). However, "a party seeking to establish a genuine issue of material fact must offer more than 'effusive rhetoric and optimistic surmise.' Rather, the party must demonstrate, through submissions of evidentiary quality, that a trialworthy issue persists." Depoutot, 424 at 117 (quoting Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997)). Thus, if the evidence offered by the nonmovant in opposition to the motion "is merely colorable, or is not significantly probative," summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 91 L.Ed. 2d 202, 106 S.Ct. 2505 (1986). "The

[1] Defendants have filed an Affidavit of John Edward contemporaneously with their Motion to Dismiss or in the Alternative for Summary Judgment. In the event the Court chooses to consider this Affidavit in its review of Defendants' Motion, Defendants are aware that their Motion would therefore convert into one for summary judgment.

evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). "'Conclusory allegations, improbable inferences, and unsupported speculation' will not suffice." Dupoutot, 424 F.3d at 117 (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

## ARGUMENT

**I. YOFC's claims regarding alleged breaches of the Agreements fail as a matter of law against John Edward.**

The only parties to both the 1998 Agreement and the 2001 Agreement were YOFC and Ganda. At no time was Edward ever a party to these Agreements in his individual capacity, nor did he ever personally guarantee or otherwise become liable for Ganda's responsibilities under the Agreements. Moreover, Edward never acted in his own capacity as a sales agent for YOFC; rather, all transactions between the parties involving the sale of fiber optics were exclusively between YOFC and Ganda, and any action taken or statement made by Edward was done or said strictly within the scope of his authority as a member of Ganda.

Edward's sole connection to the events complained of is his role as a member of Ganda, which is a limited liability company. It is axiomatic that the members of a limited liability company are not personally liable for the company's debts. R.I. Gen. Laws § 7-16-23 (2006). In fact, it is precisely because of this protection that such entities are formed, and any attempt to ignore this protective shield is improper. YOFC signed a contract with Ganda; Ganda performed all obligations and is entitled to receive all benefits thereunder. In his capacity as a member of Ganda, Edward is entitled to the protection offered by a limited liability company. YOFC can

look only to Ganda for any monies allegedly owing under the Agreements, and Edward should be dismissed as a matter of law.

Despite the lack of a factual basis for its fraudulent transfer claim, YOFC has included this claim in hopes of widening the scope of discovery it may pursue against Ganda and Edward. Normally, in a breach of contract case against a limited liability entity, discovery concerning the financial status of the defendant entity and its owners would not be permissible, if at all, until a judgment had been obtained by the plaintiff. YOFC hopes to circumvent the normal course by making its claim for fraudulent transfer, which it will no doubt use as its basis for serving discovery requests seeking information about the bank accounts and other assets of Ganda and Edward. The court should not countenance this backdoor approach to obtaining post-judgment, supplemental discovery.

**II. YOFC's claims regarding the allegedly fraudulent transfer of Ganda's assets to John Edward fail as a matter of law.**

YOFC asserts claims of fraudulent transfer against both Ganda and Edward individually. YOFC fails to allege a factual predicate, however, for these claims. YOFC's complaint nowhere identifies any transfer to Edward because no such transfer was ever made. Affidavit of John Edward, attached as Ex. A, parag. 2.

YOFC does make a conclusory, unsupported allegation that it believes that Ganda fraudulently transferred assets to or for the benefit of Edward. YOFC has failed, however, to allege any facts whatsoever supporting this bald allegation. Likewise, YOFC fails to allege facts in support of its assertion any such supposed transfer was made without receiving a reasonably equivalent value in exchange. YOFC claims only that upon its information and belief, Ganda transferred "certain monies held by Ganda ... to or for the benefit of Edward," and that such transfer was made with an actual intent to hinder, delay or defraud YOFC or was made without

receiving a reasonably equivalent value in exchange. Nowhere in the Complaint does YOFC explain why or how it believes that Ganda transferred "certain monies," nor does it explain why it believes Edward was the recipient of the allegedly transferred funds, nor does it allege how it knows or can deduce Ganda's intent in making such alleged transfer or the consideration Ganda may or may not have received in exchange therefor. It offers no dates, no documentary support, affidavit or even any circumstantial evidence in support of its allegations.

If the Act were as easily satisfied as YOFC seems to believe, every breach of contract plaintiff would assert violations of the Act in every action filed. This cannot have been the intent of the Rhode Island legislature in enacting the relevant legislation. Rather, in order to assert a violation of the Act, a party must allege facts sufficient to support and explain the party's basis for asserting its claim for fraudulent transfer. As noted above, Ganda has never transferred any monies or other assets to Edward without fair consideration.

## CONCLUSION

YOFC's claim in this case is for breach of contract against Ganda. It has no factual basis for asserting anything more. Accordingly, YOFC's fraudulent transfer claims should be dismissed in their entirety, and Edward should be dismissed from the action, with prejudice.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

Justin T. Shay, Esq., No. 2781
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Phone: (401) 331-5700
Fax: (401) 331-5787

Date: June 27, 2006

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Natalma M. McKnew, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
Phone: (864) 242-6440
Fax: (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Natalma M. McKnew, Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087