UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br>Plaintiff,<br><br>v.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br>Defendants/Third Party Plaintiffs,<br><br>v.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V.,<br>Third Party Defendants. | Civil Action No. 04-474ML |

**MOTION FOR ENTRY OF DEFAULT**

Defendants/Third Party Plaintiffs, Ganda LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward"), respectfully move this Court to enter default against Third-Party Defendants Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. (collectively the "Draka Defendants"). In support of its Motion, Ganda and Edward show the Court that the Draka Defendants have failed to plead or otherwise defend as required under the Rules.

Ganda and Edward further show the Court that, pursuant to the Affidavit of Default, attached hereto as Exhibit 1, counsel for Ganda and Edward initiated service of the Summons, Amended Answer and Third-Party claims of Ganda/Edward upon the Draka Defendants by international certified mail, return receipt requested. Prior to our obtaining all of the return receipts showing service of the foregoing documents, lead counsel for the Draka Defendants (Ira

Gross) orally acknowledged and accepted service for the Draka Defendants at a Rule 16 Conference held in front of the Honorable Mary M. Lisi on March 21, 2006.

Subsequently, the Draka Defendants filed a Motion to Dismiss on April 11, 2006, seeking dismissal of certain counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). On June 9, 2006, the Court denied the Draka Defendants' Motion to Dismiss and sent each party notice of the same via facsimile. A copy of the Court's Order and its notice to all parties is attached to the annexed Affidavit as Exhibit 1. Pursuant to Rule 12(a)(4)(A), the Draka Defendants had ten days from the date of notice of the Court's Order in which to file a responsive pleading. According to the Affidavit of Default, the ten day time limit within which the Draka Defendants may file responsive pleadings has expired without the filing or service of any such pleadings. Moreover, counsel for Ganda and Edward has not received a copy of an Order or notice that the time for any Draka Defendant to file responsive pleadings has been extended.

For the reasons stated hereinabove, Ganda and Edward request that the Clerk enter default against Third-Party Defendants Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: July 12, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

G:\cmc\Edward, J\pldgs\moentrydefault.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | ) | Civil Action No. 04-474ML |
| vs. | ) | |
| Ganda, LLC a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, | ) | |
| vs. | ) | |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Third Party Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF GANDA, LLC a/k/a GANDA COMMUNCIATIONS' AND JOHN EDWARD'S MOTION FOR ENTRY OF DEFAULT**

Defendants/Third Party Plaintiffs, Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward"), respectfully submit this Memorandum in Support of their Motion for Entry of Default.

Ganda and Edward filed a Summons, Amended Answer and Third Party Complaint against Third Party Defendants Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. (collectively the "Draka Defendants") on or about February 17, 2006. Shortly thereafter, counsel for Ganda and Edward initiated service of the same upon the Draka Defendants by international certified mail, return receipt requested. Prior to our obtaining all of

the return receipts showing service of the foregoing documents, however, lead counsel for the Draka Defendants orally acknowledged and accepted service for the Draka Defendants at a Rule 16 Conference held in front of the Honorable Mary M. Lisi on March 21, 2006.

Subsequently, the Draka Defendants filed a Motion to Dismiss on April 11, 2006, seeking dismissal of certain counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). On June 9, 2006, the Court denied the Draka Defendants' Motion to Dismiss and sent each party notice of the same via facsimile. Rule 12(a)(4) of the Federal Rules of Civil Procedure provides

> Unless a different time is fixed by court order, the service of a motion permitted under this rule alters [the period of time in which a defendant has to serve a responsive pleading] as follows:
>
> (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action…

Accordingly, the Draka Defendants had ten days from the date of notice of the Court's Order in which to file a responsive pleading. This ten day time limit has expired without the filing or service of any such pleadings, nor has counsel for Ganda and Edward received a copy of an Order or notice that the time for any Draka Defendant to file responsive pleadings has been extended.

The Draka Defendants' failure to file or serve a responsive pleading renders these defendants in default under Fed. R. Civ. P. 55, and Ganda and Edward are entitled to an entry of default against the same. Specifically, Rule 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." The Federal Rules of Civil Procedure clearly provide that the Draka Defendants had ten days from June 9, 2006 in which to file a responsive pleading to Ganda's and Edward's Summons, Amended Answer and Third Party Complaint. This ten day time limit has passed with

no responsive pleading being filed or served, and Ganda and Edward have made the Draka Defendant's failure to timely respond to appear by an Affidavit of Default, which is attached to the Motion for Entry of Default as Exhibit 1. Accordingly, pursuant to Rule 55(a), the clerk should enter the Draka Defendants' default.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

James L. Rogers, Jr. (JTS)

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: July 12, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2006, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

G:\cmc\Edward, J\pldgs\memomoentrydefault.doc