UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Counterclaim Defendants. | Civil Action No. 04-474ML |

**THIRD-PARTY DEFENDANTS' REPLY TO DEFENDANTS' AMENDED COUNTERCLAIMS, COMPLAINT AND AFFIRMATIVE DEFENSES**

Third-Party Defendants Draka Comteq B.V., Draka Comteq Fibre B.V.,[1] Plasma Optical Fibre B.V., Draka Comteq Americas Inc., and Draka Holding N.V. (collectively, "Draka" or the "Third-Party Defendants")[2], through their undersigned counsel, reply to the allegations asserted by defendants Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward

[1] Plasma Optical Fibre B.V. still exists and is wholly owned by Draka Comteq Fibre B.V.

[2] The Third Party Defendants were misidentified in the Defendants' original and amended answer and counterclaims and complaint. The correct names for the identified Draka entities are used herein.

("Edward," and together with Ganda, the "Defendants") contained in the Defendants' Amended Answer, Counterclaim and Complaint Against Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fiber, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. and Demand for Jury Trial (the "Amended Counterclaims"), as follows:[3]

## REPLY

### "For a Fifth Defense and by Way of First Counterclaim as to YOFC Only"

41. The allegations in paragraph 41 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

42. The allegations in paragraph 42 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

43. The allegations in paragraph 43 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

44. The allegations in paragraph 44 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

45. The allegations in paragraph 45 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

---

[3] The Defendants' defenses numbered 1 through 4 are asserted as affirmative defenses, which do not require a response by Draka. The Defendants commence their counterclaims in what the Defendants identify as their "FIFTH DEFENSE" and "FIRST COUNTERCLAIM". Additionally, the Defendants begin numbering the paragraphs of the Amended Counterclaims at 41, which numbering Draka has mirrored.

46. The allegations in paragraph 46 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

47. The allegations in paragraph 47 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

48. The allegations in paragraph 48 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

49. The allegations in paragraph 49 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

50. The allegations in paragraph 50 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

51. The allegations in paragraph 51 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

52. The allegations in paragraph 52 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

53. The allegations in paragraph 53 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

54. The allegations in paragraph 54 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

55. The allegations in paragraph 55 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

56. The allegations in paragraph 56 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

57. The allegations in paragraph 57 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

58. The allegations in paragraph 58 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

**"For a Sixth Defense and by Way of Second Counterclaim as to YOFC Only"**

59. Draka hereby repeats its responses set forth above.

60. The allegations in paragraph 60 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

61. The allegations in paragraph 61 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

62. The allegations in paragraph 62 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

63. The allegations in paragraph 63 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

64. The allegations in paragraph 64 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

65. The allegations in paragraph 65 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

66. The allegations in paragraph 66 of the Amended Counterclaims are not directed to Draka and therefore do not require a response; otherwise, denied.

**"For a Seventh Defense, Third Counterclaim as to YOFC and First Counterclaim as the Draka Defendants"**

67. Draka hereby repeats its responses set forth above.

68. The allegations in paragraph 68 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations contained in Paragraph 68 of the Amended Counterclaims. Additionally, Draka objects to the Defendants' engagement of the "group pleading" technique, which does not properly put Draka or the other parties on notice of the actual allegations or claims in the Amended Counterclaims.

69. No answer is required to the allegations contained in paragraph 69 of the Amended Counterclaims because they purport to state conclusions of law. To the extent a response is required, Draka denies the allegations contained in Paragraph 69 of Amended Counterclaims.

70. The allegations in the first and third sentence of paragraph 70 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required to those allegations, Draka denies the allegations. Draka denies the remaining allegations in paragraph 70, except admits that certain of its affiliates (i) have sold

fiber in the United States to various customers and (ii) maintain sales representatives and offices in various cities in the United States, and that Draka Comteq Americas Inc. has a facility in Claremont, North Carolina.

71. The allegations in paragraph 71 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations contained in paragraph 71 of the Amended Counterclaims.

72. The allegations in paragraph 72 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations in paragraph 72 of the Amended Counterclaims.

73. The letter referenced in paragraph 73 of the Amended Counterclaims and attached as Exhibit B thereto is a document that speaks for itself and, therefore, Draka denies any allegations in such paragraph 73 to the extent that they purport to vary, contradict, amend, supplement, or are otherwise inconsistent with the express terms of that document. Draka denies any remaining allegations contained in paragraph 73 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in Paragraph 73 of the Amended Counterclaim that do not pertain to Draka, and accordingly denies the same.

