UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff | ) | Civil Action No. 04-474ML |
| vs. | ) | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants and Third-Party Plaintiffs | ) | |
| vs. | ) | |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | ) | **Oral Argument Requested** |

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby opposes the Motion to Dismiss or in the Alternative for Summary Judgment (the "Motion") of the Defendants, John Edward and Ganda, LLC a/k/a Ganda Communications. The Motion ignores YOFC's clear and plain pleading of a fraudulent conveyance claim. Additionally, the Motion attempts to obscure the issues of this case by requesting dismissal and summary judgment for claims never raised. Moreover, sufficient facts exist to show that a material dispute exists regarding this issue or, at least, that further discovery is necessary. Accordingly, the Motion should be denied because

YOFC has alleged valid legal claims and material facts are still in dispute regarding these claims. YOFC files its supporting memorandum and the affidavits of Ira Gross and Samual Miller herewith.

WHEREFORE, YOFC respectfully requests that the Court deny the Motion.

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Plaintiff Yangtze Optical Fibre and Cable Company Ltd.
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

Dated: July 17, 2006

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I served on the above-named counsel of record a copy of the within Yangtze Optical Fibre and Cable Company Ltd.'s Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment by mailing first class mail, postage prepaid, on the 17th day of July, 2006.

Lisa A. Larivere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants and Third-Party Plaintiffs<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | ) | Civil Action No. 04-474ML |

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS <u>OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("<u>YOFC</u>") opposes the Motion to Dismiss or in the Alternative for Summary Judgment (the "<u>Motion</u>") of the Defendants, John Edward ("<u>Edward</u>") and Ganda, LLC a/k/a Ganda Communications ("<u>Ganda</u>" and together with Edward, the "<u>Defendants</u>"). The Motion ignores YOFC's clear and plain pleading of a fraudulent conveyance claim. Additionally, the Motion attempts to obscure the issues of this case by requesting dismissal and summary judgment for claims never raised. Moreover, sufficient facts

exist to show that a material dispute exists regarding this issue or, at least, that under Fed. R. Civ. P. 56(f), further discovery is necessary. Accordingly, the Motion should be denied.

**STATEMENT OF FACTS**

YOFC and Ganda entered into a contract in 1998 whereby Ganda would be the North America sales agent for YOFC. See YOFC's Complaint (dated November 8, 2004) ("the "Complaint") at ¶ 7. This agreement was superseded by an agreement between the parties in 2001 (the "2001 Agreement"). See id. at ¶ 12. Under the terms of the 2001 Agreement, in circumstances when Ganda collected money from YOFC's customers, Ganda was required to then remit any money owed to YOFC. See id. at ¶ 15.

Contrary to the terms of the 2001 Agreement, Ganda has failed to remit to YOFC monies collected from YOFC's customers. See id. at ¶ 24. In total, Ganda has failed to remit a total of $2,561,718.09. (funds that should presumably have remained in Ganda's possession). See id. at ¶ 25. Upon information and belief, at some time after it acknowledged this debt, Ganda transferred substantial funds to Edward without adequate consideration. See id. at ¶ 26-30. In or about early April 2004, YOFC's counsel, Ira K. Gross had a conversation with James L. Rogers, Jr., counsel for Ganda and Edward, in which Mr. Rogers indicated that Ganda did not at that time have sufficient funds to satisfy YOFC's claim of approximately $2.5 million. See Affidavit of Ira K. Gross ("Gross Aff.") at ¶ 4. Soon thereafter, YOFC's investigation revealed that, during his divorce proceedings in North Carolina, Edward had represented to the court in North Carolina that, as of April 21, 2003, Ganda maintained a bank account in the amount of $ 2.65 million ($2,650,000), which was subject to claims by YOFC. See Gross Aff. at ¶ 4 and Exhibits A and B, which embody Edward's representations regarding Ganda's bank accounts to the court in North Carolina. On the foregoing basis, YOFC reasonably inferred that the Ganda

bank account had been depleted in some manner subsequent to April 21, 2003, and that Edward, who YOFC believes to be the sole member of Ganda, was responsible. Gross Aff. at ¶ 4

## ARGUMENT

### I. Standard on Motion to Dismiss

In determining whether to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take into consideration the allegations in the subject pleading, items appearing in the record of the case, and exhibits attached to that pleading. In re Lane, 937 F.2d 694, 696 (1st Cir. 1991). These facts are then construed in the light most favorable to the non-moving party, as well as taking all well-pleaded allegations as true and giving the non-moving party the benefit of all reasonable inferences. Morey v. Rhode Island, 359 F. Supp. 2d 71, 75 (D.R.I. 2005), citing Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992); Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002). A motion to dismiss should only be granted when, "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Price v. Wall, 428 F. Supp. 2d 52, 54 (D.R.I. 2006) (holding that a plaintiff met his burden of showing a claim, and therefore denying the motion to dismiss his claims). It is well-settled that so long as, "under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied." Morey, 359 F. Supp. 2d at 75, citing Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). Moreover, allegations made on "information and belief" are sufficient to state a claim. See Langadinos v. American Airlines, Inc., 199 F.3d 68, 73 (1st Cir. 2000).

