UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants and Third-Party Plaintiffs<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | ) | Civil Action No. 04-474ML |

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S**
**LOCAL RULE 56 STATEMENT OF DISPUTED FACTS**

Pursuant to Local Rule 56(a)(4), Plaintiff Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC") hereby submits its Statement of Disputed Facts in opposition to the Motion To Dismiss or in the Alternative for Summary Judgment submitted by Defendants Ganda LLC ("Ganda") and John Edward ("Edward").

1. YOFC and Ganda entered into a contract in 1998 whereby Ganda would be the North America sales agent for YOFC. This agreement was superseded by an agreement between the parties in 2001 (the "2001 Agreement"). See Complaint (dated November 8, 2004) at ¶ 12 and Exhibit C; Amended Answer, Counterclaim and Complaint Against Draka Comteq B.V., Draka Comteq Fibre B.V., Plasma Optical Fibre B.V., Draka Comteq Americas Inc., and Draka

Holding N.V. (dated January 31, 2006) at ¶ 12. Under the terms of the 2001 Agreement, in circumstances when Ganda collected money from YOFC's customers, Ganda was required to then remit any money owed to YOFC. Id.

2. Contrary to the terms of the 2001 Agreement, Ganda has failed to remit to YOFC monies collected from YOFC's customers. See Affidavit of Ira K. Gross, Esq. ("Gross Aff.") at Exhibits A and B. In total, Edward has admitted to a North Carolina court that Ganda has failed to remit to YOFC a total of $2,561,718.09 (funds that should presumably have remained in Ganda's possession). Id.

3. Edward did not sign the 1998 or 2001 Agreements in his personal capacity, but Edward is or was a member of the Delaware limited liability company, Ganda LLC and, as admitted in his affidavit in support of the Motion to Dismiss or in the Alternative for Summary Judgment, received funds from Ganda LLC. See Affidavit of John Edward ("Edward Aff.) at ¶2.

4. In or about early April 2004, YOFC's counsel, Ira K. Gross, had a conversation with James L. Rogers, Jr., counsel for Ganda and Edward, in which Mr. Rogers indicated that Ganda did not at that time have sufficient funds to satisfy YOFC's claim of approximately $2.5 million. See Gross Aff. at ¶4.

5. Soon thereafter, YOFC's investigation revealed that, during his divorce proceedings in North Carolina, Edward represented to the court in North Carolina that, as of April 21, 2003, Ganda maintained a bank account in the amount of $2.65 million ($2,650,000), which was subject to claims by YOFC See Gross Aff. at ¶4 and Exhibits A and B.

6. On the foregoing basis, YOFC reasonably inferred that the Ganda bank account had been depleted in some manner subsequent to April 21, 2003, and that Edward, who

YOFC believes to be the sole member of Ganda, was responsible. See Gross Aff. at ¶4; see also Edward Aff. at ¶1.

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Plaintiff Yangtze Optical Fibre and Cable Company Ltd.
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

Dated: July 17, 2006

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I served on the above-named counsel of record a copy of the within Yangtze Optical Fibre and Cable Company Ltd.'s Local Rule 56 Statement of Disputed Facts by mailing first class mail, postage prepaid, on the 17th day of July, 2006.

Lisa A. Larivie