UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff | ) | Civil Action No. 04-474ML |
| vs. | ) | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants and Third-Party Plaintiffs | ) | |
| vs. | ) | |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | ) | |

**THIRD-PARTY DEFENDANTS' OBJECTION TO DEFENDANTS' MOTION FOR ENTRY OF DEFAULT AND CROSS-MOTION FOR RELIEF UNDER FED. R. CIV. P. 55(C)**

Pursuant to Fed. R. Civ. P. 55(c), Third-Party Defendants Draka Comteq B.V., Draka Comteq Fibre B.V.,[1] Plasma Optical Fibre B.V., Draka Comteq Americas Inc., and Draka Holding N.V. (collectively, "Draka")[2], through their undersigned counsel, oppose the Motion for Entry of Default (the "Motion") filed by defendants Ganda, LLC, a/k/a Ganda Communications ("Ganda"), and John Edward ("Edward," and together with Ganda, the "Defendants") and cross-move for relief from entry of any default. Draka's supporting memorandum and the Affidavit of Samual Miller are filed herewith.

[1] Plasma Optical Fibre B.V. still exists and is wholly owned by Draka Comteq Fibre B.V.

[2] The Third Party Defendants were misidentified in the Defendants' original and amended answer and counterclaims and complaint. The correct names for the identified Draka entities are used herein.

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Third-Party Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com

Of counsel:

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX
igross@sandw.com
smiller@sandw.com
cdutton@sandw.com

Dated: July 21, 2006

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I served on the above-named counsel of record a copy of the within Third-Party Defendants' Objection to Defendants' Motion for Entry of Default and Cross-motion for Relief Under Fed. R. Civ. P. 55(c) by mailing first class mail, postage prepaid, on the 21st day of July, 2006.

Lisa A. Laruvie

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants and Third-Party Plaintiffs<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | ) | Civil Action No. 04-474ML |

**THIRD-PARTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS' MOTION FOR ENTRY OF DEFAULT <u>AND CROSS-MOTION FOR RELIEF UNDER FED. R. CIV. P. 55(C)</u>**

Pursuant to Fed. R. Civ. P. 55(c), Third-Party Defendants Draka Comteq B.V., Draka Comteq Fibre B.V.,[1] Plasma Optical Fibre B.V., Draka Comteq Americas Inc., and Draka Holding N.V. (collectively, "<u>Draka</u>")[2], through their undersigned counsel, oppose the Motion for Entry of Default (the "<u>Motion</u>") filed by defendants Ganda, LLC, a/k/a Ganda Communications ("<u>Ganda</u>"), and John Edward ("<u>Edward</u>," and together with Ganda, the "<u>Defendants</u>") and cross-move for relief from entry of any default. Draka respectfully submits that entry of default is not warranted in this action. First, Draka's counsel's inadvertent failure to reply in a timely way to

---

[1] Plasma Optical Fibre B.V. still exists and is wholly owned by Draka Comteq Fibre B.V.

[2] The Third Party Defendants were misidentified in the Defendants' original and amended answer and counterclaims and complaint. The correct names for the identified Draka entities are used herein.

the Defendants' Amended Answer, Counterclaim and Complaint Against Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fiber, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. and Demand for Jury Trial (the "Amended Counterclaims") was not willful. Second, the Defendants have not demonstrated that there would be any prejudice to them by denying the Motion. Finally, Draka has meritorious defenses to the claims against it in the Amended Counterclaims, and the Court should adhere to the principle that actions should be decided on the merits. Accordingly, Draka respectfully submits that the Court should deny the Motion.

## Procedural Background

On November 8, 2004, Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") filed the complaint in this action. See Affidavit of Samual A. Miller ("Miller Aff.") at ¶ 3. The complaint alleges, among other things, that Ganda failed to reimburse YOFC for monies that Ganda collected on YOFC's behalf and that the Defendants fraudulently depleted Ganda's ability to fulfill Ganda's contractual payment obligations to YOFC. Id.

