UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff | Civil Action No. 04-474ML |
| vs. | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants and Third-Party Plaintiffs | |
| vs. | |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | |

**AFFIDAVIT OF SAMUAL A. MILLER**

I, SAMUAL A. MILLER, first being duly sworn, hereby depose and say:

1. I am an associate with the law firm of Sullivan & Worcester LLP in Boston, Massachusetts, counsel to YOFC and Draka.

2. Except where otherwise indicated, I make this affidavit from facts within my personal knowledge and I believe all matters set forth herein to be true, correct and complete. I have adopted and use herein the definitional phrases used in the Third-Party Defendants' Memorandum of Law in Support of Their Objection to Defendants' Motion for Entry of Default and Cross-Motion for Relief Under Fed. R. Civ. P. 55(c).

3. On November 8, 2004, YOFC filed the complaint in this action. The complaint alleges, among other things, that Ganda failed to reimburse YOFC for monies that

Ganda collected on YOFC's behalf and that the Defendants fraudulently depleted Ganda's ability to fulfill Ganda's contractual payment obligations to YOFC.

4. The Defendants answered the complaint and filed counterclaims. Shortly thereafter, on February 17, 2006, the Defendants filed and served the Amended Counterclaims, in which Ganda alleges that its sales agent agreement with YOFC was wrongfully terminated pursuant to a demand issued by Draka. Ganda further alleges that this purported conspiracy resulted in Ganda's purported elimination from the North American market for optical fiber in violation of 15 U.S.C. § 1 *et seq.* and 15 U.S.C. § 12 *et seq.*

5. On, April 10, 2006, YOFC and Draka moved to dismiss Ganda's antitrust claim. In its motion, YOFC and Draka argued, among other things, that Ganda's antitrust counterclaim fails to state a claim upon which relief can be granted because they do not state any facts that can establish (i) standing for Ganda to assert any antitrust counterclaim or (ii) that Ganda ever incurred any "antitrust injury."

6. On June 9, 2006, the Court denied YOFC and Draka's motion to dismiss.

7. Subsequently, though YOFC had previously filed its answer largely denying Ganda's allegations, Draka's counsel inadvertently and innocently forgot to file Draka's reply to Ganda's counterclaim as required by Fed. R. Civ. P. 12(a)(4).

8. On July 12, 2006, the Defendants moved for entry of default for Draka's inadvertent failure to comply with Fed. R. Civ. P. 12(a)(4) and Draka's counsel's received that motion on July 14, 2006.

9. On that same day, July 14th, as soon as it was notified of its inadvertent failure to comply with Fed. R. Civ. P. 12(a)(4), Draka filed its reply to Ganda's counterclaim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2006.

Samual A. Miller

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I served on the above-named counsel of record a copy of the within Affidavit of Samual A. Miller by mailing first class mail, postage prepaid, on the 21st day of July, 2006.

Lisa A. Lariviere