UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd., | ) | |
| Plaintiff, | ) | |
| vs. | ) | C.A. No.: 04-474ML |
| Ganda, LLC a/k/a Ganda Communications and John Edward, | ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| vs. | ) | |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., | ) | |
| Third Party Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants/Third Party Plaintiffs Ganda, LLC a/k/a Ganda Communication ("Ganda") and John Edward ("Edward") respectfully submit this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. YOFC's only evidence in support of its fraudulent conveyance claims is a fact affidavit submitted by its own counsel attesting to substantive matters, which should be stricken pursuant to Model Rule of Professional Conduct 3.7. Moreover, this affidavit contains evidence of settlement negotiations and is therefore inadmissible. Notwithstanding the impropriety of the affidavit, it further fails to present a logical argument in support of YOFC's fraudulent conveyance claims. Finally, YOFC

is not entitled to any additional discovery in support of its fraudulent conveyance claims. Accordingly, YOFC's fraudulent conveyance claims should be dismissed in their entirety.

## ARGUMENT

### I. The Affidavit of Ira Gross violates Rule 3.7 of the Model Rules of Professional Conduct.

As the only source of factual support for its fraudulent conveyance claims, Plaintiff offers the affidavit of its primary counsel, Ira K. Gross (the "Gross Affidavit"). The Gross Affidavit constitutes direct factual testimony by Mr. Gross regarding substantive matters, however, and is therefore in violation of Model Rule of Professional Conduct 3.7, which rules have been in force in Rhode Island since 1988. Eastern Motor Inns, Inc. v. Ricci, 565 A.2d 1265 (R.I. 1989). Rule 3.7 prohibits an attorney from acting in a dual capacity as both lawyer and witness in the same proceeding. Grossi v. Annarumo, 1998 R.I. Super. LEXIS 47 (R.I. 1998). Specifically, this Rule provides

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) The testimony relates to an uncontested issue;
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
> (3) Disqualification of the lawyer would work substantial hardship on the client.

Rule 3.7 of the Model Rules of Professional Conduct. While Rule 3.7 clearly applies to an attorney testifying in open court, it is equally applicable to an attorney offering evidence by way of an affidavit. International Resource Ventures, Inc. v. Diamond Mining Company of America, Inc., 934 S.W.2d 218, 220 (Ark. 1996). "When the affiant is an attorney in the case, and the affidavit is submitted in support of a motion … it is tantamount to the attorney testifying," which is clearly prohibited by Rule 3.7. McIntosh v. Southwestern Truck Sales, 800 S.W.2d 431 (Ark. 1990) (refusing to consider an attorney's affidavit). "An attorney must decide whether he should

serve as a witness or as an advocate. An attorney who desires to testify must withdraw from the litigation. An attorney who desires to serve as an advocate may not testify." Carlton Properties, Inc. v. Ken's Discount Building Materials, Inc., 669 S.W.2d 469 (Ark. 1984). Testimony offered by an attorney on his client's behalf is not proper evidence and must not be considered by the Court. Id. (refusing to consider affidavit on the grounds that it was not evidence since it was filed by party's attorney).

Therefore, the Gross Affidavit is "nothing less than an attempt [by Mr. Gross] to disguise testimony while … still serving as an advocate." Id. Accordingly, the Gross Affidavit should be stricken, and this Court should not consider it when deciding Ganda's and Edward's Motion to Dismiss or in the Alternative for Summary Judgment. See Whitted v. General Motors Corp., 58 F.3d 1200 (7th Cir. 1995) (affirming lower court's decision to strike an attorney's affidavit as a violation of Rule 3.7); DeBiasi v. Charter County of Wayne, 284 F.Supp. 2d 760 (E.D. Mich. 2003) (disqualifying attorney who filed a fact affidavit in support of his client's position); Southern New England Telephone Co. v. Coho, 2005 Conn. Super. LEXIS 2884 (Conn. 2005) (finding that the filing of an affidavit by an attorney was a violation of Rule 3.7 and "extraordinarily shoddy practice" and further referring the attorney to the Statewide Bar Counsel for review); International Resource Ventures, 934 S.W.2d at 221 (affirming lower court's disqualification of an attorney who submitted a fact affidavit in support of his client's position). Plaintiff therefore has submitted no evidence in support of its fraudulent conveyance claims, and these claims should be dismissed.

