UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Third Party Defendants. | C.A. No.: 04-474ML |

**DEFENDANTS' OBJECTION TO THIRD PARTY DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY LATE TO DEFENDANTS' AMENDED ANSWER, COUNTERCLAIMS AND COMPLAINT**

Defendants/Third Party Plaintiffs Ganda, LLC a/k/a Ganda Communication ("Ganda") and John Edward ("Edward"), hereby oppose Third Party Defendants' Motion for Leave to File a Reply Late to Defendants' Amended Answer, Counterclaims and Complaint. Pursuant to Fed. R. Civ. P. 12(a)(4), Third Party Defendants Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. (collectively the "Draka Defendants") had ten days from the date of the Court's denial of their Motion to Dismiss certain counterclaims in which to file a responsive pleading to Ganda's and Edward's Summons, Amended Answer and Third Party Complaint.

This ten day time limit passed with no responsive pleading being filed or served, and Ganda and Edward have made the Draka Defendant's failure to timely respond to appear by an Affidavit of Default, which is attached to the Motion for Entry of Default as Exhibit A. Accordingly, pursuant to Rule 55(a), the clerk should enter the Draka Defendants' default.

WHEREFORE, Ganda and Edward respectfully request that the Court deny Third Party Defendants' Motion.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: August 4, 2006

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2006, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\objection3.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd., Plaintiff, vs. Ganda, LLC a/k/a Ganda Communications and John Edward, Defendants/Third Party Plaintiffs, vs. Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Third Party Defendants. | C.A. No.: 04-474ML |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO THIRD PARTY DEFENDANTS'MOTION FOR LEAVE TO FILE A REPLY LATE TO DEFENDANTS' AMENDED ANSWER, COUNTERCLAIMS AND COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(a)(4) and Fed. R. Civ. P. 55, Defendants/Third Party Plaintiffs, Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward"), hereby submit this Memorandum in Opposition to Third Party Defendants' Motion for Leave to File a Reply Late to Defendants' Amended Answer, Counterclaims and Complaint.

Ganda and Edward filed a Summons, Amended Answer and Third Party Complaint against Third Party Defendants Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. (collectively the "Draka Defendants") on or about February 17, 2006. Shortly

thereafter, counsel for Ganda and Edward initiated service of the same upon the Draka Defendants by international certified mail, return receipt requested. Prior to our obtaining all of the return receipts showing service of the foregoing documents, however, lead counsel for the Draka Defendants orally acknowledged and accepted service for the Draka Defendants at a Rule 16 Conference held in front of the Honorable Mary M. Lisi on March 21, 2006.

Subsequently, the Draka Defendants filed a Motion to Dismiss on April 11, 2006, seeking dismissal of certain counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). On June 9, 2006, the Court denied the Draka Defendants' Motion to Dismiss and sent each party notice of the same via facsimile. Rule 12(a)(4) of the Federal Rules of Civil Procedure provides

> Unless a different time is fixed by court order, the service of a motion permitted under this rule alters [the period of time in which a defendant has to serve a responsive pleading] as follows:
> (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action...

Accordingly, the Draka Defendants had ten days from the date of notice of the Court's Order in which to file a responsive pleading. This ten day time limit expired without the filing or service of any such pleadings, nor has counsel for Ganda and Edward received a copy of an Order or notice that the time for any Draka Defendant to file responsive pleadings has been extended.

The Draka Defendants' failure to file or serve a responsive pleading renders these defendants in default under Fed. R. Civ. P. 55, and Ganda and Edward are entitled to an entry of default against the same. Specifically, Rule 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk <u>shall enter the party's default</u>" (emphasis added). Notably, Rule 55 does not require that the defaulting party's failure to timely file a response be willful. In fact, the Rule says nothing about the defaulting

party's intent whatsoever. Moreover, Rule 55 is equally silent as to a showing of prejudice on the part of the moving party. Rule 55 simply requires that a party fail to timely file a reply. Therefore, the only burden the moving party has under Rule 55 is to show that the defaulting party failed to file a reply within the time periods prescribed by the Federal Rules of Civil Procedure. Accordingly, once the time had passed under the Federal Rules for the Draka Defendants to file a response to the Amended Answer, Counterclaims and Third Party Complaint, they were in default, and the Rule directs the clerk to enter such default.

The Federal Rules of Civil Procedure clearly provide that the Draka Defendants had ten days from June 9, 2006 in which to file a responsive pleading to Ganda's and Edward's Summons, Amended Answer and Third Party Complaint. This ten day time limit passed with no responsive pleading being filed or served, and Ganda and Edward have made the Draka Defendant's failure to timely respond to appear by an Affidavit of Default, which is attached to the Motion for Entry of Default as Exhibit A. Accordingly, pursuant to Rule 55(a), the clerk should enter the Draka Defendants' default.

For the foregoing reasons, Ganda and Edward respectfully request that the Court deny Third Party Defendants' Motion.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: August 4, 2006

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2006, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\objection3.doc