**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Counterclaim Defendants. | Civil Action No. 04-474ML |

**REPLY TO DEFENDANTS' RESPONSE TO YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully replies to Ganda, LLC a/k/a Ganda Communications and John Edward's (herein "Ganda") Response To Motion To Compel Of Yangtze Optical Fibre and Cable Company, Ltd.'s Motion To Compel (the "Response").

As set forth in YOFC's Motion To Compel, YOFC and its counsel have been hesitant to burden the Court with unnecessary motion practice and filings, but Ganda's repeated failure to produce documents and answer interrogatories for over four months made the filing of the Motion To Compel necessary.

In its Response to YOFC's Motion To Compel, Ganda seeks to excuse its failures to comply with its discovery obligations by misleadingly characterizing YOFC's behavior with respect to its own discovery responsibilities. Apart from failing in any way to directly address the merits of the Motion To Compel, such allegations are misleading at best, and thus warrant a reply for purposes of clarification.

Generally, in its Response, Ganda purports to excuse its own failures to produce documents by cursorily referring to YOFC's delays in its discovery responses. Response at 2. That issue, of course, has already been resolved by this Court. YOFC produced thousands of pages documents, gathered from China and Europe, in July and responded to Ganda's interrogatories in September. See DiPilato Affidavit ("DiPilato Aff.") at 4. Thus, Ganda has had the benefit YOFC's discovery responses for over three months, but YOFC remains in the dark with respect to the matters requested in its discovery requests.

Further, Ganda's statement in its Response that "Mr. Edward believes that most of the records responsive to YOFC's discovery requests are still available in Mr. Mustafa's [a former Ganda employee's] basement … in Rochester, NY …" is, in a word, troubling. Response at 2. The facts underlying the current litigation date back to 2000 and 2001, and an agreement that was terminated in 2002. Moreover, Ganda *itself* filed in federal court in Georgia in June of 2004 – well over two years ago – a Complaint relating to the factual issues underlying the current dispute. DiPilato Aff. at 3. As Ganda should know, and its counsel well knows, a party has an affirmative duty to preserve and protect documents potentially relevant to a dispute once it is on notice of a pending or threatened litigation. *Danis v. USN Communications*, 2000 U.S. Dist. LEXIS 16900 (No. 98 C 7482) (N.D. IL October 23, 2000); see also *Allstate Insurance Company v. Creative*, 1994 WL 499760 (D.R.I. 1994). Indeed, "a litigant is under a duty to preserve what

it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the *subject to a pending discovery request*." *Danis, supra,* quoting *Thompson, Co. v. General Nutrition Corporation,* 593 F. Supp. 1443, 1445 (C.D. Cal. 1984) (emphasis added). Put simply, more than two years after the filing of its *own* complaint, Ganda's counsel is suggesting that its client "believes" that "most" of the relevant documents subject for over four months to a pending discovery request (and relevant to an action first filed by Edward over two years ago) are "still available" in a basement of a former employee. Response at 2. If this statement is true, it is clear that Mr. Edward has breached his document preservation obligations. Of course, because YOFC has to date received *no* documents from Ganda, it is impossible to gauge in any way whether Mr. Edward's actions have resulted in the destruction or loss of potentially relevant documents.

Finally, Ganda's counsel's allegations that YOFC has "refuse[d]" to produce YOFC's general manager, Dr. Xu, for deposition is simply false. Response at 2. As Ganda's counsel knows, YOFC has corresponded on multiple occasions regarding Dr. Xu's availability for deposition. In particular, counsel for YOFC wrote to counsel for Ganda on September 15, 2006, advising that Dr. Xu would be available on any day between November 6, and November 17, 2006. DiPilato Aff. at 5. Ganda's counsel did not respond to this letter for over a month, despite the fact that it is well aware that Dr. Xu resides in China, and that the necessary scheduling and preparation for such deposition will be correspondingly difficult. In a letter dated October, 20, 2006, counsel for YOFC also offered additional alternative dates for Dr. Xu's deposition in November and December, contingent upon Ganda's first fulfilling its long overdue discovery obligations. DiPilato Aff. At 6. That offer has been ignored by Ganda, both substantively and in

its Responses. In the meantime, Ganda has ignored repeated requests for the production of its own discovery responses. It is patently unfair for Ganda to continue to demand the immediate deposition of a foreign deponent while at the same time continuing to flaunt its own discovery obligations

WHEREFORE, YOFC, for all of the reasons set forth above, and in its Motion To Compel, YOFC respectfully requests that the Court:

(1) issue an order compelling Ganda to respond to the Discovery Requests by no later than December 7, 2006.

(2) suspend Ganda's right to take any depositions in this action until Ganda's discovery obligations are satisfied, and YOFC has had sufficient time to review such materials;

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

/s/ Gordon P. Cleary

Benjamin V. White, Esq., No. 1652
*bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

*Of counsel:*

Ira K. Gross
Dean J. DiPilato
Joyce L. Tong
Lindsay D. Barna
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: November 16, 2006

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Reply on November 16, 2006. The reply is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary