UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | Civil Action No. 04-474ML |
| vs. | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, | |
| vs. | Oral Argument Requested |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants. | |

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34 and 37, and LR Cv 37, plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully moves the Court for an order compelling defendant Ganda, LLC a/k/a Ganda Communications ("Ganda") to supplement its document production. The grounds for this motion are set forth more fully in a Memorandum of Law in Support of YOFC's Motion to Compel the Production of Documents, filed herewith.

YOFC, though its counsel, has, in good faith, conferred with Defendant's counsel regarding Defendant's failure to make the discovery in an effort to secure the requested documents without Court intervention.

WHEREFORE, as set forth in YOFC's Motion, YOFC respectfully requests that the Court:

(1) issue an order compelling Ganda to produce documents within ten (10) days of the Court's Order;

(2) grant costs and sanctions, including attorneys fees; and

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 7, 2007

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this motion on February 7, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Third-Party Defendants. | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF MOTION BY YANGTZE OPTICAL CABLE FIBRE AND COMPANY LTD. TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this Memorandum of law in support of its Motion to Compel Defendant's Production of Documents. Defendant Ganda, LLC, a/k/a Ganda Communications ("Ganda") has been uncooperative in the resolution of various discovery issues. Therefore YOFC respectfully requests that the Court assist in resolving these issues.

**Background**

On June 21, 2006, YOFC served Plaintiff's First Requests for Documents and Tangible Things (the "Discovery Requests") on Ganda. See Affidavit of Lindsay D. Barna ("Barna Aff."),

submitted herewith, at ¶ 4. After over five months of delay, weeks of letter writing, numerous phone conversations, and the filing of YOFC's original Motion to Compel the Production of Documents, on November 30, 2006, on the eve of this Court's scheduled hearing on YOFC's Motion to Compel the Production of Documents, Ganda eventually produced some documents and discovery responses . After reviewing Ganda's limited and incomplete document production and discovery responses, YOFC determined that they are woefully deficient.

Most troubling is that in its purported objections to the Discovery Requests, Ganda has in many instances refused to produce *any* documents or provide *any* information sought by YOFC's Discovery Requests. YOFC set forth in detail these deficiencies and requested supplemental responses in a letter to Ganda's counsel dated December 29, 2006 ("December 29th Letter"). Id. at ¶ 9 and Ex. D.

In a letter dated January 5, 2007, Ganda responded to the December 29th Letter regarding the deficiencies of Ganda's production. Id. at ¶ 10 and Ex. E. Although Ganda confirmed it would "hope to be able" to give supplemental responses by January 16, 2007, as of the date of the filing of this Motion, Ganda has yet to submit any supplemental responses.

Wrangling over mutually amenable dates for depositions has gone on for some time. Ganda requested the deposition of YOFC's General Manager, Xu Xizhou ("Dr. Xu"). Accordingly, YOFC has proposed dates at least three times in the past three months for his deposition, the last time on the condition that additional Ganda documents would be forthcoming prior to said deposition. See Barna Aff. ¶ 5 and Exs. A and B.

Beyond the issues surrounding the production of documents and the scheduling of depositions, the senior associate previously assigned to this matter, Dean DiPilato, spent over a month hospitalized in Beth Israel Deaconess Medical Center in Boston, Massachusetts, in late

2006, and early 2007. Mr. DiPilato's unanticipated illness and hospitalization took place while the lead counsel and partner handling this matter for YOFC, Ira Gross, was out of the country for much of January.

Given Ganda's repeated unresponsiveness and apparent unwillingness to address outstanding document requests and discovery issues, as well as the paucity of documents included in Ganda's production of documents, YOFC is in no better position to move forward in discovery now than it was on November 30, 2006, when it filed its first Motion to Compel. Accordingly, YOFC respectfully requests the relief set forth herein.

## Argument

### A. Ganda's Tardy And Deficient Discovery Responses and Production of Documents.

Although Ganda took over five months to produce documents, Ganda's Discovery Responses are inadequate and deficient. To date, Ganda has still not produced (and refuses to produce) documents relating to the following categories of information integral to the resolution of the issues in dispute in this matter: (1) financial documents; (2) general corporate documentation; (3) documents concerning any fiber manufactured or sold by Ganda; and (4) communications between the parties and third parties regarding claims. These documents are all relevant to the subject matter in the pending action and thus must be produced. See Bennett v. LaPere, 112 F.R.D. 136, 138 (under Fed. R. Civ. P. 26(b) parties may obtain non-privileged discovery relating to any claim or defense . . . "[i]t is well established that the range of discovery under this provision is extremely broad"). Without a complete document production, YOFC is unable to prepare for depositions that Ganda intends to take, and is unable to move forward with its own depositions of parties and third parties . YOFC is hampered by Ganda's failure to comply with its discovery obligations.

1. Financial documents.

Ganda objected and refused to produce any documents in response to Discovery Requests numbered 33 and 43.

> **Request No. 33:** Any documents concerning any financial statement, statement of account, balance sheet, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda.
>
> **Response No. 33:** Ganda objects to this Request to the extend it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **Request No. 43:** Any documents concerning any withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda's name.
>
> **Response No. 43:** Ganda objects to this Request to the extend it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

The outright objection to these two document requests is unfounded. These requests are based on claims made within YOFC's Complaint, including its claim of fraudulent conveyance, that the Court in this matter has ruled is properly brought and pled. The financial records are at the heart of this case as they will provide the evidence that Ganda did not submit payments due to YOFC. As such, the documents and information requested pursuant to Document Requests numbered 33 and 43 are relevant to this litigation, not privileged and must be produced. See United States v. Grinnell Corp. 30 F.R.D. 358, 359-60 (1962) (granting in part plaintiff's motion to compel documents "relevant to the subject matter involved in the pending action").

