UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Third-Party Defendants. | Civil Action No. 04-474ML<br><br>Oral Argument Requested |

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION TO EXTEND THE FACT DISCOVERY AND OTHER DEADLINES**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") and Third-Party Defendants Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., hereby respectfully move the Court for an order extending fact discovery in this matter for a period of ninety (90) days. The grounds for this motion are set forth more fully in the Memorandum of Law in Support of Plaintiff's and Third-Party Defendants' Motion to Extend the Fact Discovery and Other Deadlines, filed herewith. Defendants have assented to a 30 day extension of the fact discovery deadline extension requested.

WHEREFORE, as set forth in the Motion, Plaintiff and Third-Party Defendants respectfully request that the Court:

(1) extend the time within which fact discovery be completed in this matter through and including June 28, 2007;

(2) adjust all other dates already set forth in the Court's Pretrial Order accordingly; and

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC. and DRAKA HOLDING N.V.**

By their attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 7, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this motion on February 7, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Third-Party Defendants. | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF MOTION BY PLAINTIFF AND THIRD-PARTY DEFENDANTS TO EXTEND THE FACT DISCOVERY AND OTHER DEADLINES**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") and Third-Party Defendants Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., hereby respectfully submit this memorandum in support of their Motion to Extend the Fact Discovery and Other Deadlines ninety (90) days. Counsel for defendant Ganda, LLC, a/k/a Ganda Communications ("Ganda") and John Edward has assented to a thirty (30) day extension of the discovery deadlines. As Plaintiff and Third-Party Defendants cannot proceed with discovery until the Defendant complies with certain discovery obligations (addressed in other motions filed

herewith) and due to extenuating circumstances, Plaintiff and Third-Party Defendants request this Court grant them a ninety (90) day extension.

**Background**

On June 21, 2006, YOFC served Plaintiff's First Requests for Documents and Tangible Things (the "Discovery Requests") on Ganda. See Affidavit of Lindsay D. Barna ("Barna Aff."), submitted herewith, at ¶ 4. After over five months of delay, weeks of letter writing, numerous phone conversations, and the filing of YOFC's original Motion to Compel the Production of Documents, on November 30, 2006, on the eve of this Court's scheduled hearing on YOFC's Motion to Compel the Production of Documents, Ganda eventually produced some documents and discovery responses. After reviewing Ganda's limited and incomplete document production and discovery responses, YOFC determined that they are woefully deficient.

Most troubling is that in its purported objections to the Discovery Requests, Ganda has in many instances refused to produce *any* documents or provide *any* information sought by YOFC's Discovery Requests. YOFC set forth in detail these deficiencies and requested supplemental responses in a letter to Ganda's counsel dated December 29, 2006 ("December 29th Letter"). Id. at ¶ 9 and Ex. D.

Ganda responded to the December 29th Letter regarding the deficiencies of Ganda's production with a letter dated January 5, 2007. Id. at ¶ 10 and Ex. E. Although Ganda gave assurances that it would provide supplemental responses by January 16, 2007, as of the date of the filing of this Motion, Ganda has yet to submit any supplemental responses.

Wrangling over mutually amenable dates for depositions has gone on for some time. Ganda requested the deposition of YOFC's General Manager, Xu Xinzhou ("Dr. Xu"). YOFC has proposed dates at least three times in the past three months for his deposition, the last time on

the condition that additional Ganda documents would be forthcoming prior to said deposition. See Barna Aff. ¶ 5 and Exs. A and B.

Beyond the issues surrounding the production of documents and the scheduling of depositions, the senior associate previously assigned to this matter, Dean DiPilato, spent over a month hospitalized in Beth Israel Deaconess Medical Center in Boston, Massachusetts, in late 2006, and early 2007. Mr. DiPilato's unanticipated illness and hospitalization took place while the lead counsel and partner handling this matter for YOFC, Ira Gross, was out of the country for much of January.

Given these extenuating circumstances in addition to the issues surrounding the deficiencies of Ganda's response to YOFC's Discovery Requests, YOFC respectfully requests an extension of the discovery and other deadlines.

## Argument

The Necessity of a Ninety (90) Day Extension of Fact Discovery and Other Deadlines.

While the Defendants have assented to a thirty (30) day extension of the discovery and other deadlines, YOFC is requesting a ninety (90) day extension. See Barna Aff. ¶ 13 and Ex. F. Due to Ganda's repeated delays in producing documents and responses to YOFC's Discovery Requests, and its failure to supplement its responses to the Discovery Requests, YOFC will not be able to collect the evidence and conduct the discovery it needs in order to schedule depositions in this action. Further, given the other extenuating circumstances, YOFC has been unexpectedly delayed in its preparation for the completion of discovery.

Discovery is currently slated to close on March 30, 2007. Given Ganda's repeated unresponsiveness and apparent unwillingness to address outstanding document requests and discovery issues, as well as the paucity of documents included in Ganda's production of documents, YOFC is in no better position to move forward in discovery now than it was on

November 30, 2006, when it filed its first Motion to Compel (which it withdrew only after Ganda produced documents on the eve of the hearing). Accordingly, YOFC respectfully requests a ninety (90) day extension of the fact discovery and other deadlines.

**Conclusion**

For the aforementioned reasons, counsel for Plaintiff and Third-Party Defendants, at this time, has been given no choice by Ganda's counsel but to seek the Court's assistance in compelling Ganda to comply with its discovery obligations, and extend discovery.

WHEREFORE, as set forth in the Motion, Plaintiff and Third-Party Defendants respectfully request that the Court:

(1) extend the time within which fact discovery be completed in this matter for ninety (90) days through and including June 28, 2007;

(2) adjust other dates already set forth in the Court's Pretrial Order accordingly; and

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD., DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC. and DRAKA HOLDING N.V.**

By their attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 7, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this memorandum on February 7, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary