UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, | Civil Action No. 04-474ML |
| vs. | |
| Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, | |
| vs. | Oral Argument Requested |
| Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants. | |

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO STAY THE DEPOSITION OF XU XIZHOU AND FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully moves the Court for an order staying the deposition of YOFC's General Manager, Xu Xizhou ("Dr. Xu") and for a protective order pending the resolution of the parties' discovery disputes. The grounds for this motion are set forth more fully in a Memorandum of Law in Support of YOFC's Motion to Stay the Deposition of Dr. Xu and for a Protective Order, filed herewith.

Pursuant to Fed. R. Civ P. 26(c), Plaintiff's counsel has in good faith conferred with the Defendants in an attempt to resolve this dispute without assistance by the Court.

WHEREFORE, as set forth in the Motion, Plaintiff respectfully requests that the Court:

(1) suspend the Defendants' right to take any depositions in this action and enter a Protective Order until the Defendant supplements its Discovery Responses pursuant to the simultaneously filed Motion to Compel the Production of Documents, and YOFC has been given a reasonable time to review said documents; and

(2) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 7, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this motion on February 7, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Third-Party Defendants. | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF MOTION BY PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD. TO STAY THE DEPOSITION OF XU XIZHOU AND FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Cir. P. 26(c)(2), Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this memorandum in support of its Motion to Stay the Deposition of Xu Xizhou ("Dr. Xu") and for a Protective Order. The defendant has been uncooperative in the resolution of various discovery issues, including the production of documents pursuant to discovery requests, and it would be oppressive and cause an undue burden and expense for Dr. Xu to be deposed prior to the production of such documents. Therefore YOFC respectfully requests that the Court assist in resolving these issues.

**Background**

On June 21, 2006, YOFC served Plaintiff's First Requests for Documents and Tangible Things (the "Discovery Requests") on Ganda. See Affidavit of Lindsay D. Barna ("Barna Aff."), submitted herewith, at ¶ 4. After over five months of delay, weeks of letter writing, numerous phone conversations, and the filing of YOFC's original Motion to Compel the Production of Documents, on November 30, 2006, on the eve of this Court's scheduled hearing on YOFC's Motion to Compel the Production of Documents, Ganda eventually produced some documents and discovery responses. After reviewing Ganda's limited and incomplete document production and discovery responses, YOFC determined that they are woefully deficient.

Most troubling is that in its purported objections to the Discovery Requests, Ganda has in many instances refused to produce *any* documents or provide *any* information sought by YOFC's Discovery Requests. YOFC set forth in detail these deficiencies and requested supplemental responses in a letter to Ganda's counsel dated December 29, 2006 ("December 29th Letter"). Id. at ¶ 9 and Ex. D.

Ganda responded to the December 29th Letter regarding the deficiencies of Ganda's production with a letter dated January 5, 2007. Id. at ¶ 10 and Ex. E. Although Ganda gave assurances that it would provide supplemental responses by January 16, 2007, as of the date of the filing of this Motion, Ganda has yet to submit any supplemental responses.

Wrangling over mutually amenable dates for depositions has gone on for some time. Ganda has requested the deposition of YOFC's General Manager, Dr. Xu. YOFC has proposed dates at least three times in the past three months for his deposition, the last time on the condition that additional Ganda documents would be forthcoming prior to the deposition. See Barna Aff. ¶ 5 and Exs. A and B.

Beyond the issues surrounding the production of documents and the scheduling of depositions, the senior associate previously assigned to this matter, Dean DiPilato, spent over a month hospitalized in Beth Israel Deaconess Medical Center in Boston, Massachusetts, in late 2006, and early 2007. Mr. DiPilato's unanticipated illness and hospitalization took place while the lead counsel and partner handling this matter for YOFC, Ira Gross, was out of the country for much of January.

Given these extenuating circumstances, in addition to the issues surrounding the deficiencies of Ganda's response to YOFC's Discovery Requests, YOFC has filed a motion for extension of the discovery and other deadlines. Ms. Barna also requested of Ganda's counsel a brief extension of the discovery schedule. See Barna Aff. ¶ 13. Mr. Rogers responded by requesting that YOFC's General Manager, Dr. Xu, be made available for deposition as soon as possible. At first Mr. Rogers proposed deposition Dr. Xu in mid-March, but then recanted, and asserted that Dr. Xu must be made available within an unreasonably short period of time. See Barna Aff. ¶ 11.

Plaintiffs have agreed to produce Dr. Xu for deposition in the United States. As Dr. Xu is traveling from China, it would be unduly burdensome and expensive for him to travel here prior to Defendant's full production of documents.[1]

## Argument

This Court should stay Dr. Xu's deposition and enter a protective order pursuant to Fed. R. Civ. P. 26(c)(2) as (A) Defendants have not complied with certain discovery obligations,

[1] The Chinese New Year is in February, making an already difficult travel arrangement for Dr. Xu even more cumbersome.

making adequate preparation for the deposition impossible; and (B) proceeding with the deposition at this time would be extremely burdensome and expensive.

### A. Inadequate Production of Documents.

Ganda's document production is inadequate and deficient, notwithstanding the fact that Ganda took over five months to find and produce documents and interrogatory responses. To date, Ganda has still not produced (and refuses to produce) documents relating to certain categories of information integral to the resolution of the issues in dispute in this matter. These include, *inter alia*, financial and accounting statements, simple communications between the parties and third parties regarding the same, and other documents essential to resolving the parties' dispute with respect to certain agreements relating to the sale of optical fiber in the North American and Japanese markets. Without proper responses to the Discovery Requests, YOFC is unable to prepare fully for depositions that Ganda intends to take, including Dr. Xu's. Ganda appears to be taking advantage of YOFC's willingness to make its foreign witness available by seeking to depose Dr. Xu prior to producing numerous categories of documents that could be the subject of deposition. It would be unfair to permit the deposition to go forward before YOFC's counsel has an opportunity to review what may be substantively the bulk of Ganda's document production. See e.g. SEC v. Thrasher, 92 Civ. 6987, 1995 U.S. Dist. LEXIS 2623 *19 (Mar. 6, 1995) (depositions stayed pending court's resolution of parties' dispute with respect to discoverability of certain documents and information subject to discovery requests).

Accordingly, Plaintiffs request the Court stay the deposition unless and until Ganda completes it document production. In the alternative, should Dr. Xu be compelled to proceed with his deposition prior to the resolution of the foregoing issues, fairness dictates that (i) Ganda should be prevented from seeking any testimony from Dr. Xu involving each and every category

of information for which Ganda has refused to produce documents;[2] and (ii) Ganda should incur the cost for Dr. Xu to return to the United States for an additional deposition.

### B. Proceeding with Dr. Xu's Deposition at This Time Would Be Unduly Burdensome.

As set forth above, Plaintiff has agreed to produce Dr. Xu for deposition in Boston, Massachusetts. As he is traveling from China, it would be unduly burdensome and expensive to require him to travel to the United States twice.

## Conclusion

For the above described reasons, counsel for YOFC is, at this time, unable to proceed through discovery effectively without resolution of the outstanding issues, and has been given no choice by Defendants but to seek the Court's assistance in protecting Dr. Xu from duplicative depositions without proper preparation.

WHEREFORE, as set forth in the Motion, Plaintiff respectfully requests that the Court:

(1) suspend Ganda's right to take any depositions in this action until Ganda supplements its Discovery Responses, and YOFC has been given a reasonable time to review said documents and enter a protective order regarding the same; and

**[remainder of page intentionally left blank]**

[2] This would necessarily include testimony **"concerning any fiber manufactured or sold by Ganda"** (Document Request 26) – i.e. **testimony concerning the very subject matter underlying the parties' contract and dispute.**

(2) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 7, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this memorandum on February 7, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary