# EXHIBIT B

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

October 20, 2006

***By Facsimile and First-Class Mail***

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
Post Office Box 87
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, SC 29601-0087

**Re: Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") v. Ganda LLC, a/k/a Ganda Communications ("Ganda"), *et al.* v. Draka Comteq, B.V., *et al.*, U.S.D.C. (D.R.I.), Civil Action No. 04-474ML**

Dear Jay:

I am responding to your October 18, 2006 letter.

With respect to the deposition of Dr. Xu, please note the following:

1. Although we are prepared to make plans to schedule Dr. Xu's deposition, we believe it unfair to permit the deposition to go forward until Ganda responds to the written discovery that was propounded to it in June, nearly four months ago. As you are aware, we have filed a motion to compel responses and have asked the court to suspend Ganda's right to depose any witness until its responses have been served. The remainder of this letter's discussion regarding Dr. Xu's deposition should be read in light of this position.

2. We will produce Dr. Xu for deposition in Boston (and will make our offices available to you, if you wish) or, should you prefer, in Providence. As YOFC has brought suit in federal court in Providence, Dr. Xu is, of course, prepared to travel to the United States from China for the purpose of the deposition; but there is no basis for your request that the deposition be held in Greenville, South Carolina, a location that would be highly inconvenient for Dr. Xu and counsel and that has no relationship to this litigation except as the site of your office.

3. Pursuant to Fed. R. Civ. P. 30(d)(2), Dr. Xu's deposition is limited to one day of seven hours, unless otherwise authorized by the court. We see no reason why the deposition should take more than one day.

4. Although Dr. Xu is reasonably fluent in English, we believe that the efficiency of the deposition will be enhanced if an interpreter is present.

5. With respect to the subject matter of Dr. Xu's deposition, he will testify as to relevant non-privileged matters within his knowledge. He is not being tendered as a witness under Fed. R. Civ. P. 30(b)(6), and your designation of "expected topics," while appreciated, does not make him such a witness.

6. Dr. Xu's deposition could be held, subject to the above, on a date during any of the following periods: November 29 through December 1; December 6 through December 8; or December 13 through December 15.

With regard to settlement, YOFC takes issue with the contentions in the final paragraph on page 1 of your letter. There is no commission due to Ganda on the Lucent contract. Ganda has been fully paid its commissions on all completed sales to Lucent, and YOFC's recovery from Lucent of a portion of YOFC's lost profits on purchases that Lucent refused to carry out does not generate any right to commissions for Ganda under the relevant contract. Furthermore, you are incorrect in claiming that YOFC's damages figure ($2,559,659.22) fails to take into account the $460,000 wire transfer. (See Exhibit A to YOFC's interrogatory answers, where the transfer appears as a credit to Ganda entered as of December 5, 2001.)

In these circumstances, YOFC regards its offer to settle its claims for $1 million to be exceedingly generous, and YOFC therefore rejects your clients' counterproposal. YOFC remains willing to settle its claims for $1 million, but only if a settlement can be concluded by the end of the month. Thereafter, the price will go up.

Very truly yours,

Ira K. Gross

Direct line: 617 338 2823
igross@sandw.com

cc: Gordon P. Cleary, Esq.
Justin T. Shay, Esq.

001

*******************************
*** MULTI TX/RX REPORT ***
*******************************

| | |
|---|---|
| TX/RX NO | 3381 |
| PGS. | 3 |
| TX/RX INCOMPLETE | ----- |
| TRANSACTION OK | (1) 918642402479#2411 |
| | (2) 914013315787#2411 |
| | (3) 914012726803#2411 |
| ERROR INFORMATION | ----- |

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| DELIVER TO: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| James L. Rogers, Jr., Esq. | Leatherwood Walker Todd and Mann, P.C. | 864.240.2479 | 864.240.2421 |
| Justin T. Shay, Esq. | Cameron & Mittleman LLP | 401.331.5787 | 401.331.5700 |
| Gordon P. Cleary, Esq. | Vetter & White, Incorporated | 401.272.6803 | 401.421.3060 |

| FROM: | Email Address | Phone Number: |
|---|---|---|
| Ira K. Gross | igross@sandw.com | 617 338 2823 |

TOTAL PAGES INCLUDING THIS: DATE: 20-Oct-06

MESSAGE:

User Number: 00069 Client / Matter: 19090.0002 Fax Job Code 2411

BOSTON NEW YORK WASHINGTON, DC

Communications from our firm may contain or incorporate federal income tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to