# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Counterclaim Defendants | C.A. No. 04-474ML |

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Pursuant to Fed. R. Civ. P. 33, 34, and 37, and LR cv 37, plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully moves the Court for an order compelling defendant Ganda, LLC a/k/a Ganda Communications ("Ganda") to respond to document requests and interrogatories.

**Background**

On June 21, 2006, YOFC served Plaintiff's First Requests for Documents and Tangible Things and Plaintiff's First Set of Interrogatories (the "Discovery Requests") on Ganda. See Affidavit of Samual A. Miller ("Miller Aff."), ¶3 and Ex. A. To date, Ganda has not served a single response to a single document request or a single answer to a single interrogatory. See Miller Aff., ¶4. YOFC and the Draka parties have produced several thousand pages of

{B0558852; 4}

documents and answered a multitude of interrogatories, but Ganda has not provided any discovery responses. See Miller Aff., ¶4.

In an effort to avoid motion practice, YOFC's counsel contacted Ganda's counsel regarding Ganda's failure to respond to the Discovery Requests. YOFC's counsel has called Ganda's counsel multiple times and has been told that responses and documents would be forthcoming. See Miller Aff., ¶5. On September 15, 2006, YOFC's counsel sent a letter to Rebecca Zabel, Ganda's counsel, asking when YOFC could expect responses to the Discovery Requests. See, Miller Aff., ¶6 and Ex B. Due to the lack of response on the part of Ganda's counsel, YOFC's counsel was forced to send a second letter, dated September 27, 2006, requesting responses to the Discovery Requests. See Miller Aff., ¶6 and Ex. C. On October 3, 2006 Ganda's counsel wrote YOFC's counsel indirectly that "we will provide you with discovery responses as soon as possible." See Miller Aff., ¶7 and Ex. D. Two weeks later and nearly months since YOFC's discovery was served, Ganda has not responded in any manner to the Discovery Requests.

## Argument

Ganda's responses to the Discovery Requests are severely overdue. Pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, Ganda's responses to the Discovery Requests were due within thirty (30) days of service. Specifically, Fed. R. Civ. P. 33(b)(3) provides as follows with respect to the timing for answers to interrogatories:

> The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

And Fed. R. Civ. P. 34(b) provides as follows with respect to the timing for responses to document requests:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29.

YOFC is unaware of any direction from the Court, and there has not been any agreement in writing between the parties, allowing for any extension of the deadline for Ganda's responses to the Discovery Requests. Accordingly, Ganda's responses to the Discovery Requests were due on or before July 24, 2006.

Despite repeated requests, Ganda's counsel has failed even to provide YOFC with a time when responses can be expected, and this failure is hampering this action's progress. Without responses to the Discovery Requests, YOFC is unable to prepare properly for depositions that Ganda intends to take and is unable to move forward with its own depositions, which will delay the completion of discovery. Accordingly, the Court should order Ganda to respond to the Discovery Requests served on June 21, 2006. Additionally, the Court should suspend Ganda's right to take any depositions until Ganda's discovery obligations are satisfied.

Despite good faith efforts, the parties have been unable to resolve this discovery dispute.

WHEREFORE, YOFC respectfully requests that the Court:

(1) issue an order compelling Ganda to respond to the Discovery Requests within ten (10) days of the Court's Order;

(2) suspend Ganda's right to take any depositions in this action until Ganda's discovery obligations are satisfied; and

(3) grant such further relief as the Court finds just.

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*gcleary@vetterandwhite.com*
VETTER & WHITE
Attorneys for Yangtze Optical Fibre and Cable Company Ltd.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

*Of counsel:*

Ira K. Gross
Joyce L. Tong
Lindsay D. Barna
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
(617) 338-2880 FAX

Dated: October 19, 2006

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this motion on October 19, 2006. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary