UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Yangtze Optical Fibre and Cable Company Ltd.,

Plaintiff,

vs.

Ganda, LLC, a/k/a Ganda Communications and John Edward,

Defendants,

vs.

Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,

Third-Party Defendants.

Civil Action No. 04-474ML

Oral Argument Requested

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM DEFENDANT GANDA, LLC**

Pursuant to Fed. R. Civ. P. 33 and 37, and LR Cv 37, plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully moves the Court for an order compelling defendant Ganda, LLC a/k/a Ganda Communications ("Ganda") to supplement its Response to YOFC's First Set of Interrogatories. The grounds for this motion are set forth more fully in a Memorandum of Law in Support of YOFC's Motion to Compel Interrogatory Responses, filed herewith.

YOFC, though its counsel, has, in good faith, conferred with Defendant's counsel regarding Defendant's failure to make the discovery in an effort to secure the requested documents without Court intervention.

WHEREFORE, as set forth in YOFC's Motion, YOFC respectfully requests that the Court:

(1) issue an order compelling Ganda to supplement its Response to YOFC's First Set of Interrogatories within ten (10) days of the Court's Order;

(2) grant costs and sanctions, including attorneys fees; and

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 21, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this motion on February 21, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, vs. Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants. | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF MOTION BY YANGTZE OPTICAL CABLE FIBRE AND COMPANY LTD. TO COMPEL INTERROGATORY RESPONSES FROM DEFENDANT GANDA, LLC**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this Memorandum of law in support of its Motion to Compel Defendant's Interrogatory Responses. Defendant Ganda, LLC, a/k/a Ganda Communications ("Ganda") has been uncooperative in the resolution of this discovery issue. Therefore, YOFC respectfully requests that the Court assist in resolving this dispute.

## I. BACKGROUND

Plaintiff YOFC served its First Set of Interrogatories directed to Defendant Ganda ("First Interrogatories") on June 21, 2006. See Affidavit of Beth L. Jacobson ("Jacobson Aff.") at Ex.

A. Ganda served its Response to Plaintiff's First Set of Interrogatories ("Ganda's Response") on November 30, 2006. See id. at Ex. B.

After over five months of delay, weeks of letter writing, numerous phone conversations, and the filing of YOFC's original Motion to Compel Discovery (including Interrogatory Reponses), on November 30, 2006, on the eve of this Court's scheduled hearing on that Motion, Ganda produced its Response to Interrogatories. These responses are woefully deficient. These deficiencies (including its failure to produce certain documents, the subject of another Motion to Compel scheduled to be heard February 28, 2007) are hampering Plaintiff from moving forward with discovery and from noticing certain depositions and third-party subpoenas.

Accordingly, on February 9, 2007, Plaintiff's counsel sent Ganda's counsel a letter setting forth in detail the deficiencies and, given the impending discovery deadline, requested supplementation within five (5) business days (February 16, 2007). See id. at Ex. C. Ganda's counsel never responded to the letter. Accordingly, YOFC was forced to bring this matter to the attention of the Court.

Accordingly, YOFC respectfully requests the relief set forth herein.

## II. ARGUMENT

### A. Ganda's Deficient Answers to Interrogatories.

Although Ganda took over five months to answer the Interrogatories, Ganda's Responses are inadequate and deficient. To date, Ganda has still not provided YOFC with the following categories of information integral to the resolution of the issues in dispute in this matter (many categories correlate to the categories of documents it withheld, the subject of a pending Motion to Compel): (1) sales information on fiber to which Ganda claims a right a right to commissions; (2) the sender of a certain document; and (3) financial information. This information is all relevant to the subject matter in the pending action and thus must be produced. See Bennett v.

LaPere, 112 F.R.D. 136, 138 (under Fed. R. Civ. P. 26(b) parties may obtain non-privileged discovery relating to any claim or defense . . . "[i]t is well established that the range of discovery under this provision is extremely broad"). Without complete responses, YOFC is unable to prepare for depositions that Ganda intends to take, and is unable to move forward with its own depositions of parties and third parties . YOFC is once again hampered by Ganda's failure to comply with its discovery obligations.

(1) Sales information on fiber to which Ganda claims a right to commissions.

> **Interrogatory No. 6:** Identify all completed sales of any fiber as to which Ganda claims a right to commissions from YOFC but for which you claim Ganda did not receive such commissions, including but not limited to (i) the customer who ordered and paid for the fiber; (ii) the date on which the order was placed; (iii) the date of shipment of the fiber to the customer; (iv) the price per kilometer (or other identifiable pricing unit) that the customer was charged for the fiber; and (v) a description of the type of fiber sold.
>
> **Ganda's Response:** Ganda objects to this Interrogatory on the ground that it seeks information already in Plaintiff's possession. Subject to this objection, Ganda submits that it is owed commissions on all completed sales of fiber as reflected by the documents produced by Plaintiff in response to Ganda's Document Requests, which amounts are also reflected in the document attached hereto as Exhibit A. Ganda further submits that that [sic] the commissions it is owed from such sales exceed the amount of $1,300,000.00. Ganda specifically reserves the right to supplement its answer to this Interrogatory.

**Reasons the Response is Inadequate:**

Although Defendant provided some responsive information, it failed to respond to a portion of this interrogatory. Specifically, Defendant did not provide (1) the price per kilometer (or other identifiable pricing unit) that the customer was charged; (2) a description of the type of fiber sold; (3) the date of shipment or the date on which the order was placed (Exhibit A does specify dates, but it is not clear what the date represents). Moreover, Defendant did not clarify whether the Exhibit A is solely for completed sales, or whether it includes data for uncompleted



{B0610150; 2}

sales as well. YOFC requests a supplemental chart revised with the above-referenced information.

> **<u>Interrogatory No. 7:</u>** Identify any uncompleted fiber sales or other transaction not identified in response to Interrogatory No. 6 as to which Ganda claims a right to commissions from YOFC for which you claim Ganda did not receive such commissions, including, but not limited to, (i) the customer who ordered the fiber; (ii) the date on which the order was placed; (iii) the terms and conditions of the order; (iv) the individual representative(s) of the customers who were Ganda's primary contact(s) with regard to the order; and (v) all documents embodying or manifesting the order.
>
> **<u>Ganda's Response:</u>** Ganda objects to this Interrogatory on the ground that it seeks information already in Plaintiff's possession. Subject to this objection, Ganda submits that it is entitled to a commission on all outstanding orders, contracts and commitments on record as of July 18, 2002 as well as its pro rata share of commissions on outstanding orders, contracts and commitments pursuant to Article 11 of the 2001 Agreement. The pro rata commissions owed under Article 11, not including Lucent, total approximately $200,000.00.
>
> In addition, Ganda submits that it is entitled to a commission in the amount of at least $1,171,000.00 attributable to monies which Plaintiff has obtained or will obtain in the future arising out of Plaintiff's Massachusetts litigation with Lucent Technologies, Inc., which litigation concerned a contract entered into between Plaintiff, Lucent and Ganda for the sale of fiber to Lucent.
>
> Ganda is additionally owed commissions on sales to BICC and Lucent which Ganda secured but which Plaintiff failed or refused to fill. Specifically, Plaintiff failed to supply single mode fibre to BICC in 2000, 2001 and 2002 and to Lucent in 2000. The commissions owed Ganda on the unfilled BICC sales are as follows: $80,654.00 for unfilled sales in 2000; $188,974.00 for unfilled sales in 2001; and $360,000.00 for unfilled sales in 2002. The commissions owed Ganda on the unfilled Lucent sales in 2000 total $733,384.00. The total amount owed to Ganda on these unfilled sales exceeds $1,350,000.00.
>
> Ganda further submits that information requested by this Interrogatory can be derived from the documents produced in response to Plaintiff's Document Requests. Ganda specifically reserves the right to amend its answer to this Interrogatory.

**Reasons the Response is Inadequate:**

Defendant failed to provide the information sought (specific customers, dates of orders, terms and conditions of the order, the representative of each customer with regard to the order, and all documents embodying or manifesting the order), but rather provided conclusory statements. Assuming that Exhibit A Defendant provided in response to Interrogatory No. 6 was only for completed fiber sales, it should provide an additional chart (containing the requested information) for the uncompleted fiber sales or other transactions to which Ganda claims a right to commissions from YOFC for which Ganda allegedly did not receive such commissions.

For example, Ganda asserts that it is entitled to commissions on all outstanding orders, contracts and commitments on record as of July 18 2002, but does not set forth what those orders, contracts and commitments are. YOFC requests that the Defendant set forth those items so that they are identifiable. Further, Ganda submits it is entitled to a commission for at least $1,171,000.00 attributable to litigation between YOFC and Lucent Technologies, Inc. Defendant has not, however, set forth the customer orders or the date on which the orders took place to back that up. Similarly, Ganda makes broad allegations as to moneys it is owed from alleged orders from BICC, however, again, does not provide those orders or information as to when the order was placed. There is no dispute that this information is relevant to the allegations in this action.

(2) The sender of a document.

> **Interrogatory No. 8:** Identify the person who delivered the document attached hereto as Exhibit A to you and describe the circumstances under which you received that document including, but not limited to, (i) the date that document was received; (ii) the manner in which that document was received (e.g., mail, facsimile, etc.); and (iii) whether any other documents were received with that document. If there were other documents received with the document attached hereto as Exhibit A, identify those documents.
>
> **Ganda's Response:** The document was received by fax, and no other documents accompanied it. John Edward, who received the

> document, is unable to recall the date on which it was received. As to who sent the document to Edward, Ganda objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Reasons the Response is Inadequate:**

Defendant failed to respond to "who delivered the document". The objection that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is nonsensical. Whoever faxed the document could potentially have additional documents or information relating to the document which is relevant (conceded by Defendant's response to the remaining portion of the interrogatory) to this case. Defendant cannot selectively answer parts of interrogatories that all relate to the same document.

(3) Financial Information.

> **Interrogatory No. 10:** Identify all checking, savings, investment or deposit accounts that currently or previously existed under Ganda's name.
>
> **Ganda's Response:** Ganda objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Reasons the Response is Inadequate:**

This straightforward interrogatory simply asked for a list of certain accounts under Ganda's name. Defendant objected to the interrogatory on the basis that it was overbroad, unduly burdensome, was not relevant and would not lead to the discovery of admissible evidence. Creating a list of account numbers and/or otherwise identifying them is clearly not overbroad and Defendant has not set forth how it is. Similarly, it is not unduly burdensome. The information is obviously relevant as the crux of this case involves issues of payments made to and from Ganda, and thus its checking, savings, investment or deposit accounts and it directly

relates to Counts IV (Actual Fraudulent Conveyance) and V (Constructive Fraudulent Conveyance) of Plaintiff's Complaint. Financial records, at the heart of the case as they may provide evidence that Ganda did not submit payments due to YOFC, could reasonably lead to additional admissible evidence by virtue of additional documents to be obtained by third-party subpoena and/or additional depositions. See United States v. Grinnell Corp. 30 F.R.D. 358, 359-60 (1962) (granting in part plaintiff's motion to compel documents "relevant to the subject matter involved in the pending action").

**B. YOFC Is Entitled to Expenses and Sanctions.**

Pursuant to Fed. R. Civ. P. 37(a)(4)(A), if this Motion to Compel is granted, or if the requested discovery is provided after the filing of this motion (as Defendants previously did), this Court should order Defendants to pay Plaintiff its reasonable expenses incurred, including attorneys fees, in making the motion as such motion was filed in good faith.

## III. CONCLUSION

For the above described reasons, counsel for YOFC is, at this time, unable to proceed through discovery effectively without resolution of the outstanding issues, and has been given no choice by Ganda's counsel but to seek the Court's assistance in compelling Ganda to comply with its discovery obligations.

WHEREFORE, as set forth in YOFC's Motion, YOFC respectfully requests that the Court:

(1) issue an order compelling Ganda to supplement its Response to Interrogatories within ten (10) days of the Court's Order;

(2) grant costs and sanctions, including attorneys fees; and

(3) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: February 21, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this memorandum on February 21, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary



{B0610150; 2}