# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Counterclaim Defendants. | Civil Action No. 04-474ML |

**PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**
**DIRECTED TO DEFENDANT GANDA, LLC**

Pursuant to Fed. R. Civ. P. 33, Plaintiffs and counterclaim defendant Yangtze Optical Fibre and Cable Company Ltd. hereby requests defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications answer the following interrogatories (the "Interrogatories") under oath.

**DEFINITIONS**

1. The terms **"Ganda," "you"** and **"your"** mean and refer to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. The term "**YOFC**" means and refers to plaintiff Yangtze Optical Fibre and Cable Company Ltd. and includes its officers, directors, agents, employees, partners, corporate parent(s), subsidiaries, and affiliates.

3. The term "**document**" means and refers to any original and every non-identical copy or reproduction of any document or tangible thing within context of Fed. R. Civ. P. 34 in your possession, custody, or control. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

4. The term "**concerning**" means referring to, describing, evidencing, or constituting.

5. The terms "**and**" as well as "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope, or, in other words, to give each request its broadest possible meaning.

6. The terms "**any**", "**all**", and "**each**" shall be construed to mean "any, all and each" and shall be construed as is necessary to make the request inclusive rather than exclusive.

7. As used herein, when referring to a person, the term "**identify**" shall mean and refer to give, to the extent known, the

a. person's full name,

b. present or last known address, and,

c. (when referring to a natural person) the present or last known place of employment and title.

8. As used herein, when referring to documents, the term "**identify**" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

9. The term "**person**" means any natural person or any business, legal, or governmental entity, or association.

10. The term "**Complaint**" means the Complaint filed by YOFC against Ganda in the above-captioned action on November 11, 2004.

11. The term "**Amended Answer**" means the Amended Answer, Counterclaim and Complaint Against Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc., and Draka Holding, N.V. and Demand for Jury Trial filed by Ganda in the above-captioned action and served on or about January 31, 2006.

12. The term "**sell**" or "**sold**" means to give up or deliver to a person in exchange for something of value (as money).

13. The term "**fiber**" means and refers to any cylindrical dielectric waveguide that transmits light along its axis by the process of total internal reflection. The term fiber includes multi-mode fiber, single-mode fiber and specialty fiber.

14. When an interrogatory calls upon a party to "**state the basis**" of or for a particular claim, assertion, allegation, or contention, the party shall:

a. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

d. state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

**INSTRUCTIONS**

1. In responding to this set of Interrogatories, you are required to furnish all information available to you that is in your possession, custody, or control.

2. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

3. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

4. These Interrogatories are continuing and require supplemental responses to the extent required pursuant to Fed. R. Civ. P. 26(e).

5. If you object to any Definition or Instruction or to any of the specific Interrogatories set forth below, the precise grounds for your objection(s) shall be stated with particularity. If any objection rests in whole or in part on a claim of privilege, the privilege

claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified, with particularity.

6. If you object to, or claim a privilege with respect to only a portion of a given Interrogatory, you are requested to answer that portion of the Interrogatory as to which you have no objection or claim of privilege.

7. In the event that you are able to provide only part of the information called for by any particular Interrogatory, you are requested to provide all the information that you can provide and to state the reason(s) for the alleged inability to provide the remainder.

## INTERROGATORIES

1. Identify any person responding to these Interrogatories as well as each person who was consulted or who provided information for the responses to these Interrogatories.

2. Identify any person who has or who you reasonably believe may have any knowledge of any information concerning any allegation in the Complaint or Amended Answer and for each person state the basis of such knowledge.

3. Identify any person whom you expect to call as a witness at any hearing or trial in this action.

4. Identify any document that you intend to introduce as an exhibit at any hearing or trial in this action.

5. Identify any person whom you expect to call as an expert witness at any hearing or trial of the above-captioned action. For each expert witness identified, provide a detailed

description of the expert's education, qualifications, and experience relevant to the expert's area of expertise, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert witness is expected to testify, and a summary of the grounds for each opinion.

6. Identify all completed sales of any fiber as to which Ganda claims a right to commissions from YOFC but for which you claim Ganda did not receive such commissions, including but not limited to (i) the customer who ordered and paid for the fiber; (ii) the date on which the order was placed; (iii) the date of shipment of the fiber to the customer; (iv) the price per kilometer (or other identifiable pricing unit) that the customer was charged for the fiber; and (v) a description of the type of fiber sold.

7. Identify any uncompleted fiber sales or other transaction not identified in response to Interrogatory No. 6 as to which Ganda claims a right to commissions from YOFC for which you claim Ganda did not receive such commissions, including, but not limited to, (i) the customer who ordered the fiber; (ii) the date on which the order was placed; (iii) the terms and conditions of the order; (iv) the individual representative(s) of the customers who were Ganda's primary contact(s) with regard to the order; and (v) all documents embodying or manifesting the order.

8. Identify the person who delivered the document attached hereto as **Exhibit A** to you and describe the circumstances under which you received that document including, but not limited to, (i) the date that document was received; (ii) the manner in which that document was received (*e.g.*, mail, facsimile, etc.); and (iii) whether any other documents were received with

that document. If there were other documents received with the document attached hereto as Exhibit A, identify those documents.

9. State the basis and the dollar amount of each and every element or component of the damages that you claim to have sustained or incurred as a result of any acts or omissions, as alleged in the Amended Answer. For each element or component, (i) describe in detail the manner in which the amount of alleged damages attributable to such element or component was calculated, estimated, or otherwise determined; (ii) set forth in detail any and all numerical computations used in any way to calculate or to determine the dollar amount of damages attributable to such element or component; and (iii) identify any documents reviewed or consulted in connection with such calculation or determination.

10. Identify all checking, savings, investment or deposit accounts that currently or previously existed under Ganda's name.

Dated: June 21, 2006

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

**Certificate of Service**

I hereby certify that on June 21, 2006, this **Plaintiff's First Set of Interrogatories** will be served on counsel for all parties as follows:

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
Post Office Box 87
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, SC 29601-0087

(by first class mail)

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

(by first class mail)



{B0527407; 1}

plasma optical fibre

Plasma Optical Fibre B.V.
Bedrijventerrein "de Beuk"
Zwaanstraat 1
5651 CA Eindhoven
Nederland
Postbus 1136
5602 BC Eindhoven
Nederland

Telefoon
++ (0)40 2923872
Telefax
++ 00 40 292[illegible]

# FAX

Aan: John Cain (home address)

Van: A. van Beinum

Kopie:

Ref.:

Aantal pagina's: 1 (incl. deze pagina)

Datum: 22-01-99

---

Betreft: ganda / kopstein **urgent urgent urgent urgent**

John,

jan willem visited weeks ago kopstein and booked the order for the first quarter of 1999. We informed you about that and discussed about transport. Until now we are chasing debbie and bob to get the formal order. With no success. Finally we have found out what happened.
After the visit of Plasma Optical Fibre (Jan Willem) Ganda contacted kopstein and promised him a revised quotation with better prices!!!
OCC is confused and does not know how to react: who is in charge?

For the time being kopstein has placed spot orders and does not give any long term commitment. J.W. will visit him again next week and will try to organise things in a proper way.

Please assist as follows:

aaa: kill all commercial activities from Ganda towards our USA market.

bbb: sent a fax to Kopstein in which you tell him that there might be rumours in the market that other people are representing YOF-C but that you can assure him that the only authorised sales organisation for the OCC account is the combined sales from YOF-C and Plasma via the Plasma Optical Fibre Sales and Marketing department represented by Jan Willem Leclerq.

Please contact me about this,
ariën

EXHIBIT B