# EXHIBIT C

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

February 9, 2007

**By Facsimile and First-Class Mail**

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
Post Office Box 87
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, SC 29601-0087

Re: Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") v. Ganda LLC, a/k/a Ganda Communications ("Ganda"), *et al.* v. Draka Comteq, B.V., *et al.*, U.S.D.C. (D.R.I.), Civil Action No. 04-474ML

Dear Mr. Rogers:

We are in receipt of Defendants' [sic] Ganda, LLC's ("Ganda" or "Defendant") Responses to Plaintiff's First Set of Interrogatories ("Interrogatory Responses") and write to address some inadequacies in the response. The Defendant's failure to respond or to respond fully to the interrogatories as set forth below is hampering Plaintiff from moving forward with discovery and from noticing certain depositions and third-party subpoenas. Given the impending discovery deadline (even if our requested extension is granted), we request supplemental interrogatory answers within five (5) business days. Although we prefer to resolve this matter without having to involve the Court, if we do not timely receive a complete supplemental response, we will have no choice but to bring this matter to the attention of the Court via another Motion to Compel.

**Interrogatory No. 6:** *Identify all completed sales of any fiber as to which Ganda claims a right to commissions from YOFC but for which you claim Ganda did not receive such commissions, including but not limited to (i) the customer who ordered and paid for the fiber; (ii) the date on which the order was placed; (iii) the date of shipment of the fiber to the customer; (iv) the price per kilometer (or other identifiable pricing unit) that the customer was charged for the fiber; and (v) a description of the type of fiber sold.*

Although Defendant provided some responsive information, it failed to respond to a portion of this interrogatory. Specifically, Defendant did not provide (1) the price per kilometer (or other identifiable pricing unit) that the customer was charged; (2) a description of the type of fiber sold; (3) the date of shipment or the date on which the order was placed (Exhibit A does specify dates, but it is not clear what the date represents). Moreover, please clarify whether the Exhibit A is solely for completed sales, or whether it includes data for uncompleted sales as well. Please provide a supplemental chart revised with the above-referenced information.

**Interrogatory No. 7:** *Identify any uncompleted fiber sales or other transaction not identified in response to Interrogatory No. 6 as to which Ganda claims a right to commissions from YOFC for which you claim Ganda did not receive such commissions, including, but not limited to, (i) the customer who ordered the fiber; (ii) the date on which the order was placed; (iii) the terms and conditions of the order; (iv) the individual representative(s) of the customers who were Ganda's primary contact(s) with regard to the order; and (v) all documents embodying or manifesting the order.*

Defendant failed to provide the information sought (specific customers, dates of orders, terms and conditions of the order, the representative of each customer with regard to the order, all documents embodying or manifesting the order), but rather provided conclusory statements. Assuming that Exhibit A Defendant provided in response to Interrogatory No. 6 was only for completed fiber sales, it should provide an additional chart (containing the requested information) for the uncompleted fiber sales or other transactions to which Ganda claims a right to commissions from YOFC for which Ganda allegedly did not receive such commissions.

For example, Ganda asserts that it is entitled to commissions on all outstanding orders, contracts and commitments on record as of July 18 2002, but does not set forth what those orders, contracts and commitments are. Please set forth those items so that they are identifiable. Further, Ganda submits it is entitled to a commission for at least $1,171,000.00 attributable to litigation between YOFC and Lucent Technologies, Inc. Defendant has not, however, set forth the customer orders to back that up. Similarly, Ganda makes broad allegations as to moneys it is owed from alleged orders from BICC, however, again, does not provide those orders.

**Interrogatory No. 8:** *Identify the person who delivered the document attached hereto as Exhibit A to you and describe the circumstances under which you received that document including, but not limited to, (i) the date that document was received; (ii) the manner in which that document was received (e.g., mail, facsimile, etc.); and (iii) whether any other documents were received with that document. If there were other documents received with the document attached hereto as Exhibit A, identify those documents.*

Defendant failed to respond to "who delivered the document". The objection that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" is nonsensical. Whoever faxed the document could potentially have additional documents or information relating to the document which is relevant (conceded by Defendant's response to the remaining portion of the interrogatory) to this case. Defendant cannot selectively answer parts of interrogatories that all relate to the same document.

**Interrogatory No. 10:** *Identify all checking, savings, investment or deposit accounts that currently or previously existed under Ganda's name.*

This straightforward interrogatory simply asked for a list of certain accounts under Ganda's name. Defendant objected to the interrogatory on the basis that it was overbroad, unduly burdensome, was not relevant and would not lead to the discovery of admissible evidence. Creating a list of account numbers and/or otherwise identifying them is clearly not overbroad and you have not set forth how it is. Similarly, it is not unduly burdensome. The information is obviously relevant as the crux of this case involves issues of payments made to and from Ganda, and thus its checking, savings, investment or deposit accounts and it

directly relates to Counts IV (Actual Fraudulent Conveyance) and V (Constructive Fraudulent Conveyance) of Plaintiff's Complaint. Moreover, this information could reasonably lead to additional admissible evidence by virtue of additional documents to be obtained by third-party subpoena and/or additional depositions.

As set forth above, we expect Defendant's supplemental response within five (5) business days. If you have any questions, please do not hesitate to contact me directly.

Very truly yours,

Beth L. Jacobson

Direct line: 617 338 2872
bjacobson@sandw.com

cc: Ira K. Gross, Esq.
Gordon P. Cleary, Esq. (by facsimile and first-class mail)
Justin T. Shay, Esq. (by facsimile and first-class mail)
Rebecca Zabel, Esq. (by facsimile and first-class mail)

02/09/07 17:00 FAX 6173382883 001

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3736 |
| CONNECTION TEL | 918642402479#1154 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/09 16:59 |
| USAGE T | 00'41 |
| PGS. SENT | 4 |
| RESULT | OK |

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| DELIVER TO | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| James L. Rogers, Jr., Esq. | Leatherwood Walker Todd and Mann, P.C. | 864 240 2479 | 864 240 2421 |

| FROM | Email Address | Phone Number: |
|---|---|---|
| Beth L. Jacobson | bjacobson@sandw.com | 617 338 2872 |

| TOTAL PAGES INCLUDING THIS | 4 | DATE | 9-Feb-07 |
|---|---|---|---|

User Number: 1097 Client / Matter: 19090.0002 Fax Job Code 1154

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3737 |
| CONNECTION TEL | 914012726803#3189 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/09 17:02 |
| USAGE T | 00'38 |
| PGS. SENT | 4 |
| RESULT | OK |

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| DELIVER TO: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| Gordon P. Cleary, Esq. | Vetter & White, Incorporated | 401 272 6803 | 401 421 3060 |

| FROM: | Email Address | Phone Number: |
|---|---|---|
| Beth L. Jacobson | bjacobson@sandw.com | 617 338 2872 |

| TOTAL PAGES INCLUDING THIS: | 4 | DATE: | 9-Feb-07 |
|---|---|---|---|

User Number: 1097 Client / Matter: 19090.0002 Fax Job Code 3189

02/09/07 17:05 FAX 6173382883 ☑001

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3738 |
| CONNECTION TEL | 914013315787#4482 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 02/09 17:03 |
| USAGE T | 01'57 |
| PGS. SENT | 4 |
| RESULT | OK |

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| DELIVER TO: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| Justin T. Shay, Esq. | Cameron & Mittleman LLP | 401 331.5787 | 401 331.5700 |

| FROM: | Email Address | | Phone Number: |
|---|---|---|---|
| Beth L. Jacobson | bjacobson@sandw.com | | 617 338 2872 |

| TOTAL PAGES INCLUDING THIS: | 4 | DATE: | 9-Feb-07 |
|---|---|---|---|

User Number: 1097 Client / Matter: 19090.0002 Fax Job Code 4482

**Jacobson, Beth**

**From:** Jacobson, Beth
**Sent:** Friday, February 09, 2007 6:02 PM
**To:** 'rzabel@lwtm.com'
**Subject:** RE: YOFC v. Ganda

Rebecca,

I am an associate working on the above-referenced case. I have tried to fax you the attached letter numerous times, however, your fax is busy. Thus, attached please find a copy of the letter that was faxed this afternoon.

Thanks,
Beth

Scan_.pdf

**Beth L. Jacobson**
**Attorney at Law**

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2872
F 617 338 2880
bjacobson@sandw.com
www.sandw.com

**BOSTON NEW YORK WASHINGTON, DC**