# EXHIBIT A

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| Deliver To: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| James L. Rogers, Jr., Esq. | Leatherwood Walker Todd and Mann, P.C. | 864.240.2479 | 864.240.2421 |

| From: | Email Address | Phone Number: |
|---|---|---|
| Dean J. DiPilato | ddipilato@sandw.com | 617 338 2435 |

| Total Pages Including Cover: | 4 | Date: | 29-Dec-06 |
|---|---|---|---|

Message:

User Number: 1765 Client / Matter: 19090.0002 Fax Job Code 1319

BOSTON NEW YORK WASHINGTON, DC

Communications from our firm may contain or incorporate federal income tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal income tax advice.

This transmission contains confidential information intended for use only by the above-named recipient. Reading, discussion, distribution, or copying of this message is strictly prohibited by anyone other than the named recipient, or his or her employees or agents. If you have received this fax in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.

If you have any difficulty receiving this message, please call 617 338 2435. Our Facsimile No. is 617 338 2880.

{B0512716; 1}

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

December 29, 2006

**By Facsimile and First-Class Mail**

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
Post Office Box 87
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, SC 29601-0087

Re: Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") v. Ganda LLC, a/k/a Ganda Communications ("Ganda"), *et al.* v. Draka Comteq, B.V., *et al.*, U.S.D.C. (D.R.I.), Civil Action No. 04-474ML

Dear Mr. Rogers:

We are writing regarding the wholly deficient nature of Defendants' Responses to Plaintiff's First Set of Interrogatories, Defendants' Responses to Plaintiff's First Requests for Documents and Tangible Things ("Responses to Discovery Requests"), and the documents produced in connection with these responses. As Ganda took five (5) months beyond its deadline to answer the Discovery Requests, it is alarming that these answers are substantively deficient in numerous ways, necessitating this correspondence.

A. Ganda's Refusal to Produce Relevant Documents.

Ganda objected outright to the production of documents in response to Document Requests numbered 33 and 43 that requested documents concerning any financial statement, statement of account, balance sheet, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda, as well as any withdrawal, deposit, transfer or statement of account or check, savings, investment, or deposit account held or managed in or under Ganda's name. The outright objection to these two document requests is unfounded. These requests are based on claims made within YOFC's Complaint, particularly its claim of Fraudulent Conveyance, that the Court in this matter has ruled is properly brought and pled. As such, the documents and information requested pursuant to Document Requests numbered 33 and 43 are clearly relevant to this litigation and must be produced. Similarly, Ganda's outright objections to Document Requests numbered 1, 2, and 3, are equally unfounded. These requests that relate to general corporate documentation, are basic to the understanding of Ganda as a valid business.

Moreover, Ganda's outright objection to Document Request number 26, asking for documents concerning any fiber manufactured or sold by Ganda, is simply preposterous. This Document Request is at the very center of Ganda's own Breach of Contract Counterclaim, as well as YOFC's claims against Ganda. All documents in response to this

James L. Rogers, Jr., Esq.
Page 2
December 29, 2006

Document Request are thus clearly relevant and calculated to lead to the discovery of admissible evidence.

Ganda also objected outright to Document Requests numbered 15 and 16. These two requests were made in connection with communications between Ganda or Edward and Diana Lu or Diana Hojsak. These requests were made due to Ms. Lu's and Ms. Hojsak's current business relationships with Edward, and their possible business relationship during the time that YOFC had a contract with Ganda. Given the existence of said business relationship, these documents are clearly relevant to, among others, YOFC's Fraudulent Conveyance claim, and any information that Ms. Lu and Ms. Hojsak may have regarding these claims or any other claims in YOFC's Complaint or Ganda's counterclaims.

Finally, the outright objection of Ganda to Document Requests numbered 17 and 18 is also blatantly improper. These document requests refer to documents constituting or concerning communications regarding or referring to YOFC. Any documents produced in response to these document requests are relevant and could lead to the discovery of admissible evidence, and Ganda's outright refusal to produce these documents is, in a word, baffling.

B. Deficiencies In Documents Produced.

The production also appears to not contain various documents that must exist, but yet were not produced. For example, Ganda did not produce any documents responsive to Document Request number 32, i.e. documents constituting any financial statement or statement of account of Ganda. There were also no bank or accounting records included in the production. It would be beyond surprising if such documents did not exist.

Further, we ask that certain discrepancies within the document production be rectified as soon as possible. Documents labeled GANDA 00710-711 and GANDA 00713-714 appear to have been copied in such a way as to have cut off the entire top or reply to an email chain. We ask that we receive the full copy of the document as soon as possible. These documents were not marked as redacted and therefore will not be treated as such. The production also included many documents that were missing pages or attachments. We demand that these documents also be supplemented within the next week.

We ask that all of these deficiencies and failures to respond appropriately be rectified within one week. While we are reluctant to involve the court in discovery disputes that should be resolved between the parties, unless supplemented responses and documents are forthcoming, you will leave us with no choice but to file an appropriate motion.

Sincerely,

Dean J. DiPilato (by imc)

Dean J. DiPilato

Direct line: 617 338 2935
ddipilato@sandw.com

James L. Rogers, Jr., Esq.
Page 3
December 29, 2006

cc: Gordon P. Cleary, Esq.
Justin T. Shay, Esq.
Rebecca Zabel, Esq.