# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Yangtze Optical Fibre and Cable Company Ltd.,

Plaintiff,

vs.

Ganda, LLC, a/k/a Ganda Communications and John Edward,

Defendants/Third Party Plaintiffs,

vs.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,

Third Party Defendants.

Civil Action No. 04-474ML

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S FIRST AMENDED RESPONSES TO DEFENDANT'S FIRST REQUEST FOR DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby responds and interposes objections to the First Set of Requests for Production of Documents (the "Requests for Production of Documents" and each individual request as a "Request for Production of Documents") by Defendants Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward" and together with Ganda, the "Defendants").

**GENERAL OBJECTIONS**

YOFC objects generally to each Request for Production of Documents for the following reasons:

1. YOFC objects to each Request for Production of Documents to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection, or that it would result in disclosure of YOFC's counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation. Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

2. YOFC objects to each Request for Production of Documents to the extent it seeks information from YOFC that contains sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations ("Confidential Documents"). YOFC shall not produce such Confidential Documents absent the entry into confidentiality stipulation and protective order so ordered by the Court.

3. YOFC objects to each Request for Production of Documents to the extent it is vague, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. YOFC objects to each Request for Production of Documents to the extent it imposes an obligation on YOFC that is greater than that required by the Federal Rules of Civil Procedure.

5. YOFC objects to each Request for Production of Documents to the extent it seeks to impose upon YOFC an obligation to provide information not in its possession, custody and/or control.

6. YOFC objects to each Request for Production of Documents to the extent it uses undefined terms, rendering the Request for Production of Documents vague, ambiguous, unintelligible, and/or unanswerable in its current form.

7. YOFC objects to each Request for Production of Documents to the extent it seeks information equally available to the Defendants through public sources or records, on the grounds that it subjects YOFC to unreasonable and undue annoyance, oppression, burden and expense.

8. YOFC objects to each Request for Production of Documents to the extent it is duplicative, cumulative, or redundant.

9. To the extent that YOFC asserts a specific objection to a particular Request for Production of Documents, YOFC does not thereby waive these General Objections. To the extent that YOFC objects to a particular Request for Production of Documents, but proceeds to respond to said Request for Production of Documents in whole or in part, YOFC does not thereby waive any objection to that particular Request for Production of Documents.

10. YOFC reserves the right to supplement its responses to the Requests for Production of Documents upon the discovery of additional responsive documents or information.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. YOFC objects to the definition of "Production Period" for the reasons stated in General Objections Nos. 3 and 4. YOFC will produce documents created in or relating to the period from January 1, 1998, through six (6) months after Ganda's termination of the April 2001 Agreement between YOFC and Ganda (*i.e.*, January 18, 2003). YOFC will treat this period of time as the "Production Period."

2. YOFC objects to Instructions Nos. 2 and 3 contained in Defendants' First Set of Interrogatories, which instructions the Defendants incorporated into the Defendants' First Request for Production of Documents, for the reasons stated in General Objections Nos. 4 and 5.

3. YOFC objects to Instructions Nos. 1, 2, and 3 contained in Defendants' First Request for Production of Documents for the reasons stated in General Objection No. 4.

## REQUESTS FOR PRODUCTION

**Document Request No. 1**

All documents and tangible things which you intend to introduce as exhibits, or for impeachment or demonstrative purposes, at the trial of this case.

**Response No. 1**

**YOFC objects to this Request for Production of Documents as premature. Pursuant to Fed. R. Civ. P. 26(a)(3), YOFC will identify documents that it intends to present as exhibits at trial or any hearing in this action.**

**Document Request No. 2**

All correspondence and documents sent by you to, or received by you from any party in this lawsuit and all writings concerning any party in this lawsuit.

**Response No. 2**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that constitute correspondence sent by YOFC to, or received by YOFC from, only Ganda or Edward available for inspection and copying. As for any correspondence and documents between YOFC and any other party, YOFC will only make such correspondence and documents that relate to Ganda or Edward available for inspection and copying.**

**Document Request No. 3**

All photographs, plats, sketches and other prepared documents within your possession or control which relate in any way to your claims or defenses in this case.

**Response No. 3**

> **YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that relate to the claims and defenses in this action available for inspection and copying.**

**Document Request No. 4**

All statements obtained from any person, whether written, oral, summarized, or otherwise reproduced in any manner, relating to the allegations and defenses set forth in the pleadings.

**Response No. 4**

> **YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that relate to the claims and defenses in this action available for inspection and copying.**

**Document Request No. 5**

Any and all documents and files including reports, studies, analyses, or other documentation of any expert witnesses retained by or on behalf of Plaintiff.

**Response No. 5**

> **YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Moreover, YOFC objects to this Request for Production of Documents as premature. Pursuant to Fed. R. Civ. P. 26(a)(2), YOFC will identify its testifying expert(s).**

**Document Request No. 6**

All documents that relate to any claim or defense asserted by any party to this action.

**Response No. 6**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that relate to the claims and defenses in this action available for inspection and copying.**

**Document Request No. 7**

All documents that support your claim for damages.

**Response No. 7**

**YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that relate to the claims and defenses in this action available for inspection and copying.**

**Document Request No. 8**

All documents used to prepare these discovery responses.

**Response No. 8**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege.**

<u>Document Request No. 9</u>

All invoices issued by YOFC to Ganda.

<u>Response No. 9</u>

**YOFC will make all invoices issued by YOFC to Ganda available for inspection and copying.**

<u>Document Request No. 10</u>

All invoices issued by YOFC to customers of Ganda.

<u>Response No. 10</u>

**YOFC objects to this Request for Production of Documents because YOFC is unaware of any "customers of Ganda".**

<u>Document Request No. 11</u>

All invoices or other documents reflecting the purchase, shipment, delivery or use of YOFC fiber optic products to customers in the United States at any time during the Production Period, including those reflecting sales FOB Wuhan (or other location in China) and destined for a user in the United States. This includes all documents related to, supporting or connected with the transactions reflected in the documents attached as Exhibit 1 (5 pages).

<u>Response No. 11</u>

**YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents consisting of all invoices or other documents reflecting the purchase, shipment, delivery or use of YOFC fiber optic products to customers in the United States at any time during the Production Period available for inspection and copying.**

<u>Document Request No. 12</u>

All invoices issued by YOFC for shipments of fiber optic products to the United States, whether such shipment was directly by YOFC or through a third party, including those sold FOB Wuhan (or other location in China) destined for a user inside the United States.

<u>Response No. 12</u>

**YOFC will make non-privileged, non-protected, responsive, and relevant documents consisting of all invoices issued by YOFC for shipments of fiber optic products to the United States at any time during the Production Period available for inspection and copying.**

<u>Document Request No. 13</u>

All shipping documents, including, but not limited to customs declarations, bills of lading, shipping lists and confirmations associated with shipments of YOFC fiber optic products to the United States at any time during the Production Period.

<u>Response No. 13</u>

**YOFC will make non-privileged, non-protected, responsive, and relevant documents consisting of all shipping documents, including, but not limited to customs declarations, bills of lading, shipping lists and confirmations associated with shipments of YOFC fiber optic products to the United States at any time during the Production Period available for inspection and copying.**

<u>Document Request No. 14</u>

All documents that describe or depict, in whole or in part, the corporate and organizational structure of YOFC at any time during the Production Period.

<u>Response No. 14</u>

**YOFC will make any documents consisting of an organizational chart reflecting the corporate and organizational structure of YOFC during the Production Period available for inspection and copying.**

<u>Document Request No. 15</u>

All documents that describe, summarize or mention communications or meetings between YOFC and any Third Party Defendant that mention, describe or discuss Ganda, John Edward, the United States market, customers in the United States (including Lucent and BICC), or actual or potential sales of fiber optic products in or to the United States.

<u>Response No. 15</u>

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither**

**relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents consisting of all documents that describe, summarize or mention communications or meetings between YOFC and any Third Party Defendant that mention, describe or discuss Ganda, John Edward, the United States market, customers in the United States (including Lucent and BICC), or actual or potential sales of fiber optic products in or to the United States available for inspection and copying.**

**Document Request No. 16**

All documents that describe, depict, summarize or discuss YOFC's plans for marketing fiber optic products in the United States at any time during the Production Period.

**Response No. 16**

**YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents consisting of all documents that describe, depict, summarize or discuss YOFC's plans for marketing fiber optic products in the United States during the Production Period available for inspection and copying.**

**Document Request No. 17**

All documents that describe, depict or summarize the market share or market position of YOFC multi-mode, single mode and specialty fiber products anywhere in the United States.

**Response No. 17**

**YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that describe, depict or summarize the market share or market position of YOFC multi-mode, single**



{B0528832; 4}

**mode and specialty fiber products in the United States during the Production Period available for inspection and copying.**

**Document Request No. 18**

All protocols, orders, contracts or agreements between any Third Party Defendant and Alcatel.

**Response No. 18**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Document Request No. 19**

All documents that depict, describe or summarize the business relationship between YOFC and one or more of the Third Party Defendants, including without limitation all joint venture, stock purchase, protocols, asset purchase and other contracts between such parties.

**Response No. 19**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving its rights, YOFC will make non-privileged, non-protected, responsive, and relevant documents that depict, describe or summarize the business relationship between YOFC and one or more of the Third Party Defendants during the Production Period, including without limitation all joint venture, stock purchase, protocols, asset purchase and other contracts between such parties available for inspection and copying.**

**Document Request No. 20**

All bank statements, deposit records and reconciliations concerning account number 500357793 at HSBC, Central Hong Kong, throughout the Production Period.

**Response No. 20**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any of its rights, YOFC will make all bank statements, deposit records, and reconciliations related to Ganda in account number 500357793 at HSBC, Central Hong Kong, at any time during the Production Period available for inspection and copying.**

**Document Request No. 21**

All bank statements and deposit records that reflect deposits of funds received from Ganda in account number 500357793 at HSBC, Central Hong Kong, at any time during the Production Period.

**Response No. 21**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any of its rights, YOFC will make all bank statements and deposit records that reflect deposits of funds received from Ganda in account number 500357793 at HSBC, Central Hong Kong, at any time during the Production Period available for inspection and copying.**

**Document Request No. 22**

All financial statements, balance sheets, profit and loss statements, cash flow statements or other documents that disclose YOFC's sales of fiber optic products into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis, throughout the Production Period.

**Response No. 22**

**YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make all non-privileged, non-protected, responsive and relevant documents that consist of financial statements, balance sheets, profit and loss statements, cash flow statements**

> **or other documents that disclose YOFC's sales of fiber optic products into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis, during the Production Period available for inspection and copying.**

**Document Request No. 23**

All documents that disclose or summarize YOFC's unit sales of multi-mode fiber into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis during the Production Period.

**Response No. 23**

> **YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make all documents that disclose or summarize YOFC's unit sales of multi-mode fiber into the United States during the Production Period available for inspection and copying.**

**Document Request No. 24**

All documents that disclose or summarize YOFC's unit sales of single mode fiber into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis during the Production Period.

**Response No. 24**

> **YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make all documents that disclose or summarize YOFC's unit sales of single mode fiber into the United States during the Production Period available for inspection and copying.**

**Document Request No. 25**

All documents that disclose or summarize YOFC's unit sales of specialty fiber into the United States, directly or indirectly, on a monthly, quarterly, semi-annual or annual basis during the Production Period.

**Response No. 25**

> **YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege.**

**Notwithstanding and without waiving any of its rights, YOFC will make all documents that disclose or summarize YOFC's unit sales of specialty fiber into the United States during the Production Period available for inspection and copying.**

**<u>Document Request No. 26</u>**

All visas or travel approvals obtained by any of the following in connection with travel to the United States at any time during the Production Period:

(a) Yan Changkun
(b) Xu Xizhou
(c) You Xiwei
(d) Wu Xhijiang
(e) Yu Weichang

**<u>Response No. 26</u>**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it constitutes an invasion of privacy.**

**<u>Document Request No. 27</u>**

All communications or documents that YOFC provided or sent to any Third Party Defendant regarding the sale or promotion of fiber optic products in the United States.

**<u>Response No. 27</u>**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make non-protected, non-privileged responsive and relevant communications or documents that YOFC provided or sent to any Third Party Defendant regarding the sale or promotion of fiber optic products in the United States during the Production Period available for inspection and copying.**

**Document Request No. 28**

All communications or documents that YOFC provided to any Third Party Defendant, and that any Third Party Defendant provided to YOFC, regarding joint efforts in the sales or promotion of fibers optic products in the United States market.

**Response No. 28**

> **YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving its rights, YOFC will make the non-protected, non-privileged, responsive and relevant communications or documents that YOFC provided to any Third Party Defendant, and that any Third Party Defendant provided to YOFC, regarding joint efforts in the sales or promotion of fibers optic products in the United States market during the Production Period available for inspection and copying.**

**Document Request No. 29**

All documents that constitute or evidence expenses incurred in the United States by any of the persons identified in Interrogatory No. 26.

**Response No. 29**

> **YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Document Request No. 30**

All documents that constitute, describe or summarize communications, agreements or disagreements between YOFC and any of the following:

(a) BICC/General Cable ("BICC")
(b) Optical Cable Corporation ("OCC")
(c) Lucent Technologies
(d) Alcatel
(e) Any Third Party Defendant

**Response No. 30**

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving its rights, YOFC will make documents that constitute agreements and communications between YOFC and the listed YOFC customers during the Production Period available for inspection and copying.**

**Document Request No. 31**

All protocols, contracts or agreements between YOFC and BICC.

**Response No. 31**

**YOFC will make all protocols, contracts or agreements between YOFC and BICC during the Production Period available for inspection and copying.**

**Document Request No. 32**

All protocols, contracts or agreements between YOFC and Optical Cable Corporation.

**Response No. 32**

**YOFC will make all protocols, contracts or agreements between YOFC and Optical Cable Corporation during the Production Period available for inspection and copying.**

**Document Request No. 33**

All protocols, contracts or agreements between YOFC and any Third Party Defendant, including all invoices.

**Response No. 33**

**YOFC will make documents consisting of protocols, contracts or agreements between YOFC and any Third Party Defendant during the Production Period, including all invoices available for inspection and copying.**

**Document Request No. 34**

All communications between YOFC and any Third Party Defendant.

Response No. 34

> **YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving its rights, YOFC will make all communications between YOFC and any Third Party Defendant relating to Ganda or Edward available for inspection and copying.**

Document Request No. 35

All pleadings (including amended pleadings) and orders in any action identified in response to Interrogatory No. 25.

Response No. 35

> **YOFC is objecting to the Interrogatories as they exceed the total number of interrogatories permitted to be served under Fed. R. Civ. P. 33. YOFC further objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any of its rights, the pleadings (including amended pleadings) and orders in any action identified in response to Interrogatory No. 25 are publicly available documents through those courts' case management electronic case filing (CM/ECF) systems.**

Document Request No. 36

All protocols, contracts, letters of intent, memoranda of understanding and agreements between any of the Third Party Defendants and YOFC regarding the acquisition, sale or transfer of any ownership or control interest in YOFC.

Response No. 36

> **YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents as any responsive and relevant documents would be duplicative of those produced in response to Request No. 33.**

<u>Document Request No. 37</u>

All protocols, contracts, letters of intent, memoranda of understanding and agreements between any of the Third Party Defendants and YOFC regarding the acquisition, sale or transfer of any ownership or control interest in the Third Party Defendants.

<u>Response No. 37</u>

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents as any responsive and relevant documents would be duplicative of those produced in response to Request No. 33.**

<u>Document Request No. 38</u>

All protocols, contracts, letters of intent, memoranda of understanding and agreements between YOFC and any user or purchaser of fiber optic products in the United States or Japan at any time during the Production Period.

<u>Response No. 38</u>

**YOFC will make all protocols, contracts, letters of intent, memoranda of understanding and agreements between YOFC and any user or purchaser of fiber optic products in the United States or Japan at any time during the Production Period available for inspection and copying.**

<u>Document Request No. 39</u>

All minutes, agenda or summaries of meetings within YOFC, including meetings of the Board, which mention or address Ganda, John Edward, or sales of fiber optic products in the United States. This includes, but is not limited to, minutes of the April 2000 meeting of the YOFC Board.

<u>Response No. 39</u>

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding, and without**

**waiving its rights, YOFC will make minutes, agenda or summaries of meetings within YOFC, including meetings of the Board, which mention or address Ganda, John Edward, or sales of fiber optic products in the United States available for inspection and copying.**

<u>Document Request No. 40</u>

All documents supporting your claims that YOFC has paid all commissions due Ganda, including with respect to shipments made to Optical Cable Corporation.

<u>Response No. 40</u>

**YOFC objects to this Request for Production of Documents to the extent that it seeks information protected by the work product doctrine and/or the attorney client privilege. Notwithstanding and without waiving any of its rights, YOFC will make all documents supporting YOFC's claims that YOFC has paid or given credit for all commissions due Ganda available for inspection and copying.**

<u>Document Request No. 41</u>

All documents that summarize or discuss your relationship with Zhang Tong Co., Ltd and/or bank account number 500357793 at HSBC, Central Hong Kong.

<u>Response No. 41</u>

**YOFC objects to this Request for Production of Documents to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

<u>Document Request No. 42</u>

All documents identified, or which were requested to be identified, in response to Interrogatories served on YOFC.

<u>Response No. 42</u>

**Pursuant to the Court's June 19, 2006, Memorandum and Order, YOFC will respond to this Document Request upon receipt of your revised or amended set of Interrogatories.**

Dated: June 21, 2006

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,**

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
Cherie Bosarge Dutton
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com
Email: cdutton@sandw.com

**Certificate of Service**

I hereby certify that a copy of the **Plaintiff Yangtze Optical Fibre and Cable Company Ltd.'s Responses to Defendants' Document Requests** was served on counsel of record for all parties by mail on June 21, 2006.



{B0528832; 4}