UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd., Plaintiff, vs. Ganda, LLC a/k/a Ganda Communications and John Edward, Defendants, vs. Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Counterclaim Defendants. | ) | C.A. No.: 04-474ML |

**GANDA, LLC'S OBJECTION TO YOFC'S MOTION TO STAY THE DEPOSITION OF XU XIZHOU AND FOR A PROTECTIVE ORDER**

Defendants, Ganda, LLC a/k/a Ganda Communication and John Edward (hereinafter collectively referred to as "Ganda"), hereby oppose Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd.'s Motion to Stay the Deposition of Xu Xizhou and for a Protective Order.

Ganda served a Notice of Deposition on YOFC on August 11, 2006, scheduling Dr. Xu Xizhou's deposition for September 9, 2006. YOFC has continually stalled, delayed and outright refused to produce Dr. Xu in accordance with Ganda's Notice of Deposition. It has now been nearly seven months since Ganda noticed Dr. Xu's deposition, and YOFC is still refusing to cooperate in scheduling the same.

WHEREFORE, Ganda respectfully requests that the Court deny YOFC's Motion to Stay the Deposition of Xu Xizhou and for a Protective Order.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: February 22, 2007

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Counterclaim Defendants. | C.A. No.: 04-474ML |

**GANDA, LLC'S MEMORANDUM IN OPPOSITION TO YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO STAY THE DEPOSITION OF XU XIZHOU AND IN SUPPORT OF ITS MOTION TO COMPEL THE DEPOSITION OF XU XIZHOU**

The Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC") has filed a Motion to Stay the Deposition of Xu Xizhou and for a Protective Order. Defendants, Ganda, LLC a/k/a Ganda Communications and John Edward (hereinafter collectively referred to as "Ganda"), respectfully submit this Memorandum in Opposition to YOFC's Motion to Stay, as well as in support of its Motion to Compel the Deposition of Xu Xizhou.

On August 11, 2006, Ganda served a Notice of Deposition on YOFC, scheduling Dr. Xu Xhizhou's deposition for September 9, 2006, nearly a month later.[1] Counsel for YOFC subsequently notified counsel for Ganda that for various reasons regarding Dr. Xu's ability to travel to the United States, Dr. Xu would not be able to be deposed as early as September 9, 2006. YOFC failed to provide alternative dates for the deposition until September 15, 2006, at which point counsel for YOFC indicated that Dr. Xu would be available anytime between November 6, 2006 and November 17, 2006.[2] While the dates proposed by YOFC were over two months after the date originally noticed by Ganda, Ganda nevertheless notified YOFC that it was scheduling Dr. Xu's deposition for November 6 and 7, 2006.[3] Despite Ganda's attempt to accommodate Dr. Xu's travel requirements by scheduling his deposition during the dates proposed by YOFC, YOFC refused to produce Dr. Xu on those dates for reasons never clearly articulated by YOFC.

During the months of October 2006 through December 2006, the parties began tentative settlement negotiations, and in an effort to further such negotiations, Ganda refrained from overly adversarial attempts to schedule Dr. Xu's deposition. However, Ganda continued to reiterate to YOFC that the deposition would need to go forward in the immediate future. When it appeared that settlement negotiations were no longer moving forward, Ganda once again sent a letter attempting to schedule Dr. Xu's deposition by January 20, 2007.[4] YOFC again refused to produce Dr. Xu, citing vague difficulties arranging his travel to the United States, despite the fact that YOFC had, at this point, over five months to make such arrangements. After a series of emails attempting to schedule Dr. Xu's deposition, the parties tentatively agreed on a time

---

[1] See Notice of Deposition, attached hereto as Exhibit A.
[2] See Letter dated September 15, 2006, attached hereto as Exhibit B.
[3] See Letter dated October 18, 2006, attached hereto as Exhibit C.
[4] See letter dated January 5, 2007, attached hereto as Exhibit D.

between February 19, 2007 and February 28, 2007, over seven months since the Notice of Deposition was served on YOFC.[5] Despite such agreement, YOFC is now moving to further delay Dr. Xu's deposition.

As grounds for its Motion to Stay Dr. Xu's deposition, YOFC argues only that Ganda's delay in supplementing its discovery responses to YOFC somehow excuses YOFC from its obligation under Rule 30 of the Federal Rules of Civil Procedure to produce Dr. Xu for deposition. Since YOFC has no legitimate ground for refusing to produce Dr. Xu, it is improperly attempting to condition its obligation to produce Dr. Xu on Ganda's obligation to supplement its discovery responses. Nowhere do the Federal Rules of Civil Procedure excuse a party from complying with a Notice of Deposition based upon such reasoning. The different methods of discovery provide separate rights and obligations, which rights and obligations are completely independent of other rights and obligations imposed by the Rules. Were the discovery rules interpreted to be conditioned on each other, YOFC could argue ad nauseum that Ganda has failed to produce enough information and thereby indefinitely delay Dr. Xu's deposition. Such dilatory tactics are a clear abuse of the discovery process.

Moreover, YOFC's claim that it has not been able to produce Dr. Xu because of alleged difficulty in arranging his travel to the United States is without merit. YOFC has acknowledged that its employees "regularly" visit the United States for business purposes.[6] Further, a review of the website for the US Consulate in Chengdu, China, the Consulate nearest YOFC's location in Wuhan, China, indicates that the processing time for a non-immigrant visa to the United States is

---

[5] See email correspondence dated January 25, 2007, attached hereto as Exhibit E.
[6] See Affidavit of Neils Gade in Opposition to Lucent Technologies, Inc.'s Motion to Transfer Venue, filed in *Yangtze Optical Fibre and Cable Company, Ltd. vs. Lucent Technologies Inc.*, 1:03-cv-11413-EFH and attached hereto as Exhibit F.

only one day.[7] Clearly, it is easy enough for YOFC employees to travel to the United States on a regular basis to conduct business, and it therefore will not be difficult or time consuming for Dr. Xu to obtain the necessary visa to travel to Rhode Island for his deposition.

It has now been nearly seven months since Ganda noticed Dr. Xu's deposition. YOFC has been failed to schedule Dr. Xu's deposition despite Ganda's frequent attempts to accommodate Dr. Xu's "difficulties" in arranging travel to the United States. This Court should grant Ganda's Motion to Compel the Deposition of Xu Xizhou and issue an Order directing that Dr. Xu be made available to be deposed no later than March 20, 2007.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: February 22, 2007

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

[7] See US Consulate in Chengdu, China website, attached as Exhibit G.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\GVLDOCS-1071169-v1-Edward Ganda response to motion to stay xu's deposition.DOC