UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. And Draka Holding, N.V.,<br><br>Third Party Defendants. | ) | Civil Action No. 04-474ML |

**DEFENDANTS'/THIRD PARTY PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

The Defendants, Ganda, LLC a/k/a Ganda Communications and John Edward (hereinafter collectively referred to as "Ganda"), respectfully move the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure for an Order directing Plaintiff, Yangtze Optical Fibre and Cable Company ("YOFC"), to provide responses to Ganda's Interrogatories previously served on YOFC.

On March 21, 2006, Ganda served discovery requests on YOFC, including Interrogatories. YOFC did not provide answers to these Interrogatories until September 29, 2006, and the answers that YOFC provided are wholly inadequate. By letter dated February 16, 2007,

Ganda notified YOFC of its insufficient answers and requested that YOFC supplement its answers within five days.[1] YOFC has failed to do so. Ganda therefore requests that this Court issue an Order compelling YOFC to supplement said answers within one week of the date of its Order.

Specifically, YOFC has failed to satisfactorily respond to the following Interrogatories:

> **Interrogatory No. 2:** Do you claim that Ganda has not fully paid YOFC on invoices YOFC sent to North American customers? If so, identify each unpaid invoice by customer, invoice date, number and dollar amount.
>
> **Response:** Yes, see Complaint ¶¶ 36-40 (Count II). When Ganda made payments to YOFC, Ganda did not always identify which invoice number, or customer to which the payment applied. As a result, as an accounting matter, YOFC credited any payments from Ganda to YOFC to the earliest, (i.e. oldest) open, unpaid invoice. Pursuant to Red. R. Civ. P. 33(d), YOFC directs the Defendant to the documents that YOFC has attached hereto as Exhibit A, which identifies (i) invoices on which Ganda collected and retained money, (ii) payments from Ganda to YOFC on those invoices, (iii) commissions earned by Ganda (iv) commission payments made to Ganda and (v) credits given to Ganda.
>
> **Interrogatory No. 3:** Do you claim that Ganda has not fully paid YOFC on invoices YOFC sent to Ganda? If so, identify each unpaid invoice by invoice date, number and dollar amount.
>
> **Response:** See Response No. 2.
>
> **Interrogatory No. 4:** Do you claim that Ganda owes YOFC monies on any basis other than (a) invoices from YOFC to North American customers, or (b) invoices from YOFC to Ganda? If so, describe in detail the precise source of the alleged additional funds owed, state the amount, and identify each document that you contend supports your claim.
>
> **Response:** See Response No. 2.

YOFC's responses to Interrogatories 2 and 3 are clearly insufficient as they make no attempt to identify unpaid invoices but simply reference the entire batch of invoices, both paid and unpaid, contained in its responses to Ganda's Requests for Production, along with summaries of amounts paid by Ganda and allegedly credited by YOFC. These responses are

---

[1] See Letter dated February 16, 2007, attached hereto as Exhibit A.

obviously insufficient in that they fail to identify which invoices in particular YOFC claims Ganda has failed to pay. Considering that the basis of YOFC's entire claim against Ganda is that Ganda has failed to pay YOFC on certain invoices, Ganda is certainly entitled to know which invoices are at issue.

Furthermore, YOFC's response to Interrogatory 4 is insufficient in that it merely references its inadequate response to Interrogatory 2. Ganda is entitled to know if YOFC is claiming that Ganda owes it money from any source other than an unpaid invoice so that Ganda can delineate the precise scope of YOFC's claims.

YOFC answered Interrogatories 5 and 6 as follows:

> **Interrogatory No. 5:** Exhibit E to the Complaint acknowledges a payment made by Ganda between 1998 and 2000 in the amount of $925,000.00 and describes this payment as "Amount paid to others for YOFC." Identify the person(s) or entity(ies) to whom this amount was paid and describe in detail what, if anything, was done with said amount once it was paid.
>
> **Response:** YOFC objects to this Interrogatory because it is overly broad and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **Interrogatory No. 6:** With respect to account number 500357793, at the Hong Kong and Shanghai Banking Corp ("HSBC"), Central Hong Kong, identify the owner of the account, describe YOFC's relationship with such entity, identify all persons with signatory authority on the account, and indicate the title of the account.
>
> **Response:** YOFC objects to this Interrogatory to the extent that it is vague, overbroad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatories 5 and 6 seek information concerning a payment in the amount of $925,000 made to a Hong Kong bank account at HSBC bank referenced in Interrogatory 6. In its Complaint, YOFC alleges that Ganda improperly "held back" certain funds from remittances to YOFC during the 2000 calendar year in an amount in excess of $2.5 million. Without

acknowledging the amount of the funds held back, Ganda has acknowledged that it held back funds from its remittances to YOFC in order to later pay those funds into the Hong Kong bank account pursuant to instructions from YOFC's upper management. YOFC has refused to explain to Ganda why it was instructed to hold back such funds, what the funds were being used for, or the names of the true owners of the Hong Kong account. Such information is crucial to Ganda's defense to YOFC's claims since it now appears highly probably (based upon YOFC's refusal to reveal information about this account) that the true or beneficial owners of the account were in fact individuals in the upper management of YOFC. Ganda is entitled to evidence proving that its "hold back" of funds in 2000 was authorized by and at the direction of YOFC's upper management, rather than part of some nefarious scheme to convert funds belonging to YOFC, as YOFC's complaint contends.

YOFC answered Interrogatory No. 10 as follows:

> **Interrogatory No. 10:** List all of YOFC's open orders, contracts, protocols and/or commitments to supply fiber optic products from customers in the United States as of the date identified by you in response to Interrogatory No. 14 above.
>
> **Response:** YOFC objects to this Interrogatory to the extent that the Interrogatory is poorly written, incomprehensible and difficult to understand. YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

The information requested by this Interrogatory is clearly calculated to lead to the discovery of admissible evidence as to Ganda's claims that it is due commissions on open orders, contracts and commitments to supply fiber which existed at the time of the termination of the April 6, 2001 Agreement. In response to YOFC's claim that it found this Interrogatory "difficult to understand," counsel for Ganda attempted to clarify this Interrogatory by letter dated

February 16, 2007. Despite such clarification and Ganda's obvious entitlement to such information, YOFC nevertheless refuses to answer Interrogatory 10.

YOFC answered Interrogatory No. 11 as follows:

> **Interrogatory No. 11:** Identify each person who served as a member of the Board or management group of YOFC at any time during the Production Period, including a description of the position of each, and with respect to each person identified, indicate the beginning and ending dates of such person's tenure as a member of YOFC management.
>
> **Response:** YOFC objects to this Interrogatory because it [is] overly broad and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information.

YOFC's complete refusal to answer this interrogatory is without any basis whatsoever. Ganda is clearly entitled to information concerning the decision makers at YOFC. YOFC's refusal, therefore, shows bad faith and its contempt for the discovery process.

YOFC answered Interrogatory No. 12 as follows:

> **Interrogatory No. 12:** Identify each person who acted on behalf of YOFC in connection with Ganda, sales by Ganda, or the sale or promotion of single mode, specialty or multi-mode fibers in the United States specifically including sales agents, import agents and customs brokers, at any time during the Production Period. With respect to each such person, provide his/her job title, dates of employment and function with respect to Ganda or the sales or promotion of YOFC fiber products in the United States.
>
> **Response:** YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, YOFC believes that such persons include the individuals identified in Response No. 1 who are or were affiliated with YOFC.

Again, YOFC's response is spurious. YOFC claims that Ganda owes it money in connection with the sale of YOFC fiber in the United States; obviously, information regarding the YOFC personnel or representatives responsible for organizing, arranging, coordinating or otherwise facilitating such sales, as well as information regarding any other individual who acted

on behalf of YOFC in connection with Ganda, is relevant to Ganda's defenses to YOFC's claims. YOFC's refusal to respond to a request for such basic information is astonishing.

YOFC answered Interrogatory No. 13 as follows:

> **Interrogatory No. 13:** Identify each person who traveled to, or was stationed in the United States on behalf of YOFC, including employees, agents or representatives, at any time during the Production Period. With respect to each person so identified, provide the date of each journey to the United States and the duration of each stay in the United States.
>
> **Response:** YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Interrogatory to the extent that it constitutes an invasion of privacy.

As with Interrogatory 12, above, information about the individuals described in Interrogatory 13 is clearly relevant to YOFC's claims regarding Ganda's sales of YOFC product in the United States. It is further relevant to Ganda's claims against YOFC that YOFC took certain actions in the United States in violation of the agreements between YOFC and Ganda.

YOFC answered Interrogatory No. 14 as follows:

> **Interrogatory No. 14:** Describe in detail all facts on which you base your claim of damages or monies owed by Ganda, identify all documents that support any such facts, and identify all witnesses with knowledge of any such facts. With respect to witnesses identified, describe the particular facts about which each identified witness is aware.
>
> **Response:** The facts on which YOFC bases its claim of damages owed by Ganda are identified in the complaint and in Response No. 2. The documents supporting such facts are the invoices and proof of payments produced by YOFC in response to Ganda's Document Requests.

Without doubt, Ganda is entitled to detailed information regarding the bases for YOFC's claims against it in order to ascertain the validity of such claims and to prepare an appropriate defense to the same. It is entirely insufficient for YOFC to merely reference the complaint, as the complaint provides very little, if any, detail regarding YOFC's alleged damages and certainly

does not provide information regarding how such damages were calculated. Furthermore, as noted above regarding YOFC's inadequate answer to Interrogatory 2, the information provided by YOFC in response to Interrogatory 2 is entirely insufficient. It is insufficient as an answer to Interrogatory 2, and it is equally insufficient in response to Interrogatory 14. The information provided by YOFC in response to Interrogatory 2 (and now in response to Interrogatory 14) is completely inadequate in that it makes no attempt to identify unpaid invoices but simply references the entire batch of invoices, both paid and unpaid, and it further fails to identify which invoices in particular YOFC claims Ganda has failed to pay.

YOFC answered Interrogatory No. 16 as follows:

> **<u>Interrogatory No. 16:</u>** Describe in detail the relationship between YOFC and Unicom at any time during the Production Period.
>
> **<u>Response:</u>** YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

YOFC representatives have indicated that the money Ganda was instructed to "hold back" from payments to YOFC, a portion of which he subsequently sent to the Hong Kong bank account, was to be used to pay "commissions" on an off-shore basis to representatives of Unicom. Since the reasons for the "hold back" of this money will be a critical part of Ganda's defense to YOFC's claims that Mr. Edward tried to convert these funds, details of the relationship between YOFC and Unicom will be relevant.

YOFC answered Interrogatories No. 17 and 18 as follows:

> **<u>Interrogatory No. 17:</u>** Identify by case caption, place and date of filing, case number, and Court any litigation in North America in which YOFC has been a party at any time during the Production Period and describe the results of such litigation, including without limitation the amount of any judgment, settlement or other disposition and the party or parties to whom any amounts were or are to be paid.

> **Response:** YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **Interrogatory No. 18:** Identify all persons associated with YOFC or any other counterclaim defendant whose deposition was taken in any litigation identified in response to Interrogatory No. 25 above, provide the name of the case in which the deposition was taken, and provide the date of each such deposition.
>
> **Response:** YOFC object [sic] to this Interrogatory to the extent that it is poorly written, incomprehensible and difficult to understand. YOFC further objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

YOFC once again completely refuses to answer these legitimate Interrogatories. Such contempt for the discovery process is unacceptable, and YOFC should be compelled to immediately provide complete and detailed answers to Ganda's Interrogatories.

YOFC answered Interrogatory No. 19 as follows:

> **Interrogatory No. 19:** Identify each trade show, exposition or other meeting within North America at which YOFC single mode, specialty or multi-mode fibers were promoted during the Production Period, and with respect to each, provide the name of the show, its location, its dates, the sponsoring agency(ies), the identity of people attending on behalf of YOFC, and the YOFC products displayed.
>
> **Response:** YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, YOFC attended and had a booth at the following trade shows:
>
> 1999 IWCS
> 2000 IWCS
> 2001 OFC
> 2001 IWCS
> 2002 OFC
> 2002 IWCS
> 2003 OFC
> Jan. 2005 BICSI

March 2005 OFC
May 2005 BICSI

While YOFC provided the dates and names of certain trade shows it attended in response to Interrogatory 19, it failed to provide the identity of persons attending those trade shows on behalf of YOFC and the products displayed. As this information is relevant to Ganda's claims against YOFC regarding certain actions YOFC took in the United States in violation of the agreements between YOFC and Ganda, Ganda is entitled to information regarding the identity of those attending these trade shows, as well as the products displayed by YOFC at these trade shows.

YOFC answered Interrogatory No. 20 as follows:

> **Interrogatory No. 20:** Identify every periodic report that YOFC provided to any Third Party Defendant at any time during the Production Period, and provide the date, nature, author, and recipient of each such report.
>
> **Response:** YOFC objects to this Interrogatory to the extent that it is poorly written, incomprehensible and difficult to understand. YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

YOFC once again completely refuses to answer a relevant and legitimate Interrogatory with no defensible basis for doing so. Information exchanged between YOFC and the Draka entities is relevant to Ganda's antitrust claims, which the Court has specifically ruled may go forward. The refusal to answer this Interrogatory is therefore unjustified. The objection that the interrogatory is "poorly written" is not a valid basis for objection, and the objection that the Interrogatory is "incomprehensible and difficult to understand" is either disingenuous or indicative of the responding party's failure to concentrate.

Ganda served a total of twenty-three interrogatories on YOFC, and YOFC provided answers to only eight. YOFC's failure to answer two thirds of Ganda's interrogatories is in bad

faith and displays contempt for the discovery process. Ganda requests that the Court issue an Order compelling YOFC to provide complete and detailed answers to these interrogatories within one week of the date of its Order. Ganda also requests an award for its reasonable attorneys' fees incurred in making this motion, in accordance with Fed. R. Civ. P. 37.

The undersigned certifies that counsel for Ganda has consulted with opposing counsel before filing this motion, as set forth above.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: February 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\GVLDOCS-1071365-v1-Edward Ganda motion to compel answers to int.DOC