# EXHIBIT A

LEATHERWOOD WALKER TODD & MANN, P.C.

ATTORNEYS AT LAW
THE LEATHERWOOD PLAZA
300 EAST MCBEE AVENUE, SUITE 500
GREENVILLE, SOUTH CAROLINA 29601
FAX: (864) 240-2477
TELEPHONE: (864) 242-6440

JOHN E. JOHNSTON, JR.
HARVEY G. SANDERS, JR.
DAVID A. QUATTLEBAUM III
JOSEPH E. MAJOR
DUKE K. MCCALL, JR.
EARLE G. PREVOST
J. RICHARD KELLY
A. MARVIN QUATTLEBAUM
JACK H. TEDARDS, JR.
F. MARION HUGHES
MICHAEL J. GIESE
MARK R. HOLMES
WILLIAM L. DENNIS
NATALMA M. MCKNEW
ROBERT A. DEHOLL
RICHARD L. FEW, JR.
STEVEN E. FARRAR
H. GIBERT SANDERS, III
THOMAS W. EPTING
JAMES L. ROGERS, JR
DAVID E. HODGE
FRANK C. WILLIAMS III
WILLIAM L. PITMAN
ROBERT D. MOSELEY, JR
JAMES T. HEWITT
KURT M. ROZELSKY
J. TOD HYCHE
LAUREL R.S. BLAIR
JAMILE J. FRANCIS III
JOHN P. RIORDAN
SEANN GRAY TZOUVELEKAS
WILLIAM B. SWENT
MICHELE FULLER LYERLY
LAURIN MILFORD MCDONALD
PETER A. RUTLEDGE
PAUL E. HAMMACK
CARI V. HICKS
MARY H. WATTERS
J. KURT SCHUMACHER, JR.
JENNIFER ADAMSON MOORHEAD
MARGARET C. MCGEE
ALEXANDRE N. MACCLENAHAN
ERIKA B. NEWSOM
ZANDRA L. JOHNSON
S. BROOKE CHAPMAN
JOHN M. WALKER
P. GRIFFIN BELL
THOMAS M. LARKIN
REBECCA H. ZABEL

**Mailing Address:**
Post Office Box 87
Greenville, SC 29602-0087

COUNSEL:
JAMES H. WATSON

D.B. LEATHERWOOD
1896-1989
WESLEY M. WALKER
1915-1999
FLETCHER C. MANN
1921-2003

WRITER'S
Direct Dial: 864-240-2421
Direct Fax: 864-240-2477
E-Mail: jrogers@lwtm.com

February 16, 2007

**VIA FACSIMILE TO (617) 338-2880**
Ira K. Gross, Esq.
Sullivan & Worcester
One Post Office Square
Boston, MA 02109

Re: *Yangtze Optical Fibre and Cable Company, Ltd. v. Ganda, LLC,* et al. *v. Draka Comteq, B.V.*, et al.; Civil Action No.: 04-474ML

Dear Ira:

On September 29, 2006 YOFC served answers to Ganda's first set of interrogatories. Those responses were inadequate in many respects, as identified below.

As you know, we have attempted on several occasions during the last few months to initiate good faith settlement negotiations with your clients. These efforts have been largely ignored by your clients. Because our settlement attempts were ongoing, we have not pressed for genuine answers to our interrogatories. At this date, however, we have no choice but to bring to your attention the wholly deficient answers we received back in September. We request that the deficiencies identified below be cured within the next five (5) days. If not, we will have no choice but to take this matter up with the Court.

Interrogatories No. 2 and 3. Interrogatories 2 and 3 ask that YOFC identify specific invoices, "by customer, invoice date, number and dollar amount," sent by YOFC to North American customers and to Ganda which were unpaid. Your response makes no attempt to identify unpaid invoices, but simply references the entire batch of invoices, both paid and unpaid, contained in your responses to our requests to produce, along with summaries of amounts paid by Ganda and "credited" by YOFC. This is inadequate. Please tell us precisely which invoices remain unpaid.

Interrogatory No. 4. Interrogatory number 4 asks whether YOFC claims any monies owed from Ganda other than on the basis of invoices to either North American customers or Ganda. Your response, "see response to number 2," is not a response at all. We are entitled to a

response to this legitimate question, which is obviously designed to delineate the precise scope of YOFC's claims and the basis for them.

Interrogatories No. 5 and 6. Interrogatory number 5 solicits information concerning the $925,000 payment made to the Hong Kong bank account, specifically requesting the identity of the account holders and the use to which these funds were put. YOFC's complaint contends that Ganda had no right to "hold back" certain funds from remittances to YOFC during the 2000 calendar year. YOFC claims that the amount of funds "held back" was in excess of 2.5 million dollars. Without acknowledging the amount of the funds held back, Ganda has acknowledged and will acknowledge that it held back funds from its remittances to YOFC pursuant to instructions from YOFC's upper management in order to later pay those funds into the Hong Kong bank account. At the time, Ganda was not told why this was being done, what the funds were to be used for, nor the names of the beneficial owners of the Hong Kong bank account. It is crucial to Ganda's defense to YOFC's claims that Ganda obtain this information, since it now appears highly probable (based upon YOFC's refusal to reveal information about this bank account) that the beneficial owners of the Hong Kong bank account were in fact individuals in the upper management of YOFC. Ganda is entitled to evidence proving that its "hold back" of funds in 2000 was authorized by and at the direction of YOFC's upper management, rather than part of some nefarious scheme to convert funds belonging to YOFC, as YOFC's complaint contends. We therefore insist that these interrogatories be answered in full.

Interrogatory No. 10. Interrogatory number 10 seeks a list of YOFC's open orders, contracts, commitments to supply fiber and the like from customers in the United States as of July 18, 2002. Our requests to produce also seek copies of documents related to the foregoing. This information is clearly calculated to lead to the discovery of admissible evidence as to Ganda's claims that it is due commissions on open orders, contracts and commitments to supply fiber which existed at the time of the termination of the April 6, 2001 Agreement. To the extent YOFC's objection is based upon the fact that it finds the interrogatory "difficult to understand," please consider this letter to be an amendment to interrogatory 10 clarifying it.

Interrogatory No. 11. YOFC's complete refusal to answer this interrogatory is without any basis whatsoever. Ganda is clearly entitled to information concerning the decision makers at YOFC. The complete refusal to answer this interrogatory shows bad faith and contempt for the discovery process on YOFC's part.

Interrogatory No. 12. YOFC's response to number 12 is, once again, completely inadequate. Information concerning the individuals identified is clearly relevant to Ganda's claims. YOFC's response that it "believes" some of the individuals identified in response 1 may be responsive to interrogatory number 12 is not even close to constituting an adequate response.

---

Interrogatory No. 13. Again, YOFC's non-response shows utter contempt for the discovery process. We insist on an answer.

Interrogatory No. 14. In your response to interrogatory 14, you completely fail to provide the appropriate information.

Interrogatory No. 16. YOFC representatives have indicated that the money Ganda was instructed to "hold back" from payments to YOFC, a portion of which he subsequently sent to the Hong Kong bank account, was to be used to pay "commissions" on an off-shore basis to representatives of Unicom. Since the reasons for the "hold back" of this money will be a critical part of Ganda's defense to YOFC's claims that Mr. Edward tried to convert these funds, details of the relationship between YOFC and Unicom will be relevant. YOFC's complete refusal to respond to interrogatory 16 is therefore unacceptable.

Interrogatories 17 and 18. YOFC once again completely refuses to answer these legitimate interrogatories. Such contempt for the discovery process is deplorable and we insist these interrogatories be answered.

Interrogatory No. 19. With respect to interrogatory 19, the identity of persons attending these trade shows on behalf of YOFC, and the products displayed, is not provided and we request that this response be supplemented.

Interrogatory No. 20. YOFC once again completely refuses to answer this interrogatory with no legitimate basis for doing so. Information exchanged between YOFC and the Draka entities is relevant to Ganda's antitrust claims, which the Court has specifically ruled may go forward. The refusal to answer this interrogatory is therefore not justified. The objection that the interrogatory is "poorly written," is not a valid basis for objection unless one is a high school English teacher. The objection that the interrogatory is "incomprehensible and difficult to understand" is either disingenuous or indicative of a failure to concentrate on the part of the author of these responses.

Yours very truly,

James L. Rogers, Jr.

James L. Rogers, Jr.
Leatherwood Walker Todd & Mann, P.C.

JLR,Jr/mh

1070211