UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YANGTZE OPTICAL FIBRE and CABLE COMPANY, LTD. | : | |
| v. | : | C.A. No. 04-474ML |
| GANDA, LLC, a/k/a GANDA COMMUNICATIONS and JOHN EDWARD | : | |
| v. | : | |
| DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC., and DRAKA HOLDING N.V. | : | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion to Compel the Production of Documents (Document No. 82), Plaintiff's Motion to Extend the Fact Discovery and Other Deadlines (Document No. 83), Plaintiff's Motion to Stay the Deposition of Xu Xizhou (Document No. 84) and Defendants' Motion to Compel the Deposition of Xu Xizhou (Document No. 88). These Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on February 28, 2007. The pending Motions are resolved below.

**Background**

This case was commenced in November 2004. Due to some initial skirmishing regarding venue during 2005, a Rule 16 Scheduling Order was not issued until March 23, 2006, and the parties were given approximately one year thereafter to complete discovery. See Document No. 38 (ordering that all discovery will be closed by March 30, 2007). It does not appear that either

Plaintiff or Defendants have been diligent in their efforts to conduct and complete pre-trial discovery by the March 30, 2007 deadline. Although the parties have exchanged written discovery requests, both sides have been somewhat tardy with their responses and unable to resolve their disputes as to the scope of discovery. In addition, no depositions have been conducted. As is typical in cases where the parties have dragged their feet regarding discovery, the approach of the discovery closure date has generated a flurry of unproductive discovery motions.

**Discussion**

**I. Plaintiff's Motion to Compel the Production of Documents. (Document No. 82).**

At the hearing, Plaintiff's counsel identified four categories of requested documents in dispute: (1) financial documents (Requests No. 33 and 43); (2) general corporate documents (Requests No. 2 and 3); (3) documents concerning fiber manufactured or sold by Ganda (Request No. 26); and (4) communications (Requests No. 15 and 16). Defendants dispute the relevance of these requested documents. Under Fed. R. Civ. P. 26(b)(1), discovery is generally available as to "any matter, not privileged, that is relevant to the claim or defense of any party...." However, such discovery may be limited in scope where the Court determines that "the burden or expense of the proposed discovery outweighs its likely benefit...." Fed. R. Civ. P. 26(b)(2)(iii). Further, "[t]he party seeking information in discovery over an adversary's objection has the burden of showing its relevance." Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005) (citations omitted). Applying these principles, Plaintiff's Motion to Compel is resolved as follows:

**A. Financial Documents**

Ganda's objections to Requests No. 33 and 43 are overruled. Plaintiff has established the relevance of such financial documents to its claims of breach of contract/nonpayment and fraudulent conveyance. Defendants have represented that Ganda is a "defunct company which had a maximum of three or four employees even when active" and the parties previously agreed to a protective order regarding confidentiality of discovery materials which was entered on August 1, 2006. See Document No. 65. Accordingly, Plaintiff's Motion to Compel is GRANTED as to these requests for the period January 1, 1998 to current and subject to the August 1, 2006 confidentiality order.

**B. General Corporate Documents**

Ganda's objections to Requests No. 2 and 3 are sustained. Plaintiff argues that the documents are "necessary to verify Ganda is a valid business entity." Request No. 2 seeks Ganda's operating agreement and Request No. 3 seeks documents regarding the origin of the name "Ganda." Plaintiff has simply not established the relevance of such documents to its claims of breach of contract/nonpayment and fraudulent conveyance, or any defenses asserted by Defendants. Accordingly, Plaintiff's Motion to Compel is DENIED as to these requests.

**C. Documents Concerning Fiber Manufactured or Sold by Ganda**

In its supplemental response to Request No. 26, Ganda represented that it did not manufacture any fiber, and only sold fiber provided to it by Plaintiff. Ganda's counsel also represented that the invoices from such sales had already been produced to Plaintiff. Accordingly, Ganda's objections to Request No. 26 are overruled, and Plaintiff's Motion to Compel is GRANTED as to such request. To the extent they have not already been produced, Ganda shall produce any documents concerning the fiber it sold from January 1, 1998 to present.

**D. Communications**

In Requests No. 15 and 16, Plaintiff seeks documents constituting or concerning communications between Ganda or John and Diana Lu a/k/a Diana Hojsak. Plaintiff argues that "[g]iven Diana Lu's prior business relationship with [Plaintiff] and her current business relationship with Edward, these communications could prove the existence or knowledge of fraudulent conveyances." Plaintiff has offered no support for this speculative assertion and nothing connecting Ms. Lu to any claims or defenses present in this case. In addition, Plaintiff has not described the nature of these claimed business relationships in any way. If this Court permitted discovery on this flimsy showing, then Plaintiff would be entitled to limitless discovery regarding communication between Ganda or Edward and any past or current business associate. Such a fishing expedition is not permitted under Fed. R. Civ. P. 26(b)(1). Accordingly, Ganda's objections to Requests No. 15 and 16 are sustained, and Plaintiff's Motion to Compel is DENIED as to those requests.

**II. Plaintiff's Motion to Extend. (Document No. 83).**

Plaintiff seeks a ninety-day extension of the Pretrial Order. Defendants object and assent only to a thirty-day extension. As noted above, neither side has been diligent in completing discovery. While the Court does not wish to condone such lack of diligence, this is the first request for an extension, and it is apparent that the case is not yet trial ready. Since discovery is not closed until the end of March, a sixty-day extension is sufficient. Thus, Plaintiff's Motion to Extend is GRANTED in part and the current pretrial order deadlines (see Document No. 38) are each extended by sixty days.

**III. Plaintiff's Motion to Stay Deposition (Document No. 84); and Defendants' Motion to Compel Deposition. (Document No. 88).**

These Cross-motions concern the deposition of Plaintiff's General Manager Xu Xizhou ("Dr. Xu"). On August 11, 2006, Defendants noticed Dr. Xu's deposition for September 5, 2006. (See Document No. 69). The deposition has repeatedly been postponed. Plaintiff argues that "it would be oppressive and cause an undue burden and expense for Dr. Xu to be deposed prior to the production of...documents" by Ganda. Document No. 84.

Plaintiff has shown no basis for its attempt to condition Dr. Xu's deposition on the resolution of its document discovery dispute with Ganda. Plaintiff argues that it needs the disputed documents to prepare Dr. Xu for his deposition. However, as discussed above, the documents in dispute are primarily internal Ganda corporate and financial documents of which Dr. Xu would presumably have no personal knowledge. Thus, it is unlikely that Dr. Xu would be examined extensively, if at all, regarding such documents and Plaintiff has not shown otherwise.

Plaintiff has not met its burden of establishing good cause under Fed. R. Civ. P. 26(c) for the issuance of a protective order staying Dr. Xu's deposition. Accordingly, Plaintiff's Motion to Stay is DENIED and Defendants' Motion to Compel Dr. Xu's deposition is GRANTED. Plaintiff shall make Dr. Xu available for deposition in this District or another mutually agreeable location by March 30, 2007.

**Conclusion**

The pending Motions are resolved as follows:

(1) Plaintiff's Motion to Compel (Document No. 82) is GRANTED in part and DENIED in part and Ganda shall respond as required by this Order within twenty days (see LR Cv 37(b));

(2) Plaintiff's Motion to Extend (Document No. 83) is GRANTED in part;

(3) Plaintiff's Motion to Stay (Document No. 84) is DENIED;

(4) Defendants' Motion to Compel (Document No. 88) is GRANTED; and

(5) All related requests for sanctions and costs are DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 1, 2007