UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd., Plaintiff, vs. Ganda, LLC a/k/a Ganda Communications and John Edward, Defendants, vs. Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., Counterclaim Defendants. | C.A. No.: 04-474ML |

**GANDA, LLC'S OPPOSITION TO YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO COMPEL INTERROGATORY RESPONSES**

Now comes Defendant Ganda, LLC and objects to the Motion to Compel Interrogatory Responses filed by the Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd. In support thereof, Ganda files its Memorandum in Opposition.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: March 12, 2007

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Beth Jacobson, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\mooppmocompel.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Counterclaim Defendants. | C.A. No.: 04-474ML |

**GANDA, LLC'S MEMORANDUM IN OPPOSITION TO YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S MOTION TO COMPEL INTERROGATORY RESPONSES**

The Plaintiff, Yangtze Optical Fibre and Cable Company, Ltd. ("YOFC"), has filed a Motion to Compel Interrogatory Responses against Ganda, LLC ("Ganda"). Ganda responds as follows.

Ganda served its responses to YOFC's first set of Interrogatories on November 30, 2006. By letter dated February 9, 2007, counsel for YOFC notified Ganda of certain, limited areas where she believed Ganda's responses were inadequate and requested additional information.[1] As an initial matter, Ganda intends to serve Supplemental Interrogatory Responses on YOFC with respect to Interrogatory No. 10, which requests certain information regarding Ganda's bank

[1] *See* Letter dated February 9, 2007, attached hereto as Exhibit A.

accounts. Ganda originally objected to the production of such information, but in light of Judge Almond's Order dated March 1, 2007 directing that Ganda produce financial documents to YOFC, Ganda will answer this Interrogatory as best it can once Ganda has obtained the necessary information to do so. However, Ganda maintains that it has sufficiently answered or properly objected to Interrogatory Nos. 6, 7 and 8, and therefore, as explained below, it is not required to provide further responses to the same.

Interrogatory No. 6 requests that Ganda "identify all completed sales of any fiber as to which Ganda claims a right to commissions from YOFC but for which [Defendants] claim Ganda did not receive such commissions." Interrogatory No. 6 specifically requested information regarding (1) the customer who ordered and paid for such fiber, (2) the date on which the order was placed, (3) the date of shipment of the fiber to the customer, (4) the price per kilometer that the customer was charged, and (5) a description of the type of fiber sold. In its Responses to YOFC's First Set of Interrogatories, *Ganda provided a detailed list of completed and uncompleted sales for which Ganda is owed commissions and attached this list as Exhibit A to its Responses. Exhibit A includes invoice numbers, dates and amounts of fiber sold.* Exhibit A was derived entirely from information obtained from YOFC. The additional information requested by YOFC, if it exists, likewise remains entirely in its own possession. Thus, if YOFC wishes to know further details regarding particular sales, it has the means to look such information up in its own records. On the other hand, Ganda's ability to obtain this information is more limited since YOFC has the complete records concerning these sales.

Likewise, Interrogatory No. 7 requests that Ganda provide the same information as in Interrogatory No. 6 with respect to "uncompleted" sales of fiber. Ganda interprets this interrogatory to be asking for information regarding sales which the customer agreed to (by

virtue of a supply contract) but never actually took delivery of. As noted above, however, Ganda's Exhibit A lists both completed and uncompleted sales of fiber of which Ganda is currently aware. YOFC's discovery responses, particularly invoices produced by YOFC, have made clear that YOFC made many sales to North American customers of which Ganda's was previously unaware and there may yet be others. Whether these sales were made pursuant to contracts which contain additional, as yet undisclosed and uncompleted sales Ganda can not know since no supply contracts have been produced by YOFC. YOFC pointedly kept Ganda "in the dark" concerning these sales.

Interrogatory No. 8 seeks information surrounding the transmission to Ganda of a facsimile from A. van Beinum to John Cain. In the fax, Mr. van Beinum, on behalf of the Draka defendants, instructs John Cain to "kill all commercial activities from Ganda toward USA market." This facsimile is attached to Ganda's Answer, Counterclaim and Third Party Complaint as Exhibit B and to YOFC's Interrogatories as Exhibit A. Specifically, Interrogatory No. 8 requests (1) the name of the person who delivered the document to Ganda, (2) the date the document was received, (3) the manner in which the document was received, and (4) whether any other documents were received with it.

In response to Interrogatory No. 8, Ganda identified the date the document was received, the manner in which the document was received and whether any other documents were received along therewith. The only piece of information to which Ganda objected producing is the identity of the person who forwarded the document to Ganda. The identity of the sender is completely irrelevant to the matters involved in this litigation. YOFC seeks this information solely because it wishes to know if it has a "mole" in its organization whom it can then punish.

The relevance of the document is its contents, not who forwarded it to Ganda. Therefore, Ganda objects to producing the identity of the sender.

For the reasons explained above, Ganda requests that YOFC's Motion to Compel Responses to Interrogatories be denied.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: March 12, 2007

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

Ira K. Gross, Esq.
Beth Jacobson, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\memooppmocompel.doc