UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Third-Party Defendants. | Civil Action No. 04-474ML<br><br><u>Oral Argument Requested</u> |

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S OPPOSITION TO DEFENDANT GANDA, LLC'S <u>MOTION TO COMPEL RESPONSES TO INTERROGATORIES</u>**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully opposes Defendants and Third-Party Plaintiffs' ("Defendants") Motion to Compel Interrogatories ("Motion"). Defendants have brought this motion prematurely as contrary to their representations, YOFC did supplement its interrogatory answers.

WHEREFORE, for the aforementioned reasons, YOFC respectfully requests that the Court:

(1) issue an order denying Defendants/Third-Party Plaintiffs' Motion; and

(2) grant costs and sanctions, including attorneys' fees.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary

Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: March 15, 2007

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Opposition on March 15, 2007. The Opposition is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, vs. Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this Memorandum of law in support of its Opposition to Defendants and Third-Party Plaintiffs' ("Defendants") Motion to Compel Interrogatories ("Motion"). Defendants have brought this motion prematurely as contrary to their representations, YOFC did supplement its interrogatory answers.

## I. BACKGROUND

YOFC provided Answers to Interrogatories ("Answers") on September 29, 2006. It was not until February 16, 2007, after YOFC had filed certain motions before this Court and asked

Defendants to supplement certain Answers, that Defendants suddenly, over four months after YOFC served its Answers, sought supplementation. In Defendants' February 16, 2007 letter to YOFC, they requested that YOFC supplement its Answers within five days. While not conceding the validity of any such deadline, in an effort to move this case along and promote discovery, YOFC responded with a letter dated February 21, 2007. YOFC's letter response was sent via facsimile and first class mail. A copy of YOFC's letter, with fax confirmation sheet, is attached as Exhibit 1 to the affidavit of Beth L. Jacobson ("Jacobson Aff."), filed herewith. Defendants' representation that YOFC has failed to respond to its request to supplement is thus false.

## II. ARGUMENT

### A. Substantive Response to Defendants' Allegations.

YOFC will address each interrogatory request below:

**Interrogatories No. 2 and 3:**

The Defendants claim that YOFC's Answers are insufficient as they make no attempt to identify unpaid invoices. As YOFC informed Defendants in its Answers and again in its February 21, 2007 letter, "[w]hen Ganda made payments to YOFC, Ganda did not always identify which invoice number, or customer to which the payment applied. As a result, as an accounting matter, YOFC credited any payments from Ganda to YOFC to the earliest, (i.e. oldest) open, unpaid invoice." See Jacobson Aff. at Exhibit 2 (YOFC's Answers to Interrogatories). Accordingly, because of Ganda's own business practices, YOFC cannot further respond to these interrogatories.

**Interrogatory No. 4:**

Defendants claim that YOFC's Answer to Interrogatory No. 4 is likewise insufficient as it does not identify unpaid invoices. YOFC, in its February 21, 2007 letter, supplemented its initial

response by clarifying, "In response to your request whether YOFC claims any monies owed from Ganda other than on the basis of YOFC invoices to either North American customers or Ganda, YOFC referenced its chart set forth in Exhibit A to its Answers. Exhibit A in YOFC's Responses to Interrogatories references both "U.S. Invoices" as well as "Foreign Invoices". "Foreign Invoices" includes Ganda invoices to Fujikura." See Jacobson Aff. at Exhibit 2 (Exhibit A).

**Interrogatories No. 5 and 6:**

These interrogatories request information concerning the $925,000 payment made to the Hong Kong bank account. YOFC clarified in its February 21, 2007 letter that these interrogatory requests were neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. YOFC stands by its initial Answer. YOFC credited Ganda for this payment and took that into consideration prior to arriving at the outstanding amounts Ganda owes YOFC. Accordingly, the interrogatories are not relevant. Additionally, YOFC referred Defendants to the document bates stamped Ganda00382 (a document produced by Ganda) which is a communication from YOFC to John Edward stating that YOFC has received the payment and gave Ganda full credit for it. See Jacobson Aff. at Exhibit 3. Thus, the information is not relevant to the claims in this case. Defendants' allegations that Ganda held back certain funds "pursuant to instruction from YOFC's upper management" is neither based on any fact in this case, nor relevant; rather, it is a mere fishing expedition. Moreover, the interrogatories asserted do not request the information Ganda apparently seeks, which is who at YOFC's upper management gave instruction to hold back certain funds, which information would likewise not be relevant to the issues in this case.

**Interrogatory No. 10:**

Defendants seek that YOFC identify any open orders, contracts, protocols and/or commitments to supply fiber optic products from customers in the United States as of July 18, 2002. (This was clarified in Defendants' February 16, 2007 letter as its original interrogatory did not make any sense as it referred to Interrogatory No. 14 which did not relate in any way and thus could not be answered.) We have confirmed with our clients the following: (1) YOFC had a contract with Lucent Technologies, Inc., a signed copy of which was previously produced as YOFC004134-4148, however, there were no outstanding orders as of July 18, 2002. The last shipment to OFS (former Lucent) was on May 21, 2002 for order nos. 4570201926 and 4570201927 (previously produced as YOFC005502, YOFC005501 (invoices), YOFC001867-68, YOFC001863 (purchase orders), and YOFC005041, YOFC005043 (packing lists)); (2) There were no outstanding orders from BICC as of July 18, 2002. The final order received from BICC was purchase order number GP-22823 with an order date of February 27, 2001 (GANDA 00158-61, GANDA00164--166); (3) YOFC had entered into a Supply Agreement with Optical Cable Corporation ("OCC") on December 27, 2000, in which OCC was obligated to purchase a certain amount of fiber for 2001-2003, however, that Agreement was modified pursuant to a subsequent amendment (copies of the Supply Agreement and Amendment are being produced) that provides if OCC's demand falls short of the estimated quantity for a certain year, then the shortfall quantity can be carried over to the next calendar year. In sum, there were no orders submitted prior to July 18, 2002 that were actually fulfilled after July 18, 2002 (i.e. no open orders).

**Interrogatory No. 11:**

YOFC's initial objection to this interrogatory was exactly that; not, as Defendants' characterize, "bad faith and contempt for the discovery process". While YOFC stands by its

objection, in light of moving forward, in its February 21, 2007 letter, YOFC agreed to provide the requested information and is in the process of compiling the information.

**Interrogatory No. 12:**

YOFC fully responded to this interrogatory and provided Defendants with those persons or representatives responsible for organizing, arranging, coordinating or otherwise facilitating such sales, as YOFC indicated that "such persons include the individuals identified in Response No. 1". Interrogatory No. 1, which YOFC fully responded to and as to which Defendants never asked for any supplementation, requested that YOFC identify all persons known to be witnesses concerning the facts of the case. As that interrogatory is extremely broad, it encompasses Interrogatory No. 12 in its entirety. YOFC provided a list of twelve (12) persons with addresses (when known). Thus, the request in Interrogatory No. 12 is clearly overbroad, not reasonably calculated to lead to admissible evidence and does not directly or indirectly relate to the claims at issue in the Complaint.

**Interrogatory No. 13:**

Defendants' request for the name of each person who traveled to or was stationed in the United States on behalf of YOFC between January 1996 and April 2003 and the date of each journey and duration of each stay is, as YOFC set forth in its objection, overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. It further, as previously stated, constitutes an invasion of privacy. Defendants have provided no legitimate justification as to why this information is necessary or how it relates at all to the claims in this action.

**Interrogatory No. 14:**

Ganda seeks that YOFC "describe in detail all facts on which you base your claim of damages or monies owed by Ganda, identify all documents that support any such facts, and

identify all witness with knowledge of any such facts." YOFC responded that the facts on which it bases its claim of damages are identified in the complaint and in Response No. 2, which also references Exhibit A to YOFC's Answers. Defendants claim YOFC's response to Interrogatory no. 2 is insufficient. To the contrary, YOFC has provided Defendants information (including invoice and payment numbers) upon which it bases its claim. As discovery is ongoing, if and when it obtains additional information, it will supplement its response. Moreover, Defendant Ganda has asserted similar objections to YOFC's Request for Interrogatories (currently the subject of a pending motion to compel). See and compare Jacobson Aff. at Exhibit 4 (Ganda's Responses to Interrogatories at ¶¶ 3, 4 and 5, Ganda objected to providing YOFC with its trial witnesses, documents to be used as exhibits, and expert witnesses). Additionally, the information requested herein will likely be the subject of any pretrial memoranda which YOFC will file at the appropriate time in accordance with the Court's orders and rules.

**Interrogatory No. 16:**

Defendants seek information regarding the alleged "relationship between YOFC and Unicom". YOFC objected as the information is neither relevant not reasonably calculated to lead to discovery of admissible evidence. Defendants' explanation as to why the requested information is relevant contains a false premise as to YOFC's claims. Further, as previously indicated, it is irrelevant, as YOFC has credited Ganda for this payment and took that into consideration prior to arriving at the outstanding amounts Ganda owes YOFC. Additionally, the document bates stamped Ganda00382 (a document produced by Ganda) which is a communication from YOFC to John Edward states that YOFC has received the payment and gave Ganda full credit for it. See Jacobson Aff. at Exhibit 3.

**Interrogatories No. 17 and 18:**

These interrogatory requests which seek information concerning YOFC's prior litigation and deponents in such litigation are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Rather, they are broad attempts to peek into YOFC's confidential business affairs. Aside from alleging that the interrogatories are "legitimate", Defendants have offered not one reason why such requests are reasonable or likely to lead to discoverable evidence. Defendants chose to resort to "name calling" rather than offering any explanation as to why the information is necessary or relevant to this case. They offer no more than two sentences to substantiate their need for seeking such information.

**Interrogatory No. 19:**

Defendants' broad interrogatory requested that YOFC identify each trade show, exposition or other meeting in North America at which YOFC promoted its fibers and with respect to each provide the name of the show, its location, dates, as well as the identity of people attending on behalf of YOFC and the YOFC products displayed. YOFC objected as the request is overly broad and not reasonably calculated to lead to admissible evidence. Nonetheless, YOFC responded that YOFC attended and had a booth at ten shows, and set forth the names and dates of the shows. Now, Defendants seek the identity of each person who attended each show and the products displayed. Although Defendants assert that this is relevant to Ganda's claims, it does not specify which claims and what types of discoverable information this information could disclose. Accordingly, as this request is overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence, Defendants' request should be denied.

**Interrogatory No. 20:**

Defendants want YOFC to identify every periodic report that YOFC provided to any Third Party Defendant. YOFC objected to this request as it is vague, overly broad, unduly

burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. YOFC stands by its prior answer and will not supplement it. First, it is unclear what defendants mean by "periodic report". Second, in a recent letter to Defendants, YOFC identified for Defendants numerous documents that had been produced by either YOFC or the Third-Party Defendants that are contracts or agreements between YOFC and any Third-Party Defendant. See Jacobson Aff. at Exhibit 5 (March 5, 2007 letter) (YOFC003051-YOFC003057; YOFC003058-YOFC003060; YOFC003061-YOFC003064; YOFC003065-YOFC003068; YOFC003069-YOFC003071; YOFC-003072-YOFC003074; YOFC003075-YOFC003077; YOFC003078-YOFC003080;YOFC003208-YOFC003211; YOFC003212-YOFC003214; YOFC003215-YOFC003217; YOFC003218-YOFC003222; YOFC003228-YOFC003230; YOFC003231-YOFC003233; YOFC003234-YOFC003236; YOFC003237-YOFC003230; YOFC003672-YOFC003674; DRAK003828-DRAK003888).

### B. Defendants are Not Entitled to Expenses and Sanctions.

Although YOFC only answered (to Defendants' satisfaction) a certain percentage of interrogatories, Defendants are not entitled to sanctions. YOFC also supplemented certain responses in response to Defendants request. As set forth above, YOFC not only answered the Interrogatories, but also provided either supplemental answers or further information as to why YOFC objected to certain requests.

## III. CONCLUSION

WHEREFORE, for the aforementioned reasons, YOFC respectfully requests that the Court:

(1) issue an order denying Defendants/Third-Party Plaintiffs' Motion; and

(2) grant costs and sanctions, including attorneys' fees.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

By its attorneys,

/s/ Gordon P. Cleary

Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email: igross@sandw.com*
Lindsay D. Barna
*Email: lbarna@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: March 15, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Memorandum on March 15, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary