# EXHIBIT 1

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

February 21, 2007

**By Facsimile and First Class Mail**

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
Post Office Box 87
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, SC 29601-0087

Re: Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") v. Ganda LLC, a/k/a Ganda Communications ("Ganda"), *et al.* v. Draka Comteq, B.V., *et al.*, U.S.D.C. (D.R.I.), Civil Action No. 04-474ML

Dear Mr. Rogers:

I write in response to your February 16, 2007 letter to Ira Gross and about broader discovery issues. Before addressing (1) document productions and (2) your substantive points[1] regarding YOFC's Response to Ganda's First Set of Interrogatories ("Ganda's Interrogatories"), I would like to address a broader issue. Discovery is a two-way street, and all parties will best be served by the open-flow of relevant information. Unfortunately, your clients have demonstrated a consistent unwillingness to cooperate on this front. For example: (1) Ganda failed to provide Responses to Interrogatories or Document Requests for five months until YOFC filed a Motion to Compel; (2) Ganda has failed to supplement its deficient document production – the subject of the pending Motion to Compel; and (3) you completely neglected to respond to my letter to you of February 9, 2007, pointing out deficiencies in Ganda's Responses to YOFC's First Set of Interrogatories.

Nevertheless, as discovery in this case is still ongoing, and although YOFC believes it has complied with the requisite discovery requests, it will agree to supplement its responses to certain interrogatory requests that are relevant, not unduly burdensome and do not implicate privileged information. Further, as set forth below, YOFC is producing with this letter additional documents.

**Document Productions:**

In reviewing our files, I recently located some additional documents responsive to Defendants' First Request for the Production of Documents. I enclose those documents, some of which have been marked confidential, bates stamped YOFC006100-YOFC006536.

We had previously requested that you provide us with certain missing pages of Ganda's document production. We referenced this deficiency and asked that it be rectified in our December 29, 2006 letter to you, however, you did not respond. Thus, again, we ask (prior to bringing this to the Court's attention) for you to provide us with the documents to make

---

[1] YOFC served its Responses to Defendants' First Set of Interrogatories ("YOFC's Responses to Interrogatories") on September 29, 2006. We find it revealing that your letter regarding its purported inadequate answers was not issued until four and one-half months later, after YOFC had pointed out deficiencies in Ganda's Responses to Interrogatories.

the produced documents complete as the missing pages appear to contain replies to emails and certain pages appear to have been redacted without noting whether it was in fact redacted:

Missing Pages Determined from Page Numbers:

| | |
|---|---|
| 00333 | 02304 |
| 00339 | 02343 |
| 00373 | 02481 |
| 00381 | 02486 |
| 00390 | 02502 |
| 00449 | 02503 |
| 00453 | 02508 |
| 00456 | 02510 |
| 00474 | 02520 |
| 00736 | 02540 |
| 00742 | 02545 |
| 00911 | 02559 |
| 01084 | 02578 |
| 01351 | 02585 |
| 02299 | 02617 |
| | 02643 |
| | 02661 |

Missing Pages Determined from Fax Cover Sheet:

00082
00244

Missing Pages Determined from Fax Line:

00083
00313
00434
00557
01219
01354
01825
01841
01920
01947
02451

Documents that are missing half of the page (either cut off, redacted or copied incorrectly):

00710-711
00713-714
02301

We expect this to be rectified within five (5) business days.

**Substantive Response to Defendants' Request for YOFC to Supplement its Responses to Interrogatories:**

Interrogatories No. 2 and 3: YOFC set forth in its initial answer, "[w]hen Ganda made payments to YOFC, Ganda did not always identify which invoice number, or customer to which the payment applied. As a result, as an accounting matter, YOFC credited any payments from Ganda to YOFC to the earliest, (i.e. oldest) open, unpaid invoice." Accordingly, because of Ganda's own business practices, YOFC cannot further respond to these interrogatories.

Interrogatory No. 4: In response to your request whether YOFC claims any monies owed from Ganda other than on the basis of YOFC invoices to either North American customers or Ganda, YOFC referenced its chart set forth in Exhibit A to its Answers. Exhibit A in YOFC's Responses to Interrogatories references both "U.S. Invoices" as well as "Foreign Invoices". "Foreign Invoices" includes Ganda invoices to Fujikura.

Interrogatories No. 5 and 6: These interrogatories request information concerning the $925,000 payment made to the Hong Kong bank account. YOFC responded that these requests were neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. YOFC stands by its initial response. YOFC credited Ganda for this payment and took that into consideration prior to arriving at the outstanding amounts Ganda owes YOFC. Accordingly, the interrogatories are not relevant. Additionally, we refer you to the document bates stamped Ganda00382 (a document produced by Ganda) which is a communication from YOFC to John Edward stating that YOFC has received the payment and gave Ganda full credit for it.

Interrogatory No. 10: YOFC stands by its prior answer and will not supplement it.

Interrogatory No. 11: YOFC's previous objection to this interrogatory was exactly that; not, as you characterize, "bad faith and contempt for the discovery process". While YOFC stands by its objection, in light of moving forward, YOFC will provide the requested information and is in the process of compiling it.

Interrogatory No. 12: YOFC fully responded to this interrogatory. Your justification that the information requested "is clearly relevant to Ganda's claims" is not sufficient rationale for us to supplement this answer. The request is clearly overbroad and not reasonably calculated to lead to admissible evidence and does not directly or indirectly relate to the claims at issue in the Complaint.

Interrogatory No. 13: Requesting the name of each person who traveled to or was stationed in the United States on behalf of YOFC during the Production Period and the date of each journey and duration of each stay is, as YOFC set forth in its objection, overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. It further, as previously stated, constitutes an invasion of privacy. You have subsequently provided no justification as to why this information is necessary or how it relates at all to the claims in this action. Your sweeping allegations that failure to respond shows "utter contempt" is not justification for supplementing the answer.

Interrogatory No. 14: YOFC stands by its prior answer and will not supplement it at this time. See also and compare Ganda's Responses to Interrogatories at ¶¶ 3, 4 and 5 (Ganda objected to providing YOFC with its trial witnesses, documents to be used as exhibits, and expert witnesses).

Interrogatory No. 16: YOFC stands by its prior answer and will not supplement it. Your explanation as to why the requested information is relevant contains a false premise as to YOFC's claims. Further, as previously indicated, it is irrelevant as YOFC has credited Ganda for this payment and took that into consideration prior to arriving at the outstanding amounts Ganda owes YOFC. Additionally, we refer you to the document bates stamped Ganda00382 (a document produced by Ganda) which is a communication from YOFC to John Edward stating that YOFC has received the payment and gave Ganda full credit for it.

Interrogatories No. 17 and 18: These interrogatory requests regarding prior litigation and deponents in such litigation, while you claim are "legitimate", are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. You have offered no reason why such requests are reasonable or likely to lead to discoverable evidence. Again, you have resorted to "name calling" rather than offering any explanation as to why the information is necessary. YOFC stands by its prior answer and will not supplement it.

Interrogatory No. 19: As you have provided no reason as to why the identity of persons attending the specified trade shows and the products displayed is relevant or reasonably calculated to lead to the discovery of admissible evidence, YOFC stands by its prior answer and will not supplement it.

Interrogatory No. 20: YOFC stands by its prior answer and will not supplement it.

Thank you in advance for your cooperation in this matter. If you have any questions or would like to discuss this matter further, please do not hesitate to contact me directly.

Very truly yours,

Beth L. Jacobson

Direct line: 617 338 2872
bjacobson@sandw.com

Enclosures (by first-class mail only)

cc: Ira K. Gross, Esq.
Gordon P. Cleary, Esq. (by facsimile and first class mail without enclosures)
Justin T. Shay, Esq. (by facsimile and first class mail without enclosures)
Rebecca Zabel, Esq. (by facsimile and first class mail without enclosures)

```
******************************
***   MULTI TX/RX REPORT   ***
******************************

TX/RX NO                3786
PGS.                       5
TX/RX INCOMPLETE        -----
TRANSACTION OK          (1)   918642402479#8331
                        (2)   918642402477#8331
                        (3)   914012726803#8331
                        (4)   914013315787#8331
ERROR INFORMATION       -----
```

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| DELIVER TO: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| James L. Rogers, Jr., Esq. | Leatherwood Walker Todd and Mann, P.C. | 864 240 2479 | 864 240 2421 |
| Rebecca H. Zabel, Esq. | Leatherwood Walker Todd and Mann, P.C. | 864 240 2477 | 864 240 2431 |
| Gordon P. Cleary, Esq. | Vetter & White, Incorporated | 401 272 6803 | 401 421 3060 |
| Justin T. Shay, Esq. | Cameron & Mittleman LLP | 401 331 5787 | 401 331 5700 |

| FROM: | Email Address | Phone Number: |
|---|---|---|
| Beth L. Jacobson | bjacobson@sandw.com | 617 338 2872 |

| TOTAL PAGES INCLUDING COVER: | 5 | DATE: | 21-Feb-07 |
|---|---|---|---|

COMMENTS:

User Number: 1097 Client / Matter: 19090.0002 Fax Job Code 8331

SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
www.sandw.com

# FAX COVER SHEET

| DELIVER TO: | Company: | Fax Number: | Phone Number: |
|---|---|---|---|
| James L. Rogers, Jr., Esq. | Leatherwood Walker Todd and Mann, P.C. | 864 240 2479 | 864 240 2421 |
| Rebecca H. Zabel, Esq. | Leatherwood Walker Todd and Mann, P.C. | 864 240 2477 | 864 240 2431 |
| Gordon P. Cleary, Esq. | Vetter & White, Incorporated | 401 272 6803 | 401 421 3060 |
| Justin T. Shay, Esq. | Cameron & Mittleman LLP | 401 331 5787 | 401 331 5700 |

| FROM: | Email Address | Phone Number: |
|---|---|---|
| Beth L. Jacobson | bjacobson@sandw.com | 617 338 2872 |

| TOTAL PAGES INCLUDING THIS: | 5 | DATE: | 21-Feb-07 |
|---|---|---|---|

MESSAGE:

User Number: 1097 Client / Matter: 19090.0002 Fax Job Code 8331

BOSTON NEW YORK WASHINGTON, DC

Communications from our firm may contain or incorporate federal income tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal income tax advice.

This transmission contains confidential information intended for use only by the above-named recipient. Reading, discussion, distribution, or copying of this message is strictly prohibited by anyone other than the named recipient, or his or her employees or agents. If you have received this fax in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.

If you have any difficulty receiving this message, please call 617 338 2435. Our Facsimile No. is 617 338 2880.

{B0610534; 1}