# EXHIBIT 4

11/30/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Counterclaim Defendants. | C.A. No.: 04-474ML |

TO: PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY, LTD. AND ITS ATTORNEYS:

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Ganda, LLC, a/k/a Ganda Communications ("Ganda"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby answers Yangtze Optical Fibre and Cable Company, Ltd.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Ganda objects to any and all instructions and/or interrogatories which require answers or state duties exceeding those set forth in the applicable Federal Rules of Civil Procedure.

2. Ganda objects to providing information which reflects or contains attorney work product or attorney client privileged communications. With respect to any such privilege, Ganda will comply with Rule 26(b)(5), FRCP. Ganda objects to any request for identification of privileged materials that exceeds the scope of Rule 26(b)(5), FRCP. Any inadvertent production or disclosure of privileged or otherwise protected information shall not be deemed to constitute a waiver of any privilege.

3. Ganda objects to providing information already in Plaintiff's possession or more easily obtained through other forms of discovery, including document demands and depositions to be noticed by Plaintiff and/or subpoenas of non-parties for documents and testimony.

4. Ganda objects to providing information that contains sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules and/or regulations ("Confidential Information"). Ganda shall produce such Confidential Information only pursuant to the confidentiality stipulation and protective order entered by the Court.

5. Ganda objects to each Interrogatory to the extent it is vague, overly broad, unduly burdensome and/or seeks information that is neither relevant or reasonably calculated to lead to the discovery of admissible evidence.

6. Ganda objects to each Interrogatory to the extent it seeks to impose upon Ganda an obligation to provide information not in its possession, custody and/or control.

7. Ganda objects to providing information equally available to Plaintiff through public sources or records on the ground that it subjects Ganda to unreasonable and undue annoyance, oppression, burden and expense.

8. Ganda objects to each Interrogatory to the extent it is duplicative, cumulative or redundant.

9. To the extent that Ganda asserts a specific objection to a particular Interrogatory, Ganda does not thereby waive these General Objections. To the extent Ganda objects to a particular Interrogatory but proceeds to respond to said Interrogatories in whole or in part, Ganda does not thereby waive any objection to that particular Interrogatory.

10. Ganda reserves the right to supplement its responses to these discovery requests, as additional information becomes available.

**ANSWERS TO INTERROGATORIES**

1. Identify any person responding to these Interrogatories as well as each person who was consulted or who provided information for the responses to these Interrogatories.

ANSWER: **The following persons assisted in, were consulted or provided information in answering these Interrogatories:**

**(a) James L. Rogers, Jr.**

**(b) Rebecca H. Zabel**

**(c) John Edward**

2. Identify any person who has or who you reasonably believe may have any knowledge of any information concerning any allegation in the Complaint or Amended Answer and for each person state the basis of such knowledge.

ANSWER: **Ganda reasonably believes that the following persons may have knowledge of information concerning the allegations made in the Complaint and/or the Amended Answer:**

**(a) John Edward**

**(b) Dr. Xu Xizhou**

**(c) Niels Gade**

**(d) Yan Changkun**

**(e) Yu Weichang**

**(f) John Cain**

**(g) Syed Ahmed Mustaf**

**(h) You Qiwei**

**(i) Wu Zhiqiang**

**(j) Wang Wei**

**(k) Zhang Bin**

**(l) S.J. van Kesteren**

**(m) Arien van Beinum**

**The names of additional persons reasonably believed by Ganda to have knowledge of information concerning the allegations made in the Complaint and/or the Amended Answer can be derived from the documents produced in response to Plaintiff's Document Requests.**

3. Identify any person whom you expect to call as a witness at any hearing or trial in this action.

**ANSWER: Ganda objects to this Interrogatory to the extent it requests information protected by the attorney client privilege or the attorney work product doctrine. Notwithstanding this objection, Ganda may call any of the persons identified in its response to Interrogatory No. 2. Ganda specifically reserves the right to supplement its answer to this Interrogatory.**

4. Identify any document that you intend to introduce as an exhibit at any hearing or trial in this action.

**ANSWER: Ganda objects to this Interrogatory to the extent it requests information protected by the attorney client privilege or the attorney work product doctrine. Ganda further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome. Without waiving these objections, see Ganda's responses to Plaintiff's Document Requests.**

5. Identify any person whom you expect to call as an expert witness at any hearing or trial of the above-captioned action. For each expert witness identified, provide a detailed description of the expert's education, qualifications, and experience relevant to the expert's area of expertise, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER: Ganda has not yet retained or identified any expert witness. Ganda specifically reserves the right to supplement its answer to this Interrogatory.**

6. Identify all completed sales of any fiber as to which Ganda claims a right to commissions from YOFC but for which you claim Ganda did not receive such commissions, including but not limited to (i) the customer who ordered and paid for the fiber; (ii) the date on which the order was placed; (iii) the date of shipment of the fiber to the customer; (iv) the price per kilometer (or other identifiable pricing unit) that the customer was charged for the fiber; and (v) a description of the type of fiber sold.

**ANSWER: Ganda objects to this Interrogatory on the ground that it seeks information already in Plaintiff's possession. Subject to this objection, Ganda submits that it is owed commissions on all completed sales of fiber as reflected by the documents produced by Plaintiff in response to Ganda's Document Requests, which amounts are also reflected in the document attached hereto as Exhibit A. Ganda further submits that that the commissions it is owed from such sales exceed the amount of $1,300,000.00. Ganda specifically reserves the right to supplement its answer to this Interrogatory.**

7. Identify any uncompleted fiber sales or other transaction not identified in response to Interrogatory No. 6 as to which Ganda claims a right to commissions from YOFC for which you claim Ganda did not receive such commissions, including, but not limited to, (i) the customer who ordered the fiber; (ii) the date on which the order was placed; (iii) the terms and conditions of the order; (iv) the individual representative(s) of the customers who were Ganda's primary contact(s) with regard to the order; and (v) all documents embodying or manifesting the order.

**ANSWER: Ganda objects to this Interrogatory on the ground that it seeks information already in Plaintiff's possession. Subject to this objection, Ganda submits that it is entitled to a commission on all outstanding orders, contracts and commitments on record as of July 18, 2002, as well as its pro rata share of commissions on outstanding orders, contracts and commitments pursuant to Article 11 of the 2001 Agreement. The pro rata commissions owed under Article 11, not including Lucent, total approximately $200,000.00.**

**In addition, Ganda submits that it is entitled to a commission in the amount of at least $1,171,000.00 attributable to monies which Plaintiff has obtained or will obtain in the future arising out of Plaintiff's Massachusetts litigation with Lucent Technologies, Inc., which litigation concerned a contract entered into between Plaintiff, Lucent and Ganda for the sale of fiber to Lucent.**

**Ganda is additionally owed commissions on sales to BICC and Lucent which Ganda secured but which Plaintiff failed or refused to fill. Specifically, Plaintiff failed to supply single mode fibre to BICC in 2000, 2001 and 2002 and to Lucent in 2000. The commissions owed Ganda on the unfilled BICC sales are as follows: $80,654.00 for unfilled sales in 2000; $188,974.00 for unfilled sales in 2001; and $360,000.00 for unfilled sales in 2002. The commissions owed Ganda on the unfilled Lucent sales in 2000 total $733,384.00. The total amount owed to Ganda on these unfilled sales exceeds $1,350,000.00.**

**Ganda further submits that information requested by this Interrogatory can be derived from the documents produced in response to Plaintiff's Document Requests. Ganda specifically reserves the right to amend its answer to this Interrogatory.**

8. Identify the person who delivered the document attached hereto as **Exhibit A to** you and describe the circumstances under which you received that document including, but not limited to, (i) the date that document was received; (ii) the manner in which that document was received (e.g., mail, facsimile, etc.); and (iii) whether any other documents were received with that document. If there were other documents received with the document attached hereto as Exhibit A, identify those documents.

ANSWER: **The document was received by fax, and no other documents accompanied it. John Edward, who received the document, is unable to recall the date on which it was received. As to who sent the document to Edward, Ganda objects to this Interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

9. State the basis and the dollar amount of each and every element or component of the damages that you claim to have sustained or incurred as a result of any acts or omissions, as alleged in the Amended Answer. For each element or component, (i) describe in detail the manner in which the amount

of alleged damages attributable to such element or component was calculated, estimated, or otherwise determined; (ii) set forth in detail any and all numerical computations used in any way to calculate or to determine the dollar amount of damages attributable to such element or component; and (iii) identify any documents reviewed or consulted in connection with such calculation or determination.

**ANSWER: Ganda objects to this Interrogatory on the ground that it seeks information already in Plaintiff's possession. Subject to this objection, Ganda refers to the document attached hereto as Exhibit A and further submits that information responsive to this Interrogatory can be derived from the documents produced in response to Plaintiff's Document Requests. Ganda specifically reserves the right to supplement its response to this Interrogatory.**

10. Identify all checking, savings, investment or deposit accounts that currently or previously existed under Ganda's name.

**ANSWER: Ganda objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

**EXHIBIT A**

**OCC Unacknowledged Commissions due Ganda**

**2001**

#200101014 / 16 Jan 01 : 2,997.5 kms
#200102029 / 5 Feb01 : 3,001.9 kms
#200102056 / 28 Feb 01 : 184.7 kms
# 200103058 / 2 March 01 : 2,999.7 kms
#200104100 / 2 April 01 : 3,001.9 kms
#200104101 / 2 April 01 : 862.4 kms
#200105145 / 17 May 01 : 3,998.5 kms
#200105156 / 28 May 01 : 314.6 kms
#200106179 / 20 June 01 : 5,000.6 kms
# 200107223 / 16 July 01 : 2,500.3 kms
#200107234 / 24 July 01 : 2,500.3 kms
# 200108250 / 6 August 01 : 2,500.3 kms
#200108266 / 17 August 01 : 2,498.1 kms
#200109286 / 6 Sept 01 : 2,501.4 kms
#200109291 / 11 Sept 01 : 2,509.1 kms
# 200109297 / 25 Sept 01 : 3,009.6 kms
# 200110305 / 9 Oct 01 : 3,000.8 kms
#200112324 / 15 Dec 01 : 12,003.2 kms

Total 2001 : 55,384.9 kms @ $ 5 = $ 276,924.5

**2002**

#200203372 / 7 March 02 : 3,003 kms
#200203376 / 8 March 02: 800.8 kms
#200203381 / 18 March 02 : 1,150.6 kms
# 200204390 / 10 April 02 : 2,002 kms
# 200205408 / 29 May 02 : 3,006.3 kms
# 200206418 / 26 June 02 : 2,499.2 kms
# 200207422 / 2 July 02 : 404.8 kms

Total (to July 02) : 12,866.7 kms $ 5 = $ 64,333.5

**Total (2001 to July 2002): 68,251.6 kms @ $5 = $341,258**

**OFS Brightwave Unacknowledged Commissions do Ganda**

Order 4570193980 / 19.02.02 / 6,000 kms – INV 200112344 / 21 Feb : 6,006 kms @ $5 = $30,030
Order 4570199199 / 15.04.02 / 2,000kms – INV 200204393 / 19 April : 2,002 kms @ $5 = $10,010
Order 4570201927 / 16.05.02 / 1,000 kms – INV 200205403 / 21 May: 1,003.2 kms @ $5 = $5,016
Order 4570201926 / 16.05.02 / 3,000 kms – INV 200205404 / 21 May: 3,005.2 kms @ $5 = $15,026

**Total ( OFS Brightwave) 12,016.40 kms @ $5 = $ 60,082**

**CTI Unacknowledged Commissions due Ganda**

**2001**

Order: 9 Jan 2001 : 2,000.9 kms
Order: 5 Feb 2001 : 2,003.1 kms
Order : 28 Feb 2001: 2,062 kms
Order: 2 April 2001 : 2,000.9 kms
Order: 23 April 2001 : 2,006.4 kms

Total in 2001:10,013.3 kms @ $5 = $50,066

**2002**

Order 780801 : 18 Feb 2002 : 2,000 kms
Order 781073-00 : 28 March 2002 : 4,000 kms
Order 781432 : 31 May2002: 1,000 kms
Order 781490 : 10 June 2002 : 2,000 kms
Order 781590 : 24 June2002: 1,000 kms
Order 781708 : 16 July2002: 2,000 kms
Order 781771 : 25 July2002: 2,000 kms
Total in 2002 (ordered to July 2002) : 14,000 kms @ $ 5 = (at least) $70,000

**Total CTI = in excess of $120,000**

**Arielle Unacknowledged Commissions due Ganda**

Order 00-1114 / 12 July 2000 : 5,000 kms SMF @ $ 2 = $10,000
Order 01-118 / 15 March 2001 : 501.6 kms MM @ $5 = $2,508
Order 01-121 / 3 April 2001 : 1,003.2 kms MM @ $5 = $5,016
Order 01-125 / 27 April 2001 : 4,514.4 kms MM @ $5 = $22,572

**Total Arielle = $40,096**

**Corning Unacknowledged Commissions due Ganda**

Order CO 109914: INV 9909180 / 20 Sept 1999 : 54,432 kms SM @ $2 = $108,864
Order CO 109914 : INV 9909181 / 21 Sept 1999 : 54,432 kms SM @ $2 = $108,864
Order CO 109914 : INV 9909184 / 22 Sept 1999 : 48, 988.80 kms SM @ $2 = $97,977.60
Order CO 109914 : INV 9909190 / 24 Sept 1999 : 43,545.60 kms SM @ $2 = $87,091.20
Order CO 348024 : INV 9912267 / 17 Dec 1999 : 55,011.60 kms SM @ $2 = $110,023.20

2000/4 AR 1076 : 40,005 kms SM @ $2 = $80,010
2000/5 AR 1318 : 40,005 kms SM @ $2 = $80,010
2000/6 AR 1498 : 20,008.8 kms SM @ $2 = $40,017.60
2000/8 AR 2211 : 40,005 kms SM @ $2 = $80,010

**Total Corning: $772,867.60**

PERSONALLY appeared before me, John Edward, Member of Ganda LLC a/ka/ Ganda Communications, who states that he is familiar with the facts and matters alleged therein; that he has read the above Answers to Interrogatories and the same are true, based upon his knowledge.

By ____________________
Member

SWORN to before me this
30 day of November, 2006.

________________ (SEAL)
Notary Public for New Hanover Co
My commission expires: 2-21-2010

CONSTANCE M. MARSHALL
NOTARY PUBLIC
NEW HANOVER CO., NC

PERSONALLY appeared before me, John Edward, Member of Ganda LLC a/ka/ Ganda Communications, who states that he is familiar with the facts and matters alleged therein; that he has read the above Answers to Interrogatories and the same are true, based upon his knowledge.

By______________________________
Member

SWORN to before me this

_____ day of ____________, 2006.

___________________________ (SEAL)
Notary Public for ________________
My commission expires:________________

As to objections:

/s/ Justin T. Shay
Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787
Date: November 30, 2006

/s/ James L. Rogers, Jr.
James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2006, a true copy of the within was sent, as indicated, to the following:

VIA HAND-DELIVERY

Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

VIA FACSIMILE ONLY

Ira K. Gross, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\ansinterrogs.doc