# EXHIBIT 2

9/29/06

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants/Third Party Plaintiffs,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Third Party Defendants. | Civil Action No. 04-474ML |

**RESPONSE OF PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD. TO DEFENDANT/THIRD PARTY PLAINTIFF GANDA, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, Plaintiff Yangtze Optical Fibre and Cable Company Ltd., ("YOFC") hereby responds and interposes objections to the First Set of Interrogatories (the "Interrogatories" and each individual request as a "Interrogatory") by Defendants Ganda, LLC a/k/a Ganda Communications ("Ganda") and John Edward ("Edward") and together with Ganda, (the "Defendants").

**GENERAL OBJECTIONS**

YOFC objects generally to each Interrogatory for the following reasons:

1. YOFC objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection, or that it would result in disclosure of YOFC's counsel's mental impressions, conclusions, opinions, or legal theories concerning this or any other litigation. Any inadvertent production or disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

2. YOFC objects the Interrogatories to the extent that the number of interrogatories propounded therein, including subparts, exceeds the number permitted pursuant to the Fed. R. Civ. P. 33(a).

3. YOFC objects to each Interrogatory to the extent that it seeks information more easily obtained through other forms of discovery, including document demands and depositions to be noticed by defendant, and/or subpoenas of non-parties for documents and testimony.

4. YOFC objects to each Interrogatory to the extent it seeks information from YOFC that contains sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations ("Confidential Information"). YOFC shall not produce such Confidential Information absent the entry into confidentiality stipulation and protective order so ordered by the Court.

5. YOFC objects to each Interrogatory to the extent it is vague, overly broad, unduly burdensome, and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. YOFC objects to each Interrogatory to the extent it imposes an obligation on YOFC that is greater than that required by the Federal Rules of Civil Procedure.

7. YOFC objects to each Interrogatory to the extent it seeks to impose upon YOFC an obligation to provide information not in its possession, custody and/or control.

8. YOFC objects to each Interrogatory to the extent it uses undefined terms, rendering the Interrogatory vague, ambiguous, unintelligible, and/or unanswerable in its current form.

9. YOFC objects to each Interrogatory to the extent it seeks information equally available to the Defendants through public sources or records, on the grounds that it subjects YOFC to unreasonable and undue annoyance, oppression, burden and expense.

10. YOFC objects to each Interrogatory to the extent it is duplicative, cumulative, or redundant.

11. To the extent that YOFC asserts a specific objection to a particular Interrogatory, YOFC does not thereby waive these General Objections. To the extent that YOFC objects to a particular Interrogatory, but proceeds to respond to said Interrogatories in whole or in part, YOFC does not thereby waive any objection to that particular Interrogatory.

12. YOFC's responses to each Interrogatory is made to the best of the YOFC's present knowledge, information and belief, and are subject to such additional knowledge of facts as may result from further discovery or investigation.

13. YOFC reserves the right to supplement its responses to the Interrogatory upon the discovery of additional responsive documents or information.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. YOFC objects to the definition of "Production Period" for the reasons stated in General Objections Nos. 5 and 6. YOFC will produce documents created in or relating to the period from January 1, 1998, through six (6) months after Ganda's termination of the April 2001

Agreement between YOFC and Ganda (*i.e.*, January 18, 2003). YOFC will treat this period of time as the "Production Period."

2. YOFC objects to Instructions Nos. 2 and 3 contained in Defendants' First Set of Interrogatories, which instructions the Defendants incorporated into the Defendants' First Request for Production of Documents, for the reasons stated in General Objections Nos. 4 and 5.

3. YOFC objects to Instructions Nos. 1, 2, and 3 contained in Defendants' First Request for Production of Documents for the reasons stated in General Objection No. 4.

**INTERROGATORIES**

**Interrogatory 1**

Identify all persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

**Response 1**

To YOFC's best knowledge, the persons identified below have information regarding the-above captioned civil action. YOFC is unaware of any written or recorded statements (as that term is applied in Fed.R.Civ. P. 26(b)(4).

Persons with information

John Edward
Last known address:
6324 Guinea Lane
Wilmington, North Carolina

Niels Gade
First Deputy General Manager
YOFC
4 Guan Shan Er Road
Wuhan, Hubei
PC 43007300
China

Yan Changkun
Fibres Sales Dept. Manager
YOFC
4 Guan Shan Er Road
Wuhan, Hubei
PC 43007300
China

Dr. Xu Xizhou
General Manager
YOFC
4 Guan Shan Er Road
Wuhan, Hubei
PC 43007300
China

Yu Weichang
Chief Commercial Officer
YOFC
4 Guan Shan Er Road
Wuhan, Hubei
PC 43007300
China

Zhang Yanxiang
YOFC
4 Guan Stan Er Road
Wuhan, Hubai
PC 43007300
China

Zhang Bin
YOFC
4 Guan Stan Er Road
Wuhan, Hubai
PC 43007300
China

Zou Yunquan
YOFC
4 Guan Stan Er Road
Wuhan, Hubai
PC 43007300
China

John Cain
China Optical Communications Consultancy, LLC
91 Coach Road
North Attleboro, MA 02760

Doug Irons
(current address unknown)

Syed Ahmed Mustafa
Last known address:
2 Misty Lane
Webster, New York

Ann K. Edward
Last known address:
6324 Guinea Lane
Wilmington, North Carolina

**Interrogatory 2**

Do you claim that Ganda has not fully paid YOFC on invoices YOFC sent to North American customers? If so, identify each unpaid invoice by customer, invoice date, number and dollar amount.

**Response 2**

**Yes, see Complaint ¶¶ 36-40 (Count II). When Ganda made payments to YOFC, Ganda did not always identify which invoice number, or customer to which the payment applied. As a result, as an accounting matter, YOFC credited any payments from Ganda to YOFC to the earliest, (i.e. oldest) open, unpaid invoice. Pursuant to Fed. R. Civ. P. 33(d), YOFC directs the Defendant to the documents that YOFC has attached hereto as Exhibit A, which identifies (i) invoices on which Ganda collected and retained money, (ii) payments from Ganda to YOFC on those invoices, (iii) commissions earned by Ganda (iv) commission payments made to Ganda and (v) credits given to Ganda.**

**Interrogatory 3**

Do you claim that Ganda has not fully paid YOFC on invoices YOFC sent to Ganda? If so, identify each unpaid invoice by invoice date, number and dollar amount.

**Response 3**

**See Response No. 2.**

**Interrogatory 4**



{B0542533; 3}

Do you claim that Ganda owes YOFC monies on any basis other than (a) invoices from YOFC to North American customers, or (b) invoices from YOFC to Ganda? If so, describe in detail the precise source of the alleged additional funds owed, state the amount, and identify each document that you contend supports your claim.

**Response 4**

**See Response No. 2.**

**Interrogatory 5**

Exhibit E to the Complaint acknowledges a payment made by Ganda between 1998 and 2000 in the amount of $925,000.00 and describes this payment as "Amount paid to others for YOFC." Identify the person(s) or entity(ies) to whom this amount was paid and describe in detail what, if anything, was done with said amount once it was paid.

**Response 5**

**YOFC objects to this Interrogatory because it is overly broad and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Interrogatory 6**

With respect to account number 500357793, at the Hong Kong and Shanghai Banking Corp ("HSBC"), Central Hong Kong, identify the owner of the account, describe YOFC's relationship with such entity, identify all persons with signatory authority on the account, and indicate the title of the account.

**Response 6**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Interrogatory 7**

List all of YOFC's export sales of fiber optic products to, or for ultimate delivery, or use, in the United States, including all those that were sold FOB Wuhan (or other location in China).

**Response 7**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Notwithstanding and without waiving any of its rights, YOFC directs the Defendant, pursuant to Fed. R. Civ. P. 33(d), to the invoices that YOFC has produced in response to Ganda's Documents Requests.**

**Interrogatory 8**

List all open orders, contracts, protocols, and/or commitments to supply YOFC fiber optic products to customers in the United States as of April 6, 2001.

**Response 8**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving any of its rights, YOFC directs the Defendant, pursuant to Fed. R. Civ. P. 33(d), to the contracts and purchase orders that YOFC has produced in response to Ganda's Document Requests.**

**Interrogatory 9**

State the date on which you contend that the 6 April 2001 Agreement between YOFC and Ganda was terminated, as referenced in Opposition to Ganda's Motion to Intervene in the Lucent Litigation, page 3, dated 30 July 2004.

**Response 9**

**By letter dated July 18, 2002, Ganda advised YOFC that it considered the April 6, 2001 Agreement to be terminated.**

**Interrogatory 10**

List all of YOFC's open orders, contracts, protocols and/or commitments to supply fiber optic products from customers in the United States as of the date identified by you in response to Interrogatory No. 14 above.

**Response 10**

**YOFC objects to this Interrogatory to the extent that the Interrogatory is poorly written, incomprehensible and difficult to understand. YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**



{B0542533; 3}

**Interrogatory 11**

Identify each person who served as a member of the Board or management group of YOFC at any time during the Production Period, including a description of the position of each, and with respect to each person identified, indicate the beginning and ending dates of such person's tenure as a member of YOFC management.

**Response 11**

> **YOFC objects to this Interrogatory because it overly broad and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of relevant information.**

**Interrogatory 12**

Identify each person who acted on behalf of YOFC in connection with Ganda, sales by Ganda, or the sale or promotion of single mode, specialty or multi-mode fibers in the United States specifically including sales agents, import agents and customs brokers, at any time during the Production Period. With respect to each such person, provide his/her job title, dates of employment and function with respect to Ganda or the sales or promotion of YOFC fiber products in the United States.

**Response 12**

> **YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, YOFC believes that such persons include the individuals identified in Response No. 1 who are or were affiliated with YOFC.**

**Interrogatory 13**

Identify each person who traveled to, or was stationed in the United States on behalf of YOFC, including employees, agents or representatives, at any time during the Production Period. With respect to each person so identified, provide the date of each journey to the United States and the duration of each stay in the United States.

**Response 13**

> **YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. YOFC further objects to this Interrogatory to the extent that it constitutes an invasion of privacy.**

**Interrogatory 14**

Describe in detail all facts on which you base your claim of damages or monies owed by Ganda, identify all documents that support any such facts, and identify all witnesses with knowledge or any such facts. With respect to witnesses identified describe the particular facts about with each identified witness is aware.

**Response 14**

**The facts on which YOFC bases its claim of damages owed by Ganda are identified in the complaint and in Response No. 2. The documents supporting such facts are the invoices and proof of payments produced by YOFC in response to Ganda's Document Requests.**

**Interrogatory 15**

Identify the nature of the entity that constitutes YOFC (e.g., corporation partnership, LLC, joint venture, etc.), identify each person or entity with an ownership interest in such entity, identify the form of such ownership (e.g., shares of stock, limited partnership unit, ADR unit, etc.), and identify all documents that reflect the organization or governing principles of YOFC.

**Response 15**

**YOFC is a joint venture between China Telecom, Wuhan Changjiang Telecommunications Industrial Group Corporation Ltd. and Draka Comteq B.V. YOFC directs the Defendant, pursuant to Fed. R. Civ. P. 33(d), to the documents that YOFC has produced and bated stamped YOFC 2978-3080.**

**Interrogatory 16**

Describe in detail the relationship between YOFC and Unicom at any time during the Production Period.

**Response 16**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Interrogatory 17**

Identify by case caption, place and date of filing, case number, and Court any litigation in North America in which YOFC has been a party at any time during the Production Period and describe the results of such litigation, including without limitation the amount of any judgment,

settlement or other disposition and the party or parties to whom any amounts were or are to be paid.

**Response 17**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Interrogatory 18**

Identify all persons associated with YOFC or any other counterclaim defendant whose deposition was taken in any litigation identified in response to Interrogatory No. 25 [sic] above, provide the name of the case in which the deposition was taken, and provide the date of each such deposition.

**Response 18**

**YOFC object to this Interrogatory to the extent that it is poorly written, incomprehensible and difficult to understand. YOFC further objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**Interrogatory 19**

Identify each trade show, exposition or other meeting within North America at which YOFC single mode, specialty or multi-mode fibers were promoted during the Production Period, and with respect to each, provide the name of the show, its location, its dates, the sponsoring agency(ies), the identity of people attending on behalf of YOFC, and the YOFC products displayed.

**Response 19**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, YOFC attended and had a booth at the following trade shows:**

**1999 IWCS**
**2000 IWCS**
**2001 OFC**
**2001 IWCS**
**2002 OFC**

**2002 IWCS**
**2003 OFC**
**Jan. 2005 BICSI**
**March 2005 OFC**
**May 2005 BICSI**

**<u>Interrogatory 20</u>**

Identify every periodic report that YOFC provided to any Third Party Defendant at any time during the Production Period, and provide the date, nature, author, and recipient of each such report.

**<u>Response 20</u>**

**YOFC objects to this Interrogatory to the extent that it is poorly written, incomprehensible and difficult to understand. YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.**

**<u>Interrogatory 21</u>**

Identify each single mode, specialty and multi-mode fiber product sold or promoted by YOFC in the United States at any time during the Production Period, including its internal product designation, technical description of the product, common or trade name, and brand designation.

**<u>Response 21</u>**

**YOFC objects to this Interrogatory to the extent that it is vague, overly broad, and unduly burdensome in that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, YOFC directs the Defendants, pursuant to Fed. R. Civ. P. 33(d), to the invoices produced in response to Ganda Document Requests for information regarding any fiber sold and shipped by YOFC into North America.**

**<u>Interrogatory 22</u>**

State the compensation you contend is due Ganda by virtue of Article 11 of 6 April 2001 Agreement between Ganda and YOFC, and identify all documents substantiating such amount.

**<u>Response 22</u>**

**There is no compensation due from YOFC to Ganda. Ganda has received credit for any commission that was due.**



{B0542533; 3}

**Interrogatory 23**

Do you contend that Ganda has been paid all commissions due in connection with sales to Optical Cable Corporation? If so, identify all documents substantiating your contention.

**Response 23**

> **Ganda has earned commission on sales by YOFC to Optical Cable Corporation ("OCC"). Any unpaid commissions, when earned by Ganda, were significantly less than amounts due from Ganda to YOFC. Accordingly, YOFC offsets any amounts owned to Ganda and gave Ganda a credit towards amounts that Ganda owed to YOFC.**

I, NIELS, GADE of Yangtze Optical Fibre and Cable Company Ltd. depose and state that I am authorized to make this verification on behalf of Yangtze Optical Fibre and Cable Company Ltd. I have read the foregoing responses, which are not all within my personal knowledge, and believe them to be true to the best of my knowledge and information.

Dated: September 29, 2006

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,**

FDGM Niels Gade

As to Objections:

Benjamin V. White, Esq., No. 1652
Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803
Email: bwhite@vetterandwhite.com
Email: gcleary@vetterandwhite.com

*Of counsel:*

Ira K. Gross
Samual A. Miller
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880
Email: igross@sandw.com
Email: smiller@sandw.com

**Certificate of Service**

I hereby certify that a copy of the **Plaintiff Yangtze Optical Fibre and Cable Company Ltd.'s Responses to Defendants' Document Requests** was served on counsel of record for all parties by mail and electronic mail on September 29, 2006.

[signature]

# EXHIBIT A TO EXHIBIT 2

**US Invoices to Ganda**

| Price | Invoice No. | Amount | Qty | Customer Name |
|---|---|---|---|---|
| 96.9 | 9909174 | 487,581.42 | 5,031.80 | LUCENT |
| 96.9 | 9909175 | 486,903.12 | 5,024.80 | LUCENT |
| 96.9 | 9909176 | 480,507.72 | 4,958.80 | LUCENT |
| 34.5 | 9909183 | 34,776.00 | 1,008.00 | BICC |
| 34.5 | 9909186 | 69,552.00 | 2,016.00 | BICC |
| 95 | 9909187 | 486,343.00 | 5,119.40 | OCC |
| 34.5 | 9909188 | 69,552.00 | 2,016.00 | BICC |
| 96.9 | 9909189 | 481,147.26 | 4,965.40 | LUCENT |
| 85 | 9910216 | 64,421.50 | 757.90 | OCC |
| 85 | 9910217 | 48,994.00 | 576.40 | OCC |
| 98 | 9910218 | 196,303.80 | 2,003.10 | OCC |
| 96.9 | 9910219 | 369,227.76 | 3,810.40 | LUCENT |
| 96.9 | 9910220 | 115,117.20 | 1,188.00 | LUCENT |
| 96.9 | 9910221 | 456,418.38 | 4,710.20 | LUCENT |
| 96.9 | 9910222 | 513,870.39 | 5,303.10 | LUCENT |
| 34.5 | 9910225 | 207,262.20 | 6,007.60 | BICC |
| 34.5 | 9910226 | 207,407.10 | 6,011.80 | BICC |
| 34.5 | 9910227 | 69,552.00 | 2,016.00 | BICC |
| 85 | 9911242 | 117,062.00 | 1,377.20 | OCC |
| 85 | 9911243 | 76,109.00 | 895.40 | OCC |
| 96.9 | 9911244 | 506,942.04 | 5,231.60 | LUCENT |
| 96.9 | 9911245 | 476,030.94 | 4,912.60 | LUCENT |
| 96.9 | 9911246 | 474,005.73 | 4,891.70 | LUCENT |
| 96.9 | 9912250 | 230,021.22 | 2,373.80 | LUCENT |
| 96.9 | 9912251 | 732,486.48 | 7,559.20 | LUCENT |
| 96.9 | 9912278 | 1,517,628.42 | 15,661.80 | LUCENT |
| 96.9 | 9912279 | 427,425.90 | 4,411.00 | LUCENT |
| 33 | 9912280 | 1,520,996.40 | 46,090.80 | LUCENT |
| 33 | 9912281 | 294,386.40 | 8,920.80 | LUCENT |
| 33 | 200001001 | 434,095.20 | 13,154.40 | LUCENT |
| 33 | 200002002 | 990,435.60 | 30,013.20 | LUCENT |
| 36 | 200003077 | 410,054.40 | 11,390.40 | BICC |
| 96.88 | 200003078 | 184,149.50 | 1,900.80 | LUCENT |
| 96.88 | 200003079 | 789,882.02 | 8,153.20 | LUCENT |
| 96.88 | 200003080 | 1,046,391.19 | 10,800.90 | LUCENT |
| 90 | 200003081 | 13,464.00 | 149.60 | BICC |
| 100 | 200003083 | 91,520.00 | 915.20 | OCC |
| 85 | 200003084 | 22,159.50 | 260.70 | OCC |
| 85 | 200003085 | 27,268.00 | 320.80 | OCC |
| 85 | 200003086 | 4,114.00 | 48.40 | OCC |
| 33 | 200003097 | 660,290.40 | 20,008.80 | LUCENT |
| 96.88 | 200003098 | 1,675,675.23 | 17,296.40 | LUCENT |
| 34.5 | 200003099 | 55,165.50 | 1,599.00 | BICC |
| 34.5 | 200003100 | 110,993.40 | 3,217.20 | BICC |
| 34.5 | 200003101 | 90,324.45 | 2,618.10 | BICC |
| 96.88 | 200004129 | 397,392.07 | 4,101.90 | LUCENT |
| 96.88 | 200004130 | 527,298.46 | 5,442.80 | LUCENT |
| 96.88 | 200004131 | 364,462.56 | 3,762.00 | LUCENT |
| 33 | 200004132 | 330,145.20 | 10,004.40 | LUCENT |
| 33 | 200004133 | 168,814.80 | 5,115.60 | LUCENT |
| 34.5 | 200004134 | 62,596.80 | 1,814.40 | BICC |
| 33 | 200004135 | 293,921.10 | 8,906.70 | BICC |
| 96.88 | 200005166 | 389,719.18 | 4,022.70 | LUCENT |
| 96.88 | 200005155 | 459,094.94 | 4,738.80 | LUCENT |
| 85 | 200005165 | 265,820.50 | 3,127.30 | OCC |
| 34.5 | 200005154 | 142,581.60 | 4,132.80 | BICC |
| 96.88 | 200005164 | 78,327.48 | 808.50 | LUCENT |
| 96.88 | 200006181 | 556,284.96 | 5,742.00 | LUCENT |

**Ganda Payments (US)**

| Date | Amount(US$) |
|---|---|
| 1999.10.11 | 1,065,175.00 |
| 1999.12.15 | 999,970.00 |
| 1999.12.09 | 999,985.00 |
| 2000.02.13 | 999,970.00 |
| 2000.03.24 | 999,970.00 |
| 2000.04.05 | 1,999,940.00 |
| 2000.04.24 | 999,970.00 |
| 2000.04.27 | 999,970.00 |
| 2000.05.15 | 1,999,970.00 |
| 2000.06.29 | 1,999,970.00 |
| 2000.07.07 | 1,999,970.00 |
| 2000.07.25 | 1,458,367.40 |
| 2000.07.26 | 1,843,111.15 |
| 2000.08.14 | 1,000,000.00 |
| 2000.10.08 | 1,576,265.72 |
| 2000.10.30 | 750,000.00 |
| 2000.11.08 | 517,980.00 |
| 2000.11.23 | 824,240.00 |
| 2000.12.07 | 1,353,943.70 |
| 2000.12.19 | 1,000,000.00 |
| 2001.02.06 | 553,985.00 |
| 2001.5 | 292,656.00 |
| 2001.7 | 349,024.00 |
| 2001.7 | 190,262.00 |
| 2001.6 | 324,173.00 |
| 2001.6 | 324,097.20 |
| 2001.07.29 | 324,022.00 |
| 2001.7 | 163,498.80 |
| 2001.8 | 324,626.40 |
| 2001.08.30 | 352,245.22 |
| 2001.12.05 | 460,000.00 |
| 2002.01.29 | 29,826.60 |
| Total | **29,077,184.19** |

| | | | | |
|---|---|---|---|---|
| 96.88 | 200006182 | 265,567.46 | 2,741.20 | LUCENT |
| 96.88 | 200006183 | 76,835.53 | 793.10 | LUCENT |
| 96.88 | 200006184 | 66,178.73 | 683.10 | LUCENT |
| 96.88 | 200006207 | 333,344.70 | 3,440.80 | LUCENT |
| 96.88 | 200006208 | 589,534.18 | 6,085.20 | LUCENT |
| 96.88 | 200007224 | 686,617.62 | 7,087.30 | LUCENT |
| 34.5 | 200007225 | 100,643.40 | 2,917.20 | BICC |
| 85 | 200007226 | 144,270.50 | 1,697.30 | OCC |
| 76 | 200007227 | 171,212.80 | 2,252.80 | OCC |
| 96 | 200007228 | 116,688.00 | 1,215.50 | OCC |
| 65 | 200007229 | 58,630.00 | 902.00 | OCC |
| 63 | 200007230 | 16,632.00 | 264.00 | OCC |
| 63 | 200007231 | 66,528.00 | 1,056.00 | OCC |
| 65 | 200007232 | 63,778.00 | 981.20 | OCC |
| 96.88 | 200007233 | 72,359.67 | 746.90 | LUCENT |
| 80 | 200007234 | 189,728.00 | 2,371.60 | LUCENT |
| 80 | 200007235 | 9,680.00 | 121.00 | LUCENT |
| 34.5 | 200007236 | 155,260.35 | 4,500.30 | BICC |
| 96.88 | 200007237 | 78,753.75 | 812.90 | LUCENT |
| 96.88 | 200007239 | 699,725.49 | 7,222.60 | LUCENT |
| 96.88 | 200007240 | 64,473.64 | 665.50 | LUCENT |
| 96.88 | 200007248 | 648,359.71 | 6,692.40 | LUCENT |
| 34.5 | 200007249 | 155,260.35 | 4,500.30 | BICC |
| 96.88 | 200008272 | 50,571.36 | 522.00 | LUCENT |
| 96.88 | 200008273 | 579,943.06 | 5,986.20 | LUCENT |
| 32 | 200008274 | 2,284.80 | 71.40 | FCTI |
| 96.88 | 200008275 | 190,117.31 | 1,962.40 | LUCENT |
| 34.5 | 200008276 | 76,362.30 | 2,213.40 | BICC |
| 34.5 | 200008278 | 78,898.05 | 2,286.90 | BICC |
| 73 | 200008279 | 80,942.40 | 1,108.80 | OCC |
| 36 | 200009297 | 18,637.20 | 517.70 | CTI |
| 36 | 200009296 | 15,645.60 | 434.60 | CTI |
| 96.88 | 200009298 | 656,352.31 | 6,774.90 | LUCENT |
| 34.5 | 200010330 | 68,682.60 | 1,990.80 | BICC |
| 96.88 | 200010329 | 629,816.88 | 6,501.00 | LUCENT |
| 34.5 | 200010327 | 85,780.80 | 2,486.40 | BICC |
| 34.5 | 200011373 | 128,236.50 | 3,717.00 | BICC |
| 34.5 | 200011374 | 130,554.90 | 3,784.20 | BICC |
| 96.88 | 200011375 | 644,523.26 | 6,652.80 | LUCENT |
| 34.5 | 200011376 | 109,182.15 | 3,164.70 | BICC |
| 34.5 | 200011377 | 115,123.05 | 3,336.90 | BICC |
| 34.5 | 200012407 | 137,799.90 | 3,994.20 | BICC |
| 34.5 | 200012408 | 138,307.05 | 4,008.90 | BICC |
| 34.5 | 200101028 | 154,173.60 | 4,468.80 | BICC |
| 34.5 | 200101029 | 156,492.00 | 4,536.00 | BICC |
| 96.88 | 200101030 | 592,731.22 | 6,118.20 | LUCENT |
| 38 | 200102069 | 342,182.40 | 9,004.80 | BICC |
| 65 | 200102072 | 4,647.50 | 71.50 | OCC |
| 38 | 200103096 | 171,889.20 | 4,523.40 | BICC |
| 38 | 200103097 | 170,213.40 | 4,479.30 | BICC |
| 70 | 200103105 | 204,897.00 | 2,927.10 | OCC |
| 70 | 200103106 | 375,872.00 | 5,369.60 | OCC |
| 38 | 200104137 | 342,022.80 | 9000.6 | BICC |
| 38 | 200105162 | 170,373.00 | 4483.5 | BICC |
| 38 | 200106196 | 171,649.80 | 4517.1 | BICC |
| 38 | 200106197 | 171,011.40 | 4500.3 | BICC |
| 108 | 200201357 | 220,017.60 | 2037.2 | OFS BrightWave |

**Total** **33,876,469.71**

**Foreign Invoices**

| Invoice No. | Amount | Quantity | Price | Customer |
|---|---|---|---|---|
| 9901007 | 41,043.20 | 466.40 | 88.00 | Fujikura |
| 9901008 | 95,095.00 | 1,001.00 | 95.00 | Fujikura |
| 9902014 | 36,575.00 | 385.00 | 95.00 | Fujikura |
| 9903028 | 53,900.00 | 550.00 | 98.00 | Fujikura |
| 9903037 | 100,320.00 | 1,056.00 | 95.00 | Fujikura |
| 9903049 | 19,228.00 | 202.40 | 95.00 | Fujikura |
| 9903049 | 17,406.40 | 202.40 | 86.00 | Fujikura |
| 9904058 | 95,304.00 | 1,003.20 | 95.00 | Fujikura |
| 9904063 | 95,304.00 | 1,003.20 | 95.00 | Fujikura |
| 9906094 | 100,320.00 | 1,056.00 | 95.00 | Fujikura |
| 9906097 | 30,272.00 | 352.00 | 86.00 | Fujikura |
| 9906115 | 12,096.00 | 252.00 | 48.00 | Fujikura |
| 9906122 | 95,304.00 | 1,003.20 | 95.00 | Fujikura |
| 9907133 | 8,797.80 | 102.30 | 86.00 | Fujikura |
| 9907137 | 1,100.00 | 22.00 | 50.00 | Fujikura |
| 9908140 | 95,304.00 | 1,003.20 | 95.00 | Fujikura |
| 9908142 | 26,015.00 | 302.50 | 86.00 | Fujikura |
| 9908147 | 39,000.00 | 10.00 | 3,900.00 | Fujikura |
| 9909162 | 95,304.00 | 1,003.20 | 95.00 | Fujikura |
| 9910204 | 123,728.00 | 1,302.40 | 95.00 | Fujikura |
| 9910204 | 25,731.20 | 299.20 | 86.00 | Fujikura |
| 9910212 | 39,000.00 | 10.00 | 3,900.00 | Fujikura |
| 9910214 | 26,488.00 | 308.00 | 86.00 | Fujikura |
| 9910215 | 52,219.20 | 607.20 | 86.00 | Fujikura |
| 9911236 | 39,000.00 | 10.00 | 3,900.00 | Fujikura |
| 9912258 | 26,109.60 | 303.60 | 86.00 | Fujikura |
| 9912260 | 95,304.00 | 1,003.20 | 95.00 | Fujikura |
| 9912266 | 801,045.00 | 16,020.90 | 50.00 | Fujikura |
| 200001007 | 8,316.00 | 126.00 | 66.00 | Fujikura |
| 200001017 | 39,000.00 | 10.00 | 3,900.00 | Fujikura |
| 200001029 | 87,153.00 | 917.40 | 95.00 | Fujikura |
| 200002030 | 254,501.10 | 5,014.80 | 50.75 | Fujikura |
| 200002048 | 510,281.10 | 10,054.80 | 50.75 | Fujikura |
| 200002056 | 212,297.40 | 4,183.20 | 50.75 | Fujikura |
| 200003095 | 170,962.00 | 1,799.60 | 95.00 | Fujikura |
| 200003102 | 54,320.00 | 10.00 | 5,432.00 | Fujikura |
| 200004113 | 54,320.00 | 10.00 | 5,432.00 | Fujikura |
| 200004115 | 142,956.00 | 1,504.80 | 95.00 | Fujikura |
| 200005144 | 54,320.00 | 10.00 | 5,432.00 | Fujikura |
| 200005148 | 72,683.10 | 875.70 | 83.00 | Fujikura |
| 200005156 | 227,984.40 | 2,746.80 | 83.00 | Fujikura |
| 200005159 | 37,823.10 | 455.70 | 83.00 | Fujikura |
| 200005163 | 142,956.00 | 1,504.80 | 95.00 | Fujikura |
| 200006178 | 142,956.00 | 1,504.80 | 95.00 | Fujikura |
| 200006179 | 54,320.00 | 10.00 | 5,432.00 | Fujikura |
| 200007212 | 142,747.00 | 1,502.60 | 95.00 | Fujikura |
| 200007213 | 54,320.00 | 10.00 | 5,432.00 | Fujikura |
| 200008253 | 54,320.00 | 10.00 | 5,432.00 | Fujikura |
| 200008254 | 142,956.00 | 1,504.80 | 95.00 | Fujikura |
| 200009283 | 142,956.00 | 1,504.80 | 95.00 | Fujikura |
| 200011358 | (99,782.60) | (1,202.20) | 83.00 | Fujikura |

**Total** **4,990,979.00**

**Ganda Payments (Foreign)**

| Date | Amount |
|---|---|
| 1999.06.23 | 458,442.60 |
| 2000.02.13 | 657,458.00 |
| 2000.06.02 | 2,026,243.50 |
| 2000.11.07 | 552,777.00 |

**Total** **3,694,921.10**

**Commissions Earned (US and Foreign)**

| | | |
|---|---|---|
| **Total** | | **2,977,020.30** |

**Commissions Paid to Ganda or Deducted by Ganda from Payments to YOFC (US and Foreign)**

| | | |
|---|---|---|
| Payments by YOFC to Ganda | 225,825.00 | |
| Commissions deducted by Ganda | 140,511.10 | |
| **Total Commissions Paid** | | **366,336.10** |
| **Credits given to Ganda** | | **925,000.00** |

| | | |
|---|---|---|
| Money Collected by Ganda on Invoices (US and Foreign) | 38867448.71 | |
| Money Remitted by Ganda on Invoices (US and Foreign) and Money Credited to Ganda | 33,697,105.29 | |
| **Difference (A)** | | **5,170,343.42** |
| Commissions Earned | 2,977,020.30 | |
| Commissions Paid | 366,336.10 | |
| **Difference (B)** | | **2,610,684.20** |
| ***Difference (A) - Difference (B) = Total Amount Owed by Ganda to YOFC*** | | ***2,559,659.22*** |