# Exhibit A

## I. Definitions

1. As used herein, the terms "you," "your," or shall mean and refer to Citizens Bank, its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

3. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

4. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## II. Instructions

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

   a. its customary name or description and its identifying number, if any;

   a. the date of the document;

   b. the name and address of each person who currently possesses the document; and

   c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

**III. <u>Documents and Tangible Things to be Produced</u>**

1. All documents including and concerning accounts and applications for accounts held by, for, or in the name of Edward, 6324 Guinea Lane, Wilmington, North Carolina.

2. All documents relating to transfers, payments, withdrawals, or deposits from any account, including but not limited to account no. 0011337818, in excess of $1,000.00 currently or formerly held by, for, or in the name of Edward, 6324 Guinea Lane, Wilmington, North Carolina, from January 1, 1998 through and including the present, including, but not limited to cancelled checks, wire activity records, customer service notes, records of calls, and correspondence.

3. All documents concerning any transfers, payments, withdrawals or deposits from January 1, 1998 through and including the present to or from any account formerly or currently belonging to Edward to or from any account formerly or currently belonging to Ganda, including but not limited to checks, wire activity records, and correspondence.