AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

YANGTZE OPTICAL FIBRE AND
CABLE COMPANY LTD.,

Plaintiffs,

v.

GANDA, LLC, A/K/A GANDA
COMMUNICATIONS AND JOHN EDWARD,

Defendants/ Third-Party Plaintiffs,

v.

Draka Comteq, B.V., Draka Comteq
Fibre, B.V. f/k/a Plasma Optical Fibre,
B.V., Plasma Optical Fibre, B.V., Draka
Comteq Americas, Inc. and Draka
Holding, N.V.,

Third-Party Defendants.

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 04-474ML

TO: Corning Credit Union
ATTN: Internal Audit Department
One Credit Union Plaza
P.O. Box 1450
Corning, NY 14830

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

__ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

_X__ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce all documents and things concerning the subject matter in the attached **Exhibit A**.

{B0608877; 1}

| PLACE | DATE AND TIME |
|---|---|
| Attn: Gordon Cleary<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 | March 1, 2007<br>10:00 a.m. |

____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | February 21, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

{B0608877; 1}

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial

to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT: DISTRICT OF RHODE ISLAND
COUNTY OF
INDEX # : 04-474ML
Date Filed:

ATTORNEY(S): : PH:
ADDRESS: File No.:

*YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,*

Plaintiff(s)/Petitioner(s)

*vs*

*GANDA, LLC, A/K/A GANDA COMMUNICATIONS AND JOHN EDWARD,*

Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF CHEMUNG

## AFFIDAVIT OF SERVICE

THOMAS NICHOLS, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On Feb 22, 2007 at 2:25 Pm, at ONE CREDIT UNION PLAZA, CORNING, NY 14830, deponent served the within SUBPOENA IN A CIVIL CASE

on: CORNING CREDIT UNION, ATTN; INTERNAL AUDIT DEPARTMENT, Witness therein named.

#1 INDIVIDUAL ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORPORATION ☑ By delivering thereat a true copy of each to Katie Carson personally, deponent knew the person so served to be the Authorized agent of the corporation, and authorized to accept service on behalf of the corporation.

#3 SUITABLE AGE PERSON ☐ By delivering a true copy of each to ______ a person of suitable age and discretion. Said premises is recipient's: [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

#4 AFFIXING TO DOOR ☐ By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on the ______ day of ______ at ______
on the ______ day of ______ at ______
on the ______ day of ______ at ______
on the ______ day of ______ at ______
Address confirmed by ______

#5 MAIL COPY ☐ On ______, deponent completed service by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

#6 DESCRIPTION ☑ (use with #1, 2 or 3) A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: Fm Color of skin: White Color of hair: Brown Age: 54 Height: 5'6
Weight: 145 Other Features: ______

#7 WIT. FEES ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#8 MILITARYSRVC ☐ Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of New York and was informed that recipient was not. Recipient wore ordinary civilian clothes and no military uniform.

#9 OTHER ☐

Sworn to before me on February 23 2007

Barbara Fecht
BARBARA FECHT
NOTARY PUBLIC, STATE OF NEW YORK
No.01FE5051850, TIOGA COUNTY
TERM EXPIRES NOVEMBER 13, 2009

[signature]
THOMAS NICHOLS
Server's Lic #
Invoice/Work Order # 0701426

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Subpoena with Proof of Service on April 4, 2007. The Subpoena is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary