UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff, vs. Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants, vs. Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants. | Civil Action No. 04-474ML<br><br>Oral Argument Requested<br><br>**REQUEST FOR EXPEDITED HEARING** |

**MOTION BY PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD. SEEKING SANCTIONS FOR DEFENDANT GANDA'S FAILURE TO COMPLY WITH A COURT ORDER**

Pursuant to Fed. R. Civ. P. 34, and 37, and LR Cv 9, Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this Motion Seeking Sanctions for Defendant Ganda's Failure to Comply with a Court Order ("Motion"). The defendant, Ganda LLC ("Ganda"), is causing undue delay and prejudice to YOFC by failing to fully comply with the Court order requiring it to produce documents. On March 1, 2007 this Court ordered Ganda to produce certain financial documents. Ganda has not fully complied with this order and the deposition of defendant John Edward is scheduled for April 24, 2007. The documents that have

not been produced are highly relevant to subject areas of the deposition. The discovery deadline is May 29, 2007. Accordingly, YOFC respectfully requests that the Court assist in resolving this issue. The grounds for this Motion are set forth more fully in a Memorandum of Law in Support of YOFC's Motion, filed herewith.

YOFC, through its counsel, has, in good faith, conferred with Defendant's counsel regarding Defendant's failure to produce responses to the Discovery Requests without Court intervention.

WHEREFORE, as set forth in the Motion, Plaintiff respectfully requests that the Court:

(1) issue an order that any facts regarding Ganda's financial information/status or accounting should be taken in favor of Plaintiff with respect to its claims for breach of contract (Count I), account stated (Count III), fraudulent conveyance (Count IV) and actual fraudulent conveyance (Count V) ;

(2) issue an order prohibiting defendants Ganda or Edward from opposing counts I, III, IV and V with evidence of their financial status or financial accounting;

(3) treat Ganda's failure to abide by the Court order as contempt of Court;

(4) grant costs and sanctions, including attorneys fees; and

(5) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*

Ira K. Gross
*Email: igross@sandw.com*
Beth L. Jacobson
*Email: bjacobson@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: April 5, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Motion on April 5, 2007. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means, by facsimile, and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V.,<br><br>Third-Party Defendants. | Civil Action No. 04-474ML<br><br>**REQUEST FOR EXPEDITED HEARING** |

**MEMORANDUM IN SUPPORT OF MOTION BY PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD. SEEKING SANCTIONS FOR DEFENDANT GANDA'S FAILURE TO COMPLY WITH A COURT ORDER**

Pursuant to Fed. R. Civ. P. 34, and 37, and LR Cv 9, Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this memorandum in support of its Motion to Seeking Sanctions for Defendant Ganda's Failure to Comply with a Court Order ("Motion"). The defendant, Ganda LLC ("Ganda"), is causing undue delay and prejudice to YOFC by failing to fully comply with the Court order requiring it to produce documents. Therefore YOFC respectfully requests that the Court assist in resolving this issue.

## I. **BACKGROUND**

On March 1, 2007, this Court granted in part Plaintiff's Motion to Compel Ganda to produce documents pursuant to Plaintiff's First Request for the Production of Documents. See Affidavit of Beth L. Jacobson ("Jacobson Aff.") at Exh. A. The Court ordered Ganda to produce responses to YOFC's Document Requests Nos. 33 an 43. Request No. 33 seeks "[a]ny documents concerning any financial statement, statement of account, balance sheet, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda" and Request No. 43 seeks, "[a]ny documents concerning any withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda's name." Id.

On March 22, YOFC received Ganda's purported supplementation of its Responses to YOFC's Document Requests 33 and 34 (which the Court ordered Ganda to do on or before March 21). Id. at Exh. B. Ganda's supplementation was a mere 54 pages which Ganda's counsel characterized solely as "wire transfer confirmations and John Edward's 2002 through 2005 tax returns as they relate to Ganda". Id. On March 22, 2007, counsel for YOFC wrote a letter to Ganda's counsel informing him of Ganda's deficient supplementation and requesting a response. Id. at Exh. C. In response to that letter Ganda produced an Affidavit of John Edward prepared "in connection with [Ganda's] recent production of documents in response to Plaintiff's Request for Production Numbers 33 and 34." Id. at Exh. D (Exh. B thereto). On March 29, 2007 counsel for YOFC wrote to Ganda's counsel regarding Ganda's obstruction of the discovery process and requesting a substantive response to YOFC's arguments within three days. Id. at Exh. D. Ganda's counsel did not respond. The deposition of defendant John Edward ("Edward") is currently scheduled for April 24, 2007. Id. at ¶ 8.

## II. ARGUMENT

### A. Standard

Fed. R. Civ. P. 37 (b)(2) permits this Court to issue sanctions if "a party fails to obey an order to provide or permit discovery". Ganda has failed to obey this Court's order and thus should be sanctioned appropriately.

### B. Ganda Has Not Fully Complied with the Court's Order

Ganda's document supplementation, a mere 54 pages admittedly characterized solely as "wire transfer confirmations and John Edward's 2002 through 2005 tax returns as they relate to Ganda", is deficient in many ways, including but not limited to the following: (1) pursuant to instruction No. 1 in the Document Requests, the time frame for the Document Requests is January 1, 1998 through and including the date of Ganda's response and any supplementation (the wire transfer confirmation information Ganda provided YOFC is only for the year 2000 and based on records YOFC obtained from Citizens Bank, Ganda had active bank accounts at last through part of 2003, all of which were depleted by mid-2003 at the latest); (2) Ganda provided no financial statements, statements of accounts, balance sheets, income statements, profit and loss statements, statements of cash flows, or statements of retained earnings (per request 33); (3) Ganda provided no tax returns; (4) Ganda provided no documents concerning deposits, cancelled checks, check registers, or withdrawal slips (aside from one or two) (despite YOFC's counsel specifically informing Ganda's counsel on March 19, 2007 in an email that such documents fall under request 43) (see Jacobson Aff. at Exh. D at Exh. C); and (5) even the information provided does not span the requested time frame and does not provide information for all transfers for all of Ganda's accounts.

In a purported attempt to cure any deficiencies, Ganda subsequently provided an "Affidavit of John Edward". In his affidavit Mr. Edward asserts numerous excuses as to why he



{B0626819; 1}

cannot produce more documents, including, the following: (1) the incredible proposition that his accounting firm refuses to provide his own tax return documents to him because they have been subpoenaed; (2) that "responsive documents have been or will be produced to Plaintiff from Citizens Bank of Rhode Island or Corning Credit Union pursuant to subpoenas Plaintiff served on each of these financial institutions"; and (3) that Ganda's business records were stored in the home of an ex-employee.

None of the aforementioned excuses relieves Ganda from obtaining and producing the requested documents. First, the fact that Plaintiff subpoenaed documents from certain banks and accountants (which Plaintiff was forced to do as a result of Ganda's non-compliance with discovery) does not relieve the Defendant from its discovery obligations.[1] In fact, Ganda's counsel asked YOFC's counsel whether YOFC would agree to that and YOFC counsel informed Ganda's counsel that while it would not require Mr. Edward to re-produce documents that it obtained from banks or accountants pursuant to subpoenas, since YOFC had not received (and may not) all the documents it requested in the subpoenas, Mr. Edward is required to produce all responsive documents. See Jacobson Aff. at Exh. D (Exh. C) (email correspondence between counsel on March 19, 2007). YOFC's counsel stated in her email:

> there are clearly additional documents that we have requested from Mr. Edward and Citizens Bank (including, but not limited to cancelled checks, check registers, withdrawal slips, deposit or transfer information) which we have not received from Mr. Edward, and thus, Mr. Edward should provide those to us by the deadline imposed by the Court.

Id. Second, it does not matter where Ganda's financial documents are "stored", whether in someone's basement or a warehouse; such documents admittedly belong to Ganda and are thus

[1] Discovery is permissible if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

under Ganda's possession, custody or control and therefore discoverable. See Fed. R. Civ. P. 34(a). They must be produced.

Ganda only produced certain financial information and only for the year 2000. Although YOFC is entitled to all the information it requested (per the Court's order), given Ganda's continuous delays (which represent an obvious attempt to run the discovery deadline and to avoid producing pertinent information prior to Mr. Edward's April 24, 2007 deposition), YOFC even offered to prioritize its requests. Id. at Exh. D. YOFC therefore requested that Ganda first produce to it the financial documentation for the specific account activity referenced in YOFC's March 23, 2007 letter to Citizens Bank requesting more detailed information on Ganda and Edward's bank accounts. Id. at Exh. D (Exh. D). As Ganda's bank accounts were emptied as of January 31, 2003 (as evidenced by the documentation provided by Citizens Bank and Ganda's Answers to Interrogatories), and Mr. Edward has not provided any explanation for this, nor provided the financial documents to indicate where the money went, YOFC is entitled to this information.

## III. REQUEST FOR EXPEDITED HEARING

Given defendant's history and pattern of not complying with discovery requests, and its failure now to comply with this Court's order, YOFC requests expedited relief (an expedited hearing). This is necessary as defendant Edward's deposition is scheduled for April 24, 2007 and the documents requested are highly relevant. The discovery deadline is May 29, 2007.

## IV. CONCLUSION

For the aforementioned reasons, YOFC seeks sanctions against Ganda for failing to comply with this Court's order.

WHEREFORE, as set forth in the Motion, Plaintiff respectfully requests that the Court:

(1) issue an order that any facts regarding Ganda's financial information/status or accounting should be taken in favor of Plaintiff with respect to its claims for breach of contract

(Count I), account stated (Count III), fraudulent conveyance (Count IV) and actual fraudulent conveyance (Count V) ;

(2) issue an order prohibiting defendants Ganda or Edward from opposing counts I, III, IV and V with evidence of their financial status or financial accounting;

(3) treat Ganda's failure to abide by the Court order as contempt of Court;

(4) grant costs and sanctions, including attorneys fees; and

(5) grant such further relief as the Court finds just.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*

Ira K. Gross
*Email: igross@sandw.com*
Beth L. Jacobson
*Email: bjacobson@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: April 5, 2007

## CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Memorandum on April 5, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means, by facsimile, and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary



{B0626819; 1}