UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Counterclaim Defendants. | C.A. No.: 04-474ML |

**DEFENDANTS' MOTION TO AMEND THE PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS**

The Defendants, Ganda, LLC, a/k/a Ganda Communications and John Edward (collectively referred to as "Ganda") respectfully move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an Order amending the Protective Order Regarding Confidentiality of Discovery Materials to provide for the protection of information received pursuant to subpoenas issued to third parties.

In support of this Motion, Defendants refer to the supporting Memorandum filed contemporaneously herewith.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay

Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 5, 2007

/s/ James L. Rogers, Jr.

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

Date: April 5, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2007, a true copy of the within was sent, as indicated, to the following:

VIA ECF TRANSMISSION

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

VIA FIRST-CLASS MAIL, POSTAGE PREPAID

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

VIA FIRST-CLASS MAIL, POSTAGE PREPAID

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\Edward Ganda motion to amend confid. order.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd.,<br><br>Plaintiff,<br><br>vs.<br><br>Ganda, LLC a/k/a Ganda Communications and John Edward,<br><br>Defendants,<br><br>vs.<br><br>Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,<br><br>Counterclaim Defendants. | C.A. No.: 04-474ML |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO AMEND THE PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS**

The Defendants, Ganda, LLC, a/k/a Ganda Communications and John Edward, respectfully submit this Memorandum in Support of their Motion to Amend the Protective Order Regarding Confidentiality of Discovery Materials.

On August 2, 2006, this Court issued a Protective Order Regarding Confidentiality of Discovery Materials (the "Order") which provides, *inter alia*, for the protection of "documents or information provided by either party to the others which disclose trade secrets or internal financial reports (including P&Ls, balance sheets and cash flow analyses)" which are marked

"confidential" by the producing party.[1] The Order was issued by the Court in response to the parties' Assented to Motion for a Protective Order filed July 31, 2006, which motion attached a proposed order. The language of the Order incorporates verbatim the language of the proposed order submitted by the parties.

Paragraph 5 of the Order provides that

> The provisions of this order shall apply only to disclosures made through written answers to interrogatories, responses to requests for production and oral or written depositions. Information or documents obtained by a party through sources other than or in addition to answers to interrogatories, responses to requests for production or oral or written depositions are specifically excluded from this order, and parties obtaining such information or documents shall not be restricted in their use of the same.

Strictly interpreted, the language of Paragraph 5 prohibits parties from marking as confidential "documents or information ... which disclose trade secrets or internal financial reports" being produced pursuant to a third party subpoena. However, Defendants contend that Paragraph 5 is properly interpreted as only prohibiting parties from insisting on the confidentiality of information obtained from sources outside the litigation. In proposing the above language to the Court, the parties did not intend for information or documents produced pursuant to a subpoena be excluded from the protections afforded by the Order, as subpoenas are an integral and common part of the discovery process.

In the present matter, Plaintiff has subpoenaed records from Defendants' accountants and banks.[2] The information to be produced pursuant to these subpoenas will disclose Defendants' private financial information and will specifically consist of Defendants' "P&Ls, balance sheets and cash flow analyses," among other things. If Paragraph 5 is strictly interpreted, Plaintiff will be able to sidestep the requirements of the Order and disclose information that was obviously

---

1 For the Court's convenience, a copy of the Order is attached hereto as Exhibit A.
2 See Subpoenas attached hereto as Exhibit B.

intended to be confidential. To allow Plaintiff, or any other party for that matter, to circumvent the protections afforded by the Order is not only unfair but contrary to the spirit of the Order and in violation of the parties' intentions in proposing the same. Furthermore, the only reason Plaintiff is able to obtain such information is because of the subpoena power of the Court, and to allow Plaintiff to use this power in order obtain private information about a party without agreeing to keep such information confidential is an abuse of the subpoena power.

In addition, Defendants have subpoenaed certain documents from Optical Cable Corporation ("OCC"), a customer of Ganda and YOFC.[3] OCC has agreed to produce documents responsive to the subpoena on the condition that the documents will be subject to a confidentiality order and therefore protected from dissemination.[4] The documents requested of OCC are essential to Defendants' claims against YOFC, and Defendants are precluded from receiving the same until a confidentiality order is filed protecting such documents. Defendants do not wish to waste the parties' and the court's time and resources in drafting an additional protective order that covers the OCC documents and believe a simpler, more efficient means of protecting the documents is to amend the Protective Order as suggested herein. An amendment is particularly needed in light of the fact that Plaintiff may effectively prohibit Defendants from obtaining the OCC documents by refusing to agree to an additional protective order.

Clearly, the parties can agree to keep certain documents confidential, regardless of whether or not a protective order has been issued. To this end, Defendants attempted to reach an agreement with Plaintiff regarding the confidentiality of documents produced pursuant to a

---

3 See Subpoena to OCC, attached hereto as Exhibit C.

4 See Letter dated March 8, 2007 from counsel for OCC, attached hereto as Exhibit D.

subpoena, but Plaintiff flatly refused to agree.[5] Accordingly, Defendants have been forced to file yet another motion with the Court seeking such relief.

For the reasons discussed above, Defendants respectfully request that the Court amend the Protective Order so as to include in its scope of protection, information or documents produced pursuant to subpoenas.

GANDA, LLC, a/k/a
GANDA COMMUNICATIONS and
JOHN EDWARD

By Their Attorneys,

/s/ Justin T. Shay
Justin T. Shay (#2781)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
(401) 331-5700
FAX (401) 331-5787

Date: April 5, 2007

/s/ James L. Rogers, Jr.
James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087
(864) 242-6440
FAX (864) 240-2477

Date: April 5, 2007

5 See Email communications dated March 14, 2007 and March 20, 2007 between counsel for Defendants and counsel for Plaintiff, collectively attached hereto as Exhibit E.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2007, a true copy of the within was sent, as indicated, to the following:

VIA ECF TRANSMISSION

Benjamin V. White, Esq.
Gordon P. Cleary, Esq.
Vetter & White, Inc.
20 Washington Place
Providence, RI 02903

VIA FIRST-CLASS MAIL, POSTAGE PREPAID

Ira K. Gross, Esq.
Samual A. Miller, Esq.
Cherie Bosarge Dutton, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

VIA FIRST-CLASS MAIL, POSTAGE PREPAID

James L. Rogers, Jr., Esq.
Rebecca H. Zabel, Esq.
LEATHERWOOD WALKER TODD & MANN, P.C.
300 East McBee Avenue, Suite 500
P.O. Box 87
Greenville, SC 29602-0087

/s/ Justin T. Shay

G:\cmc\Edward, J\pldgs\Edward Ganda memo in support of motion to amend confid. order.DOC