# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company, Ltd., | ) |
| Plaintiff, | ) |
| vs. | ) |
| Ganda, LLC a/k/a Ganda Communications and John Edward, | ) |
| Defendants/Third Party Plaintiffs, | ) |
| vs. | ) |
| Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V., | ) |
| Third Party Defendants. | ) |

**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS**

It appearing that compliance with discovery in this case may involve disclosure of confidential information concerning the parties' trade secrets and/or internal financial reports;

IT IS HEREBY ORDERED that:

1. Documents or information provided by either party to the others which disclose trade secrets or internal financial reports (including P&Ls, balance sheets and cash flow analyses) may be marked "confidential," unless designation of this material as confidential would constitute a violation of public policy or criminal laws. Such documents and information will be retained by counsel for the parties and neither the documents nor the information shall be disclosed to any person, except that for purposes of this action:

(a) Documents and information designated as confidential may be disclosed by counsel to the Court, court personnel and court reporters transcribing testimony;

(b) Documents and information designated as confidential may be disclosed by counsel to their associate attorneys and employees in their law firms;

(c) Documents and information designated as confidential may be disclosed by counsel to the parties to this action and their employees;

(d) Documents and information designated as confidential may be disclosed by counsel to experts retained by a party for this action and those employed or affiliated with said experts; and

(e) Documents and information designated as confidential may be made available to any other person with prior written consent of the producing party or pursuant to further order of the Court.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts and representatives shall be deemed confidential only if the relevant portions are designated as such within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

3. If requested with specificity in writing by counsel designating documents and information as confidential, within thirty (30) days after the conclusion of trial and all appeals or any other termination of this action, all documents and information so designated shall be returned to said counsel or destroyed in a mutually agreeable manner, and all excerpts, summaries and notes thereof shall be destroyed. The cost of returning information and documents designated as confidential to the designating counsel, as well as all costs of

destruction shall be born by the requesting party. The prohibitions of this Protective Order which restrict the disclosure and use of confidential information shall continue to be binding after the conclusion of this action.

4. No party shall, through its agents, employees, officers, directors or attorneys, make public disclosure of any of the information referred to in Paragraph 1, nor shall any use be made of that information other than for the purposes of this action, without further order of the Court.

5. The provisions of this order shall apply only to disclosures made through written answers to interrogatories, responses to requests for production and oral or written depositions. Information or documents obtained by a party through sources other than or in addition to answers to interrogatories, responses to requests for production or oral or written depositions are specifically excluded from this order, and parties obtaining such information or documents shall not be restricted in their use of the same.

6. This Order shall be without prejudice to the right of either party to assert that any document, or disclosure, should not be regarded as confidential information, in which event the party asserting the claim of confidentiality shall have the burden of proving it before the Court.

AND IT IS SO ORDERED.

Dated: August 1, 2006

Mary M. Lisi
Honorable United States District Court Judge