# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,

Plaintiffs,

v.

GANDA, LLC, A/K/A GANDA COMMUNICATIONS AND JOHN EDWARD,

Defendants/ Third-Party Plaintiffs,

v.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,

Third-Party Defendants.

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 04-474ML

TO: Insero & Company
1500 HSBC Plaza
Rochester, NY 14604

__ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

__ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

_X_ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce all documents and things concerning the subject matter in the attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Attn: Gordon Cleary<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 | March 13, 2007<br>10:00 a.m. |

{B0614031; 1}

____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | ~~February~~ March 2, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial

to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

**I. Definitions**

1. As used herein, the terms "you," "your," or shall mean and refer to Insero & Company, its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

3. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

4. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## II. Instructions

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

   a. its customary name or description and its identifying number, if any;

   a. the date of the document;

   b. the name and address of each person who currently possesses the document; and

   c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

## III. Documents and Tangible Things to be Produced

1. All documents including, concerning, or related to any financial statement, statement of account, balance sheets, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda or Edward from January 1, 1998 through and including the present.

2. Any documents concerning any bank statements, withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda or Edward's name from January 1, 1998 through and including the present.

3. All documents concerning any transfers, payments, withdrawals or deposits from January 1, 1998 through and including the present to or from any account formerly or currently belonging to Edward or Ganda to or from any account formerly or currently belonging to Edward or Ganda.

4. Any and all tax returns and documents used in the preparation thereof including, but not limited, payroll, 1099 forms, W-4 forms, broker statements, and bank statements, for Edward or Ganda from January 1, 1998 through and including the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,

Plaintiffs,

v.

GANDA, LLC, A/K/A GANDA COMMUNICATIONS AND JOHN EDWARD,

Defendants/ Third-Party Plaintiffs,

v.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,

Third-Party Defendants.

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 04-474ML

TO: Elliot, Davis & Company
200 E. Broad St.
5th Floor
Greenville, SC 29601

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

_X_ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce all documents and things concerning the subject matter in the attached **Exhibit A.**

| PLACE | DATE AND TIME |
| --- | --- |
| Attn: Gordon Cleary<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 | March 13, 2007<br>10:00 a.m. |

{B0614029; 1}

____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | ~~February~~ March 2, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

{B0614029; 1}

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A

## I. Definitions

1. As used herein, the terms "you," "your," or shall mean and refer to Elliot, Davis & Company, its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

3. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

4. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## II. Instructions

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

   a. its customary name or description and its identifying number, if any;

   a. the date of the document;

   b. the name and address of each person who currently possesses the document; and

   c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

## III. Documents and Tangible Things to be Produced

1. All documents including, concerning, or related to any financial statement, statement of account, balance sheets, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda or Edward from January 1, 1998 through and including the present.

2. Any documents concerning any bank statements, withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda or Edward's name from January 1, 1998 through and including the present.

3. All documents concerning any transfers, payments, withdrawals or deposits from January 1, 1998 through and including the present to or from any account formerly or currently belonging to Edward or Ganda to or from any account formerly or currently belonging to Edward or Ganda.

4. Any and all tax returns and documents used in the preparation thereof including, but not limited, payroll, 1099 forms, W-4 forms, broker statements, and bank statements, for Edward or Ganda from January 1, 1998 through and including the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,

Plaintiffs,

v.

GANDA, LLC, A/K/A GANDA COMMUNICATIONS AND JOHN EDWARD,

Defendants/ Third-Party Plaintiffs,

v.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,

Third-Party Defendants.

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 04-474ML

TO: Louis J. Nessle, Jr. CPA PC
5 E. Market Street #404
Corning, NY 14830

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

_X_ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce all documents and things concerning the subject matter in the attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Attn: Gordon Cleary<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 | March 13, 2007<br>10:00 a.m. |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

{B0614016; 1}

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiffs | ~~February~~ March 2, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
| --- |
| SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800 |

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial

to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

## I. Definitions

1. As used herein, the terms "you," "your," or shall mean and refer to Louis J. Nessle, Jr. CPA PC, its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

3. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

4. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## II. Instructions

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

   a. its customary name or description and its identifying number, if any;

   a. the date of the document;

   b. the name and address of each person who currently possesses the document; and

   c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

## III. Documents and Tangible Things to be Produced

1. All documents including, concerning, or related to any financial statement, statement of account, balance sheets, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda or Edward from January 1, 1998 through and including the present.

2. Any documents concerning any bank statements, withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda or Edward's name from January 1, 1998 through and including the present.

3. All documents concerning any transfers, payments, withdrawals or deposits from January 1, 1998 through and including the present to or from any account formerly or currently belonging to Edward or Ganda to or from any account formerly or currently belonging to Edward or Ganda.

4. Any and all tax returns and documents used in the preparation thereof including, but not limited, payroll, 1099 forms, W-4 forms, broker statements, and bank statements, for Edward or Ganda from January 1, 1998 through and including the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUBPOENA IN A CIVIL CASE

YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.,

Plaintiffs,

v.

GANDA, LLC, A/K/A GANDA COMMUNICATIONS AND JOHN EDWARD,

Defendants/ Third-Party Plaintiffs,

v.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,

Third-Party Defendants.

CASE NUMBER:[1] 04-474ML
DISTRICT OF RHODE ISLAND

TO: Kasperski Owen & Dinan CPAs, LLC
300 Linden Oaks, 3rd Floor
Rochester, New York 14625

___ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

___ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce all documents and things concerning the subject matter in the attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| U.S. Courthouse<br>100 State Street<br>Rochester NY 14614-1387 | March 20, 2007<br>10:00 a.m. |

___ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | ~~February~~ March 19, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Beth L. Jacobson
SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________________
SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial

to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

**I. Definitions**

1. As used herein, the terms "you," "your," or shall mean and refer to Kasperski Owen & Dinan, CPAs, LLC, its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

3. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

4. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## II. Instructions

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

   a. its customary name or description and its identifying number, if any;

   a. the date of the document;

   b. the name and address of each person who currently possesses the document; and

   c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

### III. Documents and Tangible Things to be Produced

1. All documents including, concerning, or related to any financial statement, statement of account, balance sheets, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda or Edward from January 1, 1998 through and including the present.

2. Any documents concerning any bank statements, withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda or Edward's name from January 1, 1998 through and including the present.

3. All documents concerning any transfers, payments, withdrawals or deposits from January 1, 1998 through and including the present to or from any account formerly or currently belonging to Edward or Ganda to or from any account formerly or currently belonging to Edward or Ganda.

4. Any and all tax returns and documents used in the preparation thereof including, but not limited, payroll, 1099 forms, W-4 forms, broker statements, and bank statements, for Edward or Ganda from January 1, 1998 through and including the present.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

SUBPOENA IN A CIVIL CASE

YANGTZE OPTICAL FIBRE AND
CABLE COMPANY LTD.,

Plaintiffs,

CASE NUMBER:[1] 04-474ML

v.

GANDA, LLC, A/K/A GANDA
COMMUNICATIONS AND JOHN EDWARD,

Defendants/ Third-Party Plaintiffs,

v.

Draka Comteq, B.V., Draka Comteq
Fibre, B.V. f/k/a Plasma Optical Fibre,
B.V., Plasma Optical Fibre, B.V., Draka
Comteq Americas, Inc. and Draka
Holding, N.V.,

Third-Party Defendants.

TO: Citizens Bank
One Citizens Plaza
Providence, RI 02903

__ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

__ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

_X_ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce all documents and things concerning the subject matter in the attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Attn: Gordon Cleary<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 | March 1, 2007<br>10:00 a.m. |

____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

{B0608831; 1}

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | February ___, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>SULLIVAN & WORCESTER LLP, One Post Office Square, Boston, MA 02109 (617) 338-2800 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial

to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

## I. Definitions

1. As used herein, the terms "you," "your," or shall mean and refer to Citizens Bank, its officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

2. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

3. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

4. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## II. Instructions

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

   a. its customary name or description and its identifying number, if any;

   a. the date of the document;

   b. the name and address of each person who currently possesses the document; and

   c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

**III. <u>Documents and Tangible Things to be Produced</u>**

1. All documents including and concerning accounts and applications for accounts held by, for, or in the name of Edward, 6324 Guinea Lane, Wilmington, North Carolina.

2. All documents relating to transfers, payments, withdrawals, or deposits from any account, including but not limited to account no. 0011337818, in excess of $1,000.00 currently or formerly held by, for, or in the name of Edward, 6324 Guinea Lane, Wilmington, North Carolina, from January 1, 1998 through and including the present, including, but not limited to cancelled checks, wire activity records, customer service notes, records of calls, and correspondence.

3. All documents concerning any transfers, payments, withdrawals or deposits from January 1, 1998 through and including the present to or from any account formerly or currently belonging to Edward to or from any account formerly or currently belonging to Ganda, including but not limited to checks, wire activity records, and correspondence.