# EXHIBIT D

WOODS ROGERS PLC
ATTORNEYS AT LAW

MARK D. LOFTIS
(540) 983-7618
loftis@woodsrogers.com

March 8, 2007

**VIA FACSIMILE**
**& FIRST-CLASS MAIL**

Beth L. Jacobson, Esq. – (617) 338-2880
Sullivan & Worcester LLP
One Post Office Square
Boston, Massachusetts 02109

Rebecca H. Zabel, Esq. – (864) 240-2498
Leatherwood, Walker, Todd & Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue, Suite 500
Greenville, South Carolina 29601

**In re: Yangtze Optical Fibre and Cable Company, Ltd. v. Ganda, LLC, a/k/a Ganda Communications and John Edwards v. Draka Comteq, B.V., Draka Comteq Fibre, B.V., f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V. Civil Action No. 04-474ML (United States District Court for the District of Rhode Island)**

**Subpoena Issued to Optical Cable Corporation**

Dear Beth and Rebecca:

As you know, this Firm represents Optical Cable Corporation in connection with the subpoena *duces tecum* served upon it in connection with the above-referenced action. Optical Cable Corporation has filed objections to the subpoena *duces tecum*, and I have subsequently had discussions with each of you regarding what documents Optical Cable Corporation is willing to produce subject to those objections.

At this point, Optical Cable has collected documents showing the quantities of fiber optic cable sold and delivered to it by Yangtze Optical Fibre and Cable Company, Ltd. during the time period specified in the subpoena. However, Optical Cable Corporation continues to consider documents showing the sources of fiber optic cable during a given time period to be confidential



P.O. Box 14125 / Roanoke, Virginia 24038-4125
10 South Jefferson Street, Suite 1400
540 983-7600 / Fax 540 983-7711
Offices also in Blacksburg, Danville, Lynchburg and Richmond, Virginia

business information that it does not disclose and that it is not willing to disclose except under the terms of an appropriate Protective Order.

We have obtained a copy of the "Protective Order Regarding Confidentiality of Discovery Materials" entered by the United States District court for the District of Rhode Island in the above-referenced underlying action. That Order, by its express terms, applies only to documents and information which the *parties* provide to one another in response to formal discovery requests in the underlying case. Far from providing any basis for Optical Cable Corporation to designate documents and information it might produce as "Confidential," the Order in the underlying case in fact *specifically excludes* documents and information obtained from non-parties and purports to give the parties in the underlying case the unfettered right to use and disseminate such information. Specifically, paragraph 5 of the Order provides that:

> Information or documents obtained by a party through sources other than or in addition to answers to interrogatories, responses to requests for production or oral or written depositions are specifically excluded from this order, and parties obtaining such information or documents shall not be restricted in their use of the same.

Optical Cable Corporation is not willing to produce confidential documents and information absent an appropriate protective order permitting it to designate materials as "Confidential" and obligating the parties in the underlying case to maintain that confidentiality. If the parties in the underlying case desire to have such an Order entered we are willing to review a draft and advise you whether the Order would be acceptable to Optical Cable Corporation. Once an appropriate Protective Order has been obtained Optical Cable Corporation would then be willing to produce documents showing the quantities of fiber optic cable sold and delivered to it by Yangtze Optical Fibre and Cable Company, Ltd. during the time period specified in the subpoena.

Thank you for your attention to this matter.

Very truly yours,

WOODS ROGERS PLC

Mark D. Loftis

MDL/bdp