# EXHIBIT E

**Rebecca Zabel**

**From:** Jacobson, Beth [bjacobson@sandw.com]
**Sent:** Tuesday, March 20, 2007 3:36 PM
**To:** Rebecca Zabel
**Cc:** Jay Rogers
**Subject:** RE: YOFC v. Ganda

Rebecca,

Your interpretation of the Confidentiality Order directly conflicts with paragraph 5 of the Confidentiality Order and thus I do not agree with it. I am willing to revisit this issue if you can explain to me how your interpretation does not conflict with paragraph 5 of the Order.

Thanks,
Beth

-----Original Message-----
**From:** Rebecca Zabel [mailto:RZabel@LWTM.COM]
**Sent:** Tuesday, March 20, 2007 3:15 PM
**To:** Jacobson, Beth
**Cc:** Jay Rogers
**Subject:** YOFC v. Ganda

Beth,

You have not responded to my email dated 3/14/07 regarding the confidentiality order as it relates to documents subpoenaed from third parties. Please let me know as soon as possible whether you agree with our interpretation of the order.

Thank you,
Rebecca

Rebecca H. Zabel
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue
Greenville, South Carolina 29601
(864) 242-6440

---

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by IRS, we inf that any U.S. tax advice contained in this communication and any attachments hereto is not intended or written to be used and cannot be used by you or any other taxpayer for the purpose of (1) avoiding penalties that may be imposed on you or any other taxpayer under the Internal Revenue Code or (2) promoting, marketing or recommending any plan, arrangement or investmen any other taxpayer. Any communications that could be provided to you and used to avoid such penalties would entail additional evaluations and conclusions by us.

CONFIDENTIALITY NOTICE: This communication may contain confidential or privileged info and nothing contained herein is intended to waive any applicable privilege. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.

---

This message is intended to be confidential and may be legally privileged. It is intended solely for the addressee. If you are not the intended recipient, please delete this message from your system and notify us immediately. Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.

**Rebecca Zabel**

**From:** Rebecca Zabel
**Sent:** Wednesday, March 14, 2007 5:03 PM
**To:** 'Jacobson, Beth'
**Cc:** Jay Rogers; jshay@cm-law.com
**Subject:** RE: YOFC v. Ganda

Beth:

We will plan on deposing Dr. Xu at your offices on March 27. Thank you for your help with this. The deposition will start at 8:30 am. Also, you have previously indicated that Dr. Xu's grasp of the English language is such that he will need an interpreter at his deposition. Accordingly, we will provide an interpreter. The procedure will be as follows: we will address our questions to Dr. Xu; the interpreter will translate our question; Dr. Xu will answer; the interpreter will translate his answer. We trust that this procedure is acceptable to you. Please let us know if you disagree.

As for Mr. Edward's deposition, we have contacted him regarding his availability in early April, and we will let you know as soon as we hear back from him. We are hopeful that he will be available April 10, 11 or 12, but we have not confirmed this yet.

Jay has asked that I let you know that we have not yet received any documents from HSBC pursuant to our subpoena but will send you copies when we do.

Finally, as you are aware, we received a letter from counsel for OCC raising concerns with the confidentiality of documents produced pursuant to our subpoena. Our interpretation of the Confidentiality Order is that only those documents/information received from third parties outside of the litigation are not protected. Thus, documents/information received pursuant to a subpoena, even if it is produced by third parties (including HSBC, OCC and the parties whom YOFC has subpoenaed), are protected under the Confidentiality Order since they will be produced in connection with the litigation. Please let us know if you disagree with this interpretation. If you are in agreement, I will notify OCC's attorney accordingly.

Please let me know if you have any questions.

Thanks,
Rebecca

---

**From:** Jacobson, Beth [mailto:bjacobson@sandw.com]
**Sent:** Tuesday, March 13, 2007 2:37 PM
**To:** Rebecca Zabel
**Cc:** Jay Rogers; jshay@cm-law.com
**Subject:** RE: YOFC v. Ganda

Rebecca,

We are confirming the deposition of Dr. Xu in Boston on March 27th. You are more than welcome to use our conference center and I have reserved two conference rooms for the day in case you so choose. Please just let me know in advance.

As for the deposition of Mr. Edward, please get back to me by tomorrow as to his dates of availability. As a courtesy, on March 8th we agreed to postpone his deposition which was originally noticed for March 20 because you said he was available in April. Then, after we suggested some dates, you subsequently said he was not available until April 23rd, which as I previously indicated is very late in the discovery period and prejudicial to our client. As I have been trying to reschedule Mr. Edward's deposition since last week, if you do not get back to me

with dates prior to the close of business tomorrow, we will have no choice but to select a date for his deposition and take the necessary action.

Thank you for your attention to this.

Beth

-----Original Message-----
**From:** Rebecca Zabel [mailto:RZabel@LWTM.COM]
**Sent:** Sunday, March 11, 2007 4:22 PM
**To:** Jacobson, Beth
**Cc:** Jay Rogers; jshay@cm-law.com
**Subject:** Re: YOFC v. Ganda

Beth,

We will agree to depose Dr. Xu in Boston. Please arrange to make him available on March 27th. With respect to Mr. Edward, I will check with him again regarding his availability during March and April and will get back to you.

Rebecca

Rebecca H. Zabel
Leatherwood Walker Todd & Mann, P.C.

-----Original Message-----
From: Jacobson, Beth <bjacobson@sandw.com>
To: Rebecca Zabel
CC: Jay Rogers; Justin Shay <jshay@cm-law.com>
Sent: Fri Mar 09 09:41:18 2007
Subject: RE: YOFC v. Ganda

Rebecca,

With respect to Dr. Xu, as I set forth in my March 5 letter, he has arranged to travel to the United States to be available to be deposed on March 28, 29 or 30. This was more than a reasonable offer. As there are many attorneys working on this case on behalf of defendants (2 others were copied on your emails), and we are offering Dr. Xu to come to the United States from China for his deposition, he would be available on March 28th and is already in the process of obtaining his visa. Due to time zone changes and travel arrangements, we could only agree to the deposition on March 27th if it occurs in Boston. Otherwise, as previously offered, we will produce him March 28, 29 or 30.

As you know we noticed Mr. Edward's deposition for March 20. Pursuant to your request to postpone it to April, we suggested either April 10, 11 or 12. Now you inform me that he is out of the country through April 22. Is Mr. Edward unavailable to be deposed from March 20-April 22? Are there any dates during that timeframe he is available to be deposed? As you know, we have a discovery deadline which we must adhere to, and there likely will be information learned at Mr. Edward's deposition that will lead to further discovery efforts. Accordingly, we do not want our client to be prejudiced by Mr. Edward's (a defendant in this case) unavailability for an entire month of the just over two months we have left for discovery.

Please advise promptly regarding these deposition dates so we may finalize our schedules.

Thank you,
Beth

-----Original Message-----
From: Rebecca Zabel [mailto:RZabel@LWTM.COM]
Sent: Thursday, March 08, 2007 2:19 PM
To: Jacobson, Beth

Cc: Jay Rogers; Justin Shay
Subject: RE: YOFC v. Ganda

Beth:

Apparently I misunderstood Jay's availability, and he is only available March 26 and 27. I apologize for this mistake. Can Dr. Xu be available either of these days?

As for Mr. Edward's deposition, we appreciate your willingness to depose Mr. Edward in April. Unfortunately, he will be out of the country through April 22. He will be available for deposition on April 23, however, if that is acceptable to you.

As for our subpoenas to US Customs, I have not been involved in issuing those subpoenas and are not sure right now whether they have been served. I will check with Jay's secretary and our paralegals, though, to see if they know whether the subpoenas have been served. Also, Jay will be back on Monday and can confirm service and send you a copy at that time, as well.

Please let me know if you need anything else.

Rebecca

---

From: Jacobson, Beth [mailto:bjacobson@sandw.com]
Sent: Thursday, March 08, 2007 12:42 PM
To: Rebecca Zabel
Cc: Jay Rogers; Justin Shay
Subject: RE: YOFC v. Ganda

Rebecca,

1. The deposition of Dr. Xu: As you are aware, Fed.R.Civ.P. 30(d)(2) limits depositions to one day of seven hours. Accordingly, Dr. Xu would be available to be deposed on March 28. As he is traveling from China, we renew our request to have the deposition in Boston, however, will produce him in Providence if you will not agree to that.

2. The deposition of John Edward: We will agree to postpone Mr. Edward's deposition to April. We would like to depose him on April 10 (but would also be available on April 11 or 12). Please advise which date would work for you and Mr. Edward.

3. I had previously spoken with Jay about the subpoenas he was issuing the US Customs Bureau and wanted to know (a) if the subpoenas had been served and (b) if I could receive a copy of the subpoenas as they were served (as we had discussed dates he was going to insert in the subpoena for the deposition, however, I never received a final copy).

I look forward to hearing from you at your earliest convenience so we can firm up these deposition dates.

Thank you,
Beth

Beth L. Jacobson

Attorney at Law

Sullivan & Worcester LLP

One Post Office Square

Boston, MA 02109

T 617 338 2872

F 617 338 2880

bjacobson@sandw.com

www.sandw.com

BOSTON NEW YORK WASHINGTON, DC

-----Original Message-----
From: Rebecca Zabel [mailto:RZabel@LWTM.COM]
Sent: Thursday, March 08, 2007 11:12 AM
To: Jacobson, Beth
Cc: Jay Rogers; Justin Shay
Subject: YOFC v. Ganda

Beth,

I have discussed the proposed dates of Dr. Xu's deposition with Jay Rogers, and we are not available March 28-30. We would like to schedule Dr. Xu's deposition for the March 26-28 in Providence, RI at the offices of Cameron & Mittleman. Please let me know as soon as possible if these dates are acceptable to YOFC and Dr. Xu.

In addition, John Edward is unavailable to be deposed on March 20 and will have to be deposed in April. We hope that you will agree to scheduling his deposition in April, but if you cannot agree to this, we will have no choice but to move for a protective order for Mr. Edward.

Again, please let me know as soon as possible if Dr. Xu will be available March 26-28. I look forward to hearing from you.

Regards,
Rebecca Zabel

Rebecca H. Zabel
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue
Greenville, South Carolina 29601
(864) 242-6440

---

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by IRS, we inform you that any U.S. tax advice contained in this communication and any attachments hereto is not intended or written to be used and cannot be used by you or any other taxpayer for the purpose of (1) avoiding penalties that may be imposed on you or any other taxpayer under the Internal Revenue Code or (2) promoting, marketing or recommending any plan, arrangement or investment to any other taxpayer. Any communications that could be provided to you and used to avoid such penalties would entail additional evaluations and conclusions by us.

CONFIDENTIALITY NOTICE: This communication may contain confidential or privileged information and nothing contained herein is intended to waive any applicable privilege. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.

---

This message is intended to be confidential and may be legally privileged. It is intended solely for the addressee.

If you are not the intended recipient, please delete this message from your system and notify us immediately. Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.

This message is intended to be confidential and may be legally privileged. It is intended solely for the addressee. If you are not the intended recipient, please delete this message from your system and notify us immediately. Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.

This message is intended to be confidential and may be legally privileged. It is intended solely for the addressee. If you are not the intended recipient, please delete this message from your system and notify us immediately. Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.