UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YANGTZE OPTICAL FIBRE and CABLE COMPANY, LTD. | : | |
| v. | : | C.A. No. 04-474ML |
| GANDA, LLC, a/k/a GANDA COMMUNICATIONS and JOHN EDWARD | : | |
| v. | : | |
| DRAKA COMTEQ B.V., DRAKA COMTEQ FIBRE B.V., PLASMA OPTICAL FIBRE B.V., DRAKA COMTEQ AMERICAS INC., and DRAKA HOLDING N.V. | : | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion to Compel Interrogatory Responses from Defendant Ganda, LLC (Document No. 86) and Defendants' Motion to Compel Responses to Interrogatories from Plaintiff. (Document No. 94). These Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on April 6, 2007. The pending Motions are resolved below.

**Background**

This case was commenced in November 2004. Due to some initial skirmishing regarding venue during 2005, a Rule 16 Scheduling Order was not issued until March 23, 2006, and the parties were given approximately one year thereafter to complete discovery. See Document No. 38 (ordering that all discovery will be closed by March 30, 2007). It does not appear that either

Plaintiff or Defendants were diligent in their efforts to conduct and complete pre-trial discovery by the original March 30, 2007 deadline.

To date, this Court has held four discovery hearings and has resolved numerous discovery motions in the last several months. Although there was clearly some foot dragging by both sides regarding discovery, the discovery deadline was extended by sixty days last month (to May 29, 2007) to finally get this case trial ready. Since that Order was entered, a hearing has been conducted on the instant cross-motions to compel interrogatory responses and four additional discovery motions have been filed by the parties. From today's hearing, it is apparent that many of these disputes could have been resolved if the parties simply communicated and recognized their discovery obligations. For instance, a terse email exchange between counsel on March 20 led to an unnecessary motion to amend a stipulated protective order which included a four-page brief and five exhibits totaling over fifty pages. Document No. 119 and Ex. E. If counsel had actually communicated about the issue, the motion and the time wasted by the Court reviewing and discussing the motion would have been avoided. In summary, this Court is losing patience with the lack of cooperation and communication between counsel in this case and such will be evident in future proceedings and rulings. Counsel are forewarned and hopefully will respond appropriately and professionally.

**I. Plaintiff's Motion to Compel Interrogatory Responses (Document No. 86)**

Plaintiff moves to compel as to four interrogatories (Nos. 6 to 8 and 10). Defendants dispute the relevance of the requested information. Under Fed. R. Civ. P. 26(b)(1), discovery is generally available as to "any matter, not privileged, that is relevant to the claim or defense of any party...." However, such discovery may be limited in scope where the Court determines that "the burden or

expense of the proposed discovery outweighs its likely benefit...." Fed. R. Civ. P. 26(b)(2)(iii). Further, "[t]he party seeking information in discovery over an adversary's objection has the burden of showing its relevance." Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005) (citations omitted). Applying these principles, Plaintiff's Motion to Compel is resolved as follows:

**A. Interrogatories 6 and 7**

GRANTED in part. Ganda shall supplement its response to Interrogatory 6 by identifying the documents by Bates Number used to prepare Exhibit A to its interrogatory responses. Further, Ganda shall supplement its response to Interrogatory 7 by describing the source and/or calculation used to determine the dollar amounts for sales commissions owed as set forth in the response.

**B. Interrogatory 8**

DENIED. Plaintiff has failed to establish the relevance of the identity of the source of the January 22, 1999 document or that such identity is reasonably calculated to lead to the discovery of admissible evidence.

**C. Interrogatory 10**

DENIED as moot. Ganda supplemented its response in view of this Court's prior ruling as to Plaintiff's Document Requests Nos. 33 and 43. See Document No. 97 at p. 3.

**II. Defendants' Motion to Compel Responses to Interrogatories (Document No. 94)**

**A. Interrogatories 2 through 4**

Motion withdrawn by Defendants as moot in view of information obtained through Dr. Xu's deposition.

**B. Interrogatories 5 and 6**

Plaintiff shall supplement its responses as it agreed at the hearing.

**C. Interrogatory 10**

Plaintiff shall supplement its response with the information disclosed in its Memorandum at p. 4.

**D. Interrogatory 11**

DENIED as moot in view of Plaintiff's supplemental response pursuant to Fed. R. Civ. P. 33(d) in counsel's letter of March 20, 2007.

**E. Interrogatory 12**

GRANTED. Plaintiff shall supplement its response by specifying which individuals listed in response to Interrogatory No. 1 are also responsive to Interrogatory No. 12, and by providing the other information requested as to such individuals.

**F. Interrogatory 13**

DENIED. The interrogatory is overbroad as drafted and not reasonably calculated to lead to the discovery of admissible evidence.

**G. Interrogatory 14**

GRANTED. Plaintiff shall supplement its response with more detail as to its damages claim and identify the individual(s) having knowledge of such information.

**H. Interrogatory 16**

GRANTED. Plaintiff shall supplement its response as agreed at the hearing.

**I. Interrogatories 17 and 18**

DENIED. Defendants have not established the relevance of this information to any claims or defenses in this litigation or that the information sought is reasonably calculated to lead to the discovery of admissible evidence.

**J. Interrogatory 19**

GRANTED. Plaintiff shall identify the person(s) who attended the listed trade shows on its behalf and the product(s) displayed at such shows.

**K. Interrogatory 20**

DENIED. The term "periodic report" is vague and undefined, and thus the interrogatory is overbroad. Further, Plaintiffs represented that it identified several responsive documents in its response to Document Request No. 36. See Document No. 101, Ex. 5 at p. 2.

**Conclusion**

The pending Motions are resolved as follows:

(1) Plaintiff's Motion to Compel (Document No. 86) is GRANTED in part and DENIED in part, and Ganda shall respond as required by this Order within twenty days (see LR Cv 37(b));

(2) Defendants' Motion to Compel (Document No. 94) is GRANTED in part and DENIED in part and Plaintiff shall respond as required by this Order within twenty days (see LR Cv 37(b)); and

(3) All related requests for sanctions and costs are DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 9, 2007