UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants<br><br>vs.<br><br>Draka Comteq, N.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | Civil Action No. 04-474ML |

**PLAINTIFF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S OPPOSITION TO DEFENDANT GANDA, LLC'S MOTION TO COMPEL DOCUMENTS**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully opposes Defendants and Third-Party Plaintiffs' ("Defendants") Motion to Compel Documents ("Motion"). Despite YOFC having further supplemented its document responses and representing to Defendants that it has no additional documents in response to Document Requests 20 and 41, Defendants have failed to withdraw their Motion.

WHEREFORE, for the aforementioned reasons, YOFC respectfully requests that the Court:

(1) issue an order denying the Motion; and

(2) grant YOFC costs and sanctions, including attorneys fees.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email: bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email: gcleary@vetterandwhite.com*
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*

Ira K. Gross
*Email: igross@sandw.com*
Beth L. Jacobson
*Email: bjacobson@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: April 23, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Opposition on April 23, 2007. The Opposition is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Yangtze Optical Fibre and Cable Company Ltd., Plaintiff<br><br>vs.<br><br>Ganda, LLC, a/k/a Ganda Communications and John Edward, Defendants<br><br>vs.<br><br>Draka Comteq, B.V., Draka Fibre Technology, B.V. f/k/a Plasma Optical Fiber, B.V., Plasma Optical Fibre, B.V., Draka Cableteq USA Corp. and Draka Holdings, N.V., Third-Party Defendants | Civil Action No. 04-474ML |

**MEMORANDUM IN SUPPORT OF YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DOCUMENTS**

Plaintiff Yangtze Optical Fibre and Cable Company Ltd. ("YOFC") hereby respectfully submits this Memorandum of Law in support of its Opposition to Defendants and Third-Party Plaintiffs' ("Defendants") Motion to Compel Documents ("Motion"). YOFC hereby respectfully opposes Defendants Motion as despite YOFC having further supplemented its document responses and representing to Defendants that it has no additional documents in response to Document Request 20 and 41, Defendants have failed to withdraw their Motion.

## I. ARGUMENT

YOFC provided Responses to Defendants' Requests for Documents and then over eleven (11) months later, Defendants sent a letter requesting additional documents. In response thereto, on March 5, 2007, YOFC explained to Defendants that despite certain objections it made

in response to request no. 20, it did make all documents available and it even referred Defendants to certain responsive documents that were previously produced. See Affidavit of Beth L. Jacobson ("Jacobson Aff.") at Exh. A.

Pursuant to this Court's instructions to the parties to confer regarding this Motion, YOFC initiated a telephone conference with Defendants' counsel and then followed up with a letter confirming what was discussed during that call. Id. at Exh. B. Although YOFC previously objected to document request no. 41, it has subsequently reviewed its records and located two additional documents which it produced on April 16, 2007. Id. at Exh. C.

YOFC is not withholding any responsive documents to these requests and has represented as such to Defendants' counsel. On April 16, 2007 when YOFC produced two additional responsive documents counsel for YOFC informed Defendants that, "I represent to you that YOFC has searched its files and business records and aside from other documents previously produced that may be deemed responsive to such requests, the only additional documents YOFC was able to locate are those documents enclosed . . ." Id. YOFC further informed Defendants' counsel during a telephone conversation on April 19, 2007 that YOFC has no other responsive documents. As YOFC's counsel also inquired as to whether Defendants would be providing any additional financial information given YOFC's outstanding Motion for Sanctions for failure to comply with the Court's Order, counsel for Defendants informed counsel for YOFC that if YOFC could provide some more documents relating to this alleged Hong Kong Bank Account, perhaps she could convince her client, Mr. Edward, to produce some financial information. Id. at ¶ 7.

Notwithstanding Plaintiff's representations that it has no further responsive documents to document requests 20 and 41, Defendants still refuse to withdraw their Motion. Accordingly, YOFC seeks its costs and attorneys fees incurred for responding to this Motion. Moreover, Defendants have noticed three (3) depositions of YOFC employees or directors (in addition to the deposition it already took of Dr. Xu). Thus, Defendants will have numerous opportunities to question various people about this subject area.

## II. CONCLUSION

WHEREFORE, for the aforementioned reasons, YOFC respectfully requests that the Court:

(1) issue an order denying Defendants' Motion; and

(2) grant costs and sanctions, including attorneys fees.

**YANGTZE OPTICAL FIBRE AND CABLE COMPANY LTD.**

/s/ Gordon P. Cleary
Benjamin V. White, Esq., No. 1652
*Email:* *bwhite@vetterandwhite.com*
Gordon P. Cleary, Esq., No. 1948
*Email:* *gcleary@vetterandwhite.com*
VETTER & WHITE, INCORPORATED
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

*Of counsel:*
Ira K. Gross
*Email:* *igross@sandw.com*
Beth L. Jacobson
*Email:* *bjacobson@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
Phone: (617) 338-2800
Fax: (617) 338-2880

Dated: April 23, 2007

CERTIFICATE OF SERVICE

To:

Justin T. Shay, Esq.
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, RI 02903

James L. Rogers, Jr., Esq.
Leatherwood Walker Todd and Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue - Suite 500
P.O. Box 87
Greenville, SC 29601-0087

I hereby certify that I electronically filed this Memorandum on April 23, 2007. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary