# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Yangtze Optical Fibre and Cable Company, Ltd.,

Plaintiff,

vs.

Ganda, LLC a/k/a Ganda Communications and John Edward,

Defendants,

vs.

Draka Comteq, B.V., Draka Comteq Fibre, B.V. f/k/a Plasma Optical Fibre, B.V., Plasma Optical Fibre, B.V., Draka Comteq Americas, Inc. and Draka Holding, N.V.,

Counterclaim Defendants.

C.A. No.: 04-474ML

**AFFIDAVIT OF JOHN EDWARD**

PERSONALLY APPEARED before me the undersigned who, having been duly sworn, testifies and states as follows:

1. I am the Owner of Ganda, LLC, a/k/a Ganda Communications ("Ganda"). I have personal knowledge of these matters and am authorized to execute this instrument on Ganda's behalf. I am submitting this Affidavit in connection with Defendant's production of documents to Plaintiff pursuant to Plaintiff's Requests for Production of Documents Numbers 33 and 43.

2. Plaintiff's Request No. 33 seeks "Any documents concerning any financial statement, statement of account, balance sheet, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding Ganda."

3. Plaintiff's Request No. 43 seeks "Any documents concerning any withdrawal, deposit, transfer, or statement of account for any checking, savings, investment or deposit account held or managed in or under Ganda's name."

4. In order to respond to these requests, I made every effort to search through all of Ganda's business records. As I have stated in previous affidavits, Ganda ceased its business operations some five (5) years ago, in 2002. Thereafter, most of Ganda's business records were placed in storage of the home of an ex-employee, Syed Ahmed Mustafa, in Rochester, New York. Ganda currently has no employees, no physical address and no operations of any kind. During Ganda's period of active operation, Ganda employed on average no more than three or four employees. It was a very small company.

5. I have located and produced to Plaintiff a number of documents responsive to the above Requests, which documents consist of profit and loss statements contained in my personal income tax statements from 2002 through 2005, as well as documents regarding wire transfers from Ganda bank accounts. The documents produced to Plaintiff are the only documents responsive to the above Requests that I could find in Ganda's business records.

6. In addition to searching through Ganda's business records, I contacted Kasperski Owen & Dinan CPAs, LLC, which served as Ganda's accountant at one time, and requested that this firm provide me with documentation responsive to the above requests. However, representatives for this firm informed me that they would not provide me with said documentation since the firm had been served with a subpoena by Plaintiff, which subpoena sought the same information as Request Nos. 33 and 43. Since the firm was obliged to produce said documentation in response to the subpoenas, its representatives indicated that they would not produce it to me. Consequently, I was unable to obtain certain documents which I believe are

responsive to the above Requests. Nevertheless, I believe these or other responsive documents will be produced by said accounting firm, as well as other accounting firms, pursuant to Plaintiff's subpoenas.

7. In addition, I believe responsive documents have been or will be produced to Plaintiff from Citizens Bank of Rhode Island and Corning Credit Union pursuant to subpoenas Plaintiff served on each of these financial institutions.

8. In the event I discover additional documentation responsive to Request Nos. 33 and 43, I will produce the same to Plaintiff.

FURTHER THE AFFIANT SAYETH NOT.

John Edward

SWORN TO before me
this 23 day of March, 2007.

Notary Public for North Carolina
My commission expires: 2-21-2010

CONSTANCE M. MARSHALL NOTARY PUBLIC NEW HANOVER CO.