# Exhibit A

## I. Definitions

1. As used herein, the terms "you," "your," or shall mean and refer to Syed Ahmed Mustafa and his current and former employees, agents, attorneys and other representatives.

2. As used herein, the terms "Plaintiff," or "YOFC" shall mean and refer to Yangtze Optical Fibre and Cable Company Ltd., and the officers, directors, employees, parents, subsidiaries, divisions, affiliates, agents, counsel, advisors, attorneys, and other representatives of each such person or entity.

3. As used herein, the term "Ganda" means and refers to defendant and counterclaim plaintiff Ganda, LLC, a/k/a Ganda Communications and its current and former officers, directors, members, employees, agents, partners, corporate parent, subsidiaries, and affiliates.

4. As used herein, the terms "Defendant" or "Edward" shall mean and refer to defendant John Edward, 6324 Guinea Lane, Wilmington, North Carolina, and his current and former employees, agents, attorneys and other representatives.

5. As used herein, the term "document" shall mean and refer to any original and every non-identical copy or reproduction of any document or tangible thing within the context of Fed. R. Civ. P. 34 in your possession, custody, or control, including, for example, but not limited to, any and all writings, drawings, graphs, charts, photographs, phonorecordings, and other data compilations from which information can be obtained, translated, if necessary, by you into a reasonably usable form, of whatever nature, however produced or stored or reproduced (*e.g.*, on paper, computer disk, computer hard drive, computer tape, microfiche, microfilm or any other data storage device or medium), whether signed or unsigned or transcribed and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("e-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (*e.g.*, personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, canceled checks, deposit ticket, charge slip, statement requesting payment, requisition, file, report, record, study, handwritten note, working paper, chart, tape, voice recording, computer output or input and photographic or graphic matter. Different versions of the same document (*e.g.*, copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein.

6. As used herein, when referring to documents, the term "identify" shall mean and refer to give, to the extent known, the:

   a. type of document;

b. general subject matter;

c. date of the document; and

d. author(s), addressee(s), and recipient(s).

7. As used herein, the term "concerning" shall mean referring to, describing, constituting, or evidencing.

8. As used herein, the terms "any," "all" and "each" shall be construed individually to mean any, all and each and shall be construed as is necessary to make the request inclusive rather than exclusive.

9. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

10. The term "sell" or "sold" means to give up or deliver to a person in exchange for something of value (as money).

11. The term "fiber" means and refers to any cylindrical dielectric waveguide that transmits light along its axis by the process of total internal reflection. The term fiber includes multi-mode fiber, single-mode fiber and specialty fiber.

12. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any manner or form.

13. The term "person" means any natural person or any business, legal, or governmental entity, or association.

14. The term "deliver" shall mean to, or to cause any person to, by any means and in any form or manner, send, convey, transfer, transmit, or turn over.

## II. <u>Instructions</u>

1. In responding to this subpoena, you are required to furnish all information available to you and that is in your actual or constructive possession, custody, or control.

2. This subpoena require the production of documents and tangible things in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in or with copies of the surface of the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers containing the documents are to be left intact.

3. To the extent that you claim that a document or tangible thing is privileged, is destroyed, contains a trade secret or is otherwise non-discoverable, please indicate fully for each document:

a. its date (or an approximate date if the precise date is unknown);

b. the factual basis for the claim of privilege or the reason the document is non-discoverable;

c. each author, recipient, and addressee of such document;

d. the number of pages;

e. the type of document (e.g., letter, telex, memorandum, etc.); and

f. the name of the person or persons in whose files the withheld or redacted document was found and the present location of the document an all copies thereof.

4. The past tense shall be construed to include the present tense and vice versa to make the request inclusive rather than exclusive.

5. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

6. If you are unable to obtain any requested document because the document is in the possession, custody, or control of any other person, state for each document:

a. its customary name or description and its identifying number, if any;

a. the date of the document;

b. the name and address of each person who currently possesses the document; and

c. the reasons, if any, given by the person in possession, custody, or control of the document for not providing it to you.

7. All attachments to any requested documents that are stapled, paper clipped, or otherwise affixed to any requested documents must be produced and must be attached to the document to which they are affixed.

8. A specific request is not to be interpreted to limit the breadth of a more general response.

### III. <u>Documents and Tangible Things to be Produced</u>

1. Any documents concerning any withdrawal, deposit, transfer, or statement of account for any checking, savings, investment, deposit or other account held or managed in or under Ganda's name, or in your, Edward's or another's name for the benefit of Ganda.

2. Any documents concerning any delivery or transfer of any money from Ganda to Edward or you.

3. Any documents constituting or concerning any financial statement, statement of account, balance sheet, income statement, profit and loss statement, statement of cash flows, or statement of retained earnings regarding YOFC or Ganda.

4. Any documents concerning Ganda's corporate minutes, actions of the board, or board meetings.

5. Any operating agreements or formation documents concerning Ganda.

6. Any documents constituting or concerning any contract or memorandum of understanding, or draft thereof, between Ganda and YOFC.

7. Any documents constituting or concerning any amendment to any contract or memorandum of understanding, or draft of such amendments, between Ganda and YOFC.

8. Any documents constituting or concerning any communications between Ganda, Edward or you on the one hand and YOFC on the other hand.

9. Any documents constituting or concerning any communications between Ganda, Edward or you on the one hand and Draka on the other hand.

10. Any documents constituting or concerning any communications between Ganda, Edward or you on the one hand and John Cain, Zhang Tong Co., Ltd., Diana Lu or Diana Hojsak on the other hand.

11. Any documents constituting or concerning any communications regarding or referring to YOFC between Ganda, you or Edward on the one hand and any person on the other hand.

12. Any documents constituting or concerning any communications regarding or referring to fiber between Ganda, Edward or you on the one hand and any person on the other hand.

13. Any documents concerning any meetings between Ganda, Edward or you on the one hand and YOFC on the other hand.

14. Any documents concerning any fiber manufactured or sold by YOFC.

15. Any documents concerning any fiber delivered by YOFC to you, Edward or Ganda.

16. Any documents concerning any fiber delivered by you, Ganda, Edward or YOFC to any person.

17. Any documents concerning any forecasts or projections of sales or deliveries of fiber by YOFC or Ganda.

18. Any documents constituting or concerning any log, record, register, file, journal, memorandum, or similar documentation regarding or referring to the amount of fiber purchased by any person from YOFC, Edward, you or Ganda.

19. Any documents concerning the price of any fiber purchased by any person from YOFC, you, Edward or Ganda.

20. Any documents concerning any commissions for the sale of fiber from YOFC earned by Ganda, you or Edward.

21. Any documents concerning any payment of commissions or compensation from YOFC to Ganda, you or Edward.

22. Any documents concerning any commissions earned or money owed by Ganda, you or Edward but unpaid by YOFC.