74. The notes referenced in paragraph 74 of the Amended Counterclaims and attached as Exhibit C thereto is a document that speaks for itself and, therefore, Draka denies any allegations in such paragraph 74 to the extent that they purport to vary, contradict, amend,

supplement, or are otherwise inconsistent with the express terms of that document. The remaining allegations in paragraph 74 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent any further response is required, Draka denies the remaining allegations contained in paragraph 74 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 74 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

75. The allegations in paragraph 75 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations in paragraph 75 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 75 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

76. The allegations in paragraph 76 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations in paragraph 76 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 76 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

77. The allegations in paragraph 77 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations in paragraph 77 of the Amended

Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 77 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

78. The allegations in paragraph 78 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations in paragraph 78 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 78 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

**"For a Eighth Defense, Fourth Counterclaim as to YOFC and by way of Second Counterclaim as to the Draka Defendants"**

79. Draka hereby repeats its responses set forth above.

80. Upon information and belief, Draka admits that Lucent Technologies, OCC and BICC/General were North American customers of YOFC. Draka lacks sufficient information to admit or deny the remaining allegations in paragraph 80 of the Amended Counterclaims, and accordingly denies the same.

81. Draka lacks sufficient information to admit or deny the allegations in paragraph 81 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same. Draka denies any remaining allegations in paragraph 81 of the Amended Counterclaims.

82. The allegations in paragraph 82 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a

response is required, Draka denies the allegations in paragraph 82 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 82 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

83. Draka lacks sufficient information to admit or deny the allegations in paragraph 83 of the Amended Counterclaims, and accordingly denies the same.

84. The allegations contained in paragraph 84 of the Amended Counterclaims are characterizations and conclusions of law to which no response is required. To the extent a response is required, Draka denies the allegations in paragraph 84 of the Amended Counterclaims that are directed to Draka. Additionally, Draka lacks sufficient information to admit or deny the allegations in paragraph 82 of the Amended Counterclaims that do not pertain to Draka, and accordingly denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Both for the reasons set forth in the Complaint and the reasons set forth in the various other Affirmative Defenses herein, the Amended Counterclaims fail to state a claim upon which relief may be granted against Draka.

### Second Affirmative Defense

Even if Defendants were entitled to relief from Draka, which entitlement Draka denies, Defendants have waived any right to relief from Draka.

**Third Affirmative Defense**

Defendants' claims for equitable relief are barred by the doctrines of laches and/or consent, and/or Defendants are estopped by their conduct, or by that of others, from any recovery herein against Draka.

**Fourth Affirmative Defense**

Defendants' claims for equitable relief are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Defendants' claims for damages are barred in whole or in part by the applicable statute of limitations.

**Sixth Affirmative Defense**

Defendants' claims under the Sherman Act and Clayton Act are barred because as a commissioned sales agent Defendants lack standing to bring such claims against Draka.

**Seventh Affirmative Defense**

Defendants' claims under the Sherman Act and Clayton Act are barred because YOFC was not an existing manufacturing competitor in the North American optical fiber market with any Draka defendant, as that term is defined in the Amended Counterclaims.

**Eight Affirmative Defense**

Defendants' claims of tortious interference with contractual relations are barred because Ganda had no contractual relationships with any of the named customers or end-users identified in the Amended Counterclaims.

**Ninth Affirmative Defense**

Defendants' claims of tortious interference with contractual relations are barred because, if they existed, Draka does not have any knowledge of any contractual relationships that Ganda

has or had with any of the named customers or end-users identified in the Amended Counterclaims.

**Tenth Affirmative Defense**

Edward lacks standing to assert any claims against Draka.

Dated: July 14, 2006

**DRAKA COMTEQ, FIBRE, B.V. f/k/a PLASMA OPTICAL FIBRE, B.V.; DRAKA COMTEQ AMERICAS, INC. and DRAKA HOLDING, N.V. CABLE COMPANY LTD.**

By their attorneys,

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

Of counsel:

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
Leatherwood Walker Todd & Mann
300 East McBee Avenue – Suite 500
P.O. Box 87
Greenville, SC 29602

I hereby certify that I served on the above-named counsel of record a copy of the within Third-party Defendants' Reply to Defendants' Amended Counterclaims, Complaint and Affirmative Defenses by mailing first class mail, postage prepaid, on the 14th day of July, 2006.

Lisa A. Larivee



{B0537245; 1}