### II. Standard on Summary Judgment

Summary judgment is only appropriate when there is no dispute as to any material fact and only questions of law remain. Doyle v. Huntress, Inc., 301 F. Supp. 2d 135, 141 (D.R.I. 2004), aff'd, 419 F.3d 3 (1st Cir. 2005), citing Blackie v. Maine, 75 F.3d 716, 721 (1st Cir.

1996). Material facts are those that might affect the outcome of the suit under the governing law. Paul Revere Life Ins. Co. v. Fish, 910 F. Supp. 58, 62 (D.R.I. 1996) (quoting Morrissey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995) (internal quotations omitted)). Further, factual disputes are genuine when the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. Doyle, 301 F. Supp. 2d at 141 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal citations omitted)), see also Paul Revere Life Ins. Co., 910 F. Supp. at 62 (denying a motion for summary judgment where there were genuine disputes of material facts).

## III. YOFC Asserts a Valid Claim and Genuine Disputes of Material Fact Exist For the Fraudulent Conveyance Claims Against the Defendants

### A. YOFC Has Alleged Valid Claims For Fraudulent Conveyance.

To bring a claim of fraudulent conveyance, a party must allege that there was (i) a creditor and debtor, (ii) that a transfer was made by an insolvent debtor to an insider, (iii) and the debt arose before the transfer was made. Rhode Island Depositors' Econ. Prot. Corp. v. Mollicone, 677 A.2d 1337, 1339 (R.I. 1996) (holding that a fraudulent transfer was made under the R.I. Gen. Laws § 6-16-1 *et seq*. when a transfer was made by an insolvent debtor). In the Complaint, YOFC pled all of the elements of a fraudulent conveyance claim. See Complaint, ¶¶ 28-30; 45-56. Specifically, YOFC has pled that transfers were made after debts were owed to YOFC, and that these transfers prevented Ganda from paying its debts to YOFC. See id. Further, YOFC has pled that these transfers were made to Edward. See id. Without access to Ganda's financial records (which are included in the subjects of the pending discovery requests) it is clearly difficult to confirm the evidence of these illegal transfers; nevertheless, YOFC has clearly and plainly alleged sufficient facts to state a cause of action against Ganda *and* Edward

for both fraudulent conveyance. Accordingly, the fraudulent conveyance claims should not be dismissed.

B. Summary Judgment Is Premature But There Is A Basis To Allow Further Discovery.

Without any discovery, summary judgment is premature. The non-moving party to a summary judgment motion is entitled both to enter an affidavit in favor of its case and also to request more discovery. See Fed. R. Civ. P. 56(f); see also Wright, Miller, & Kane Federal Practice and Procedure: Civil 3d § 2740 ("Rule 56(f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary-judgment motion by presenting valid reasons justifying his failure of proof"). Discovery in this action has just commenced. See Affidavit of Samual A. Miller ("Miller Aff.") at ¶ 3. Although YOFC has served document requests and interrogatories aimed, in part, at discovering information concerning YOFC's fraudulent conveyance claims, Ganda's responses are not yet due (and, accordingly, have not yet been made). See Miller Aff. at ¶ 3. Because discovery is not scheduled to be completed until March 30, 2007, see Miller Aff. at ¶ 4, there is still sufficient time for YOFC to develop evidence to prove its claims. Accordingly, YOFC requests that the Court allow discovery before addressing summary judgment on this issue. Once discovery is complete on this issue, summary judgment may or may not be appropriate. The protections provided under Fed. R. Civ. P. 56(f) should apply to YOFC and the Motion should be denied at this time.

Additionally, based on the information that is currently known, the Defendants' request for summary judgment may be baseless and requires further discovery. Although the Defendants assert (in a wholly conclusory fashion) that no fraudulent conveyances took place, YOFC has submitted an affidavit indicating a basis for concluding that such conveyances were made (which statement made to Mr. Gross formed the basis of the fraudulent conveyance claims

in the Complaint). See Gross Aff. at ¶ 4. The Gross Aff. demonstrates a genuine dispute of material fact as to whether monies were transferred out of Ganda's accounts to Edward despite the amounts owed to YOFC. Gross Aff. at ¶ 4. As for the affidavit submitted by the Defendants, it does not include any documentation regarding Ganda's current bank account balances or any transfers to Edward, which documentation would easily be within the Defendants' possession custody and control. See generally James L. Miniter Ins. Agency v. Ohio Indemnity Co., 112 F.3d 1240, 1245 (1st Cir. 1997) ("Neither party may rely on conclusory allegations or unsubstantiated denials, but must identify specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits to demonstrate either the existence or absence of an issue of fact."). At this stage, it is impossible for the Court to determine credibility of only conflicting evidence; thus the Motion should be denied and further discovery should be allowed. Doyle v. Huntress, Inc., 301 F.Supp.2d 135, 141 (D.R.I. 2004).

C. The Complaint Only Asserts Fraudulent Conveyance Claims Against Edward.

The Motion attempts to obscure the issues involved in this case. The Defendants assert that Edward should not be held liable for breach of the agreements between YOFC and Ganda. See Motion at p. 4. As the basis for this assertion, Ganda argues that Edward is not a party to the 1998 Agreement or the 2001 Agreement. Id. YOFC readily admits that it has not, to date, asserted a claim against Edward for breach of contract; rather, YOFC merely seeks to recover from Edward for his role in the fraudulent conveyance of funds between Ganda and Edward. Accordingly, the Defendants' arguments that Edward cannot be liable for Ganda's breaches of contract are irrelevant.

D. Edward Can Be Personally and Individually Liable As A Defendant In YOFC's Claims For Fraudulent Conveyance.

(i) *Under Delaware Law, Edward Is a Proper Party*

Ganda is organized under the laws of Delaware,[1] and as such, the Delaware Limited Liability Company ("LLC") Act should control his liability. "[T]he laws of the state or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the liability of its members." R.I. Gen. Laws § 7-16-48(a) (2006). For his part in the fraudulent conveyance, Edward could be found liable under Del. Code Ann. tit. 6, § 18-607 (2006). A member of an LLC violates Del. Code Ann. tit. 6, § 18-607(a), (b)(2006) by knowingly receiving a distribution from the LLC when creditors are owed amounts in excess of that distribution.[2] YOFC has alleged that (i) Edward was a member of an LLC, and (ii) participated in such a fraudulent conveyance. Accordingly, Edward can be held individually and personally liable for any fraudulent conveyance.

(ii) *Even Under Rhode Island Law, Edward May Be Held Individually Liable*

Like Delaware law, the laws of this state (the likely location of any fraudulent conveyance) provide no shelter for Edward. Although under R.I. Gen. Laws § 7-16-23 (2006), a member or manager of an LLC is not liable for actions of the LLC solely by reason of being a member or manager of the LLC, Ganda's fraudulent conveyance of monies to Edward satisfies one of the exceptions to this general rule. Specifically, under Rhode Island law, a manager[3] of

---

[1] Complaint ¶ 3 and Amended Answer (dated January 31, 2006) ¶ 4.

[2] In any event, Delaware Courts will also pierce the corporate veil in instances of fraudulent conveyance. In Ford v. Harris Moving and Storage, Inc., No. C.A. 6359, 1981 WL 15151 (Del. Ch., Jun 16, 1981), the court pierced the veil of Harris Moving and Storage, Inc. when monies were transferred away from the business to avoid payment of a judgment.

[3] Under R.I. Gen. Laws § 7-16-14 (2006) a member is considered a manager under this statute so long as that member has management authority. Ganda's Operating Agreement has not yet been produced in this litigation, so Edward's specific status within Ganda is not yet known. However, based on YOFC's dealings with Ganda and

an LLC can be individually liable for actions which involve intentional misconduct or a knowing violation of law. R.I. Gen. Laws § 7-16-18 (2006). A fraudulent conveyance is a violation of the Uniform Fraudulent Transfer Act (R.I. Gen. Laws § 6-16-1 *et seq.*), and therefore Edward's participation in such an act as a manager of an LLC constitutes a knowing violation of law. Therefore, under Rhode Island law, Edward may be held liable for his actions as a manager of an LLC.

Beyond the statutory authority providing for Edward's liability for the fraudulent conveyance, Rhode Island law allows veil piercing in instances of fraudulent conveyance. Corporate law seeks to protect shareholders from individual liability, but in situations where an entity has transferred assets in order to avoid payment or to defraud a creditor, the court has pierced the corporate veil and found individual liability for those assets. Lemoi v. Lemoi, 713 A.2d 242, 244 (R.I. 1998) (finding shareholders liable when a corporation transferred monies to them in order to defraud a judgment creditor), Nat'l Hotel Assocs. v. O. Ahlborg & Sons, Inc., 827 A.2d 646, 657-58 (R.I. 2003) (holding sole stockholder liable for transfers made under the Uniform Fraudulent Transfer Act). Ganda's alleged transfer to Edward, with the knowledge that monies were owed in a greater amount to YOFC, as shown above, is sufficient for this cause of action. Although Edward may have limited liability in certain circumstances as a member or manager of an LLC, this protection would not go so far as to exempt Edward from liability in a fraudulent conveyance.

---

Edward (*e.g.*, Edward's execution of the agreements between YOFC and Ganda), it is apparent that Edward had management authority to act on behalf of Ganda. Therefore, as it applies here, Edward should be considered a manager for purposes of Rhode Island law.

## CONCLUSION

For the foregoing reasons, YOFC respectfully requests that the Court deny the Motion to Dismiss or in the Alternative for Summary Judgment without prejudice.

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Plaintiff Yangtze Optical Fibre and Cable Company Ltd.
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

Dated: July 17, 2006

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I served on the above-named counsel of record a copy of the within Yangtze Optical Fibre and Cable Company Ltd.'s Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment by mailing first class mail, postage prepaid, on the 17th day of July, 2006.

Lisa A. Larivee