The Defendants answered the complaint and filed counterclaims. Miller Aff. at ¶ 4. Shortly thereafter, on February 17, 2006, the Defendants filed and served the Amended Counterclaims, in which Ganda alleges that its sales agent agreement with YOFC was wrongfully terminated pursuant to a demand issued by Draka. Id. Ganda further alleges that this purported conspiracy resulted in Ganda's purported elimination from the North American market for optical fiber in violation of 15 U.S.C. § 1 *et seq.* and 15 U.S.C. § 12 *et seq.*. Id.

On April 10, 2006, YOFC and Draka moved to dismiss Ganda's antitrust claim. Miller Aff. at ¶ 5. In its motion, YOFC and Draka argued, among other things, that Ganda's antitrust counterclaim fails to state a claim upon which relief can be granted because they do not

state any facts that can establish (i) standing for Ganda to assert any antitrust counterclaim or (ii) that Ganda ever incurred any "antitrust injury." Id.

On June 9, 2006, the Court denied YOFC and Draka's motion to dismiss. Miller Aff. at ¶ 6. In its analysis, the Court found that Ganda has alleged sufficient facts to overcome a motion to dismiss. See Memorandum and Order (dated June 9, 2006) at p. 9. Nevertheless, recognizing that YOFC and Draka may have complete defenses on the merits, the Court further noted that "YOFC and Draka might argue they were within their rights as joint venture partners to so collaborate, but this argument goes to the substantive question of whether the conduct was in fact an antitrust violation, a merits question that goes beyond the scope of an antitrust standing inquiry." Id. Subsequently, though YOFC had previously filed its answer largely denying Ganda's allegations, Draka's counsel inadvertently and innocently forgot to file Draka's reply to Ganda's counterclaim as required by Fed. R. Civ. P. 12(a)(4). Miller Aff. at ¶ 7. On July 12, 2006, the Defendants moved for entry of default for Draka's inadvertent failure to comply with Fed. R. Civ. P. 12(a)(4) and Draka's counsel's received that motion on July 14, 2006. Miller Aff. at ¶ 8. On that same day, July 14th, as soon as it was notified of its inadvertent failure to comply with Fed. R. Civ. P. 12(a)(4), Draka filed its reply to Ganda's counterclaim. Miller Aff. at ¶ 9.

## Argument

**Fed. R. Civ. P. 55(c) Allows Entries of Default To Be Set Aside For Good Cause.**

The Court should deny the Motion. Even if a default had been entered by the Court, setting aside the entry of default would be appropriate under Fed. R. Civ. P. 55(c). Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . ." Fed. R. Civ. P. 55(c). In this circuit, when determining whether to vacate an entry of default, the Court should consider (i) whether the default was willful; (ii) whether setting aside

the default judgment would prejudice the adversary; and (iii) whether a meritorious defense is presented. See Leshore v. County of Worcester, 945 F.2d 471, 473 (1st Cir. 1991) (noting that "[a]lthough there is no rigid formula to guide the court in ruling on such a motion, it should consider 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'") (internal citations omitted); Plouffe v. New Pace, Inc., 989 F.2d 484, 484 (1st Cir. 1993) (same); CSB Corp. v. Cadillac Creative Adver., Inc., 136 F.R.D. 34, 35 (D.R.I. 1990) (noting that good cause includes "an investigation as to '. . . whether the default was willful, whether a meritorious defense is presented.' ") (internal citations omitted); see, e.g., Tesillo v. Emergency Physician Assoc., Inc., 230 F.R.D. 287, 288 (W.D.N.Y. 2005). Draka submits that its inadvertent failure to file Draka's reply to the Amended Counterclaims after its motion to dismiss was denied was not willful. Additionally, the Defendants have not demonstrated that there would be any prejudice to them by denying the motion. Finally, Draka submits that it has meritorious defenses to the claims against it in the Amended Counterclaims.

In its analysis of the Motion, the Court should be guided by the fundamental philosophy that civil actions should ordinarily be resolved on the merits of an action rather than inadvertent mistakes of counsel at the pleadings stage. See Leshore, 945 F.2d at 472 ("the 'philosophy that actions should ordinarily be resolved on their merits' dictates that 'a district court should resolve doubts in favor of a party seeking relief from the entry of a default.'") (citations omitted). If the Court grants the relief requested in the Motion, the Court will be allowing an inadvertent oversight of counsel to trump the merits of the action. This result is antithetical to the fundamental philosophy that actions should be resolved on the merits. Accordingly, particularly given the absolute absence of any prejudice to the Defendants, the

Court should deny the Motion and allow the parties to proceed with proving their client's claims (on the merits).

The facts and the court's holding in Tesillo v. Emergency Physician Assoc., Inc. is particularly applicable in this action. In Tesillo, on November 2, 2004, the plaintiff, Tesillo, commenced an action against the defendant, EPA. Tesillo, 230 F.R.D. at 288. The EPA did not serve an answer, but on December 22, 2004, filed a motion to dismiss, which was subsequently denied by the court on July 18, 2005. Id. After the motion to dismiss was denied, defendant EPA failed to file an answer within the 10 day period required by Fed. R. Civ. Pro. 12(a)(4)(A). Id. About a month later, on August 17, 2005, the plaintiff requested an entry of default. Id. On September 1, 2005, the defendant opposed default judgment, and simultaneously cross-moved to vacate the clerk's entry of default and for leave to serve its answer. Id. After considering the same test applied in this circuit, the court in Tesillo denied the motion for default judgment and granted defendant's cross-motions to vacate the entry of default and for leave to serve its answer. Id. The court in Tesillo noted that "[d]ecisions to vacate an entry of default are within the discretion of the court, but any doubts should be resolved in favor of a trial on the merits." Id. at 289. The court in Tesillo additionally noted that "[w]hen determining the willfulness of a default, the Second Circuit has clearly held that carelessness and negligence do not constitute willfulness for the purpose of a default judgment." Id. With these premises of law and the same three part test applicable here, the court in Tesillo held that the defendants' actions were not willful, did not prejudice the plaintiff, and that entry of a default would vitiate the defendant's possibly meritorious defense on a basis other than the merits. Id. at 289. On the point of willfulness, the court in Tesillo specifically found:

> [i]n the case at hand, the attorney for defendant acknowledges the failure to file an answer, but states that he "inadvertently and innocently forgot" to do so after the Court's decision denying defendant EPA's Motion to Dismiss. The attorney for the

> defendant represents that he did prepare an answer prior to deciding to file the motion to dismiss, and merely forgot to file the answer once that motion was denied. There is absolutely no indication that the failure to file an answer was deliberate, the result of bad faith, or intended to cause undue delay or harassment.

Id. (citations omitted). The court in Tesillo then found that the two month delay was not prejudicial:

> [f]or the delay in filing the answer to prejudice [the non-defaulting party], the delay must result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Here, defendant should have filed an answer ten days after the motion to dismiss was denied on July 18, 2005. The failure to do so resulted in a delay of only two months. The plaintiff has failed to show how this delay will result in any prejudice or harm, and the Court finds none.

Id. (citations omitted). Finally, the court in Tesillo found that a meritorious defense may exist:

> [i]n order to satisfy this criterion, the defense need only show that there is a determination for the fact finder to make. In the present case, the Court recently denied the defendant's motion to dismiss for the very reason that there are significant issues of fact to be determined. It is clear, therefore, that there is a sufficient meritorious defense to warrant vacating the entry of default.

Id. (citations omitted). In line with the findings and holding in Tesillo, and as explained in detail below, the Court should deny the Motion.

**Good Cause Exists To Deny The Motion For Entry Of Default.**

Draka's Inadvertent Failure to Timely File the Reply Was Not Willful.

While Draka's counsel's failure to timely file Draka's reply to the Amended Counterclaims may have been careless and a mistake, it was certainly not willful. Carelessness with regard to the timely filing of pleadings does not rise to the level of willfulness. See, e.g., Schmir v. Prudential Ins. Co. of America, 220 F.R.D. 4, 6 (D.Me. 2004) (finding that the default was not willful and that while the Defendant had "not offered a precise reason for the current default" . . . "the Court believes that the most likely explanation for the default at issue is the negligence of counsel in computing and following court deadlines"). In this action, it is

respectfully submitted that there is no willfulness. Draka clearly intends to defend itself in this action, which intent is manifested in YOFC's and Draka's motion to dismiss. After receiving the decision on its motion to dismiss, Draka's counsel simply forgot to file the reply as required by Fed. R. Civ. P. 12(a)(4). It would be illogical after filing such a strenuous motion to dismiss for Draka to intentionally or in bad faith fail to file its responsive pleading. Accordingly, Draka respectfully requests that the Court recognize that Draka's failure was merely inadvertent and allow the parties to litigation the claims against Draka on the merits.

The Defendants Have Not Suggested That They Will Be Prejudiced If A Default Is Not Entered.

In support of their motion, the Defendants failed to even suggest, much less demonstrate, that Ganda would be prejudiced if a default is not entered in this action. The Defendants bear the burden of demonstrating such prejudice. See Plouffe, 989 F.2d at 484 (finding that the moving party "failed to articulate any prejudice"); Brown v. Boats Unlimited, Inc., 128 F.R.D. 23, 24 (D.R.I. 1989) ("There has been no showing on the part of the plaintiff that setting aside the default would prejudice him." citing Coon v. Greiner, 867 F.2d 73 (1st Cir. 1989)). Denying the Defendants' request for an entry of default will not prejudice the Defendants. There is no suggestion of or reason to believe that any witnesses or evidence became unavailable as a result of the short delay in the filing of Draka's reply. Nor is there any suggestion of or reason to believe that memories have dimmed beyond refreshment or that any discovery scheme has been thwarted. Given the complete lack of any prejudice to the Defendants (or even a suggestion or claim of such prejudice), the Court should deny the Motion.

Draka Has Meritorious Defenses To The Claims In The Amended Counterclaims.

Draka submits that it has meritorious defenses to Ganda's allegations of wrongdoing, both on the law and the facts. Among other things, as the Court explained, "YOFC and Draka might argue they were within their rights as joint venture partners to so collaborate,

but this argument goes to the substantive question of whether the conduct was in fact an antitrust violation, a merits question that goes beyond the scope of an antitrust standing inquiry." See Memorandum and Order (dated June 9, 2006) at p. 9. Draka expects that it will succeed on its argument that the pertinent joint venture agreement will absolve YOFC and Draka of any wrongdoing, that other of its defenses on the law will ultimately prevail, and that, in any event, the facts do not support Ganda's claims. Given the likelihood of a meritorious outcome for Draka, the entry of a default in this action would be particularly injurious. Accordingly, Draka respectfully requests that the Court recognize that default in this action would be particularly and unfairly injurious to Draka and allow the parties to litigation the claims against Draka on the merits.

## CONCLUSION

For the foregoing reasons, YOFC respectfully requests that the Court deny the Motion for Entry of Default.

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Third-Party Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bwhite@vetterandwhite.com
gcleary@vetterandwhite.com

Of counsel:

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX
igross@sandw.com
smiller@sandw.com
cdutton@sandw.com

Dated: July 21, 2006

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I served on the above-named counsel of record a copy of the within Third-Party Defendants' Memorandum of Law in Support of Their Objection to Defendants' Motion for Entry of Default and Cross-motion for Relief Under Fed. R. Civ. P. 55(c) by mailing first class mail, postage prepaid, on the 21st day of July, 2006.

Lisa A. Lariviere