However, in the event YOFC insists on maintaining these claims, Mr. Gross and his law firm should be disqualified as counsel pursuant to Rule 3.7. As noted above, an attorney must choose between being an advocate for his client and being a witness. Carlton Properties, Inc. v.

Ken's Discount Building Materials, Inc., 669 S.W.2d 469 (Ark. 1984). Since Mr. Gross has offered testimony on behalf of YOFC with respect to the fraudulent conveyance claims, neither he nor his firm can continue to act as counsel for YOFC. DeBiasi v. Charter County of Wayne, 284 F.Supp. 2d 760 (E.D. Mich. 2003); International Resource Ventures, Inc. v. Diamond Mining Company of America, Inc., 934 S.W.2d 218, 220 (Ark. 1996).

While there are three exceptions to Rule 3.7 allowing an attorney, under certain circumstances, to both testify and advocate on behalf of his client, none of these exceptions applies to YOFC. Specifically, Mr. Gross' testimony does not relate to an uncontested issue, nor does it relate to the nature and value of legal services rendered in the case. Rather, the Affidavit is the only evidence presented in support of YOFC's fraudulent conveyance claims and is therefore not only directly contested by Ganda and Edward but is necessary evidence for YOFC. Thus the first and second exceptions to Rule 3.7 are inapplicable. Finally, the disqualification of Mr. Gross and his law firm would not work a substantial hardship on YOFC since there are numerous attorneys in both the Boston and Rhode Island areas which could offer competent legal assistance to YOFC, particularly since this case is still in its early stages and has not progressed beyond initial requests for discovery. DeBiasi, 284 F.Supp. 2d 760 (finding that there was no substantial hardship on the client when there were many competent, experienced trial lawyers in the area). Accordingly, Mr. Gross and the firm of Sullivan & Worcester LLP should be dismissed as counsel for YOFC.

## II. The evidence offered by the Affidavit of Ira K. Gross is inadmissible evidence of settlement negotiations.

In addition to being improper testimony in violation of Rule 3.7, the Gross Affidavit should be excluded since it contains clearly inadmissible evidence of settlement negotiations. Rule 408 of the Federal Rules of Evidence provides that "evidence of conduct or statements

made in compromise negotiations is … not admissible." The Gross Affidavit consists entirely of Mr. Gross' recollections of a conversation had with counsel for Ganda and Edward in the course of settlement negotiations. Consequently, such testimony is inadmissible. Putnam Resources v. Pateman, 757 F.Supp. 157 (D.R.I. 1991) (affirming exclusion of letter sent from defendants' attorney to plaintiff's attorney during settlement negotiations as inadmissible). Inadmissible evidence may not be used to support or oppose a motion for summary judgment. Fed. R. Civ. P. 56(e) ("supporting and opposing affidavits … shall set forth such facts as would be admissible in evidence") (emphasis added); see also Lucas v. Chance, 121 Fed. Appx. 77 (6th Cir. 2005) (unpublished); CSC Credit Services, Inc. v. Credit Bureau of Tulsa, Inc., 119 Fed. Appx. 610 (5th Cir. 2004) (unpublished); Los Angeles News Service v. CBS Broadcasting, Inc., 305 F.3d 924 (9th Cir. 2002); S.W.S. Erectors, Inc. v. Southwest Signs, 72 F.3d 489 (5th Cir. 1996). When such evidence is offered to prove liability, that evidence must be excluded. Coogan v. Avnet, Inc., 2005 U.S. Dist. LEXIS 25336 (D.Ariz. 2005) (unpublished).

Since YOFC has presented only inadmissible evidence in support of its Opposition to Ganda and Edward's Motion to Dismiss or in the Alternative for Summary Judgment, it has failed to carry its burden under Fed. R. Civ. P. 56, and summary judgment is proper. See Los Angeles News Service, 305 F.3d 924 ("if the evidence … was inadmissible, [the plaintiff] would have failed to carry its burden of establishing [liability] and [defendant] would be entitled to summary judgment"); S.W.S. Erectors, Inc., 72 F.3d 489 ("when only inadmissible evidence is available to the plaintiff to support his [claim], summary judgment would be proper"). Accordingly, Ganda and Edward are entitled to summary judgment on all fraudulent conveyance claims.

**III. YOFC fails to present evidence sufficient to support a claim for fraudulent conveyance.**

Not only is the Gross Affidavit inadmissible and an improper violation of Rule 3.7 of the Model Rules of Professional Conduct, but its logic is faulty, as well, and it fails to support YOFC's allegations of a fraudulent conveyance. In essence, the Gross Affidavit submits only that at in April 2004, Ganda had less than $2.5 million in its bank accounts, and that it had approximately $2.65 million in April 2003. YOFC now contends that this simple fluctuation in Ganda's assets somehow means that Ganda transferred some or all of its assets to Edward in such a way as to satisfy the very particular requirements for a fraudulent conveyance claim. However, the simple fact that Ganda's assets decreased between April 21, 2003 and April 2004 in no way suggests or implies that Edward was the recipient of any of the assets, nor does it suggest or imply that any of the assets were transferred with fraudulent intent. Rather, there are numerous possibilities for why Ganda's assets decreased – sales could have gone down, Ganda could have paid money to its creditors, etc. In fact, it is not at all unusual for a company's assets to fluctuate on a yearly basis, and it is illogical to suggest that the reason for such fluctuation must be because the assets were fraudulently transferred. Accordingly, the evidence presented by YOFC in support of its fraudulent conveyance claims is insufficient to withstand Ganda and Edward's Motion to Dismiss or in the Alternative for Summary Judgment, and as such, these claims should be dismissed.

**IV. Plaintiff is not entitled to discovery in order to gather evidence in support of its fraudulent conveyance claims.**

Finally, YOFC erroneously contends that summary judgment is inappropriate at the present state of litigation in this matter. Rather, it is YOFC's assertion of a fraudulent conveyance that is premature, not Ganda's and Edward's Motion. With absolutely no factual

support for such a claim, YOFC is improperly trying to obtain access to Edward's personal financial information in order to determine whether or not such a claim is tenable. Instead, such discovery is properly available pursuant to Fed. R. Civ. P. 69 through post-judgment supplemental proceedings, which occur after a party has not only obtained a judgment against the party alleged to have fraudulent conveyed assets but also after the party has had the opportunity to see the evidence produced at trial and to determine whether such evidence suggests a fraudulent conveyance. Since YOFC neither has a judgment against Ganda nor any evidence supporting its claims against Edward, it is improper to allow YOFC the opportunity to proceed against Edward. Furthermore, it is inappropriate to allow YOFC to obtain access to Edward's financial information until such time as it has at least a minimal amount of factual support for its allegations.

YOFC asserts that it is entitled to a certain amount of discovery in order to determine whether it has a valid claim for fraudulent conveyance and cites Fed. R. Civ. P. 56(f) as support. However, in order to rely on Rule 56(f), a party must have at least some evidence to suggest that it has a valid claim. As is explained above, YOFC has no such evidence and is therefore not entitled to conduct discovery as a way of digging around for evidence which might validate an otherwise improper claim. In the event YOFC obtains a judgment against Ganda for the amounts claimed in the Complaint, and in the further event that evidence is produced during the trial that suggests that Ganda may have improperly transferred assets to Ganda, only then would YOFC have the right to bring a claim for fraudulent conveyance against both Ganda and Edward, and only then would YOFC have the right to conduct discovery regarding such a conveyance. Accordingly, the Court must look only to the evidence already produced by YOFC in support of

its fraudulent conveyance claims. Since such evidence is insufficient to support these claims, these claims should be dismissed.

Furthermore, in order to take advantage of Rule 56(f), a party must first move to stay a motion for summary judgment by submitting an affidavit setting forth the party's need for additional discovery and specifying how additional discovery would preclude entry of summary judgment. Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc., 826 F.2d 725 (7th Cir. 1987) (when plaintiff failed to move for continuance to obtain discovery, court precluded from finding that district court abused its discretion in ruling on defendant's motion for summary judgment); Weir v. Anaconda Co., 773 F.2d 1073 (10th Cir. 1985); Cooperative Centrale Raiffeisen-Boerenleen Bank B.A. v. Northwestern Nat. Ins. Co. of Milwaukee, Wisconsin, 778 F.Supp. 1274 (S.D.N.Y 1991); Gambrell v. Hess, 777 F.Supp. 375 (D.N.J. 1991). While YOFC submitted the Affidavit of Samual A. Miller, this affidavit did not explain why YOFC needs additional information, nor did it explain how additional discovery would preclude entry of summary judgment. Accordingly this Affidavit is insufficient, and summary judgment is proper at this stage.

## CONCLUSION

For the reasons set forth above, YOFC's fraudulent transfer claims should be dismissed in their entirety, and Edward should be dismissed from the action, with prejudice.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: August 3, 2006

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2006, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\replyopposition.doc