2. <u>General corporate documents</u>.

Ganda objected and refused to produce any documents in response to Discovery Requests numbered 1, 2, and 3 relating to **general corporate documentation**.

> **<u>Request No. 1:</u>** Any documents that you have ever filed with the Rhode Island Secretary of State's office.
>
> **<u>Response No. 1:</u>** Ganda objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ganda further objects to this Request on the grounds that such information is available to Plaintiff through public sources or records.
>
> **<u>Request No. 2:</u>** Any documents constituting any operating agreement for Ganda.
>
> **<u>Response No. 2:</u>** Ganda objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **<u>Request No. 3:</u>** Any documents concerning the formation or origination of the name "Ganda."
>
> **<u>Response No. 3:</u>** Ganda objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

These documents are necessary to verify Ganda is a valid business entity and are in no way overbroad or unduly burdensome. The objections asserted are merely an attempt to avoid producing relevant documents regarding a party to this lawsuit.

3. <u>Documents concerning fiber manufactured or sold by Ganda</u>.

Ganda objected and refused to produce any documents in response to Discovery Request number 26, asking for **documents concerning any fiber manufactured or sold by Ganda**.

> **<u>Request No. 26:</u>** Any documents concerning any fiber manufactured or sold by Ganda.

> **Response No. 26:** Ganda objects to this Request to the extent that it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

This Document Request is at the very center of Ganda's own breach of contract counterclaim, as well as YOFC's claims against Ganda. Documents related to fiber sales made by Ganda are clearly relevant to YOFC's affirmative claim that Ganda still owes money to YOFC on sales of fiber. Further, the amount of fiber sold by Ganda is necessary for YOFC to defend against Ganda's claims that it is still owed commissions. All documents in response to this Document Request are thus relevant and reasonably calculated to lead to the discovery of admissible evidence. See United States v. Grinnell, supra at 4. Ganda's refusal to produce these documents is unfounded.

4. Communications.

Ganda objected and refused to produce documents in response to Discovery Requests numbered 15 and 16 asking for documents **consisting of communications between Ganda or Co-defendant John Edward and Diana Lu a/k/a or Diana Hojsak, a business associate of John Edward.**

> **Request No. 15:** Any documents constituting any communications between Ganda or Edward on the one hand and Diana Lu or Diana Hojsak on the other hand.

> **Response No. 15:** Ganda objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

> **Request No. 16:** Any documents concerning any communications between Ganda or Edward on the one hand and Diana Lu or Diana Hojsak on the other hand.

> **Response No. 16:** Ganda objects to this Request to the extent it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Given Diana Lu's prior business relationship with YOFC and her current business relationship with Edward, these communications could prove the existence or knowledge of fraudulent conveyances. Therefore these documents are relevant to, among others, YOFC's Fraudulent Conveyance claim (*a claim that survived an attempt of dismissal by Ganda*), and any information that Ms. Lu or Ms. Hojsak may have regarding these claims or any other claims in YOFC's Complaint or Ganda's counterclaims.

Ganda objected and refused to produce documents in response to Discovery Requests numbered 17 and 18 referring to **documents constituting or concerning communications regarding or referring to YOFC**.

> **Request No. 17:** Any documents constituting any communications regarding or referring to YOFC between Ganda or Edward on the one hand and any person on the other hand.

> **Response No. 17:** Ganda objects to this Request to the extent it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

> **Request No. 18:** Any documents concerning any communications regarding or referring to YOFC between Ganda or Edward on the one hand and any person on the other hand.

> **Response No. 18:** Ganda objects to this Request to the extent it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

These documents could prove 1) the sales of YOFC fiber which were not remitted, 2) how the fraudulent conveyance was carried out, and 3) that YOFC did not owe Ganda commissions. Any documents produced in response to these document requests are not only relevant on their face, but indeed go to the heart of the parties' dispute in this matter.

Ganda's refusal to produce these documents is, in a word, baffling. Unfortunately, these actions are consistent with Ganda's pattern of behavior throughout discovery in this case: stonewalling YOFC as to the production of key documents while at the same time attempting to strong-arm YOFC into making available its foreign witnesses without the benefit of YOFC's counsel having had an opportunity to review what may be substantively the bulk of Ganda's production.

**B. <u>YOFC Is Entitled to Expenses and Sanctions</u>.**

Pursuant to Fed. R. Civ. P. 37(a)(4)(A), if this Motion to Compel is granted, or if the requested discovery is provided <u>after</u> the filing of this motion (as Defendants previously did), this Court should order Defendants to pay Plaintiff its reasonable expenses incurred, including attorneys fees, in making the motion as such motion was filed in good faith.

**<u>Conclusion</u>**

For the above described reasons, counsel for YOFC is, at this time, unable to proceed through discovery effectively without resolution of the outstanding issues, and has been given no choice by Ganda's counsel but to seek the Court's assistance in compelling Ganda to comply with its discovery obligations.

WHEREFORE, as set forth in YOFC's Motion, YOFC respectfully requests that the Court:

(1) issue an order compelling Ganda to produce the requested documents within ten (10) days of the Court's Order;

(2) grant costs and sanctions, including attorneys fees; and

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*

Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 7, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this memorandum on February 7, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary